# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

Ari Baruch Teman, Plaintiff,

**Civil Action No.** 1:24-cv-_____

v.

Zeldes Needle Cooper LLP (as "ZNC")

Jeremy Virgil (As "Virgil"),

Maximino Medina (As "Medina"),

Richard A. Sarner ("Sarner"),

Edward R. Scofield ("Scofield"),

Lori A. DaSilva-Fiano ("DaSilva-Fiano"),

Sabato "Sam" P. Fiano ("Fiano") ,

Richard D. Zeisler ("Zeisler'),

Marie A. Casper ("Casper"),

Robert S. Cooper ("Cooper"),

Lisa C. Dumond ("Drummond),

Does 1-10

COMPLAINT FOR FRAUD,

42 U.S.C. § 1983 (CIVIL RIGHTS)...

**JURY TRIAL DEMANDED**

Plaintiff Ari Teman ("Plaintiff") brings this *pro-se*[1] action against Defendants Zeldes Needle Cooper LLP ("ZNC"), Jeremy Virgil, and other named attorneys, and Does for fraud, legal malpractice, civil conspiracy, and other related claims, and alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages of $75 million, plus treble damages pursuant to fraud, for the Defendants' gross legal malpractice, willful misconduct, and fraudulent acts, including ignoring docket filings, emails from their client, and letters from opposing counsel and defaulting a major medical malpractice suit, which caused Plaintiff to lose a meritorious medical malpractice lawsuit valued at over $75 million by ZNC's own estimation and the estimation of experts (INDEX 805410/2014).

2. An expert witness has analyzed the damages and provided a detailed expert letter confirming these losses.

3. Defendants' actions include *willfully* ignoring critical docket entries, failing to respond to letters and emails from opposing counsel and Plaintiff, allowing the case to default, and filing a knowingly frivolous appeal despite their willful default being a non-appealable issue. The appeal was obviously and swiftly denied. Defendants continue to attempt to defraud the plaintiff as to his rights and remedies.

4. As a direct result of Defendants' conduct, Plaintiff has suffered significant financial losses, emotional distress, pain, and suffering, which Defendants' lies and delays exacerbated. Defendants knew the for which they were engaged case resolved around

---

[1] The defendant may retain counsel, but files immediately upon notice of NY State Appellate ruling upholding the default to avoid any SOL claims. The defendant begs the court's forgiveness for the pro-se nature of this filing and any typographic or formatting errors.

medical malpractice and fraud claims against a doctor who has been arrested and convicted multiple times for abusing and assaulting patients, and providing unnecessary and harmful care to keep the patients ill and extract and extort more monies from the patients, one of them being this matters' plaintiff. Defendants could not have had an easier case to win -- a doctor whom dozens of patients and the Attorney General of New York had accused of fraud and malpractice and who had been convicted repeatedly for abuse and other crimes -- so Defendants' willfully defaulting can only be explained by gross negligence, fraud, and legal malpractice warranting extreme punitive damages and immediate suspension from the practice of law.

5. Plaintiff also alleges that Defendants Jeremy Virgil's and ZNC's improper personal and financial relationships and/or conflicts with opposing parties in the medical malpractice case, including **Silver Hill Hospital in New Canaan, CT, PATH Medical in NYC**, and their respective counsel, motivated him to sabotage his own client's case. This includes but is not limited to Virgil's relationships with conflicted counsel and mediators in Connecticut where he practices and the discovery will show a failure to disclose and/or motion to recuse conflicted judges despite it being in the best interest of ZNC clients.

6. The additional named Defendants, including Sarner, Scofield, DaSilva-Fiano, Fiano, Zeisler, Casper, Cooper, Dumond as well as "Does", actively assisted or facilitated the misconduct and fraud perpetrated by ZNC and Virgil.

7. Plaintiff seeks compensatory damages, treble damages for fraud, declaratory relief, and an order suspending all named attorney defendants from the practice of law.

