## OFFICER'S RETURN TO COURT

State of: Connecticut

     City of: **Bridgeport**                        **March 17, 2025**

County of: Fairfield

     On March 13th, 2025, then and by virtue hereof and by special direction of the plaintiff, I made due and legal service of the original **Summons, Complaint and Exhibits** attached hereto by leaving a true and attested copy for defendant **Zeldes Needle Cooper LLP.**, with and in the hands of **Agent for Service: Attorney Robert Pacelli** at **1000 Lafayette Boulevard, Bridgeport, CT,** with my endorsement thereon.

     On March 13th, 2025, then and by virtue hereof and by special direction of the plaintiff, I made due and legal service of the original **Summons, Complaint and Exhibits** attached hereto by leaving a true and attested copy for defendants:

     **Jeremy Virgil**

     **Richard Sarner**

     **Edward R. Scofield**

     **Lori A. DaSilva-Fiano**

     **Sabato P. Fiano**

     **Richard D, Zeisler**

     **Marie A. Casper**

     **Robert S. Cooper**

     **Lisa C. Dumond,**

     with and in the hands of **Agent for Service: Attorney Robert Pacelli** at **1000 Lafayette Boulevard, Bridgeport, CT,** with my endorsement thereon. Attorney Pacelli confirmed all the above-named defendants as partners of **Zeldes Needle Cooper LLP** and that as Agent for Service he was authorized to accept service on their behalf.

On March 16th, 2025, then and by virtue hereof and by special direction of the plaintiff, I made due and legal service of the original **Summons, Complaint and Exhibits** attached hereto by leaving a true and attested copy for defendant **Maximino Medina.** at his usual place of abode, **140 Hickory Street, Bridgeport, CT,** with my endorsement thereon. Mr. Medina was contacted via telephone on March 14th, 2025 and confirmed his address and instructed that service could be left abode if he was not home.

EDWARD J. BATESON

CONNECTICUT STATE MARSHAL

PHONE: (475) 888-9586 • FAX: (475) 999-8194

EMAIL: marshalbateson@gmail.com

State of Connecticut
County of Fairfield
CONNECTICUT STATE MARSHAL

Also on March 17, 2025, I left a verified, true and attested copy of the original **Summons, Complaint and Exhibits**, at the U. S. Post Office via Priority Mail (9505-5135-8942-5076-8407-92), addressed to defendant; **Maximo Medina, 140 Hickory Street, Bridgeport, CT 06610**. Receipt attached.

The within are the original documents with my doings endorsed hereon.

Attest:

Edward J. Bateson

State Marshal

Fairfield County

| Service | $ 280.00 |
|---|---|
| Conform | $ 286.00 |
| Prinitng fee | $ 143.00 |
| Travel | $ 20.00 |
| Endorsements | $ 16.50 |
| **TOTAL** | **$ 745.50** |

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT 06824

State of Connecticut
County of Fairfield
CONNECTICUT STATE MARSHAL



**UNITED STATES POSTAL SERVICE.**

```
                EASTON
            295 CENTER RD
        EASTON, CT 06612-9998
            (800)275-8777
03/17/2025                      10:01 AM
-----------------------------------------
Product            Qty    Unit    Price
                          Price
-----------------------------------------
Priority Mail®      1              $10.10
Flat Rate Env
    Bridgeport, CT 06610
    Flat Rate
    Expected Delivery Date
        Wed 03/19/2025
    Tracking #:
        9505 5135 8942 5076 8407 92
    Insurance                      $0.00
        Up to $100.00 included
Total                             $10.10
-----------------------------------------
Grand Total:                      $10.10
-----------------------------------------
Debit Card Remit                  $10.10
    Card Name: VISA
    Account #: XXXXXXXXXXXX3295
    Approval #: 030240
    Transaction #: 535
    Receipt #: 020393
    Debit Card Purchase: $10.10
    AID: A0000000980840          Chip
    AL: US DEBIT
    PIN: Verified
-----------------------------------------
```



