UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARI BARUCH TEMAN,

                     Plaintiff,

        - against -

ZELDES NEEDLE COOPER LLP, JEREMY VIRGIL,
MAXIMINO MEDINA, RICHARD A. SARNER,
EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO,
SABATO "SAM" P. FIANO, RICHARD D. ZEISLER,
MARIE A. CASPER, ROBERT S. COOPER, LISA C.
DUMOND, and DOES 1-10,

                     Defendants.
-------------------------------------------------------------------X

Civil Action No.: 1:24-CV-09830
(LJL)

**MEMORANDUM OF LAW SUBMITTED ON BEHALF OF ALL DEFENDANTS IN
SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Cristina Yannucci, Esq.
*Attorneys for Defendants*
*ZELDES, NEEDLE & COOPER,*
*P.C., JEREMY VIRGIL, MAXIMINO*
*MEDINA, RICHARD A. SARNER,*
*EDWARD R. SCOFIELD, LORI A.*
*DASILVA-FIANO, SABATO "SAM"*
*P. FIANO, RICHARD D. ZEISLER,*
*MARIE A. CASPER, ROBERT S.*
*COOPER, and LISA C. DUMOND*
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1412
cristina.yannucci@lewisbrisbois.com
File No. 47558.92

i

# **TABLE OF CONTENTS**

**Page**

**STATEMENT OF FACTS**…………………………………………………………2

**STANDARD OF REVIEW**…………………………………………………………...4

**ARGUMENT**……………………………………………………………………6

    **POINT I:  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY**……………………………………………………………………6

        **A.**    **The Cause of Action for Legal Malpractice Fails (Count I)**…………………6

                **i.**   **Failure to Plead Attorney-Client Relationship as to or Negligence by the Individually-Named Attorneys**……………………………………...6

                **ii.** **Failure to Plead Proximate Cause**…………………………………...7

                **iii.** **Failure to Plead Actual and Ascertainable Damages**……………………9

        **B.**    **The Cause of Action for Fraud Fails (Count II)**……………………………..10

        **C.**    **The Cause of Action for Civil Conspiracy Fails (Count III)**………………..12

        **D.**    **The Cause of Action for Breach of Fiduciary Duty Fails (Count IV)**……...13

        **E.**    **The Cause of Action for Intentional Infliction of Emotional Distress Fails (Count V)**………………………………………………………………13

        **F.**    **The Cause of Action for Negligent Infliction of Emotional Distress Fails Count VI)**………………………………………………………………15

        **G.**    **The Cause of Action for Breach of Contract Fails (Count VII)**……………16

        **H.**    **The Cause of Action for Violation of New York General Business Law § 349 (Count VIII)**……………………………………………………17

        **I.**    **The Cause of Action for Gross Negligence Fails (Count IX)**………………18

        **J.**    **The Cause of Action for Constructive Fraud Fails (Count X)**……………..19

        **K.**    **The Cause of Action for Unjust Enrichment Fails (Count XI)**…………….20

**L.**    **The Cause of Action for Violation of Civil Rights under 42 U.S.C. § 1983 Fails (Count XII)**………………………………………………………...21

**M.**    **The Cause of Action for Violation of New York Civil Rights Law Fails (Count XIII)**………………………………………………………...22

**POINT II:  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS**………………………………………23

**CONCLUSION**………………………………………………………………………..25

# <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Federal Cases**

*ACR Sys., Inc. v. Woori Bank*,
    No. 14 CIV. 2817 (JFK), 2018 WL 1757019 (S.D.N.Y. Apr. 10, 2018)....................10

*Allen v. Chanel, Inc., No. 12–6758(RPP)*,
    2013 WL 2413068 (S.D.N.Y. June 4, 2013)...................................................5

*Allianz Ins. Co. v. Lerner*,
    416 F.3d 109 (2d Cir.2005)....................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...........................................................................4

*Baker v. Dorfman*,
    239 F.3d 415 (2d Cir.2000)..................................................................16

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)...........................................................................4

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004)................................................................20

*Bryant v. Silverman*,
    284 F. Supp. 3d 458 (S.D.N.Y. 2018).......................................................9

*Calcutti v. SBU, Inc.*,
    224 F. Supp. 2d 691 (S.D.N.Y. 2002).....................................................11

*Sawicka v. Catena*,
    79 A.D.3d 848, 912 N.Y.S.2d 666 (2d Dep't 2010)....................................16

*Calcutti v. SBU, Inc.*,
    224 F. Supp. 2d 691 (S.D.N.Y. 2002).....................................................16

*Chambers v. Time Warner*, Inc.,
    282 F.3d 147, 152–53 (2d Cir. 2002)...................................................5, 6

*DeAngelis v. Corzine*,
    17 F. Supp. 3d 270, 284 (S.D.N.Y. 2014)...........................................17, 20

*DeLuca v. AccessIT Group, Inc.*,
    695 F.Supp.2d 54 (S.D.N.Y. 2010)..........................................................5

*DiVittorio v. Equidyne Extractive Indus., Inc.*,
    822 F.2d 1242 (2d Cir. 1987)…………………………………………………….11

*Ellison v. Am. Image Motor Co.*,
    36 F. Supp. 2d 628 (S.D.N.Y. 1999)…………………………………………..11

*England v. Feldman*,
    No. 11 CIV. 1396 CM, 2011 WL 1239775 (S.D.N.Y. Mar. 28, 2011)………………..19

*Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*,
    375 F.3d 168 (2d Cir. 2004)…………………………………………………….10

*Faktor v. Yahoo! Inc.*,
    No. 12 Civ. 5220, 2013 WL 1641180, at *2 (S.D.N.Y. Apr. 16, 2013)…………..19, 20

*Franzone v. Lask*,
    No. 14CIV3043GHWGWG, 2016 WL 4154276, (S.D.N.Y. Aug. 5, 2016), *report and recommendation adopted sub nom. Franzone v. Susan Chana Lask, Esq.*, No. 1:14-CV-3043-GHW, 2016 WL 4491730 (S.D.N.Y. Aug. 25, 2016)…………………………..18

*Galu v. Attias*,
    923 F. Supp. 590, 597 (S.D.N.Y. 1996)…………………………………………….9

*Gay v. Carlson*,
    60 F.3d 83 (2d Cir.1995)…………………………………………………….14

*Global Network Commc'ns, Inc. v. City of New York*,
    458 F.3d 150 (2d Cir. 2006)……………………………………………………...5

*Gonzalez v. Bratton*,
    147 F. Supp. 2d 180, 194 (S.D.N.Y. 2001), aff'd, 48 F. App'x 363 (2d Cir. 2002)…...14

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
    No. 15-CV-4244 (JGK), 2017 WL 933103 (S.D.N.Y. Mar. 8, 2017)………………...12

*Hickman v. Legal Aid Soc'y*,
    No. 19CIV05294ATRWL, 2020 WL 4549207, (S.D.N.Y. June 26, 2020), *report and recommendation adopted,* No. 19CIV5294ATRWL, 2020 WL 4547224 (S.D.N.Y. Aug. 6, 2020)…………………………………………………….21

*Hoffenberg v. Meyers*,
    73 F. App'x 515 (2d Cir. 2003)…………………………………………………….19

*Indig v. Vill. of Pomona*,
  No. 18 CV 10204 (VB), 2019 WL 6173425 (S.D.N.Y. Nov. 19, 2019) ...............23

*In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001 (Lawler v. American Airlines, Inc.)*,
  450 F.Supp.2d 432 (S.D.N.Y.2006)...........................................................16

*In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*,
  508 F. Supp. 2d 244 (S.D.N.Y. 2007)......................................................16

*In re Bristol-Myers Squibb Sec. Litig.*,
  312 F.Supp.2d 549 (S.D.N.Y. 2004)...........................................................8

*Judd Burstein, P.C. v. Long*,
  No. 15 CIV. 5295 (KPF), 2017 WL 3535004, (S.D.N.Y. Aug. 16, 2017),
  aff'd, 797 F. App'x 585 (2d Cir. 2019)........................................................7

