

Cristina R. Yannucci
77 Water Street, Suite 2100
New York, New York 10005
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

May 8, 2025                                                                                                  File No. 47558.92

**VIA ECF**

Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007

      Re:    *Teman v. Zeldes Needle Cooper, LLP, et al.*
              **Case 1:24-cv-09830-LJL**

Dear Judge Liman:

      Our firm represents all defendants in the above referenced matter.

      We received the attached communication from pro se plaintiff Ari Teman, requesting that "Plaintiff's Motion for Summary Judgment" be docketed by the Pro Se Filing Department. Please accept this letter-motion opposing the docketing of plaintiff's motion.

      As demonstrated in the attached email, *pro se* plaintiff Ari Teman initially requested that the Court docket his motion for summary judgment by email dated March 26, 2025 and transmitted to the Temporary Pro Se Filing email address. Counsel herein did not receive a copy of the March 26, 2025 email until today (see attached).

      On May 1, 2025, defendants, who have yet to join issue, filed a motion to dismiss plaintiff's complaint in its entirety. (ECF Doc. No. 11) On May 5, 2025, plaintiff emailed opposition to the motion. (ECF Doc. Nos. 13 and 14) On May 6, 2025, defendants filed a letter-motion seeking to enlarge the deadline and page limitations relative to the reply in further support of the motion to dismiss. (ECF Doc. No. 12) On May 7, 2025, plaintiff opposed defendants' letter motion (not yet docketed). The request remains *sub judice.*

      FRCP Rule 56(b) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." However, New York Federal District Courts have regularly denied a plaintiff's motion for summary judgment as premature where the defendant had yet to file an answer. *See Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173 (S.D.N.Y.2014) (declining to adjudicate a

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA
156937212.1

Honorable Lewis J. Liman
May 8, 2025
Page 2

motion for summary judgment before an answer had been filed where the factual basis for the claims at issue were in dispute, i.e. the claims were "factually and legally intertwined with the existence, nature, and extend of [an] oral contract" and the "understanding among [the parties]"); *Toussie v. Allstate Ins. Co.*, 213 F. Supp. 3d 444, 446 (E.D.N.Y. 2016) (declining to decide a motion for summary judgment because it would be "manifestly unjust and a waste of judicial resources if all relevant claims could not be adjudicated in this litigation because plaintiff had sought summary judgment prior to answer" and because the defendant would be precluded "from answering and raising affirmative defenses and counterclaims"); *Cusamano v. Alexander*, 691 F. Supp. 2d 312, 321 (N.D.N.Y. 2009) (stating, "[p]laintiff's cross-motion for summary judgment is premature because defendants have yet to file an answer to the amended complaint").

In addition, "Courts in the Second Circuit routinely deny or defer motions for summary judgment when the non-movant has not had an opportunity to conduct discovery." *Walden v. Sanitation Salvage Corp.*, 2015 WL 1433353, at *5 (S.D.N.Y. Mar. 30, 2015) *see also Bank of New York Mellon Tr. Co., Nat'l Ass'n v. Telos CLO 1006-1 Ltd.,* 274 F. Supp. 3d 191, 214 (S.D.N.Y. 2017) (noting that summary judgment motions are often dismissed "as premature where no discovery took place prior to the motion being filed"); *Waters v. Experian Info. Solutions, Inc.,* 2012 WL 1965333, at *4 n. 2, 2012 U.S. Dist. LEXIS 75697, at *11 n. 2 (S.D.Cal. May 31, 2012) ("This Court typically finds pre-answer summary judgments premature and unhelpful"); *see also* Fed.R.Civ.P. 56, Advisory Committee's Notes (2010 amendments) ("Although [Rule 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had.").

Given the pending motion on the pleadings, the fact that defendants have not answered, and because no discovery has taken place in this matter, it is respectfully submitted that plaintiff's motion for summary judgment is premature and should be deferred until after a ruling on defendants' motion to dismiss.

We wish to thank the Court for its time and attention to this matter.

                              Respectfully submitted,

                              *Cristina R. Yannucci*

                              Cristina R. Yannucci of
                              LEWIS BRISBOIS BISGAARD & SMITH LLP

CRY
Attach.
cc:    Ari Baruch Teman (with Encl. - ECF and email)

**Yannucci, Cristina**

| | |
|---|---|
| **From:** | Ari B. Teman <ari@teman.com> |
| **Sent:** | Thursday, May 8, 2025 2:02 PM |
| **To:** | Yannucci, Cristina |
| **Subject:** | Re: Please file in 1:24-cv-09830-LJL : Teman v Zeldes, Virgil, et al |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

EXTERNAL

Hi Cristina,

It is in the thread, showing it was emailed to the docket via "Temporary_Pro_Se_Filing@nysd.uscourts.gov" on Date: Wed, Mar 26, 2025 at 3:05 PM. That email is for pro se individuals to submit documents when they cannot use ECF.



Please let me know how I can be helpful.

Ari

**Ari Teman | Founder |** teman™
We make Real Estate proactive with Artificial Intelligence
**212-203-3714** | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo (By Appointment only):

NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.


On Thu, May 8, 2025 at 8:47 PM Yannucci, Cristina <Cristina.Yannucci@lewisbrisbois.com> wrote:

> Mr. Teman – we did not have a record of receipt of the attached prior to today. Can you please provide a copy of the email by which service was made with the attached>
>
> Very truly yours,
>
> Cristina R. Yannucci

1



**Cristina R. Yannucci**
**Partner | National Co-Chair, Professional Liability Practice**
Cristina.Yannucci@lewisbrisbois.com

**T: 212.232.1412 F: 212.232.1399**

77 Water Street, 21st Floor, New York, NY 10005 | LewisBrisbois.com

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.

**From:** Ari B. Teman <ari@teman.com>
**Sent:** Thursday, May 8, 2025 1:27 PM
**To:** Temporary_Pro_Se_Filing@nysd.uscourts.gov
**Cc:** Yannucci, Cristina <Cristina.Yannucci@lewisbrisbois.com>
**Subject:** Fwd: Please file in 1:24-cv-09830-LJL : Teman v Zeldes, Virgil, et al

EXTERNAL

Hello, this was emailed on Wed, Mar 26, 3:05 PM, but does not appear on the docket. I have resent it twice. I have also just now called and spoken with the Pro Se office.

---------- Forwarded message ---------
From: **Ari B. Teman** <ari@teman.com>
Date: Wed, Mar 26, 2025 at 3:05 PM
Subject: Please file in 1:24-cv-09830-LJL : Teman v Zeldes, Virgil, et al
To: <Temporary_Pro_Se_Filing@nysd.uscourts.gov>

Hello!

Please file this "Plaintiff's Motion for Summary Judgment or, in the Alternative, for Court-Ordered Mediation"

2

**CASE INDEX:** 1:24-cv-09830-LJL
**CASE NAME:** Ari Teman v Zeldes, Virgil, et al

Ari Teman

1521 Alton Road
Miami Beach FL

781-718-3375

Thank you!

Please let me know how I can be helpful.

Ari


**Ari Teman | Founder |** teman™
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo (By Appointment only):

NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.