UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Ari Baruch Teman, Plaintiff,

v.

Zeldes Needle Cooper LLP, Jeremy Virgil, et al., Defendants.

Civil Action No. 1:24-cv-09830-LJL

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' LETTER-MOTION FOR EXTENSION OF TIME AND ADDITIONAL PAGES and**
**FOR ORDERING DEFENDANTS TO RETAIN AN E-DISCOVERY VENDOR**
**And to have the Motion for Summary Judgement ruled upon first.**

**INTRODUCTION**

Plaintiff Ari Baruch Teman, proceeding pro se, submits this memorandum to respectfully oppose Defendants' letter-motion (ECF No. 12, filed May 6, 2025) requesting a 10-day extension of time to reply to Plaintiff's opposition to Defendants' Motion to Dismiss (ECF No. 14), from May 19, 2025, to May 29, 2025, and an additional five pages for their reply memorandum, from 10 to 15 pages, pursuant to Judge Liman's Individual Practice Rules 2(I) and 2(K).

**First, Your Honor, there is a much larger issue, which is that the Pro Se office has still not docketed the Plaintiff's "Motion for Summary Judgement", despite it being emailed on March 26, 2025 (Exhibits 1 and 2, attached inline).** The Pro Se office continues to have days-long delays in filing documents, which is resulting in opposing counsel filing opposition to documents which have not even been docketed yet -- this is deeply unable and a reversal of the process. Plaintiff has filed the form to be approved for ECF access and should be granted this. Any "motion to dismiss"  (which must and

will be denied, as explained in the opposition) should be stayed until the resolution of the timely filed Motion for Summary judgement to avoid a violation of the Plaintiff's fundamental rights for his court filings to be docketed and ruled upon.

Second, Defendants' request -- now the second request for a time extension despite ample notice of the claims to a seasoned and experienced law firm - appears designed to prolong a straightforward legal malpractice case, risking prejudice to Plaintiff and evading accountability for their misconduct. Plaintiff respectfully urges the Court to deny the motion or, in the alternative, order Defendants to retain a third-party e-discovery vendor to prevent further misrepresentations.

**STATEMENT OF FACTS**

On December 19, 2024, Plaintiff filed a Complaint (ECF No. 1) alleging thirteen causes of action, including legal malpractice and fraud, arising from Defendants' egregious misconduct in defaulting Plaintiff's $75 million medical malpractice case against Dr. Eric Braverman (INDEX 805410/2014). Defendants, including Zeldes Needle Cooper LLP (ZNC), Jeremy Virgil, and Maximino Medina, ignored critical docket entries, emails from opposing counsel, and Plaintiff's repeated emails urging them to prosecute the case, resulting in a catastrophic default confirmed by New York State court rulings (Compl. Exs. 1–3).

Compounding their negligence, Defendants falsely assured Plaintiff the case was under control and appealable, with Virgil emailing Plaintiff about escalating the case to the United States Supreme Court, while simultaneously filing appeals in New York State court (Teman Aff. in Opp'n to Mot. to Dismiss, ECF No. [TBD], ¶¶ 4, 13).

On May 1, 2025, Defendants filed their Motion to Dismiss (ECF No. 11), containing misrepresentations, including falsely claiming Plaintiff's damages expert was Dr. Vastal Thakkar and that his letter was retracted, despite Plaintiff providing defense counsel Cristina Yannucci with the true expert statement from Jay Weintraub of Connectiv, confirming the $75 million valuation (Teman Aff. 5, Ex. A,

previously filed with Opp'n to Mot. to Dismiss, ECF No. 13, and reattached here as Ex. A for the Court's convenience). Plaintiff filed his opposition on May 5, 2025 (not yet docketed), adhering to Judge Liman's Individual Practice Rule 2(K).

Defendants now seek a 10-day extension to reply, from May 19 to May 29, 2025, and an additional five pages, citing "supplemental claims" and the "extensive nature and scope of relief requested" (Defs.' Letter-Mot., ECF No. 11).

## LEGAL STANDARD

Under Fed. R. Civ. P. 6(b) a court may extend time for good cause if the request is made before the original deadline, but extensions are not granted automatically, particularly where they prejudice the opposing party or delay justice (LoSacco v. City of Middletown, 71 F.3d 88, 93).

