```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ARI BARUCH TEMAN,                                                :
                                                                 :
                          Plaintiff,                             :
                                                                 :         24-cv-09830 (LJL)
        -v-                                                      :
                                                                 :              ORDER
ZELDES NEEDLE COOPER LLP, et. al.,                               :
                                                                 :
                          Defendants.                            :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/9/2025

LEWIS J. LIMAN, United States District Judge:

On May 8, 2025, the Court received the appended email correspondence from Plaintiff Ari Baruch Teman ("Plaintiff"), attaching a letter-motion requesting the docketing of Plaintiff's motion for summary judgment and the summary judgment motion itself. The Clerk of Court is respectfully directed to file the attached documents on the docket. Parties are reminded that direct correspondence with the Court is not permitted—all correspondence must be docketed. The Clerk of Court ensures that pro se filings are docketed with their date of receipt, such that pro se litigants are not prejudiced by any processing delays.

Plaintiff's motion for summary judgment is denied without prejudice as premature. Rule 56(b) of the Federal Rules of Civil Procedure provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of discovery." Fed. R. Civ. P. 56(b). Summary judgment is generally disfavored before discovery, *see e.g., Walden v. Sanitation Salvage Corp.*, 2015 WL 1433353, at *5 (S.D.N.Y. Mar. 30, 2015), and is all the more disfavored before the defendant has filed an answer, *see Helios Int'l S.A.R.L. v. Cantamessa USA, Inc.*, 23 F. Supp. 3d 173 (S.D.N.Y.

2014).  As this Court recognized in *Chachkes v. David*, the narrow circumstance in which a summary judgment motion may be appropriate before a motion to dismiss is resolved or an answer filed is when "the motion for summary judgment depends entirely upon construction of a single contract," or where no "significant factual disputes or other complications [are] present." 2021 WL 101130, at *5 (S.D.N.Y. Jan. 12, 2021).  Such is not the case here, where a motion to dismiss is pending, *see* Dkt. No. 11, Defendants have not yet answered, no discovery has been taken, and Plaintiff's claims appear to rest on disputed facts.  Though Plaintiff claims that there are no genuine disputes of material fact because his motion is premised on the "findings" of the New York State Supreme Court and Appellate Division, it is true that the Court may take judicial notice of proceedings in other courts "to establish the fact of such litigation and related filings," but not "for the truth of the matters asserted in the other litigation."  *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992); *Rimu Capital Ltd. v. 26 Capital Holdings, et. al.*, 2025 WL 1268342, at *12 (S.D.N.Y. May 1, 2025).

      On May 6, 2025, Defendants requested an extension of time to respond to Plaintiff's opposition to their motion to dismiss, from May 19, 2025 to May 29, 2025, as well as a request for an additional 5 pages for their reply memorandum.  Dkt. No. 12.  Defendants assert that additional time and pages are warranted by "the supplemental claims set forth by plaintiff, as well as the extensive nature and scope of relief requested by plaintiff."  *Id.*  Plaintiff opposes the request as lacking "good cause."  Dkt. No. 17.  Defendants' motion is supported by good cause and is granted.

      Plaintiff is ordered to maintain an up-to-date mailing address on file with the Court.  Plaintiff is also reminded that he may consent to receive court filings electronically.  Plaintiff may access the form consent at:

https://wp.nysd.uscourts.gov/sites/default/files/pdf/proseconsentecfnotice-final.pdf

The Clerk of Court is respectfully directed to mail a copy of this Order to the pro se Plaintiff and to close Dkt. Nos. 12, 16.

SO ORDERED.

Dated: May 9, 2025
       New York, New York

                                                       LEWIS J. LIMAN
                                            United States District Judge