B"H'

**Honorable Lewis J. Liman**

United States District Court

Southern District of New York

500 Pearl Street, Room 1620

New York, NY 10007

**Re: Teman v. Zeldes Needle Cooper, LLP, et al., Case No. 1:24-cv-09830-LJL**

<u>**Letter-Motion Requesting Docketing and Prioritization of Plaintiff's Motion for Summary Judgment**</u>

Dear Judge Liman:

I am the pro se plaintiff in the above-referenced matter and respectfully request that the Court direct the Pro Se Filing Department to docket my Motion for Summary Judgment, submitted via email on March 26, 2025, to Temporary_Pro_Se_Filing@nysd.uscourts.gov and rule on it prior to considering the defendants' Motion to Dismiss (ECF Doc. No. 11, filed May 1, 2025). The Pro Se Office acknowledged receipt of my motion but has failed to docket it, despite my repeated follow-ups. This failure has prejudiced my case, as the defendants' later-filed motion has been docketed and is proceeding, while my earlier submission remains unaddressed. Failing to docket and prioritize my motion would not only violate procedural rules but also treat me as a second-class citizen due to my pro se status, infringe on my constitutional rights, and further reward the defendants for the harm they caused, as established by prior state court rulings. The law, equity, and fairness require that my motion be docketed and adjudicated first, for the following reasons:

- **First-in-Time Filing Under Federal Rules and Local Practice**

  Federal Rule of Civil Procedure 5(d)(2) provides that a paper is deemed filed when delivered to the clerk, including via electronic means permitted by the court. My Motion for Summary Judgment was emailed to the court's designated Temporary Pro Se Filing address on March 26, 2025, at 3:05 PM, and receipt was acknowledged by the Pro Se Office, constituting filing under Rule 5(d)(2). See also S.D.N.Y. Local Rule 5.2 (permitting electronic filing for pro se litigants as directed by the court). The defendants' Motion to Dismiss,

filed over a month later on May 1, 2025, is subsequent in time. Courts in this district prioritize motions based on the order of filing to ensure orderly proceedings and fairness. See, e.g., In re Parmalat Sec. Litig., 2006 WL 3595297, at *2 (S.D.N.Y. Dec. 8, 2006) (noting courts' discretion to address motions in the order filed to promote efficiency). My motion, filed first, must be docketed and resolved before the defendants' later motion.

- **No Prejudice to Defendants Due to Lack of Formal Service**

   The defendants argue that my motion is premature because they had not filed an answer and discovery has not occurred (ECF Doc. No. [Defendants' Letter-Motion]). However, at the time of my filing on March 26, 2025, the defendants had not yet appeared (their counsel filed an appearance on March 28, 2025). Thus, they were not entitled to service at that time, and their counsel acknowledges receiving notice of the motion by May 8, 2025 (ECF Doc. No. [Defendants' Letter-Motion]). Any delay in their receipt is immaterial, as they have had ample opportunity to respond. Moreover, my motion relies on undisputed state court rulings establishing defendants' liability (ECF No. 1, Exs. 1-3), requiring no further discovery. Denying docketing due to defendants' non-appearance at the time of filing would unfairly penalize me for the Pro Se Office's administrative oversight.

- **Prematurity Argument Lacks Merit Given Binding State Court Rulings**

   The defendants cite cases such as Helios Int'l S.A.R.L. v. Cantamessa USA, Inc., 23 F. Supp. 3d 173 (S.D.N.Y. 2014), to argue that a summary judgment motion is premature before an answer or discovery. However, these cases involve disputed factual issues, unlike here, where the New York State Supreme Court and Appellate Division have established the defendants' negligence and causation as a matter of law (ECF No. 1, Exs. 1-3). Collateral estoppel precludes relitigation of these issues, satisfying the elements of legal malpractice and fraud without discovery. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979). My motion presents a pure question of law, making it ripe for adjudication under Fed. R. Civ. P. 56(a). Delaying its consideration would contravene the court's duty to resolve cases efficiently.