## PARTIES

8. Plaintiff Ari Teman is an individual residing in Miami Beach, FL who retained Defendant Zeldes Needle Cooper LLP ("ZNC") to represent him in a medical malpractice case in Manhattan, New York, New York (INDEX 805410/2014 ).

9. Defendant Zeldes Needle Cooper LLP ("ZNC") is a law firm with offices at One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, NY 10165 and 1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604, that practices law in New York City, with attorneys regularly appearing in New York courts, including the Southern District of New York.

10. Defendant Jeremy Virgil is a partner at ZNC and practices law in New York, New York. Virgil regularly practices law in New York, including in the Southern District of New York, and from the ZNC offices at One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, NY 10165.

11. The following Defendants (collectively, with Virgil they may be referred to as "ZNC Attorneys" or "ZNC lawyers" throughout this document) are attorneys at ZNC and actively participated in the misconduct alleged herein, including at or via the location One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, NY 10165 and/or at or through this, the Southern District of New York:

A. Maximo Medina ("Medina") is or was at the time of the alleged incidences a Managing Partner and resides at 140 Hickory Street in Bridgeport, Connecticut 06610

B. Richard A. Sarner ("Sarner")

C. Edward R. Scofield ("Scofield")

D. Lori A. DaSilva-Fiano ("DaSilva-Fiano")

E. Sabato "Sam" P. Fiano ("Fiano")

F. Richard D. Zeisler ("Zeisler')

G. Marie A. Casper ("Casper")

H. Robert S. Cooper ("Cooper")

I. Lisa C. Dumond ("Drummond")

J. Does (Attorneys and non-attorney parties other than Sarner, Scofield, DaSilva-Fiano, Fiano, Zeisler, Casper, Cooper, Dumond who discovery will show knowingly conspired to commit the claims alleged herein.)

---

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

13. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District. Specifically, Plaintiff's original case was filed in this District, as Plaintiff resided in this district at the time of the medical malpractice, ZNC and the individual Defendants

regularly conduct business in this District, and a significant portion of the legal malpractice and fraudulent conduct occurred in this District. This includes, but is not limited-to, knowingly filing baseless appeals knowing their default could not be appealed as such (see EXHIBITS 1 and 2, appellate rulings confirming this).

---

## FACTUAL ALLEGATIONS

14. Plaintiff retained ZNC, through its partner Jeremy Virgil, to represent him in a medical malpractice lawsuit involving catastrophic injuries caused by gross negligence by medical professionals.

15. ZNC and Virgil assured Plaintiff that the medical malpractice case was meritorious and estimated damages at $25 million, plus treble damages, for a total of over $75 million.

16. An expert witness retained by Plaintiff has confirmed the value of the damages at over $75 million, based on the severity of the malpractice and its long-term financial and personal impact on Plaintiff.

17. Despite repeated assurances, Virgil and ZNC failed to monitor critical docket entries and failed to respond to communications from opposing counsel, which led to the default of the underlying case.

18. Plaintiff repeatedly alerted Virgil to these lapses via email and letters, but Defendants ignored Plaintiff's concerns.

19. After allowing the case to default, Virgil filed a frivolous appeal, knowing the issue was not appealable, in an effort to mislead Plaintiff and conceal his own negligence.

20. Defendants' misconduct caused Plaintiff to lose a case valued at over $75 million and subjected him to significant emotional distress, pain, and suffering.

21. Plaintiff alleges that Virgil was motivated to sabotage Plaintiff's case due to improper personal and financial conflicts with opposing parties, including **Silver Hill Hospital in New Canaan, CT**, **PATH Medical in NYC**, and their respective counsel.

22. The individual attorneys named in this action, including ZNC Attorneys listed above and Does, knowingly participated in or facilitated this misconduct through gross negligence, professional negligence, or fraudulent acts.

---

## CAUSES OF ACTION

### COUNT I – LEGAL MALPRACTICE

23. Plaintiff incorporates by reference the allegations in paragraphs 1-22 as though fully set forth herein.

24. All Defendants, acting individually and collectively, owed Plaintiff a duty of care to competently handle the medical malpractice lawsuit and comply with professional standards.