# ZELDES, NEEDLE & COOPER, A PROFESSIONAL CORPORATION    **ACTIVE**

1000 LAFAYETTE BLVD, BRIDGEPORT, CT, 06604, United States

## Business Details

## General Information

## Principal Details

## Agent details

Agent name
Robert Pacelli

Agent Business address
1000 LAFAYETTE BLVD, BRIDGEPORT, CT, 06604, United States

Agent Mailing address
1000 LAFAYETTE BLVD, BRIDGEPORT, CT, 06604, United States

Agent Residence addresss
833 E Broadway , Milford, CT, 06460-6235, United States

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 24cv9830

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*    Zeldes Needle Cooper LLP

was received by me on *(date)*    3-9-25    .

☐ I personally served the summons on the individual at *(place)*

1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                    ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*    Robert Pacelli (AFS)    , who is

designated by law to accept service of process on behalf of *(name of organization)*    Zeldes, Needle

& Cooper P.C.    on *(date)*    3-13-25    ; or

☐ I returned the summons unexecuted because                    ; or

☐ Other *(specify):*

My fees are $                    for travel and $                    for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:    3-16-25

Server's signature

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT 06824

Printed name and title

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT 06824
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 24cv9830

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Jeremy Virgil

was received by me on *(date)*     3-9-25       .

☐ I personally served the summons on the individual at *(place)*

1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                      ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Robert Parcelli, AFS       , who is

designated by law to accept service of process on behalf of *(name of organization)*   Jeremy Virgil

on *(date)*   3-13-25   ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date:   3-16-25


Server's signature

<table>
<tr><td>Edward J. Bateson<br>Connecticut State Marshal<br>PO Box 823<br>Fairfield, CT 06824</td><td>Printed name and title  Edward J. Bateson<br>Connecticut State Marshal<br>PO Box 823<br>Fairfield, CT 06824</td></tr>
</table>

Server's address


Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 24cv9830

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Maximo Medina

was received by me on *(date)*   3-9-25   .

☐ I personally served the summons on the individual at *(place)*

140 Hickory Street, Bridgeport, CT 06610      on *(date)*      ; or

☑ I left the summons at the individual's residence or usual place of abode with *(name)*   serad abode.

140 Hickory St. Bpt. CT. 06610 , a person of suitable age and discretion who resides there,

on *(date)*   3-16-25   , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)*      , who is

designated by law to accept service of process on behalf of *(name of organization)*

     on *(date)*      ; or

☐ I returned the summons unexecuted because      ; or

☐ Other *(specify):*


My fees are $      for travel and $      for services, for a total of $    0.00    .


I declare under penalty of perjury that this information is true.


Date:   3-16-25

Server's signature

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT 06824

*Printed name and title*  Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT 06824

*Server's address*


Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  24cv9830

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Richard A. Sarner

was received by me on *(date)*   3-9-25   .

☐ I personally served the summons on the individual at *(place)*

1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                    ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

                                  , a person of suitable age and discretion who resides there,

on *(date)*                       , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Robert  Pacelli, AFS.   , who is

designated by law to accept service of process on behalf of *(name of organization)*   Richard Sarner

on *(date)*   3-13-25   ; or

☐ I returned the summons unexecuted because                                                    ; or

☐ Other *(specify):*


My fees are $                for travel and $                for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   3-16-25

                                              *Server's signature*

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

                                              *Printed name and title*

                                              Edward J. Bateson
                                              Connecticut State Marshal
                                              PO Box 823
                                              Fairfield, CT  06824

                                              *Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  24cv9830

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Edward R. Scofield,

was received by me on *(date)*   3-9-25   .

☐ I personally served the summons on the individual at *(place)*

1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                          ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                          , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Robert Pacell, AFS   , who is

designated by law to accept service of process on behalf of *(name of organization)*   Edward
Scofield   on *(date)*   3-13-25   ; or

☐ I returned the summons unexecuted because                                                      ; or

☐ Other *(specify):*


My fees are $                for travel and $                for services, for a total of $   0.00   .