*Lacross v. Vermont State Police*,
  No. 5:22-CV-67, 2022 WL 2910498, at *2 (D. Vt. June 10, 2022), *report and*
  *recommendation adopted*, No. 5:22-CV-67, 2022 WL 2904762
  (D. Vt. July 22, 2022)...............................................................................22

*Lava Trading Inc. v. Hartford Fire Ins. Co.*,
  326 F. Supp. 2d 434(S.D.N.Y. 2004)........................................................18

*Lerner v. Fleet Bank, N.A.*,
  459 F.3d 273 (2d Cir. 2006).....................................................................11

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC,
  797 F.3d 160 (2d Cir. 2015).....................................................................10

*Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*,
244 F.R.D. 204 (S.D.N.Y. 2007) ..............................................................11

*Martin v. Citibank, N.A.*,
  762 F.2d 212 (2d Cir.1985).......................................................................14

*Meisel v. Grunberg*,
  651 F.Supp.2d 98 (S.D.N.Y. 2009).............................................................13

*Nevin v. Citibank, N.A.*,
  107 F.Supp.2d 333 (S.D.N.Y. 2000)...........................................................16

*New York Univ. v. Continental Ins. Co.*,
  639 N.Y.S.2d 283 (App. Div. 1995)......................................................17, 18

*Nordwind v. Rowland*,
    584 F.3d 420 (2d Cir. 2009)…………………………………………………………13

*Pittman by Pittman v. Grayson*,
    149 F.3d 111 (2d Cir. 1998)…………………………………………………………12

*Precision Imaging of New York, P.C. v. Allstate Ins. Co.*,
    263 F. Supp. 3d 471 (S.D.N.Y. 2017)……………………………………………18

*Prout  v. Vladeck*,
    316 F. Supp. 3d 784, 799 (S.D.N.Y. 20018)………………………………………7

*Purchase Partners, LLC v. Carver Federal Sav. Bank*,
    914 F. Supp. 2d 480 (S.D.N.Y. 2012)……………………………………………19

*Restis v. Am. Coal. Against Nuclear Iran, Inc.*,
    53 F. Supp. 3d 705 (S.D.N.Y. 2014)……………………………………………...13

*Rhee-Karn v. Lask*,
    No. 15 CIV. 9946 (LAP), 2018 WL 11459415(S.D.N.Y. Sept. 30, 2018), *clarified on
    denial of reconsideration*, No. 15 CIV. 9946 (LAP), 2019 WL 13249103
    (S.D.N.Y. Jan. 14, 2019)……………………………………………………17, 21

*Riker v. Premier Cap., LLC*,
    No. 15-CV-8293, 2016 WL 5334980 (S.D.N.Y. Sept. 22, 2016)……………………7

*Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*,
    121 F. Supp. 3d 321 (S.D.N.Y. 2015), *aff'd*, 821 F.3d 349 (2d Cir. 2016)…………12

*Roches-Bowman v. Evans*,
    749 F. Supp. 3d 479 (S.D.N.Y. 2024)……………………………………………22

*Sepenuk v. Marshall*,
    No. 98-cv-1569 (RCC), 2000 WL 1808977 (S.D.N.Y. Dec. 8, 2000)……………...12

*Shaub & Williams, L.L.P. v. Augme Techs., Inc.*,
    No. 13 Civ. 1101 (GBD), 2014 WL 625390 (S.D.N.Y. Feb. 14, 2014)……………..7

*Spagnola v. Chubb Corp.*,
    574 F.3d 64 (2d Cir.2009)…………………………………………………………17

*Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*,
    383 F. Supp. 2d 428 (S.D.N.Y. 2003)……………………………………………20

*Sofi Classic S.A. de C.V. v. Hurowitz*,
    444 F. Supp. 2d 231 (S.D.N.Y. 2006)……………………………………………11

*Stonewell Corp. v. Conestoga Title Ins. Co.*,
    678 F. Supp. 2d 203(S.D.N.Y. 2010)……………………………………………..6

*Thai v. Cayre Grp.,*
    726 F.Supp.2d 323 (S.D.N.Y.2010)…………………………………………..15

*Thomas v. Roach,*
    165 F.3d 137 (2d Cir. 1999)……………………………………………………21

*Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC,*
    525 F. Supp. 3d 482 (S.D.N.Y. 2021)………………………………………..19

*Wang v. Enlander*,
    17 Civ. 4932 (LGS), 2018 WL 1276854 (S.D.N.Y. Mar. 6, 2018)………………...12

*Whitney v. Citibank, N.A.,*
    782 F.2d 1106 (2d Cir.1986)……………………………………………………13

**State Cases**

*East Hampton Union Free School District v. Sandpebble Bldrs*., Inc.,
    16 N.Y.3d 775, 776 (2nd Dep't 2011)………………………………………….24

*D'Alessandro v. Carro,*
    123 A.D.3d 1, 7 (1st Dep't 2014) ……………………………………………...9

*Howell v. N.Y. Post Co.*,
    596 N.Y.S.2d 350 (1993)……………………………………………………..14

*Lichtman v. Estrin*,
    282 A.D.2d 326 (1st Dept. 2001)……………………………………………….23

*McKenna v. Forsyth & Forsyth,*
    280 A.D.2d 79, 84 (N.Y. App. Div. 2001)……………………………………..8

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,*
    85 N.Y.2d 20, 623 N.Y.S.2d 529 N.E.2d 741, 744 (1995)………………………17

*Pacesetter Communications v. Solin & Breindel,*
    150 A.D.2d 232 N.Y.S.2d 404, 406 (1st Dep't 1989)……………………………16

*Sawicka v. Catena,*
    79 A.D.3d 848, 912 N.Y.S.2d 666 (2d Dep't 2010)………………………………...15

*Senise v. Mackasek,*

227 A.D.2d 184, 642 N.Y.S.2d 241 (1st Dep't 1996)…………………………………16

*Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*,
10 A.D.3d 267 N.Y.S.2d 593 (N.Y. App. Div. 2004)…………………………………..13

*We're Assocs. Co. v. Cohen, Stratcher & Bloom, P.C.*,
103 A.D.2d 130 (2nd Dept. 1984)………………………………………………………..23

**Secondary Sources**

*Legal Malpractice Damages in a Trial Within a Trial—a Critical Analysis of Unique Concepts:
Areas of Unconscionability,*
Koffer 73 Marq.L.Rev……………………………………………………………………….8

**Federal Statutes**

42 U.S.C. § 1983……………………………………………………………………..2, 3, 21, 22

**State Statutes**

N.Y. Civ. Rights Law § 40-c …………………………………………………………22, 23

N.Y. Gen. Bus. Law § 349(a)…………………………………………………………3, 17, 18

**Federal Rules**

FRCP 12(b)(6)………………………………………………………………..1, 4, 5, 6, 23, 24, 25

FRCP 9(b) ……………………………………………………………………..2, 5, 10, 25

**State Rules**

New York Rules of Professional Conduct…………………………………………………...10

NYCRR § 1240…………………………………………………………………………10

This Memorandum of Law is submitted on behalf of Defendants ZELDES, NEEDLE & COOPER, P.C. (i/s/h/a Zeldes Needle Cooper LLP) ("ZNC"), JEREMY VIRGIL, MAXIMINO MEDINA, RICHARD SARNER, EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO, SABATO "SAM" P. FIANO, RICHARD D. ZEISLER, MARIE A. CASPER, ROBERT S. COOPER, and LISA C. DUMOND (with ZNC, collectively, "Defendants"), together with the accompanying Declaration of Cristina Yannucci, Esq., dated May 1, 2025 ("Yannucci Dec.") and the exhibits thereto, in support of Defendants' motion seeking an Order: (a) dismissing the Complaint of Plaintiff ARI BARUCH TEMAN ("Plaintiff") in its entirety, with prejudice, pursuant to 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure ("FRCP"); or, alternatively, (b) dismissing the Complaint as against the individually-named attorney Defendants as a matter of law; and, (c) granting such other and further relief as this Court deems just and proper.