Judge Liman's Individual Practice Rule 1(D) requires letter-motions for extensions to specify the reason, prior requests, and opposing party's position, while Rule 2(I) limits reply memoranda to 10 pages absent a showing of extraordinary circumstances. Courts deny extensions and page increases where the requesting party seeks to prolong litigation in bad faith or fails to demonstrate necessity (Tancredi v. Metro. Life Ins. Co., 149 F. Supp. 2d 80, 83  (S.D.N.Y. 2001); Davidson v. Keenan, 740 F.2d 129, 132–33 (2d Cir. 1984) (denying extension where defendant's delay was tactical and in bad faith)).

## ARGUMENT

Plaintiff respectfully urges the Court to deny Defendants' letter-motion, as it reflects a pattern of delay in a clear legal malpractice case. Alternatively, the Court should order Defendants to retain a third-party e-discovery vendor to prevent further misrepresentations.

**I. Defendants Fail to Show Good Cause for an Extension or Additional Pages**

Defendants' request lacks good cause under Fed. R. Civ. P. 6(b)), as their vague reference to "supplemental claims" and "extensive relief" appears to be a pretext to prolong litigation and evade accountability (Davidson v. Keenan, 740 F.2d at 132–33 (denying extension for bad-faith tactical delay)). This is a straightforward legal malpractice case: Defendants ignored docket entries, emails from opposing counsel, and Plaintiff's urgent communications in *Teman v. Braverman* (INDEX 805410/2014), leading to a default confirmed by New York State courts (Compl. Exs. 1–3).

Their claim that the underlying case was unwinnable is contradicted by their active filing of appeals in New York State court and emails to Plaintiff about pursuing the case to the U.S. Supreme Court (Teman Aff. ¶¶ 4, 13). **Had Defendants believed the case lacked merit, the lawful and ethical course was to file a motion to withdraw under Rule 1.16 of the New York Rules of Professional Conduct, not to ignore court communications and intentionally default -- which is Yiannucci's claimed defense here, astoundingly, though it is really a brazen admission of guilt** -- causing Plaintiff a $75 million loss, severe emotional distress, and irreparable harm to his businesses, including JCorps, 12gurusHealth, 12gurusCharity, and TouchlessLabs LLC (Compl. ¶¶ 20, 33).

Yannucci's request risks further prejudice to Plaintiff, a pro se litigant in Tel Aviv, whose limited resources and international coordination efforts make each delay financially and logistically burdensome.

The opposition does not introduce "supplemental claims" but reiterates the Complaint's thirteen causes of action, supported by judicial findings, expert evidence, and *Defendants' own admissions* (Opp'n Mem., ECF No. 13).

The "extensive relief" was pled in the Complaint and Plaintiff's Motion for Summary Judgment or Mediation (ECF No. [TBD], filed March 26, 2025), giving Defendants ample notice. Two weeks is sufficient to reply to a 10-page opposition, and no extraordinary circumstances justify additional pages under Rule 2(I).

Granting the extension and page increase would delay justice and reward Defendants' tactics, contrary to the interests of fairness (LoSacco, 71 F.3d at 93).

**II. Defendants' Conduct Suggests Bad Faith, Warranting Denial**

Yannucci's request aligns with a pattern of questionable conduct, as evidenced by her misrepresentations in the Motion to Dismiss, including falsely claiming Dr. Thakkar was Plaintiff's damages expert and that his letter was retracted, despite receiving Jay Weintraub's statement confirming the $75 million valuation (Teman Aff. 5, Ex. A, previously filed and reattached for convenience). She also omitted the existence of medical experts Dr. Alyssa Kriegel and Dr. Eril Shvil, whose affidavits ZNC possesses, and engaged in an improper smear campaign via footnote 1 (p. 10) to portray Plaintiff as vexatious (Teman Aff. ¶¶ 6, 12).

These actions, which forced Plaintiff to expend a weekend and two days rebutting falsehoods, mirror Defendants' misrepresentations in *Teman v. Braverman* and suggest an intent to delay resolution, potentially to negotiate a settlement far below the $75 million owed. Such conduct supports denial of the extension and consideration of sanctions under 28 U.S.C. § 1927 ) for vexatiously multiplying proceedings (In re 60 E. 80th St. Equities, Inc., 218 F.3d 109, 115 ) (2d Cir. 2000)).