- **Equal Protection and Due Process Violations from Disparate Treatment of Pro Se Litigants**

   Failing to docket and rule on my Motion for Summary Judgment before the defendants' Motion to Dismiss would treat me as a second-class citizen due to my pro se status, violating my constitutional rights to equal

protection and due process under the Fifth and Fourteenth Amendments. The Supreme Court has long held that access to the courts is a fundamental right, and pro se litigants must be afforded equal treatment to those represented by counsel. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (requiring liberal construction of pro se filings to ensure access to justice). By docketing the defendants' Motion to Dismiss and related filings (e.g., ECF Doc. No. 12) while neglecting my earlier-submitted motion, the Pro Se Office has effectively prioritized represented parties over me, creating an unequal barrier to my ability to prosecute this case. This disparate treatment undermines my right to a fair hearing on a motion that could resolve the case, especially given the defendants' established liability. Allowing the defendants' later motion to proceed first would compound this violation, signaling that pro se litigants' filings are less worthy of prompt consideration, contrary to constitutional guarantees and Second Circuit precedent. See Tracy v. Freshwater, 623 F.3d 90, 101 (2d Cir. 2010) (courts must afford pro se litigants "special solicitude" to ensure equal access).

- **Rewarding Defendants for Their Harm Violates Equity and Public Policy**

The defendants' legal malpractice and fraud, as found by the state courts, caused me to lose a $75 million medical malpractice case due to their inexcusable neglect and misrepresentations (ECF No. 1, Exs. 1-3). Failing to docket and prioritize my Motion for Summary Judgment would reward the defendants for this harm by allowing their Motion to Dismiss to delay or derail my claims, further exacerbating the injury they caused. Courts have a duty to prevent such inequitable outcomes, particularly where a party's misconduct is already established. See Walker v. Sheldon, 10 N.Y.2d 401, 405 (1961) (emphasizing courts' role in deterring egregious conduct through appropriate remedies). Permitting the defendants to benefit from the Pro Se Office's error would undermine public policy, which favors holding attorneys accountable for malpractice and fraud, especially when their actions devastate a client's meritorious case. Equity demands that my motion, which seeks redress for these wrongs, be heard first.

- **Pro Se Leniency and Judicial Economy**

As a pro se litigant, I am entitled to leniency in procedural matters, provided I comply with court rules. See Tracy, 623 F.3d at 101. I timely submitted my motion to the designated email address, followed up diligently, and opposed the defendants' Motion to Dismiss, only to discover the clerk's failure to docket my earlier filing. The Pro Se Office's additional error in docketing the defendants' extension request (ECF Doc. No. 12)

before my opposition further highlights the procedural unfairness. Moreover, resolving my Motion for Summary Judgment first could moot the Motion to Dismiss, as it seeks full relief based on binding state court rulings. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559 (2007) (courts prioritize dispositive motions to promote efficiency). Prioritizing my motion aligns with judicial economy and corrects the inequity caused by administrative errors.

**Conclusion**

The law requires that my Motion for Summary Judgment, filed on March 26, 2025, be docketed and ruled upon before the defendants' Motion to Dismiss, filed over a month later. My submission constitutes filing under Rule 5(d)(2), and the defendants' prematurity arguments are inapplicable given conclusive state court findings. Failing to prioritize my motion would treat me as a second-class citizen due to my pro se status, violating my equal protection and due process rights, and reward the defendants for their documented harm, contrary to equity and public policy. I respectfully request that the Court:

- Direct the Pro Se Filing Department to docket my Motion for Summary Judgment, submitted March 26, 2025;
- Rule on my motion before considering the defendants' Motion to Dismiss; and
- Grant such other relief as the Court deems just and proper.

Thank you for your time and attention to this matter.

Respectfully submitted,

/s/ Ari Teman/

Ari Baruch Teman, Pro Se

Tel aviv, Israel

ari@teman.com

**Attachments**:

- Email to Temporary_Pro_Se_Filing@nysd.uscourts.gov , dated March 26, 2025

- Plaintiff's Motion for Summary Judgment (submitted March 26, 2025)