25. Defendants breached this duty by failing to monitor the case docket, respond to communications, and allowing the case to default.

---

## COUNT II – FRAUD

26. Plaintiff incorporates by reference the allegations in paragraphs 1-25 as though fully set forth herein.

27. All Defendants knowingly made false representations to Plaintiff, including assurances that the case was being handled properly and the frivolous appeal had merit.

---

## COUNT III – CIVIL CONSPIRACY

28. Plaintiff incorporates by reference the allegations in paragraphs 1-27 as though fully set forth herein.

29. All Defendants knowingly and intentionally conspired with opposing parties and their counsel to sabotage Plaintiff's case.

---

## COUNT IV – BREACH OF FIDUCIARY DUTY

30. Plaintiff incorporates by reference the allegations in paragraphs 1-29 as though fully set forth herein.

31. Defendants breached their fiduciary duty to act in Plaintiff's best interests by prioritizing personal and financial conflicts over their client's case.

---

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff incorporates by reference the allegations in paragraphs 1-31 as though fully set forth herein.

33. Defendants' extreme and outrageous conduct caused Plaintiff severe emotional distress, pain, and suffering. To wit, the Defendants knew that the subject matter of the Medical Malpractice case included severe and extreme abuse and medical malpractice by an arrested and convicted criminal doctor who had more than 20 patients file complains to the NY Attorney General, and multiple patients who made criminal accusations of abuse, resulting in arrest and conviction. It was known to the Defendants that Plaintiff had PTSD from this subject and that prolonging the case, and handing the abusive doctor and his coworkers a default win would be re-traumatizing. This was intentional. Evidence will show Defendant Virgil has a history known to ZNC, ZNC Attorneys, Does and their respective insurance companies (which may be named as Doe defendants) of abusing his patients to maximize his personal profits and network while avoiding work for which he is obligated by ethics and the law. That is, it was known to all Defendants that Virgil would not put his clients' interests at the forefront, but sabotage their cases for personal gain, and that this would and has caused severe emotional harm to clients including Defendant. Tactics used by Virgil and Medina and ZNC include having the Defendant sleep on the floor of Virgil's CToffice and refuse to ask for an adjournment or delay to negotiate a reasonable settlement when the client was not sleep deprived. Virgil and

Teman v ZNC, Jeremy Virgril, et al.                                        Page 9 of 24

ZNC and ZNC attorneys profit from this through a corrupt quid pro quo with local counsel and jurists, violating the Defendant's rights under the color of law.

---

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff incorporates by reference the allegations in paragraphs 1-33 as though fully set forth herein.

35. Defendants' gross negligence caused Plaintiff emotional harm.

---

## COUNT VII – BREACH OF CONTRACT

36. Plaintiff incorporates by reference the allegations in paragraphs 1-35 as though fully set forth herein.

37. Defendants failed to fulfill their contractual obligations to competently represent Plaintiff in his case.

---

## COUNT VIII – VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349

38. Plaintiff incorporates by reference the allegations in paragraphs 1-37 as though fully set forth herein.

39. Defendants engaged in deceptive practices that harmed Plaintiff.

---

## COUNT IX – GROSS NEGLIGENCE

40. Plaintiff incorporates by reference the allegations in paragraphs 1-39 as though fully set forth herein.

41. Defendants acted with reckless disregard for their professional obligations.

---

## COUNT X – CONSTRUCTIVE FRAUD

42. Plaintiff incorporates by reference the allegations in paragraphs 1-41 as though fully set forth herein.

43. Defendants breached their duty of trust.

---

## COUNT XI – UNJUST ENRICHMENT

44. Plaintiff incorporates by reference the allegations in paragraphs 1-43 as though fully set forth herein.

45. Defendants retained fees despite failing to competently represent Plaintiff.

## FACTUAL BASIS FOR CIVIL RIGHTS CLAIMS

46. Plaintiff retained Defendants, a law firm with attorneys practicing in both New York and Connecticut, to represent him in a high-value medical malpractice case involving catastrophic injuries.