I declare under penalty of perjury that this information is true.


Date:  3-16-25


Server's signature

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

Printed name and title
Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

Server's address


Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No. 24cv9830

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Lori A. DaSilva-Fiano

was received by me on *(date)*   3-9-25   .

☐ I personally served the summons on the individual at *(place)*

1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                    ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

                                        , a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Robert Pacelli, AFS                    , who is

designated by law to accept service of process on behalf of *(name of organization)*   Loei A.

DaSilva-Fiano                    on *(date)*   3-13-25   ; or

☐ I returned the summons unexecuted because                                              ; or

☐ Other *(specify):*


My fees are $                for travel and $                for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   3-16-25

```
Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT 06824
```

*Server's signature*

*Printed name and title*
```
Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT 06824
```

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  24cv9830

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Sabato P. Fiano,

was received by me on *(date)*   3-9-25   .

❏ I personally served the summons on the individual at *(place)*

1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                    ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

                                        , a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Robert Predll, AFS   , who is

designated by law to accept service of process on behalf of *(name of organization)*   Sabato P. Fiano

on *(date)*   3-13-25   ; or

❏ I returned the summons unexecuted because                                        ; or

❏ Other *(specify):*


My fees are $              for travel and $              for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date:   3-16-25

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

*Server's signature*

*Printed name and title*
Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  24cv9830

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Richard D. Zeisler,
was received by me on *(date)*    3-9-25    .

☐ I personally served the summons on the individual at *(place)*
1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                    ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
                                        , a person of suitable age and discretion who resides there,
on *(date)*                    , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Robert Pacelli, AFS.    , who is
designated by law to accept service of process on behalf of *(name of organization)*   Richard D. Zeisler
                                        on *(date)*   3-13-25   ; or

☐ I returned the summons unexecuted because                                        ; or

☐ Other *(specify):*


My fees are $                for travel and $                for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date:   3-16-25

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

*Server's signature*

*Printed name and title*
Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  24cv9830

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Marie A. Casper

was received by me on *(date)*   3-9-25   .

☐ I personally served the summons on the individual at *(place)*

1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                        ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Robert Parell, A.F.S.   , who is

designated by law to accept service of process on behalf of *(name of organization)*   Marie A. Casper

on *(date)*   3-13-25   ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   3-16-25

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

*Server's signature*

*Printed name and title*
Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 24cv9830

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Robert S. Cooper

was received by me on *(date)*   3-9-25   .

☐ I personally served the summons on the individual at *(place)*

1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                     ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                     , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Robert Purcell,   , who is

designated by law to accept service of process on behalf of *(name of organization)*   Robert S. Cooper

on *(date)*   3-13-25   ; or

☐ I returned the summons unexecuted because                     ; or

☐ Other *(specify):*

My fees are $                for travel and $                for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   3-16-25

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

*Server's signature*

*Printed name and title*

Edward J. Bateson
Connecticut State Marshal
PO Box 823
Fairfield, CT  06824

*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.  24cv9830

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   Lisa C. Dumond

was received by me on *(date)*   3-9-25   .

☐ I personally served the summons on the individual at *(place)*

1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604   on *(date)*                    ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

, a person of suitable age and discretion who resides there,

on *(date)*                    , and mailed a copy to the individual's last known address; or

☑ I served the summons on *(name of individual)*   Robert Pacelli, AFS   , who is

designated by law to accept service of process on behalf of *(name of organization)*   Lisa C. Dumond

on *(date)*   3-13-25   ; or

☐ I returned the summons unexecuted because                                    ; or

☐ Other *(specify):*


My fees are $                for travel and $                for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   3-16-25

<table>
<tr><td>Edward J. Bateson<br>Connecticut State Marshal<br>PO Box 823<br>Fairfield, CT  06824</td><td>*Server's signature*</td></tr>
<tr><td></td><td>*Printed name and title*<br>Edward J. Bateson<br>Connecticut State Marshal<br>PO Box 823<br>Fairfield, CT  06824</td></tr>
<tr><td></td><td>*Server's address*</td></tr>
</table>

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

Ari Baruch Teman, Plaintiff,

**Civil Action No.** 1:24-cv-_____

v.