Plaintiff commenced this legal malpractice action through the filing of a Complaint on December 9, 2024 ("Complaint"). (Yannucci Dec., Ex. 1) In what can be characterized as nothing short of a scorched earth filing, Plaintiff levies conspiracy theories and defamatory assertions not only against ZNC and Defendant Virgil (who, by Plaintiff's own pleading, is identified as the only handling partner for the underlying matter ), but against nine shareholders of ZNC seemingly based solely on the fact that they are listed as attorneys in the firm's New York City office. (*Id.* at ¶11) It is respectfully submitted that none of Plaintiff's myriad claims withstand pleading scrutiny and that Plaintiff's attempt to leverage Defendants by naming almost one dozen attorneys of the firm should not be countenanced by the Court.[1]

---

[1] The within matter is not Plaintiff's first foray as a litigant. Refence is made to the following non-exhaustive list of matters: (1) *Martin P. Feinberg v. Ari Teman*, Supreme Court of the State of New York, County of New York, Index No. 152894/2014 (suit against Plaintiff for libel and intentional infliction of emotional distress); (2) *Ari Teman* v. *Abel Noser Solutions, LTD., Boaz Zborowski, and John and Jane Doe #1-#100*, Supreme Court of the State of New York, County of New York, Index No. 155520/2014, and *Ari Teman v. Abel/Noser Corp. and John and Jane Doe #1-#100*, Supreme Court of the State of New York, County of New York, Index No. 154992/2015 (suit by Plaintiff asserting

## STATEMENT OF FACTS

"Plaintiff retained ZNC, through its partner Jeremy Virgil, to represent him in a medical malpractice lawsuit involving catastrophic injuries caused by gross negligence by medical professionals." (Yannucci Dec., Ex. 1 at ¶14) The medical malpractice lawsuit was captioned *Ari Teman v. Eric Braverman, Richard Smayda, Sandip Buch, Path Medical, P.C., Darya Braverman, Total Health Nutrients*, venued in the Supreme Court of the State of New York, County of New York, and bore Index No. 805410/2014 ("Underlying Lawsuit"). (Yannucci Dec., Ex. 1 at ¶8 & pp. 19-21)[2] As per the within Complaint, the Underlying Lawsuit concerned "a doctor who had been and arrested and convicted multiple times for abusing and assaulting patients, and providing unnecessary and harmful care to keep the patients ill and extract and extort more monies from the patients, one of them being this matters' [sic] plaintiff." (Yannucci Dec., Ex. 1 at ¶4) The

---

claims of libel, injurious falsehood, and tortious interference with prospective business advantages, opportunities and relations due to referencing the prior litigation on Wikipedia); (3) *Ari Teman v. The Board of Managers of the Chadwin House Condominium, Mark Greenberg Real Estate Company, Inc. Sam Koubti, Cliff Pereira and Margherita Aloi Pereira,* Supreme Court of the State of New York, County of New York, Index No. 1549486/2014 (suit by Plaintiff asserting claims of defamation, intentional infliction of emotional distress, tortious interference with business relations, and fraud); (4) *Dr. Sandip Burch v. Ari Teman,* Supreme Court of the State of New York, New York County, Index No. 157337/2018 (suit against Plaintiff for engaging in an ongoing pattern of harassing and threatening behavior against and making defamatory statements against a rival standup comedian and member of PATH Medical Group (a defendant in the Underlying Litigation, defined below)); (5) *United States v. Teman*, S.D.N.Y. Case No. 1:19-cr-00696 (after jury trial, Plaintiff was convicted of two counts of bank fraud and two counts of wire fraud, due to physically and remotely depositing counterfeit checks); (6) *Ari Baruch Teman v. Judge Franc Perry, New York State Supreme Court of New York State, NY State, Sandip Burch, Adam E. Engel,* United States District Court for the Southern District of Florida, Case No. 1:19-cv-20143-FAM (suit by Plaintiff for an injunction forcing New York Courts to stay discovery in the previously mentioned litigation, and sought damages from the State of New York for permitting Dr. Buch to maintain his medical license); (7) *3660 Broadway BCR, LLC, et al v. Gateguard Inc. and Ari Teman,* Supreme Court of the State of New York, County of New York, Index No. 65105/2019 (suit against Plaintiff for property damage, criminal and criminal trespass, trespass to chattels, and injunctive relief ); and (8) *Teman v. The City of Miami Beach et al*, U.D. District Court for the Southern District of Florida, Case No. 1:2023-cv-21361 (suit by Plaintiff asserting civil rights and other violations under 42 U.S.C. § 1983 and other amendments of the United States Constitution after being charged with a misdemeanor by the State of Florida).

[2] Defendants were not the first attorneys to represent Plaintiff in the Underlying Lawsuit. Defendants were substituted as Plaintiff's counsel in June of 2015, more than six months after suit was filed, following the withdrawal of Plaintiff's original attorney, Glen A. Kendall, Esq. of Davidoff Law Firm, PLLC. *See New York State Courts Electronic Filing (NYSCEF)* Nos. 42-50 in the Underlying Lawsuit.

Underlying Lawsuit was dismissed by Order of the Honorable Kathy J. King, J.S.C., dated April 12, 2023, for failure to prosecute pursuant to CPLR § 3216. (Yannucci Dec., Ex. 1 at pp. 19-21)[3]

By way of this action, Plaintiff alleges that "[d]espite repeated assurances, Virgil and ZNC failed to monitor critical docket entries and failed to respond to communications from opposing counsel, which led to the default of the underlying case." (Yannucci Dec., Ex. 1 at ¶17) Plaintiff claims that Defendants ignored Plaintiff's repeated alerts regarding these lapses "via email and letters" (*id.* at ¶18) and that "[a]fter allowing the case to default, Virgil filed a frivolous appeal, knowing the issue was not appealable, in an effort to mislead Plaintiff and conceal his own negligence." (*Id.* at ¶19) Plaintiff not only levies conclusory and specious allegations that "Defendants Jeremy Virgil's and ZNC's improper personal and financial relationships and/or conflicts with opposing parties in the medical malpractice case, including Silver Hill Hospital in New Canaan, CT, PATH Medical in NYC, and their respective counsel, motivated him to sabotage his own client's case" (*id.* ¶5), but that "[t]he additional named Defendants, including Sarner, Scofield, DaSilva-Fiano, Fiano Zeisler, Casper, Cooper, Dumond as well as "Does", actively assisted or facilitated the misconduct and fraud perpetrated by ZNC and Virgil." (*Id.* at ¶6)

Plaintiff asserts thirteen (13) causes of action against Defendants sounding in: (1) legal malpractice; (2) fraud; (3) civil conspiracy; (4) breach of fiduciary duty; (5) intentional infliction of emotional distress; (6) negligent infliction emotional distress; (7) breach of contract; (8) violation of New York General Business Law § 349; (9) gross negligence; (10) constructive fraud; (11) unjust enrichment; (12) violation of civil rights under 42 U.S.C. § 1983; and (13) violation of New York Civil Rights Law. (Yannucci Dec., Ex. 1, ¶¶23-67)

---

[3] By order dated November 22, 2016 and entered December 9, 2016, Plaintiff's causes of action sounding in fraud, negligent infliction of emotional distress and violation of New York General Business Law §349 were dismissed. *See New York State Courts Electronic Filing (NYSEF)* Doc No. 134 in the Underlying Lawsuit.

The "relief" requested includes: (1) compensatory damages, identified as "$75 million for financial losses, emotional distress, and harm"; (2) treble and punitive damages "to punish Defendants for intentional misconduct and to deter future violations of civil rights"; (3) declaratory relief that Defendants violated Plaintiff's civil rights, committed acts of fraud, legal malpractice, breaches of fiduciary duty, civil conspiracy, and violated other professional and ethical standards; (4) injunctive relief suspending or disbarring Defendants from the practice of law and mandating policy and training reforms; (5) an award of all attorneys' fees and costs; (6) a disgorgement of and return of all legal fees and expenses paid by Plaintiff to Defendants "in this and any related matters"; and, (7) pre and post-judgment interest. (Yannucci Dec., Ex. 1 at pp. 15-16)

## STANDARD OF REVIEW

Dismissal of a complaint is warranted for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A complaint satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Bell Atl. Corp., supra*, 550 U.S. at 555-56. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft, supra*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp., supra*, 550 U.S. at 555.