**III. Alternative Relief: Order Third-Party E-Discovery Vendor**

If the Court is inclined to grant any extension, Plaintiff respectfully requests, in the alternative, an order directing Defendants to retain a third-party e-discovery vendor to immediately collect and index all relevant communications and documents, including work and personal Gmail accounts (as ZNC used Gmail for legal work), text messages, WhatsApp, Facebook, LinkedIn, and any other platforms related to this matter, Plaintiff, *Teman v. Braverman*, or allegations of malpractice.

This is necessary to prevent further incidents where Yannucci misleads the Court, as she did by falsely denying the existence of Weintraub, Kriegel, and Shvil as experts, despite Plaintiff providing Weintraub's statement (Ex. A, previously filed and reattached for convenience).

Such an order would ensure transparency, avoid spoliation, and clarify whether Yannucci's misrepresentations stem from her own actions or her clients' deceit, protecting the integrity of these proceedings (see Fed. R. Civ. P. 37(e)).

**CONCLUSION**

The Court should stay any motion for dismissal and rule on the Motion for Summary judgement and motion for mediation, as they were timely filed before any motions by the opposing counsel.

Defendants' letter-motion reflects an effort to delay a clear-cut malpractice case, consistent with their misconduct in defaulting Plaintiff's $75 million case and subsequent misrepresentations to this Court. Plaintiff respectfully urges the Court to deny the requested extension and page increase, as Defendants fail to show good cause and risk prejudicing Plaintiff, a pro se litigant.

Alternatively and/or additionally, the Court should order Defendants to retain a third-party e-discovery vendor to prevent further misrepresentations.

Plaintiff requests consideration of sanctions against Yannucci under 28 U.S.C. § 1927) for her conduct, including misrepresenting the damages expert despite being duly notified (Exhibit A, reattached for convenience).

Plaintiff acknowledges the Court's authority to manage its docket and appreciates its consideration of this opposition to ensure justice proceeds without undue delay.

Dated: May 7, 2025

Respectfully submitted,

/s/ Ari Teman/

Ari Baruch Teman, Pro Se

Tel Aviv, Israel

ari@teman.com (mailto:ari@teman.com)

Exhibit:

A: Weintraub Statement (redacted, previously filed with Opp'n to Mot. to Dismiss, ECF No. [TBD], reattached for convenience)

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

Ari Baruch Teman, Plaintiff,

v.

Zeldes Needle Cooper LLP, Jeremy Virgil, et al., Defendants.

Civil Action No. 1:24-cv-09830-LJL

**CERTIFICATE OF SERVICE**

I, Ari Baruch Teman, Plaintiff pro se, hereby certify that on [Insert Date, e.g., May 12, 2025], I caused true and correct copies of the following documents:

- Plaintiff's Memorandum in Opposition to Defendants' Letter-Motion for Extension of Time and Additional Pages, with Exhibit A
- Plaintiff's Motion to Dismiss (filed via Temp Pro Se email on March 26, 2025)

to be served upon all counsel of record for the Defendants via the Court's Electronic Case Filing (ECF) system, pursuant to Fed. R. Civ. P. 5) and S.D.N.Y. Local Rule 5.2. Service was made on the following:

Cristina R. Yannucci, Esq.

Lewis Brisbois Bisgaard & Smith LLP

77 Water Street, Suite 2100

New York, NY 10005

cristina.yannucci@lewisbrisbois.com (mailto:cristina.yannucci@lewisbrisbois.com)

Counsel for Defendants

I further certify that all parties receiving this filing are registered ECF users and that service was accomplished through the Court's ECF system, which will send notification of such filing to the aforementioned counsel.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: May 8, 2025

/s/ Ari Teman/

Ari Baruch Teman, Pro Se

Tel Aviv, Israel

ari@teman.com (mailto:ari@teman.com)



Ari Teman <ari@teman.com>

## Please file in 1:24-cv-09830-LJL : Teman v Zeldes, Virgil, et al
**2 messages**

**Ari B. Teman** <ari@teman.com>      Wed, Mar 26, 2025 at 3:05 PM
To: Temporary_Pro_Se_Filing@nysd.uscourts.gov

Hello!