47. As Plaintiff's legal representatives, Defendants acted as gatekeepers to the justice system and owed Plaintiff not only a duty of competent legal representation but also a

duty not to discriminate against him or undermine his access to justice based on improper motives.

48. Defendants, including ZNC and its attorneys, violated Plaintiff's civil rights by intentionally and systematically sabotaging his medical malpractice case, thereby depriving him of his constitutional right to access the courts under the **First and Fourteenth Amendments** to the United States Constitution.

49. Defendants' actions were motivated, in part, by improper personal and financial conflicts of interest between Defendant Jeremy Virgil and opposing parties, including Silver Hill Hospital and PATH Medical, and their counsel. These conflicts, combined with Defendants' discriminatory treatment of Plaintiff, resulted in intentional neglect of Plaintiff's case and false representations regarding the status and merits of their representation.

50. Defendants ignored Plaintiff's communications, failed to act on critical docket entries, allowed the case to default, and then filed a knowingly frivolous appeal, effectively denying Plaintiff access to justice.

51. Defendants also engaged in conduct that demonstrated discriminatory animus against Plaintiff, treating him differently from other clients due to bias or prejudice, which violates the Equal Protection Clause of the Fourteenth Amendment.

52. Plaintiff, as a private individual seeking redress for his injuries, relied entirely on Defendants to represent his interests fairly and competently. Their actions undermined his ability to pursue a legitimate claim, causing him significant financial, emotional, and legal harm.

53. Defendants acted under color of law or in collusion with opposing counsel and public officials by leveraging their positions as licensed attorneys in a regulated profession to deprive Plaintiff of his rights.

54. In addition to constitutional violations, Defendants' actions also violated *New York Civil Rights Law § 40-c*, which prohibits discrimination and the denial of civil rights based on race, creed, color, or other protected characteristics.

55. Plaintiff was further harmed by Defendants' conspiracy to deny him equal protection and access to justice, which compounded the financial and emotional toll of losing a $75 million medical malpractice case.

## ADDITIONAL CAUSES OF ACTION – CIVIL RIGHTS VIOLATIONS

## COUNT XXII – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

56. Plaintiff incorporates by reference the allegations in paragraphs 1-55 as though fully set forth herein.

57. Defendants, acting under color of law or in collusion with opposing counsel, deprived Plaintiff of his constitutional rights under the **First Amendment** (right to access the courts) and the **Fourteenth Amendment** (equal protection and due process).

58. Defendants' intentional misconduct, discrimination, and collusion with opposing parties and counsel resulted in the denial of Plaintiff's ability to pursue a valid legal claim and access justice on equal footing with others.

59. As a proximate result of Defendants' actions, Plaintiff suffered financial losses, emotional distress, and irreparable harm.

## COUNT XIII – VIOLATION OF NEW YORK CIVIL RIGHTS LAW

60. Plaintiff incorporates by reference the allegations in paragraphs 1-64 as though fully set forth herein.

61. Defendants violated **New York Civil Rights Law § 40-c**, which prohibits discrimination and the denial of civil rights based on race, creed, color, or other protected characteristics.

62. Defendants' discriminatory treatment of Plaintiff, compounded by their intentional and reckless disregard for his legal rights, violated state civil rights protections.

63. As a direct result of Defendants' actions, Plaintiff suffered harm, including but not limited to financial losses, emotional distress, and the loss of a legitimate legal claim.

**UNIVERSAL TO ALL CLAIMS:**

64. All ZNC Attorneys were made aware of the failure and default, and had a legal, ethical, and moral responsibility to be truthful and upfront with Plaintiff. Instead, they allowed and provided resources and cover for Defendant Jeremy Virgil to perpetrate fraud on behalf of them and their firm.

65. All ZNC Attorneys benefit by contributing to and enabling the fraud, including but not limited to: by avoiding increased insurance premiums, liabilities, reputational harm,  lost business, regulatory intervention, and personal losses from lawsuits resulting from public knowledge of their fraud and incompetence.