Zeldes Needle Cooper LLP (as "ZNC")

Jeremy Virgil (As "Virgil"),

Maximino Medina (As "Medina"),

Richard A. Sarner ("Sarner"),

Edward R. Scofield ("Scofield"),

Lori A. DaSilva-Fiano ("DaSilva-Fiano")

Sabato "Sam" P. Fiano ("Fiano")

Richard D. Zeisler ("Zeisler'),

Marie A. Casper ("Casper"),

Robert S. Cooper ("Cooper"),

Lisa C. Dumond ("Drummond),

Does 1-10

**COMPLAINT FOR FRAUD,**

42 U.S.C. § 1983 (CIVIL RIGHTS)...

**JURY TRIAL DEMANDED**

Teman v ZNC, Jeremy Virgril, et al.

Page 1 of 24

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| Ari Baruch Teman<br><br><br><br>_____<br>*Plaintiff(s)*<br>v.<br><br>Zeldes Needle Cooper LLP et al<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.  24cv9830

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Zeldes Needle Cooper LLP
1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:      Ari Teman
1521 Alton Road #888
Miami Beach, FL 33139

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____ 01/21/2025 _____          _____
                                                              *Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

Ari Baruch Teman, Plaintiff,

Civil Action No. 1:24-cv-_____

v.

Zeldes Needle Cooper LLP (as "ZNC")

Jeremy Virgil (As "Virgil"),

Maximino Medina (As "Medina"),

Richard A. Sarner ("Sarner"),

Edward R. Scofield ("Scofield"),

Lori A. DaSilva-Fiano ("DaSilva-Fiano"),

Sabato "Sam" P. Fiano ("Fiano") ,

Richard D. Zeisler ("Zeisler'),

Marie A. Casper ("Casper"),

Robert S. Cooper ("Cooper"),

Lisa C. Dumond ("Drummond),

Does 1-10

**COMPLAINT FOR FRAUD,**

42 U.S.C. § 1983 (CIVIL RIGHTS)...

**JURY TRIAL DEMANDED**

---

medical malpractice and fraud claims against a doctor who has been arrested and convicted multiple times for abusing and assaulting patients, and providing unnecessary and harmful care to keep the patients ill and extract and extort more monies from the patients, one of them being this matters' plaintiff. Defendants could not have had an easier case to win -- a doctor whom dozens of patients and the Attorney General of New York had accused of fraud and malpractice and who had been convicted repeatedly for abuse and other crimes -- so Defendants' willfully defaulting can only be explained by gross negligence, fraud, and legal malpractice warranting extreme punitive damages and immediate suspension from the practice of law.

5. Plaintiff also alleges that Defendants Jeremy Virgil's and ZNC's improper personal and financial relationships and/or conflicts with opposing parties in the medical malpractice case, including **Silver Hill Hospital in New Canaan, CT, PATH Medical in NYC**, and their respective counsel, motivated him to sabotage his own client's case. This includes but is not limited to Virgil's relationships with conflicted counsel and mediators in Connecticut where he practices and the discovery will show a failure to disclose and/or motion to recuse conflicted judges despite it being in the best interest of ZNC clients.

6. The additional named Defendants, including Sarner, Scofield, DaSilva-Fiano, Fiano, Zeisler, Casper, Cooper, Dumond as well as "Does", actively assisted or facilitated the misconduct and fraud perpetrated by ZNC and Virgil.

7. Plaintiff seeks compensatory damages, treble damages for fraud, declaratory relief, and an order suspending all named attorney defendants from the practice of law.