In determining whether a complaint states a plausible claim for relief, the reviewing court may draw on its judicial experience and common sense. *Id.* at 556. Courts may also take judicial notice of documents filed in another court, "not for the truth of the matters asserted… but rather

to establish (1) the factual allegations set forth in the pleadings; (2) documents attached to the complaint as exhibits or incorporated by reference therein; (3) matters of which judicial notice may be taken; and (4) documents upon which the complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). In this regard, facts and allegations considered in the context of a motion to dismiss under Rule 12(b)(6) are limited to: (1) the factual allegations set forth in the pleadings; (2) documents attached to the complaint as exhibits or incorporated by reference[4]; (3) matters of which judicial notice may be taken; and (4) documents upon which the complaint "relies heavily" and which are, thus, rendered "integral"[5] to the Complaint." *Chambers v. Time Warner*, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002).

As demonstrated herein, Plaintiffs' Complaint should be dismissed in its entirety pursuant to FRCP 9 and 12(b)(6) because it fails to state a claim upon which relief can be granted. Alternatively, should this Court find any cause of action to be sufficiently pled (a proposition expressly refuted by Defendants), none of the allegations in the Complaint are support by facts sufficient to deny the within motion seeking dismissal of the individually-named attorney Defendants.

---

[4] To incorporate a document by reference, "a complaint must make a clear, definite, and substantial reference to the document." *Allen v. Chanel, Inc.,* No. 12–6758(RPP), 2013 WL 2413068, at *5 (S.D.N.Y. June 4, 2013)

[5] For a document to be considered "integral to a complaint," a plaintiff must have had "(1) 'actual notice' of the extraneous information and (2) 'relied upon th[e] documents in framing the complaint.' " *DeLuca v. AccessIT Group, Inc.,* 695 F.Supp.2d 54, 59–60 (S.D.N.Y. 2010) (internal citations omitted).

## ARGUMENT

### POINT I
### <u>PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY</u>

### *A. The Cause of Action for Legal Malpractice Fails (Count I):*

In New York, to state a valid claim for legal malpractice, a plaintiff must set forth facts tending to show all of the following elements: "(1) an attorney-client relationship, (2) attorney negligence (3) that is the proximate cause of a loss, and (4) actual damages." *Stonewell Corp. v. Conestoga Title Ins. Co.*, 678 F. Supp. 2d 203, 208–09 (S.D.N.Y. 2010); *see also Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 118 (2d Cir. 2005). Even accepting Plaintiff's allegations as true, Plaintiff fails to sufficiently plead the requisite elements of an attorney-client relationship (other than with ZNC), proximate cause and actual damages.

> *(i)    Failure to Plead Attorney-Client Relationship as to or Negligence by the Individually-Named Attorneys*

It is respectfully requested that this Court consider the "Attorneys' Retainer Agreement" executed by Plaintiff in connection with the within motion. (*Id.* at Ex. 4)[6] By his Complaint, Plaintiff alleges that he "retained ZNC, through its partner Jeremy Virgil, to represent him." (Yannucci Dec., Ex. 1 at ¶14) As evidenced both by Plaintiff's pleading and the Attorneys' Retainer Agreement, Plaintiff only "retained ZNC" and neither the Complaint nor the Attorneys' Retainer Agreement reflect retention by Plaintiff of any individually-named attorney Defendant. (Yannucci Dec., Ex. 1 at ¶14; *see also* Ex. 4).

Furthermore, nowhere in the Complaint does Plaintiff articulate any specific allegations as against any individually-named attorney Defendant other than Defendant Virgil, nor does Plaintiff

---

[6] Documents upon which the complaint "relies heavily" and which are, thus, rendered "integral" to the Complaint" may be considered in the context of a motion to dismiss under Rule 12(b)(6). *See Chambers, supra,* 282 F.3d at 152–53.

even reference the individually-named attorney Defendants other than to identify them as attorneys located at One Grand Central Place who purportedly "actively participated in the misconduct alleged herein." (Yannucci Dec., Ex. 1 at ¶11) As such, because Plaintiff has not plead an attorney-client relationship with any of the individually-named attorney Defendants, and because he has not alleged any departures by the individually-named Defendants with specificity, the legal malpractice cause of action should be dismissed as a matter of law.

### (ii)    Failure to Plead Proximate Cause

The legal malpractice claim is deficient as a matter of law based upon Plaintiff's failure to sufficiently plead proximate cause as to any of the Defendants. To plead proximate, or "but for," causation in an action for attorney malpractice, a plaintiff must plausibly allege that, but for the malpractice, the plaintiff would have received a more advantageous result, would have prevailed in the underlying action, or would not have sustained some actual and ascertainable damage." *Prout v. Vladeck,* 316 F. Supp. 3d 784, 799 (S.D.N.Y. 20018); *see also Judd Burstein, P.C. v. Long*, No. 15 CIV. 5295 (KPF), 2017 WL 3535004, at *6 (S.D.N.Y. Aug. 16, 2017), aff'd, 797 F. App'x 585 (2d Cir. 2019)(proximate cause requires proving a "case within a case", and that "mere speculation of a loss resulting from an attorney's alleged omission is insufficient to sustain a prima facie case.")(internal quotations omitted). "[An attorney's] alleged misconduct is not the proximate cause of the harm if the client [fails to plead] its own likelihood of success absent such misconduct." *Riker v. Premier Cap., LLC*, No. 15-CV-8293, 2016 WL 5334980, at *9 (S.D.N.Y. Sept. 22, 2016) (quoting *Shaub & Williams, L.L.P. v. Augme Techs., Inc.,* No. 13 Civ. 1101 (GBD), 2014 WL 625390, at *5 (S.D.N.Y. Feb. 14, 2014)(internal citations omitted).

Here, Plaintiff summarily claims that the Underlying Lawsuit was "meritorious" (Yannucci Dec., Ex. 1 at ¶1), and avers that "an expert witness has analyzed the damages and provided a

detailed expert letter confirming these losses." (*Id.* at ¶2) However, upon information and belief, Plaintiff's reference to the "expert's report" is the September 5, 2014 correspondence of Vastal G. Thakkar, M.D. of Solstice Psychiatric Consulting, P.C. submitted by Plaintiff's prior counsel in the in support of an Affidavit of Merit filed alongside Plaintiff's complaint in the Underlying Lawsuit. (*Id.* at Ex. 2) What Plaintiff fails to note by his pleading is that Dr. Thakkar thereafter confirmed to Defendants in writing that he did not and would not participate in the Underlying Litigation beyond the preliminary correspondence. (*Id.* at Ex. 3)[7] Moreover, aside from references to *other* patients of the doctor named in the Underlying Litigation (*id.* at Ex. 1, ¶¶4 & 33), the Complaint is otherwise devoid of any facts tending to show that Plaintiff, himself, would have been meritorious in the Underlying Litigation "but for" the dismissal. (*Id.* at Ex. 1, *passim*)

Furthermore, many New York Courts hold that a pleading requires a showing not only that a plaintiff would have prevailed in the underlying action, but also that the ultimate judgment would have been collectible: "To predicate an award of damages upon both the requirement that a judgment would have been recovered and that it would have been collectible, in whole or in part, requires a showing of causation, in this factual context, that is conceptually no different from that required in negligence cases generally." *McKenna v. Forsyth & Forsyth*, 280 A.D.2d 79, 84 (N.Y. App. Div. 2001) (quoting Koffler, *Legal Malpractice Damages in a Trial Within a Trial—a Critical Analysis of Unique Concepts: Areas of Unconscionability,* 73 Marq.L.Rev. 40, 52). Here, Plaintiff does not allege that he would have been able to ultimately collect upon any judgment (much less $75 million) in the Underlying Lawsuit, warranting dismissal of the cause of action.[8]

---

[7] A court need not accept as true the allegations that are contradicted by other allegations, by documents upon which the complaint relies or documents of which the court may take judicial notice. *In re Bristol-Myers Squibb Sec. Litig.*, 312 F.Supp.2d 549, 555 (S.D.N.Y. 2004).