Please file this "Plaintiff's Motion for Summary Judgment or, in the Alternative, for Court-Ordered Mediation"

**CASE INDEX:** 1:24-cv-09830-LJL
**CASE NAME:** Ari Teman v Zeldes, Virgil, et al

Ari Teman
1521 Alton Road
Miami Beach FL
781-718-3375

Thank you!

Please let me know how I can be helpful.

Ari

**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo (By Appointment only):

NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.

 **Teman v ZNC - PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (2).pdf**
261K

---

**Ari B. Teman** <ari@teman.com>      Wed, May 7, 2025 at 11:05 PM
To: Temporary_Pro_Se_Filing@nysd.uscourts.gov

Hello. I do not see this document filed in the case. Please file in 1:24-cv-09830-LJL : Teman v Zeldes, Virgil, et al :
"Plaintiff's Motion for Summary Judgment or, in the Alternative, for Court-Ordered Mediation"
[Quoted text hidden]

 **Teman v ZNC - PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (2).pdf**
261K

B"H

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**Ari Baruch Teman, Plaintiff,**
v.
**Zeldes Needle Cooper LLP, Jeremy Virgil, et al., Defendants.**

**Civil Action No. 1:24-cv-09830-LJL**

**Plaintiff's Motion for Summary Judgment or, in the Alternative, for Court-Ordered Mediation**

Plaintiff Ari Baruch Teman ("Plaintiff"), proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment against Defendants Zeldes Needle Cooper LLP ("ZNC") and Jeremy Virgil ("Virgil") (collectively, "Defendants") on the grounds that there is no genuine dispute of material fact regarding Defendants' liability for legal malpractice, fraud, and related claims as alleged in the Complaint (ECF No. 1). Plaintiff further seeks full compensatory damages of $75 million, plus treble punitive damages, based on the willful misconduct and fraudulent actions of Defendants, as detailed below.

## INTRODUCTION

This motion is premised on the uncontestable findings of the New York State Supreme Court and Appellate Division, which have already determined that ZNC, through its partner Jeremy Virgil, failed to timely respond to motions and court orders in Plaintiff's underlying medical malpractice case (INDEX 805410/2014), resulting in a default judgment against Plaintiff. As well, defendants failed to reply to opposing counsel requests to resume prosecution of the case, and failed to notify their client, Teman, that such a request had been made. Furthermore, plaintiffs failed to make multiple settlement offers as they are legally required to do, instead ignoring opposing counsel and their own client and causing their client to default.

These rulings establish Defendants' negligence and breach of duty as a matter of law. Furthermore, Plaintiff asserts that Virgil knowingly misrepresented the appealability of the default judgment to Plaintiff, constituting fraud and justifying treble punitive damages in addition to full compensatory relief.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff retained ZNC, through its partner Jeremy Virgil, to represent him in a medical malpractice lawsuit (INDEX 805410/2014) valued at over $75 million, as estimated by ZNC and confirmed by expert analysis (Compl. ¶¶ 15-16; ECF No. 1, Ex. 3).

2. The New York State Supreme Court entered a default judgment against Plaintiff due to ZNC's failure to timely respond to motions and court orders (ECF No. 1, Ex. 3).

3. The New York Appellate Division affirmed the default judgment, explicitly finding that ZNC's failure to act constituted inexcusable neglect and that the default was not appealable (ECF No. 1, Exs.

1-2).

4. Jeremy Virgil, aware of the non-appealable nature of the default, filed a frivolous appeal and falsely represented to Plaintiff that the default could be overturned, misleading Plaintiff and concealing Defendants' negligence (Compl. ¶ 19).

5. As a direct result of Defendants' actions, Plaintiff lost a meritorious case valued at over $75 million and suffered significant financial losses, emotional distress, and pain (Compl. ¶ 20).