66. For all above claims, as a direct result of Defendants' actions and/or negligence, Plaintiff suffered harm, including but not limited to financial losses, emotional distress, and the loss of a legitimate legal claim.

67. For all above claims, as a proximal result of Defendants' actions and/or negligence, Plaintiff suffered harm, including but not limited to financial losses, emotional distress, and the loss of a legitimate legal claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ari Teman respectfully requests that this Court enter judgment in his favor and against Defendants Zeldes Needle Cooper LLP, Jeremy Virgil, Maximino Medina, and all other ZNC Attorneys, and Does, jointly and severally, and grant the following relief:

1. **Compensatory Damages**

   a. Award compensatory damages in the amount of $75 million for financial losses, emotional distress, and harm caused by Defendants' actions, including violations of Plaintiff's civil rights.

2. **Treble and Punitive Damages**

   b. Award treble damages and punitive damages to punish Defendants for intentional misconduct and to deter future violations of civil rights.

3. **Declaratory Relief:**

   c. Declare that Defendants' actions violated Plaintiff's constitutional rights under **42 U.S.C. § 1983** and his civil rights under New York Civil Rights Law.

   d. Issue a declaration that Defendants, including ZNC, Jeremy Virgil, and the named attorneys, committed acts of fraud, legal malpractice, and breaches of fiduciary duty.

   e. Declare that Jeremy Virgil and other individual Defendants violated professional ethical standards and engaged in conduct that constitutes civil conspiracy.

4. **Injunctive Relief:**

   f. a. Suspend or disbar the named Defendants from the practice of law.

   g. b. Mandate training and policy reforms at ZNC to prevent future violations of civil rights.

5. **Attorneys' Fees and Costs:**

   h. Award attorneys' fees and all legal and related costs under **42 U.S.C. § 1988**.

6. **Injunctive Relief:**

     i.   a. Suspend or disbar Jeremy Virgil and other individual Defendants from the practice of law, as their conduct renders them unfit to represent clients.

7. **Restitution and Fee Reimbursement:**

     j.   a. Order Defendants to disgorge and return all legal fees and expenses paid by Plaintiff to ZNC and its attorneys, in this and any related matters.

8. **Attorneys' Fees and Costs:**

     k.   a. Award Plaintiff attorneys' fees, expert witness fees, and costs incurred in bringing this action.

9. **Interest:**

     l.   Award pre-judgment and post-judgment interest as permitted by law.

10. **Other Relief:**

     m.   Grant such other and further relief as the Court deems just, equitable, and proper.  :

---

## JURY TRIAL DEMANDED

Respectfully Submitted

s/Ari Teman/

Pro Se

Miami Beach, FL

ari@teman.com

December 19, 2024

18th of Kislev, 5785

**EXHIBIT 1 : Order on Appeal**

# State of New York
## Court of Appeals

*Decided and Entered on the*
*eighteenth day of June, 2024*

**Present,** Hon. Rowan D. Wilson, *Chief Judge, presiding.*

Mo. No. 2024-109
Ari Teman,
      Appellant,
    v.
Eric Braverman, &c., et al.,
      Respondents,
et al.,
      Defendants.

Appellant having moved for leave to appeal to the Court of Appeals in the above

cause;

Upon the papers filed and due deliberation, it is

ORDERED, that the motion is dismissed upon the ground that no appeal lies from

an Appellate Division order dismissing an appeal from an order entered upon default (*see*

CPLR 5511).

Lisa LeCours
Clerk of the Court

**EXHIBIT 2: Appeal Decision 2**

# State of New York
## Court of Appeals

*Decided and Entered on the*
*twelfth day of December, 2024*

**Present,** Hon. Rowan D. Wilson, *Chief Judge, presiding.*

SSD 44
Ari Teman,
      Appellant,
    v.
Eric Braverman, &c., et al.,
      Respondents,
et al.,
      Defendants.