A. Maximo Medina ("Medina") is or was at the time of the alleged incidences a Managing Partner and resides at 140 Hickory Street in Bridgeport, Connecticut 06610

B. Richard A. Sarner ("Sarner")

C. Edward R. Scofield ("Scofield")

D. Lori A. DaSilva-Fiano ("DaSilva-Fiano")

E. Sabato "Sam" P. Fiano ("Fiano")

F. Richard D. Zeisler ("Zeisler')

G. Marie A. Casper ("Casper")

H. Robert S. Cooper ("Cooper")

I. Lisa C. Dumond ("Drummond)

J. Does  (Attorneys and non-attorney parties other than  Sarner, Scofield, DaSilva-Fiano, Fiano, Zeisler, Casper, Cooper, Dumond  who discovery will show knowingly conspired to commit the claims alleged herein.)

---

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states.

13. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District. Specifically, Plaintiff's original case was filed in this District, as Plaintiff resided in this district at the time of the medical malpractice, ZNC and the individual Defendants

18. Plaintiff repeatedly alerted Virgil to these lapses via email and letters, but Defendants ignored Plaintiff's concerns.

19. After allowing the case to default, Virgil filed a frivolous appeal, knowing the issue was not appealable, in an effort to mislead Plaintiff and conceal his own negligence.

20. Defendants' misconduct caused Plaintiff to lose a case valued at over $75 million and subjected him to significant emotional distress, pain, and suffering.

21. Plaintiff alleges that Virgil was motivated to sabotage Plaintiff's case due to improper personal and financial conflicts with opposing parties, including **Silver Hill Hospital in New Canaan, CT**, **PATH Medical in NYC**, and their respective counsel.

22. The individual attorneys named in this action, including ZNC Attorneys listed above and Does, knowingly participated in or facilitated this misconduct through gross negligence, professional negligence, or fraudulent acts.

---

## CAUSES OF ACTION

### COUNT I – LEGAL MALPRACTICE

23. Plaintiff incorporates by reference the allegations in paragraphs 1-22 as though fully set forth herein.

31. Defendants breached their fiduciary duty to act in Plaintiff's best interests by prioritizing personal and financial conflicts over their client's case.

---

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Plaintiff incorporates by reference the allegations in paragraphs 1-31 as though fully set forth herein.

33. Defendants' extreme and outrageous conduct caused Plaintiff severe emotional distress, pain, and suffering. To wit, the Defendants knew that the subject matter of the Medical Malpractice case included severe and extreme abuse and medical malpractice by an arrested and convicted criminal doctor who had more than 20 patients file complains to the NY Attorney General, and multiple patients who made criminal accusations of abuse, resulting in arrest and conviction. It was known to the Defendants that Plaintiff had PTSD from this subject and that prolonging the case, and handing the abusive doctor and his coworkers a default win would be re-traumatizing. This was intentional. Evidence will show Defendant Virgil has a history known to ZNC, ZNC Attorneys, Does and their respective insurance companies (which may be named as Doe defendants) of abusing his patients to maximize his personal profits and network while avoiding work for which he is obligated by ethics and the law. That is, it was known to all Defendants that Virgil would not put his clients' interests at the forefront, but sabotage their cases for personal gain, and that this would and has caused severe emotional harm to clients including Defendant. Tactics used by Virgil and Medina and ZNC include having the Defendant sleep on the floor of Virgil's CToffice and refuse to ask for an adjournment or delay to negotiate a reasonable settlement when the client was not sleep deprived. Virgil and

40. Plaintiff incorporates by reference the allegations in paragraphs 1-39 as though fully set

forth herein.

41. Defendants acted with reckless disregard for their professional obligations.

---

## COUNT X – CONSTRUCTIVE FRAUD

42. Plaintiff incorporates by reference the allegations in paragraphs 1-41 as though fully set

forth herein.

43. Defendants breached their duty of trust.

---

## COUNT XI – UNJUST ENRICHMENT

44. Plaintiff incorporates by reference the allegations in paragraphs 1-43 as though fully set

forth herein.

45. Defendants retained fees despite failing to competently represent Plaintiff.

## FACTUAL BASIS FOR CIVIL RIGHTS CLAIMS

46. Plaintiff retained Defendants, a law firm with attorneys practicing in both New York and

Connecticut, to represent him in a high-value medical malpractice case involving

catastrophic injuries.