[8] It is respectfully requested that this Court take judicial notice of the following: In March of 2017, defendant Eric R. Braverman, M.D. (principal of Total Health Nutrients Inc. and Total Health Nutrients LLC) filed for chapter 11 bankruptcy in U.S. Bankruptcy Court S.D.N.Y. under Case No. 17-10524-mkv. Upon information and belief, the

*(iii)     Failure to Plead Actual and Ascertainable Damages*

Plaintiff fails to plead facts tending to show actual and ascertainable damages suffered as a result of any alleged negligence. Plaintiff only summarily alleges that "[a]n expert witness retained by Plaintiff has confirmed the value of the damages at over $75 million, based on the severity of the malpractice and its long-term financial and personal impact on Plaintiff." (Yannucci Dec., Ex. 1 at ¶16) Yet, neither in Dr. Thakker's correspondence and subsequent email (*id.* at Exs. 2 and 3), nor anywhere in the Complaint are any facts upon which Plaintiff premises his claim of $75 million dollars in damages. (*Id.* at Ex. 1, *passim*) These conclusory allegations are insufficient as a matter of law to sufficiently plead that Defendants' acts were the proximate cause of *actual* damages. *See Bryant v. Silverman*, 284 F. Supp. 3d 458, 470 (S.D.N.Y. 2018) ("a plaintiff must allege pecuniary damages, rather than a nebulous allegations of harm to an amorphous interest such as business reputation or mental anguish").

Finally, "New York limits a plaintiff's recovery in legal malpractice actions to pecuniary damages." *Bryant v. Silverman*, 284 F. Supp. 3d 458, 471 (S.D.N.Y. 2018) (internal citations and quotations omitted). "New York law requires not only that a complaint plead actual, ascertainable damages, but also that those damages be monetary." *Id.*; *see also Galu v. Attias*, 923 F. Supp. 590, 597 (S.D.N.Y. 1996)(internal citations omitted) ("A plaintiff suing in malpractice [under New York law] can recover only pecuniary loss but not for mental or psychological suffering."); *D'Alessandro v. Carro*, 123 A.D.3d 1, 7 (1st Dep't 2014) (holding non-pecuniary damages are not recoverable in a legal malpractice action whether the malpractice is civil or criminal in nature).

---

underlying defendant Richard Smayada, D.O.'s insurance carrier, Fairway Physicians Insurance Company, was liquidated in 2017 by Order of Liquidation in the Superior Court of the District of Columbia, Civil Division matter *District of Columbia Department of Insurance, Securities and Banking v. Fairway Physicians Insurance Company, a Risk Retention Group*, bearing Civil Action No. 2017-CA-6962.

Accordingly, to the extent that Plaintiff is seeking non-pecuniary damages, as well as injunctive and declaratory relief, same must be dismissed as unrecoverable under New York law.[9]

Accordingly, Plaintiff's cause of action sounding in legal malpractice should be dismissed as against all Defendants given Plaintiff's failure to plead any (much less all) of the requisite elements.

### B.  The Cause of Action for Fraud Fails (Count II):

"Under New York law, fraud requires proof of (1) a material misrepresentation or omission of a fact, (2) knowledge of that fact's falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *ACR Sys., Inc. v. Woori Bank*, No. 14 CIV. 2817 (JFK), 2018 WL 1757019, at *4 (S.D.N.Y. Apr. 10, 2018) (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 170 (2d Cir. 2015)).

Additionally, FRCP 9(b) sets forth a heightened pleading standard for allegations of fraud. Specifically, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Therefore, the complaint must "(1) detail the statements (or omissions) that the plaintiff contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004). With respect to the necessary mental state, although "mental states may be pleaded 'generally,' Plaintiffs must nonetheless allege facts 'that give rise to a strong

---

[9] Plaintiff seeks injunctive and declaratory relief suspending and/or disbarring Defendants form the practice of law. (Yannucci Dec., Ex. 1 at pp. 15-16) This remedy is not recognized as relief granted for a civil claim sounding in legal malpractice under New York law. Rather attorney suspension and debarment is governed by the New York Rules of Professional Conduct and under the authority of the Appellate Division of the State Supreme Court and attorney discipline and grievance committees. *See* NYCRR § 1240 and New York Rules of Professional Conduct.

inference of fraudulent intent.'" *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290-91 (2d Cir. 2006). Here, Plaintiff fails to plead facts sufficient to support any of these requisite elements.

While Plaintiff alleges that "[a]ll Defendants knowingly made false representations to Plaintiff, including assurances that the case was being handled property and the frivolous appeal had merit" (Yannucci Dec., Ex. 1 at ¶27), he fails to provide the requisite detail to identify the speaker of the purported fraudulent statements. (*Id.* at Ex. A, *passim*) "Where multiple defendants are asked to respond to allegations of fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud." *DiVittorio v. Equidyne Extractive Indus., Inc.*, 822 F.2d 1242, 1247 (2d Cir. 1987); *see* also *Sofi Classic S.A. de C.V. v. Hurowitz*, 444 F. Supp. 2d 231, 248 (S.D.N.Y. 2006) ("Where fraud is alleged against multiple defendants, a plaintiff must plead with particularity by setting forth separately the acts complained of by each defendant." (quoting *Ellison v. Am. Image Motor Co.*, 36 F. Supp. 2d 628, 641–42 (S.D.N.Y. 1999)); *Manhattan Motorcars, Inc. v. Automobili Lamborghini, S.p.A.*, 244 F.R.D. 204, 216–17 (S.D.N.Y. 2007) (dismissing fraud claim for failure to plead which specific individuals made allegedly fraudulent representations, or where and when the representations were made). Here, Plaintiff only vaguely avers that the statements were made by all Defendants, and fails to particularize where and when the allegedly fraudulent statements were made, by whom they were made, or why the statements were allegedly fraudulent, necessitating dismissal of this cause of action as a matter of law. *Loreley Fin.*, *supra,* 797 F.3d at 171.

Furthermore, "[a] fraud claim that is premised on the same acts of nondisclosures and misrepresentations is a legal malpractice claim may be dismissed as duplicative." *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 698 (S.D.N.Y. 2002). Thus, since Plaintiff's fraud claim is premised on the same allegations as the legal malpractice claim (*compare* Yannucci Dec., Ex. 1 at ¶ 25 *with* Ex.

1 at ¶ 27), Plaintiff's fraud claim (even if deemed sufficiently pled) should be dismissed as duplicative of the legal malpractice claim.

### C. The Cause of Action for Civil Conspiracy Fails (Count III):

"To establish [a] claim of civil conspiracy, the [plaintiff] must demonstrate the primary tort, plus the following four elements: (1) an agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*, 121 F. Supp. 3d 321, 339 (S.D.N.Y. 2015), *aff'd*, 821 F.3d 349 (2d Cir. 2016). In the absence of an "actionable, underlying tort," conspiracy-based claims may not proceed. *Wang v. Enlander*, 17 Civ. 4932 (LGS), 2018 WL 1276854, at *10 (S.D.N.Y. Mar. 6, 2018).

Furthermore, "[i]t is textbook law that New York does not recognize an independent tort of conspiracy." *Sepenuk v. Marshall*, No. 98-cv-1569 (RCC), 2000 WL 1808977, at *6 (S.D.N.Y. Dec. 8, 2000) (citation omitted). "Under New York law, in order to be liable for acting in concert with a primary tortfeasor under a theory of either conspiracy or aiding and abetting, the defendant must know of the wrongful nature of the primary actor's conduct." *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, No. 15-CV-4244 (JGK), 2017 WL 933103, at *4 (S.D.N.Y. Mar. 8, 2017) (quoting *Pittman by Pittman v. Grayson*, 149 F.3d 111, 123 (2d Cir. 1998)). Moreover, with regards to the second prong, "a plaintiff must allege facts indicating that an overt act was done in furtherance of an agreement to commit unlawful acts." *Ritchie Cap. Mgmt., L.L.C., supra,* 121 F. Supp. 3d at 339 (internal quotations omitted). Here, the Complaint is devoid of facts to sufficiently plead these requisite elements.