## LEGAL STANDARD

Summary judgment is appropriate under Fed. R. Civ. P. 56(a) when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, which may be satisfied by pointing to undisputed evidence or prior judicial rulings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden is met, the non-moving party must present specific evidence showing a genuine dispute, not mere allegations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ARGUMENT

**I. Defendants' Liability is Established as a Matter of Law by Prior State Court Rulings**

The New York State Supreme Court and Appellate Division have conclusively determined that ZNC, through Jeremy Virgil, failed to timely respond to motions and orders in Plaintiff's medical malpractice case, resulting in a default judgment (ECF No. 1, Exs. 1-3). These rulings are binding on this Court under the doctrine of collateral estoppel, which precludes relitigation of issues already decided by a court of competent jurisdiction when: (1) the issue is identical; (2) it was actually litigated and decided; (3) the party had a full and fair opportunity to litigate; and (4) the resolution was necessary to the prior decision. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

Here, the state courts explicitly found that ZNC's inaction constituted inexcusable neglect, directly causing Plaintiff's loss by default. Defendants had the opportunity to defend their conduct in those proceedings and failed to do so. These findings establish Defendants' breach of their duty of care under New York law for legal malpractice, which requires: (1) an attorney-client relationship; (2) negligence; (3) proximate causation; and (4) damages. *See Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 (2007). No genuine dispute remains as to Defendants' liability for legal malpractice, entitling Plaintiff to summary judgment on Count I of the Complaint.

**II. Jeremy Virgil's Fraudulent Misrepresentation Warrants Summary Judgment and Treble Damages**

Beyond malpractice, Jeremy Virgil committed fraud by knowingly misrepresenting to Plaintiff that the default judgment could be appealed, despite the Appellate Division's clear ruling that such defaults are not appealable (ECF No. 1, Exs. 1-2). Under New York law, fraud requires: (1) a material misrepresentation;

(2) knowledge of its falsity; (3) intent to deceive; (4) justifiable reliance; and (5) damages. *See Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996).

The undisputed facts show that Virgil, as a partner at ZNC and an experienced attorney, knew or should have known that the default was not appealable, yet he filed a frivolous appeal and assured Plaintiff of its viability (Compl.   19). Plaintiff relied on these assurances to his detriment, prolonging his emotional and financial harm. This intentional deceit satisfies the elements of fraud (Count II), and no material facts are in dispute given the state court records and Plaintiff's allegations, which Defendants have not controverted with evidence.

Moreover, Virgil's fraud justifies treble punitive damages under New York law, which permits such awards for willful and egregious misconduct intended to deceive. *See N.Y. C.P.L.R. § 5501(c); Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961). Virgil's actions—lying to cover up ZNC's negligence and exacerbating Plaintiff's losses—demonstrate a reckless disregard for Plaintiff's rights, warranting exemplary damages to punish and deter such conduct.

### III. Plaintiff is Entitled to Full Damages of $75 Million Plus Treble Punitive Damages

The underlying medical malpractice case was valued at over $75 million by ZNC's own estimation and expert analysis (Compl. ¶¶ 15-16). The state courts' rulings confirm that Plaintiff lost this case solely due to Defendants' default, establishing causation and damages as a matter of law. Plaintiff seeks $75 million in compensatory damages for the lost case value, emotional distress, and related harms, as pled in the Complaint.

Additionally, treble punitive damages—amounting to $225 million—are warranted given Virgil's fraudulent misrepresentation, which compounded Plaintiff's injury by delaying recognition of the loss and undermining his ability to seek timely redress. This totals $300 million, reflecting both the full scope of Plaintiff's loss and the need to penalize Defendants' egregious conduct.

### Conclusion

No genuine dispute of material fact exists regarding Defendants' liability for legal malpractice and fraud, as established by the New York State courts' prior rulings, Virgil and Medina's multiple misrepresentations, and the firm partners' willful disregard of Plaintiff's alerts. All Defendants were timely served, and their insurance company appears to be on notice. Plaintiff respectfully requests that this Court:

1. Grant summary judgment in his favor, awarding $75 million in compensatory damages and $225 million in treble punitive damages, for a total of $300 million, plus pre- and post-judgment interest and costs as permitted by law; or, in the alternative,

2. Order mediation pursuant to Fed. R. Civ. P. 16 and S.D.N.Y. Local Rule 83.9 within 30 days, to explore a mutually agreeable resolution and conserve judicial resources, given the clear liability established by state court rulings and the significant damages at stake, and the significant exposure faced by their insurer, as evidenced by their apparent notice and immediate investigation into the plaintiff in this action.