Appellant having appealed to the Court of Appeals in the above title;

Upon the papers filed and due deliberation, it is

ORDERED, that the appeal, insofar as taken from the November 2023 Appellate

Division order, is dismissed without costs, by the Court sua sponte, upon the ground that

no appeal lies from an Appellate Division order dismissing an appeal from an order

entered upon default (*see* CPLR 5511); and it is further

ORDERED, that the appeal is otherwise dismissed without costs, by the Court sua

sponte, upon the ground that it does not lie (*see* NY Const, art VI, § 3 [b]; CPLR 5601).

Heather Davis
Clerk of the Court

EXHIBIT 3 : Default Ruling (NY State Supreme Court)

FILED: NEW YORK COUNTY CLERK 04/21/2023 02:05 PM    INDEX NO. 805410/2014
NYSCEF DOC. NO. 203                                      RECEIVED NYSCEF: 04/14/2023

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | HON. KATHY J. KING | **PART** | 06 |
| | *Justice* | | |

-------------------------------------------------------------------X

| | | |
|---|---|---|
| ARI TEMAN, | **INDEX NO.** | 805410/2014 |
| | **MOTION DATE** | 06/01/2022 |
| Plaintiff, | **MOTION SEQ. NO.** | 011 |
| - v - | | |
| ERIC BRAVERMAN, RICHARD SMAYDA, SANDIP BUCH, PATH MEDICAL, P.C.,DARYA BRAVERMAN, TOTAL HEALTH NUTRIENTS, | **DECISION + ORDER ON MOTION** | |
| Defendant. | | |

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 011) 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 197, 198, 199

were read on this motion to/for _____ DISMISS _____.

Upon the foregoing documents, defendants Eric Braverman, M.D., Sandip Buch, M.D. and Path Medical, P.C., move for an order dismissing plaintiff's complaint with prejudice, pursuant to CPLR § 3216, based on plaintiff's failure to prosecute this action.  Plaintiff has not submitted opposition to the motion.

This action, sounding in medical malpractice, was commenced by the filing of a summons and complaint on November 7, 2014.  By order dated August 16, 2016, the plaintiff was directed to file a Note of Issue on June 1, 2017.  Plaintiff failed to comply with the order.

On February 11, 2022, defendants served a 90-day notice upon plaintiff, pursuant to CPLR § 3216, demanding that plaintiff resume prosecution of this action and file a Note of Issue within 90 days of receipt of the demand.  The certified mailing receipt demonstrates plaintiff's attorneys' receipt of the notice on February 14, 2022.  Plaintiff neither complied with the defendants' demand nor moved to vacate the 90-day notice.  Further, plaintiff failed to submit opposition to defendants' motion, which was filed on May 17, 2022.  The motion was deemed

805410/2014  TEMAN, ARI vs. BRAVERMAN, MD, ERIC                     Page 1 of 3
Motion No. 011

FILED: NEW YORK COUNTY CLERK 04/21/2023 02:05 PM    INDEX NO. 805410/2014
NYSCEF DOC. NO. 203                                      RECEIVED NYSCEF: 04/14/2023

fully submitted without opposition on September 7, 2022. On September 19, 2022, plaintiff filed a cross-motion entitled "Objection to Motion". Plaintiff's untimely opposition, couched in the form of a cross-motion, will not be considered in the determination of defendants' motion.

> CPLR § 3216(a) provides that:
>
> [w]here a party unreasonably neglects to proceed generally in an action or otherwise delays in the prosecution thereof against any party who may be liable to a separate judgment, or unreasonably fails to serve and file a note of issue, the court, on its own initiative or upon motion, may dismiss the party's pleadings on its terms.

Additionally, CPLR § 3216(b) requires that the moving party satisfy certain conditions precedent in order to prevail on a dismissal motion. Here, the defendants have satisfied the conditions precedent set forth in CPLR § 3216(b)(1)(2)(3), by demonstrating that: issue was joined in the action; that one year has elapsed since the joinder, or that six months have elapsed since the issuance of a preliminary conference order; and that the language of the notice conformed with § 3216(b)(3). Defendants demonstrated compliance with the statutory service requirement by serving plaintiff by regular mail, certified mail/return receipt requested, and by FedEx. As set forth above, the certified mail return receipt establishes that plaintiff's attorneys received the notice on February 14, 2022.