47. As Plaintiff's legal representatives, Defendants acted as gatekeepers to the justice

system and owed Plaintiff not only a duty of competent legal representation but also a

54. In addition to constitutional violations, Defendants' actions also violated *New York Civil Rights Law § 40-c*, which prohibits discrimination and the denial of civil rights based on race, creed, color, or other protected characteristics.

55. Plaintiff was further harmed by Defendants' conspiracy to deny him equal protection and access to justice, which compounded the financial and emotional toll of losing a $75 million medical malpractice case.

## ADDITIONAL CAUSES OF ACTION – CIVIL RIGHTS VIOLATIONS

### COUNT XXII – VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

56. Plaintiff incorporates by reference the allegations in paragraphs 1-55 as though fully set forth herein.

57. Defendants, acting under color of law or in collusion with opposing counsel, deprived Plaintiff of his constitutional rights under the **First Amendment** (right to access the courts) and the **Fourteenth Amendment** (equal protection and due process).

58. Defendants' intentional misconduct, discrimination, and collusion with opposing parties and counsel resulted in the denial of Plaintiff's ability to pursue a valid legal claim and access justice on equal footing with others.

59. As a proximate result of Defendants' actions, Plaintiff suffered financial losses, emotional distress, and irreparable harm.

### COUNT XIII – VIOLATION OF NEW YORK CIVIL RIGHTS LAW

60. Plaintiff incorporates by reference the allegations in paragraphs 1-64 as though fully set forth herein.

WHEREFORE, Plaintiff Ari Teman respectfully requests that this Court enter judgment in his favor and against Defendants Zeldes Needle Cooper LLP, Jeremy Virgil, Maximino Medina, and all other ZNC Attorneys, and Does, jointly and severally, and grant the following relief:

1. **Compensatory Damages**
   a. Award compensatory damages in the amount of $75 million for financial losses, emotional distress, and harm caused by Defendants' actions, including violations of Plaintiff's civil rights.

2. **Treble and Punitive Damages**
   b. Award treble damages and punitive damages to punish Defendants for intentional misconduct and to deter future violations of civil rights.

3. **Declaratory Relief:**
   c. Declare that Defendants' actions violated Plaintiff's constitutional rights under **42 U.S.C. § 1983** and his civil rights under New York Civil Rights Law.
   d. Issue a declaration that Defendants, including ZNC, Jeremy Virgil, and the named attorneys, committed acts of fraud, legal malpractice, and breaches of fiduciary duty.
   e. Declare that Jeremy Virgil and other individual Defendants violated professional ethical standards and engaged in conduct that constitutes civil conspiracy.

4. **Injunctive Relief:**
   f. a. Suspend or disbar the named Defendants from the practice of law.
   g. b. Mandate training and policy reforms at ZNC to prevent future violations of civil rights.

5. **Attorneys' Fees and Costs:**
   h. Award attorneys' fees and all legal and related costs under **42 U.S.C. § 1988**.

**EXHIBIT 1 : Order on Appeal**

# State of New York
## Court of Appeals

*Decided and Entered on the
eighteenth day of June, 2024*

**Present,** Hon. Rowan D. Wilson, *Chief Judge, presiding.*

Mo. No. 2024-109

Ari Teman,
    Appellant,
    v.
Eric Braverman, &c., et al.,
    Respondents,
et al.,
    Defendants.

Appellant having moved for leave to appeal to the Court of Appeals in the above
cause;

Upon the papers filed and due deliberation, it is

ORDERED, that the motion is dismissed upon the ground that no appeal lies from
an Appellate Division order dismissing an appeal from an order entered upon default (*see*
CPLR 5511).