Plaintiff's cause of action is premised upon the supposition that "[a]ll Defendants knowingly and intentionally conspired with opposing parties and their counsel to sabotage

Plaintiff's case." (Yannucci Dec., Ex 1 at ¶29) As best can be gleaned from the pleading, the only proffered "support" for this assertion is that Defendants ZNC and Virgil maintained some undefined "improper personal and financial relationships and/or conflicts with opposing parties" (*id.* at Ex. 1 at ¶5) and that all other named Defendants and "Does" assisted or facilitated in the fraud. (*Id.* at ¶6) While this theme of "sabotage" is peppered throughout the Complaint, there is not one fact tending to show any overt act in furtherance of the purported agreement, or separate damages specifically associated therewith. (*Id.* at Ex. 1) Accordingly, Plaintiff fails to plead the requisite elements of civil conspiracy, warranting dismissal as a matter of law.

### D. The Cause of Action for Breach of Fiduciary Duty Fails (Count IV):

Under New York law, "the elements of a breach of fiduciary duty claim are (1) that a fiduciary duty existed between plaintiff and defendant, (2) that defendant breached that duty, and (3) damages as a result of the breach." *Meisel v. Grunberg,* 651 F.Supp.2d 98, 114 (S.D.N.Y. 2009) (citing *Whitney v. Citibank, N.A.,* 782 F.2d 1106, 1115 (2d Cir.1986)). Furthermore, "where a claim for breach of fiduciary duty is 'premised on the same facts and seeking the identical relief' as a claim for legal malpractice, the claim for fiduciary duty 'is redundant and should be dismissed.'" *Nordwind v. Rowland*, 584 F.3d 420, 433–34 (2d Cir. 2009) (quoting *Weil, Gotshal & Manges, LLP v. Fashion Boutique of Short Hills, Inc.*, 10 A.D.3d 267, 780 N.Y.S.2d 593 (N.Y. App. Div. 2004)). Here, Plaintiff's breach claim is insufficient as a matter of law and otherwise duplicative of the legal malpractice cause of action.

Plaintiff alleges that "Defendants breached their fiduciary duty to act in Plaintiff's best interests by prioritizing personal and financial conflicts over their client's case." (Yannucci Dec., Ex. 1 at ¶31) Plaintiff fails to set forth any facts tending to show what personal or financial conflicts existed, or how Defendants prioritized them over Plaintiff's interests. (*Id.* at Ex. 1) Furthermore,

because Plaintiff's breach claim is premised upon the same assertions and seeks relief identical to the legal malpractice claim, Plaintiff's fourth cause of action should be dismissed in its entirety.

### E.  The Cause of Action for Intentional Infliction of Emotional Distress Fails (Count V):

Under New York law, intentional infliction of emotional distress has the following four elements: "(1) extreme and outrageous conduct; (2) intent to cause severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Gonzalez v. Bratton*, 147 F. Supp. 2d 180, 194 (S.D.N.Y. 2001), *aff'd*, 48 F. App'x 363 (2d Cir. 2002). "New York sets a high threshold for conduct that is 'extreme and outrageous' enough to constitute intentional infliction of emotional distress." *Restis v. Am. Coal. Against Nuclear Iran, Inc.*, 53 F. Supp. 3d 705, 729 (S.D.N.Y. 2014). "New York courts have been 'very strict' in applying these elements." *Gay v. Carlson,* 60 F.3d 83, 89 (2d Cir.1995) (quoting *Martin v. Citibank, N.A.,* 762 F.2d 212, 220 (2d Cir.1985)).

"Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Howell v. N.Y. Post Co.*, 596 N.Y.S.2d 350, 353 (1993). The bar is so high that the "cause of action is almost never successful" and claims are "routinely dismissed on pre-answer motion." *Guan N. v. NYC Dep't of Educ.*, No. 11-CV-4299, 2013 WL 67604, at *25 (S.D.N.Y. Jan. 7, 2013). "[O]f the intentional infliction of emotional distress claims considered by [the New York Court of Appeals], *every one* has failed because the alleged conduct was not sufficiently outrageous." *Carney v. Bos. Mkt.*, No. 18 CIV. 713 (LGS), 2018 WL 6698444, at *2 (S.D.N.Y. Dec. 20, 2018)(internal quotations and citations omitted). The standard is "set deliberately high to ensure that a plaintiff's claim of emotional distress is genuine

and to dissuade litigation where only bad manners and hurt feelings are involved." *Thai v. Cayre Grp.,* 726 F.Supp.2d 323, 336–37 (S.D.N.Y.2010).

Here, assuming (as is required) the allegations in the Complaint to be true, nothing contained in Plaintiff's pleading rises to this level. Plaintiff alleges in only a conclusory fashion that "Defendants' extreme and outrageous conduct caused Plaintiff severe emotional distress, pain, and suffering" as Defendants knew "Plaintiff had PTSD from the subject and that prolonging the case, and handing the abusive doctor and his coworkers a default win would be re-traumatizing." (Yannucci Dec., Ex. 1 at ¶33) Initially, it is submitted that prolonging litigation and/or allegedly permitting a dismissal on default does not constitute outrageous and extreme conduct permitting Plaintiff to sustain a cause of action sounding in intentional infliction of emotional distress. Furthermore, although Plaintiff alleges that Defendants departures were intentional, Plaintiff does not allege that Defendants acted with an intent to cause severe emotional distress for Plaintiff; *See also Sawicka v. Catena*, 79 A.D.3d 848, 849–850, 912 N.Y.S.2d 666 (2d Dep't 2010) (By way of example the New York Appellate Division, Second Department held that a male employee installing a video camera in a workplace restroom to record female employees constituted extreme and outrageous conduct.)

Accordingly, because Plaintiff fails to plead the requisite elements of intentional infliction of emotional distress, Plaintiff's fifth cause of action sounding should be dismissed.

### F.  The Cause of Action for Negligent Infliction of Emotional Distress Fails (Count VI):

"New York courts have recognized [negligent infliction of emotional distress] in very limited circumstances, namely, when a plaintiff suffered physical trauma or was caused to fear for her physical safety, when a plaintiff was within the 'zone of danger' when an immediate family member was killed or injured, when a plaintiff was wrongly notified of a near relative's death, or

when a deceased family member's remains were improperly handled." *Sawicka v. Catena*, 79 A.D.3d 848, 849–850, 912 N.Y.S.2d 666 (2d Dep't 2010)  (quoting *Nevin v. Citibank, N.A.*, 107 F.Supp.2d 333, 346 (S.D.N.Y. 2000)).There are two generally accepted methods of proving a claim of negligent infliction of emotional distress: the 'bystander' and the 'direct duty' theories. *See Baker v. Dorfman,* 239 F.3d 415, 421 (2d Cir.2000); *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001 (Lawler v. American Airlines, Inc.),* 450 F.Supp.2d 432, 434 (S.D.N.Y.2006). For academic reasons, neither of these circumstances exist (or are pled) in the instant matter.

First, the bystander theory is inapplicable and not pled here. (Yannucci Dec., Ex. 1) As pertains to a claim for 'direct duty' liability, a plaintiff must show that "[he/she] suffers an emotional injury from defendant's breach of a duty which unreasonably endangered [his/her] own physical safety." *In re Air Crash at Belle Harbor, N.Y. on Nov. 12, 2001*, 508 F. Supp. 2d 244, 247 (S.D.N.Y. 2007) (internal citations omitted). Other than a summary allegation of "gross negligence" causing Plaintiff's harm, Plaintiff offers no facts to support this theory, warranting dismissal of this cause of action.

### G.  The Cause of Action for Breach of Contract Fails (Count VII):

"A breach of contract claim against an attorney based on a retainer agreement may be sustained only where the attorney makes an express promise in the agreement to obtain a specific result and fails to do so." *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 701 (S.D.N.Y. 2002) (quoting *Pacesetter Communications v. Solin & Breindel,* 150 A.D.2d 232, 541 N.Y.S.2d 404, 406 (1st Dep't 1989)). When there is no specific promise in the contract that plaintiff claims defendant breached, the breach of contract claim is a "redundant pleading of a malpractice claim" and should be dismissed. *Senise v. Mackasek,* 227 A.D.2d 184, 642 N.Y.S.2d 241, 242 (1st Dep't 1996).