Plaintiff has concurrently sent a settlement demand to Defendants, reflecting his willingness to resolve this matter efficiently, but reserves all rights to pursue the full amount absent a timely agreement.

**Dated:** March 26, 2025 ( 26th of Adar, 5785 )

**Respectfully submitted,**
/s/ Ari Teman/
Ari Teman,
Pro Se
Miami Beach, FL
ari@teman.com

**Your firm is unresponsive**

Ari Teman <ari@teman.com>     Thu, Nov 22, 2018, 12:33 PM
to Maximino, Jeremy

You've fought me before and lost so I'd suggest you get to work against Braverman and pursue the case with full effort, including and beginning with deposing Buch.

 Ari Teman <ari@teman.com>   Thu, Jan 16, 2020, 3:44 PM
to Jeremy, Ariel, Maximino

Hi Jeremy,

You've been difficult to get in touch with lately. Perhaps you're in court or on vacation. Please you or someone from your firm chat with Ariel about merging the Buch case into ours. Ariel is expert on intellectual property and defamation law and Buch not only has no case but I have an expert who will give an affidavit saying he committed malpractice by suing me without evidence. That's two separate claims against him and his insurance.

Thanks!
Ari

 Ari B. Teman <ari@teman.com>   Mon, May 15, 2023, 5:08 PM      
to Jeremy, Maximino, Eden

Also troubling... there are lots of ignored emails. Who at your firm can I speak with who is a named partner? Who will join the appeal with you?

...

**Ari B. Teman** <ari@teman.com>
to Eden, David, Jeremy

Nov 4, 2022, 2:19 PM

Jeremy,
Play update us on your next step in the Braverman case. It has been years. You should be aggressively pursuing this. Please send a draft motion requesting the judge proceed without further delays.

As well please seek updated discovery, including documents from all parties discussing me and my case.

Thank you
Ari

---

**Jeremy Virgil** <jvirgil@znclaw.com>
to me

Nov 5, 2022, 5:09 AM

There's a motion pending with the court where the court has to decide whether it will let this case proceed forward despite the bankruptcy/insolvency filings of one of the insurance carriers. I don't have a timeline on when/if it'll be ruled on.

On Nov 4, 2022, at 8:19 AM, Ari B. Teman <ari@teman.com> wrote:

---

**Ari B. Teman** <ari@teman.com>
to Eden, David, Jeremy

Nov 5, 2022, 6:03 AM

Please keep Eden and my father copied. Please file a letter motion to the court requesting a ruling. It has been years.

---

**Ari B. Teman** <ari@teman.com>
to Jeremy, Eden, David

Nov 9, 2022, 4:23 PM

Hi Jeremy,

Are you able and willing to request that the court rule on the motion? It has been literally YEARS.

Please let me know how I can be helpful.

Ari

**Please explain** External ▸ Inbox ×

✦ Summarize this email

**Ari B. Teman** <ari@teman.com>  Mon, Jun 24, 2024, 2:52 AM
to Jeremy, Jeremy, Eden, David ▾

Hi Jeremy,

Can you please update me on this case? What is the current status?

It seems you lost the appeal from this alert I got?

https://caselaw.findlaw.com/court/ny-court-of-appeals/116280557.html

It is disconcerting to learn of updates from Google rather than from my counsel and I'm wondering if you would be so kind as to loop in your partners on this thread so we can discuss a fair settlement for what appears to be gross legal malpractice by you?

Apologies in advance if I'm wrong but that's my gut and so perhaps it's best if we arrange an amicable and quiet settlement and part ways? So many unforced errors by your firm here raises many questions.

Ari
For settlement purposes only.

---

**Mail Delivery Subsystem**   Mon, Jun 24, 2024, 2:52 AM
Recipient inbox full Your message couldn't be delivered to jvirgil.znc@gmail.com. Their inbox is full, or it's getting t…

---

**Jeremy Virgil** <jvirgil@znclaw.com>   Mon, Jun 24, 2024, 5:04 AM
to Eden, David, me ▾

Attached is the decision that was entered on 6/18/24, which you have received. I am researching further appeal options. My position has not changed. I did not commit malpractice. If you wish to terminate my representation, please let me know and I will stop researching further appellate options.

…

---

One attachment • Scanned by Gmail ⓘ

State of New York
Court of Appeals