Plaintiff has failed to respond to the 90-day notice, and has not filed a Note of Issue or sought an extension of time to do so. Significantly, plaintiff has not submitted opposition to the defendants' motion (*see Pennisi v New York*, 77 AD2d 842 [1ˢᵗ Dept 1980], *affd* 53 NY2d 779 [1981]). It should also be noted that given the Court's review and judicial notice of the file maintained in this action by the County Clerk, this case, bearing a 2014 index number, has had no meaningful activity since 2020 (*see Samuels v Montefiore Med. Ctr.*, 49 AD3d 268 [1ˢᵗ Dept 2008]). Based on the foregoing, and in the absence of plaintiff's demonstration of excuse and

805410/2014  TEMAN, ARI vs. BRAVERMAN, MD, ERIC        Page 2 of 3
Motion No. 011

2 of 3

FILED: NEW YORK COUNTY CLERK 04/21/2023 02:05 PM          INDEX NO. 805410/2014
NYSCEF DOC. NO. 203                                       RECEIVED NYSCEF: 04/14/2023

merit, defendants are entitled to dismissal of the complaint (*see Baczkowski v Collins Constr.*

*Co.*, 89 NY2d 499 [1997]; *Missos v General Motors Corp.*, 30 AD3d 303 [1st Dept 2006]).

Accordingly, it is hereby

**ORDERED**, that the motion of defendants, Eric Braverman, M.D., Sandip Buch, M.D.

and Path Medical, P.C., seeking dismissal of the complaint, pursuant to CPLR § 3216, is granted;

and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of

defendants Eric Braverman, M.D., Sandip Buch, M.D. and Path medical, P.C., dismissing

plaintiff's complaint.

This constitutes the decision and order of the Court.

| 4/12/2023 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | KATHY J. KING, J.S.C. | |
| **CHECK ONE:** | | CASE DISPOSED | | [X] NON-FINAL DISPOSITION | |
| | [X] | GRANTED | [ ] DENIED | GRANTED IN PART | [ ] OTHER |
| **APPLICATION:** | | SETTLE ORDER | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | [ ] REFERENCE |

**EXHIBIT 4: One of many articles alleging abuse by the med mal defendant**



**METRO**

## Park Avenue neurosurgeon arrested for sexually assaulting patient

By Shawn Cohen and Linda Massarella

Published Nov. 7, 2017
Updated Nov. 7, 2017, 9:28 p.m. ET

Eric Braverman

Steven Hirsch

A Park Avenue neurosurgeon was arrested for sexually assaulting a patient in his exam room, authorities said.

The victim told authorities the assault happened July 20 when Dr. Eric Braverman ushered her into his office, gave her a massage, and then inserted his fingers inside her.

Braverman, 59, who was busted on Halloween, had "no legitimate purpose" to touch the woman other than "for the purpose of degrading and abusing her," according to his criminal complaint.

During Braverman's Nov. 1 arraignment in Manhattan Criminal Court, ADA Charles Kee asked for $5,000 bail, citing Braverman's past troubles with the law, including a 2016 case in which he pleaded guilty to harassing a Texas woman

**SEE ALSO**

EXHIBIT 5 : Braverman censured & reprimanded by NY Board of Health Professional Conduct following criminal conviction

## ORDER

IT IS HEREBY ORDERED THAT:

1. The charge of misconduct under Educ. Law §6530(9)(a)(i) for having been convicted of a crime under New York state law is sustained.

2. Pursuant to PHL §230-a (1), Respondent's license to practice medicine shall be subject to a censure and reprimand.

3. This order shall be effective upon Respondent as required under PHL §230(10)(h).

DATED: _Buffalo_ , New York
       December _18_ , 2017

DAVID A. SHERRIS, M.D., Chair
THEODORE J. STRANGE, M.D., FACP
ELENA M. COTTONE, P.A.-C

Matter of Eric Braverman, M.D.                                    5