Lisa LeCours
Clerk of the Court

Teman v ZNC, Jeremy Virgril, et al.                                      Page 17 of 24

EXHIBIT 3 : Default Ruling (NY State Supreme Court)

FILED: NEW YORK COUNTY CLERK 04/21/2023 02:05 PM

NYSCEF DOC. NO. 203

INDEX NO. 805410/2014

RECEIVED NYSCEF: 04/14/2023

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

| | | | |
|---|---|---|---|
| PRESENT: | HON. KATHY J. KING | PART | 06 |
| | *Justice* | | |

-----------------------------------------------X

| | |
|---|---|
| ARI TEMAN, | INDEX NO. 805410/2014 |
| | MOTION DATE 06/01/2022 |
| Plaintiff, | MOTION SEQ. NO. 011 |

- V -

ERIC BRAVERMAN, RICHARD SMAYDA, SANDIP BUCH,
PATH MEDICAL, P.C.,DARYA BRAVERMAN, TOTAL
HEALTH NUTRIENTS,

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 011) 183, 184, 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 197, 198, 199

were read on this motion to/for                    DISMISS                    .

Upon the foregoing documents, defendants Eric Braverman, M.D., Sandip Buch, M.D.

and Path Medical, P.C., move for an order dismissing plaintiff's complaint with prejudice,

pursuant to CPLR § 3216, based on plaintiff's failure to prosecute this action. Plaintiff has not

submitted opposition to the motion.

This action, sounding in medical malpractice, was commenced by the filing of a

summons and complaint on November 7, 2014. By order dated August 16, 2016, the plaintiff

was directed to file a Note of Issue on June 1, 2017. Plaintiff failed to comply with the order.

On February 11, 2022, defendants served a 90-day notice upon plaintiff, pursuant to

CPLR § 3216, demanding that plaintiff resume prosecution of this action and file a Note of Issue

within 90 days of receipt of the demand. The certified mailing receipt demonstrates plaintiff's

attorneys' receipt of the notice on February 14, 2022. Plaintiff neither complied with the

defendants' demand nor moved to vacate the 90-day notice. Further, plaintiff failed to submit

opposition to defendants' motion, which was filed on May 17, 2022. The motion was deemed

805410/2014  TEMAN, ARI vs. BRAVERMAN, MD, ERIC
Motion No. 011

Page 1 of 3

FILED: NEW YORK COUNTY CLERK 04/21/2023 02:05 PM

NYSCEF DOC. NO. 203

INDEX NO. 805410/2014

RECEIVED NYSCEF: 04/14/2023

merit, defendants are entitled to dismissal of the complaint (*see Baczkowski v Collins Constr. Co.*, 89 NY2d 499 [1997]; *Missos v General Motors Corp.*, 30 AD3d 303 [1st Dept 2006]).

Accordingly, it is hereby

ORDERED, that the motion of defendants, Eric Braverman, M.D., Sandip Buch, M.D. and Path Medical, P.C., seeking dismissal of the complaint, pursuant to CPLR § 3216, is granted; and it is further

ORDERED, that the Clerk of the Court is directed to enter judgment in favor of defendants Eric Braverman, M.D., Sandip Buch, M.D. and Path medical, P.C., dismissing plaintiff's complaint.

This constitutes the decision and order of the Court.

| | |
|---|---|
| 4/12/2023 | KATHY J. KING, J.S.C. |
| DATE | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

805410/2014  TEMAN, ARI vs. BRAVERMAN, MD, ERIC
Motion No. 011

Page 3 of 3

EXHIBIT 5 : Braverman censured & reprimanded by NY Board of Health Professional Conduct

following criminal conviction

**ORDER**

IT IS HEREBY ORDERED THAT:

1. The charge of misconduct under Educ. Law §6530(9)(a)(i) for having been convicted of a crime under New York state law is sustained.

2. Pursuant to PHL §230-a (1), Respondent's license to practice medicine shall be subject to a censure and reprimand.

3. This order shall be effective upon Respondent as required under PHL §230(10)(h).

DATED:  Buffalo , New York

December 18 , 2017

DAVID A. SHERRIS, M.D., Chair
THEODORE J. STRANGE, M.D., FACP
ELENA M. COTTONE, P.A.-C

Matter of Eric Braverman, M.D.                                                        5