Here, Plaintiff alleges only that "Defendants failed to fulfill their contractual obligations to competently represent Plaintiff in his case." (Yannucci Dec., Ex. 1 at ¶37) There are no facts set forth tending to show that a contract as between Plaintiffs and Defendant contained any specific promise to obtain any specific result. (*Id.* at Ex. 1, *passim*) Furthermore, the retainer agreement itself does not contain any express promise to obtain a specific result. (Yannucci Dec., Ex. 4) As such, not only is the claim insufficiently pled, it is otherwise redundant of Plaintiff's legal malpractice claim and should be dismissed as a matter of law.

### H. The Cause of Action for Violation of New York General Business Law § 349 Fails (Count VIII):

N.Y. Gen. Bus. Law § 349(a), prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York] state." N.Y. Gen. Bus. Law § 349(a). "To state a claim under § 349, a plaintiff must allege: "(1) the act or practice was consumer-oriented; (2) the act or practice was misleading in a material respect; and (3) the plaintiff was injured as a result." *DeAngelis v. Corzine*, 17 F. Supp. 3d 270, 284 (S.D.N.Y. 2014) (quoting *Spagnola v. Chubb Corp.,* 574 F.3d 64, 74 (2d Cir.2009)). To prove that an act or practice was consumer-oriented, the plaintiff "must demonstrate that the acts or practices have a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,* 85 N.Y.2d 20, 623 N.Y.S.2d 529, 647 N.E.2d 741, 744 (1995). Moreover, allegations pertaining to misrepresentations in an attorneys retainer agreement or throughout the course of an attorney's representation of a client "do not give rise to a colorable claim under N.Y. G.B.L. § 349" as "[p]rivate contract disputes unique to the parties…[do] not fall within the ambit" of said statute. *Rhee-Karn v. Lask*, No. 15 CIV. 9946 (LAP), 2018 WL 11459415, at *13 (S.D.N.Y. Sept. 30, 2018), *clarified on denial of reconsideration,* No. 15 CIV. 9946 (LAP), 2019 WL 13249103 (S.D.N.Y. Jan. 14, 2019)(quoting *New York Univ. v. Continental Ins. Co.*, 639 N.Y.S.2d 283, 290

17

(App. Div. 1995)); *see also Franzone v. Lask*, No. 14CIV3043GHWGWG, 2016 WL 4154276, at *10–11 (S.D.N.Y. Aug. 5, 2016), r*eport and recommendation adopted sub nom. Franzone v. Susan Chana Lask, Esq.*, No. 1:14-CV-3043-GHW, 2016 WL 4491730 (S.D.N.Y. Aug. 25, 2016) (holding that the complaint failed to state a claim sounding in violation General business Law § 349 because the pled claims against the defendant law firm concerning false advertising and deceptive trade practices "were devoid of any non-conclusory allegations that [the attorneys'] representations had any impact on consumers at large" and because ethe complaint "fail[ed] to make allegations that [the defendant law firm's website or other representations were misleading in a "material" way.").

In the Complaint, Plaintiff alleges only that "Defendants engaged in deceptive practices that harmed Plaintiff." (Yannucci Dec., Ex. 1 at ¶39) Even accepting this conclusory allegation as true, there are no facts pled tending to show that the supposed practices were consumer oriented. (*Id.* at Ex. 1, *passim*) Moreover, because Plaintiff and Defendants' alleged attorney client relationship was governed by a private contract, same is not considered to be a consumer oriented dispute and Plaintiff's claim sounding in a violation of New York Business Law § 349 should be dismissed as a matter of law. *See Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 439 (S.D.N.Y. 2004) (*"*private contractual disputes that lack the consumer impact necessary to state a claim pursuant to [General Business Law] Section 349"); *Precision Imaging of New York, P.C. v. Allstate Ins. Co.*, 263 F. Supp. 3d 471, 476 (S.D.N.Y. 2017) ("Private contract disputes, unique to the parties [*sic*] would not fall within the ambit of [General Business Law §349.").

Accordingly, Plaintiff's claim fails as a matter of law and should be dismissed.

### I. *The Cause of Action for Gross Negligence Fails (Count IX):*

The elements required to plead gross negligence under New York law are "'(1) the existence of a duty; (2) a breach of that duty; (3) injury as a result thereof; and (4) conduct that

evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing.'"
*Purchase Partners, LLC v. Carver Federal Sav. Bank*, 914 F. Supp. 2d 480, 497 (S.D.N.Y. 2012).
Because this cause of action solely concerns Defendants' professional obligations in representing
Plaintiff, this cause of action should be dismissed as duplicative of Plaintiff's legal malpractice
claim. *See Hoffenberg v. Meyers,* 73 F. App'x 515, 517 (2d Cir. 2003) (dismissed a claim sounding
in gross negligence asserted against an attorney "as redundant of [the plaintiff's] legal malpractice
claim); *England v. Feldman*, No. 11 CIV. 1396 CM, 2011 WL 1239775, at *4–5 (S.D.N.Y. Mar.
28, 2011) (holding the plaintiff's gross negligence claims were "redundant and should be
dismissed" because they "[arose] from the same facts as the legal malpractice claim and do not
allege any distinct damages other than the damages suffered as a result of the legal malpractice").

In the Complaint, Plaintiff alleges that "Defendants acted with reckless disregard for their
professional obligations." (Yannucci Dec., Ex 1 at ¶41) Beyond vaguely and summarily asserting
Defendants were "reckless" (*id.*), Plaintiff offers nothing further in his pleading. Accordingly,
because Plaintiff gross negligence claim is deficiently pled and duplicative of his legal malpractice
claims, the ninth cause of action should be dismissed.

### J.  The Cause of Action for Constructive Fraud Fails (Count X):

"Constructive fraud requires establishing the same elements as actual fraud except that the
element of scienter is replaced by a fiduciary or confidential relationship between the parties."
*Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 525 F. Supp. 3d 482, 515 (S.D.N.Y.
2021)(dismissing plaintiff's constructive-fraud claims for failure to plead the elements of fraud,
finding that the complaint did "not provide any basis to attribute [the allegedly fraudulent]
statements to the many [*sic*] defendants named" and that FRCP 9(b) "is not satisfied by a complaint
in which defendants are clumped together in vague allegations"); *see also Faktor v. Yahoo! Inc.,*

No. 12 Civ. 5220, 2013 WL 1641180, at *2 (S.D.N.Y. Apr. 16, 2013); *DeAngelis v. Corzine*, 17 F. Supp. 3d 270, 282 (S.D.N.Y. 2014). Having failed to sufficiently plead the fraud cause of action (*see* Point I(B), *supra*), it is respectfully submitted that dismissal of this claim is academic.

### K.  *The Cause of Action for Unjust Enrichment Fails (Count XI):*

The elements for unjust enrichment under New York law are: "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296, 306 (2d Cir. 2004). "[A] plaintiff seeking an equitable recovery based on unjust enrichment must first show that a benefit was *conferred* upon the defendant, and then show that as between the two parties, enrichment of the defendant was unjust." *Worldwide Servs., Ltd. v. Bombardier Aerospace Corp.*, 2015 WL 5671724, at *19 (S.D.N.Y. Sept. 22, 2015) (emphasis added) (quoting *Spencer Trask Software & Info. Servs. LLC v. RPost Int'l Ltd.*, 383 F. Supp. 2d 428, 448 (S.D.N.Y. 2003)). Despite Plaintiff's summary allegation to the contrary, no benefit was conferred on Defendants.

It is again respectfully requested that this Court consider the "Attorneys' Retainer Agreement" executed in connection with the within motion. (*See* Point I(A), *supra*) By his Complaint, Plaintiff alleges that "Defendants retained fees despite failing to competently represent Plaintiff." (Yannucci Dec., Ex 1 at ¶45) As delineated by the Attorneys' Retainer Agreement, the representation by Defendants of Plaintiff in the Underlying Lawsuit was governed by a contingency fee agreement. (Yannucci Dec., Ex. 4) As per the Attorneys' Retainer Agreement: "If no recovery is made on [Plaintiff's] behalf, [Plaintiff] will not be indebted to Zeldes, Needle & Cooper, P.C. for any sums of money as attorneys' fees." (*Id.* at Ex. 4 at p. 1) Since the basis of the

within action is that Plaintiff recovered nothing, Plaintiff's summary assertion that "Defendants retained fees" is without merit.

Even if this Court were to disregard the Attorneys' Retainer Agreement, a "claim for unjust enrichment must be dismissed as duplicative of [a] [p]laintiff's legal malpractice claim [when] it is premised on the same facts underlying Plaintiff's legal malpractice claim and seeks the same damages as the legal malpractice claim." *Rhee-Karn, supra,* 2018 WL 11459415, at *13. Because Plaintiff's unjust enrichment claim is premised on the same underlying assertions as Plaintiff's legal malpractice claim, Plaintiff's unjust enrichment claim should be dismissed as duplicative.

### *L.   The Cause of Action for Violation of Civil Rights under 42 U.S.C. § 1983 Fails (Count XII)[10]:*

42 U.S.C. § 1983 "provides a civil claim for damages against any person who, acting under color of state law, deprives another of a right, privilege or immunity secured by the Constitution or the laws of the United States." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Id.* "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a federal right." *Id.* "To state a § 1983 claim, a plaintiff must therefore allege conduct by a state actor." *Hickman v. Legal Aid Soc'y*, No. 19CIV05294ATRWL, 2020 WL 4549207, at *4 (S.D.N.Y. June 26, 2020), *report and recommendation adopted,* No. 19CIV5294ATRWL, 2020 WL 4547224 (S.D.N.Y. Aug. 6, 2020).

Plaintiff does not, because he cannot, set forth facts tending to show that Defendants were state actors. While Plaintiff seemingly tries to sidestep this requisite element by characterizing Defendants as the "gatekeepers to the justice system" (Yannucci Dec., Ex. 1 at ¶47) who deprived

---

[10] The Complaint labels this cause of action as "Count XXII."

Plaintiff of his constitutional rights (*id.* at ¶¶ 56-59) and who Plaintiff theorizes colluded "with opposing counsel and public officials (*id.* at ¶53), this descriptions fail as a matter of law. "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" with the actor as serving "the ambit of their personal pursuits [being] plainly excluded." *Roches-Bowman v. Evans*, 749 F. Supp. 3d 479, 487 (S.D.N.Y. 2024) (citations omitted). Furthermore, "[i]t is well settled that defense attorneys, even if they are court-appointed or are public defenders, do not act under color of state law when performing traditional functions of counsel." *Lacross v. Vermont State Police*, No. 5:22-CV-67, 2022 WL 2910498, at *2 (D. Vt. June 10, 2022), *report and recommendation adopted*, No. 5:22-CV-67, 2022 WL 2904762 (D. Vt. July 22, 2022). As such, private attorneys (such as Defendants) engaged in civil litigation are not acting under the color of state law, warranting dismissal of Plaintiff's twelfth cause of action sounding in violation of 42 U.S.C. § 1983.

**M. The Cause of Action for Violation of New York Civil Rights Law Fails (Count XIII):**

N.Y. Civ. Rights Law § 40-c (McKinney) provides that "[n]o person shall, because of race, creed, color, national origin, sex, marital status, sexual orientation, gender identity or expression, or disability, […] be subjected to any discrimination in his or her civil rights, or to any harassment, […] in the exercise thereof, by any other person or by any firm, corporation or institution, or by the state or any agency or subdivision of the state."

While Plaintiff alleges in a conclusory fashion that "Defendants discriminatory treatment of Plaintiff, compounded by their intentional and reckless disregard for his legal rights, violated state civil rights protections" (Yannucci Dec., Ex. 1 at ¶62), Plaintiff sets forth no facts upon which to find that he was discriminated on the basis of race, creed, national origin, sex, marital status,

sexual orientation, gender identity or express, or disability. (*Id.* at Ex. 1, *passim*). Furthermore, Plaintiff fails to allege that he suffered discrimination as it relates to public accommodations, a requisite element to plead a cause of action under N.Y. Civ. Rights. Law. *See Indig v. Vill. of Pomona*, No. 18 CV 10204 (VB), 2019 WL 6173425, at *11 (S.D.N.Y. Nov. 19, 2019) (dismissed the plaintiff's N.Y. Civ. Rights Law § 40-c claim pursuant to FRCP 12(b)(6), as this is a "public accommodation statute" and did not extend to "governmental discrimination in plaintiff's homes or on their private property."). Accordingly, Plaintiff's thirteenth cause of action sounding in violation of N.Y. Civ. Rights Law § 40-c should be dismissed for failure to state a cause of action.

## POINT II

### PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS

Assuming, *arguendo*, any of the causes of action are deemed sufficiently pled (a proposition expressly refuted by Defendants), Plaintiff's Complaint should nevertheless be dismissed as against the ten individually-named attorney Defendants employed by ZNC.

The very purpose of forming a professional corporation is to avoid personal liability. *See We're Assocs. Co. v. Cohen, Stratcher & Bloom, P.C.*, 103 A.D.2d 130 (2nd Dept. 1984)("[The] insulation from individual liability for corporate obligations is one of the fundamental purposes of operating through the corporate form."). Officers and directors of a professional corporation are just as entitled to the protection of the corporate veil as any other corporation. *Lichtman v. Estrin*, 282 A.D.2d 326 (1st Dept. 2001)(holding that the plaintiff could not pierce the corporate veil to hold a shareholder of a professional corporation personally liable because although the plaintiff alleged that the shareholder exercised "complete domination" of the corporation with respect to the contested transaction, the plaintiff did not allege that the shareholder was "actually doing

business in his individual capacity, using the [professional corporation] as a mere device to further his personal rather than firm business.").

      "In order for a plaintiff to state a viable claim against a shareholder of a corporation in his or her individual capacity for actions purportedly taken on behalf of the corporation, plaintiff must allege facts that, if proved, indicate (1) that the shareholder exercised complete dominion and control over the corporation and (2) abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice." *East Hampton Union Free School District v. Sandpebble Bldrs*., Inc., 16 N.Y.3d 775, 776 (2nd Dep't 2011). The elements must be pled with sufficient facts, and vague or conclusory allegations that the defendant abused the corporate form are insufficient to establish a prima facie case for piercing the corporate veil. *See id*. A complaint which does not identify conduct evidencing abuse of the corporate form fails to state a cause of action for piercing the corporate veil and must be dismissed. *See id.*

      Plaintiff's Complaint is devoid of any allegations concerning either (much less both) essential elements for piercing the corporate veil. There is no mention as to any specific acts of the individually-named attorney Defendants, much less that they exercised complete control over the corporation or abused the corporate form to perpetrate any wrong or injustice. As detailed above, the Complaint does not distinguish which acts or omissions were allegedly caused by any Defendants other than (arguably) Defendant Virgil. Given that there are no facts pled upon which any personal liability may be imposed, the Complaint should be dismissed in its entirety as against all individually named attorney Defendants

## CONCLUSION

For the foregoing reasons, Defendants ZELDES NEEDLE COOPER, LLP, JEREMY VIRGIL, MAXIMINO MEDINA, RICHARD SARNER, EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO, SABATO "SAM" P. FIANO, RICHARD D. ZEISLER, MARIE A. CASPER, ROBERT S. COOPER, and LISA C. DUMOND respectfully request that this Court issue an Order: (a) dismissing the Complaint of Plaintiff ARI BARUCH TEMAN ("Plaintiff") in its entirety, with prejudice, pursuant to 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure ("FRCP"); or, alternatively, (b) dismissing the Complaint as against the individually named attorney Defendants as a matter of law; and, (c) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       May 1, 2025

Respectfully Submitted

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    /s/ Cristina Yannucci, Esq.
       Cristina Yannucci, Esq.
       *Attorneys for Defendants*
       *ZELDES, NEEDLE COOPER, P.C.,*
       *JEREMY VIRGIL, MAXIMINO*
       *MEDINA, RICHARD A. SARNER,*
       *EDWARD R. SCOFIELD, LORI A.*
       *DASILVA-FIANO, SABATO "SAM"*
       *P. FIANO, RICHARD D. ZEISLER,*
       *MARIE A. CASPER, ROBERT S.*
       *COOPER, and LISA C. DUMOND*
       77 Water Street, Suite 2100
       New York, New York 10005
       (212) 232-1412
       cristina.yannucci@lewisbrisbois.com
       File No. 47558.92

25