B"H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ari Baruch Teman, Plaintiff,

v.

Zeldes Needle Cooper LLP, Jeremy Virgil, et al., Defendants.

Civil Action No. 1:24-cv-09830-LJL

Plaintiff's Motion for Summary Judgment or, in the Alternative, for Court-Ordered Mediation

Plaintiff Ari Baruch Teman ("Plaintiff"), proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 56 for summary judgment against Defendants Zeldes Needle Cooper LLP ("ZNC") and Jeremy Virgil ("Virgil") (collectively, "Defendants") on the grounds that there is no genuine dispute of material fact regarding Defendants' liability for legal malpractice, fraud, and related claims as alleged in the Complaint (ECF No. 1). Plaintiff further seeks full compensatory damages of $75 million, plus treble punitive damages, based on the willful misconduct and fraudulent actions of Defendants, as detailed below.

## INTRODUCTION

This motion is premised on the uncontestable findings of the New York State Supreme Court and Appellate Division, which have already determined that ZNC, through its partner Jeremy Virgil, failed to timely respond to motions and court orders in Plaintiff's underlying medical malpractice case (INDEX 805410/2014), resulting in a default judgment against Plaintiff. As well, defendants failed to reply to opposing counsel requests to resume prosecution of the case, and failed to notify their client, Teman, that such a request had been made. Furthermore, plaintiffs failed to make multiple settlement offers as they are legally required to do, instead ignoring opposing counsel and their own client and causing their client to default.

These rulings establish Defendants' negligence and breach of duty as a matter of law. Furthermore, Plaintiff asserts that Virgil knowingly misrepresented the appealability of the default judgment to Plaintiff, constituting fraud and justifying treble punitive damages in addition to full compensatory relief.

## STATEMENT OF UNDISPUTED FACTS

1. Plaintiff retained ZNC, through its partner Jeremy Virgil, to represent him in a medical malpractice lawsuit (INDEX 805410/2014) valued at over $75 million, as estimated by ZNC and confirmed by expert analysis (Compl. ¶¶ 15-16; ECF No. 1, Ex. 3).

2. The New York State Supreme Court entered a default judgment against Plaintiff due to ZNC's failure to timely respond to motions and court orders (ECF No. 1, Ex. 3).

3. The New York Appellate Division affirmed the default judgment, explicitly finding that ZNC's failure to act constituted inexcusable neglect and that the default was not appealable (ECF No. 1, Exs.

1-2).

4. Jeremy Virgil, aware of the non-appealable nature of the default, filed a frivolous appeal and falsely represented to Plaintiff that the default could be overturned, misleading Plaintiff and concealing Defendants' negligence (Compl.    19).

5. As a direct result of Defendants' actions, Plaintiff lost a meritorious case valued at over $75 million and suffered significant financial losses, emotional distress, and pain (Compl.    20).

## LEGAL STANDARD

Summary judgment is appropriate under Fed. R. Civ. P. 56(a) when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, which may be satisfied by pointing to undisputed evidence or prior judicial rulings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this burden is met, the non-moving party must present specific evidence showing a genuine dispute, not mere allegations. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## ARGUMENT

### I. Defendants' Liability is Established as a Matter of Law by Prior State Court Rulings

The New York State Supreme Court and Appellate Division have conclusively determined that ZNC, through Jeremy Virgil, failed to timely respond to motions and orders in Plaintiff's medical malpractice case, resulting in a default judgment (ECF No. 1, Exs. 1-3). These rulings are binding on this Court under the doctrine of collateral estoppel, which precludes relitigation of issues already decided by a court of competent jurisdiction when: (1) the issue is identical; (2) it was actually litigated and decided; (3) the party had a full and fair opportunity to litigate; and (4) the resolution was necessary to the prior decision. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979).

Here, the state courts explicitly found that ZNC's inaction constituted inexcusable neglect, directly causing Plaintiff's loss by default. Defendants had the opportunity to defend their conduct in those proceedings and failed to do so. These findings establish Defendants' breach of their duty of care under New York law for legal malpractice, which requires: (1) an attorney-client relationship; (2) negligence; (3) proximate causation; and (4) damages. *See Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer*, 8 N.Y.3d 438, 442 (2007). No genuine dispute remains as to Defendants' liability for legal malpractice, entitling Plaintiff to summary judgment on Count I of the Complaint.

### II. Jeremy Virgil's Fraudulent Misrepresentation Warrants Summary Judgment and Treble Damages

Beyond malpractice, Jeremy Virgil committed fraud by knowingly misrepresenting to Plaintiff that the default judgment could be appealed, despite the Appellate Division's clear ruling that such defaults are not appealable (ECF No. 1, Exs. 1-2). Under New York law, fraud requires: (1) a material misrepresentation;

(2) knowledge of its falsity; (3) intent to deceive; (4) justifiable reliance; and (5) damages. *See Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996).

The undisputed facts show that Virgil, as a partner at ZNC and an experienced attorney, knew or should have known that the default was not appealable, yet he filed a frivolous appeal and assured Plaintiff of its viability (Compl.    19). Plaintiff relied on these assurances to his detriment, prolonging his emotional and financial harm. This intentional deceit satisfies the elements of fraud (Count II), and no material facts are in dispute given the state court records and Plaintiff's allegations, which Defendants have not controverted with evidence.

Moreover, Virgil's fraud justifies treble punitive damages under New York law, which permits such awards for willful and egregious misconduct intended to deceive. *See N.Y. C.P.L.R. § 5501(c); Walker v. Sheldon*, 10 N.Y.2d 401, 405 (1961). Virgil's actions—lying to cover up ZNC's negligence and exacerbating Plaintiff's losses—demonstrate a reckless disregard for Plaintiff's rights, warranting exemplary damages to punish and deter such conduct.

**III. Plaintiff is Entitled to Full Damages of $75 Million Plus Treble Punitive Damages**

The underlying medical malpractice case was valued at over $75 million by ZNC's own estimation and expert analysis (Compl. ¶¶ 15-16). The state courts' rulings confirm that Plaintiff lost this case solely due to Defendants' default, establishing causation and damages as a matter of law. Plaintiff seeks $75 million in compensatory damages for the lost case value, emotional distress, and related harms, as pled in the Complaint.

Additionally, treble punitive damages—amounting to $225 million—are warranted given Virgil's fraudulent misrepresentation, which compounded Plaintiff's injury by delaying recognition of the loss and undermining his ability to seek timely redress. This totals $300 million, reflecting both the full scope of Plaintiff's loss and the need to penalize Defendants' egregious conduct.

**Conclusion**

No genuine dispute of material fact exists regarding Defendants' liability for legal malpractice and fraud, as established by the New York State courts' prior rulings, Virgil and Medina's multiple misrepresentations, and the firm partners' willful disregard of Plaintiff's alerts. All Defendants were timely served, and their insurance company appears to be on notice. Plaintiff respectfully requests that this Court:

1. Grant summary judgment in his favor, awarding $75 million in compensatory damages and $225 million in treble punitive damages, for a total of $300 million, plus pre- and post-judgment interest and costs as permitted by law; or, in the alternative,

2. Order mediation pursuant to Fed. R. Civ. P. 16 and S.D.N.Y. Local Rule 83.9 within 30 days, to explore a mutually agreeable resolution and conserve judicial resources, given the clear liability established by state court rulings and the significant damages at stake, and the significant exposure faced by their insurer, as evidenced by their apparent notice and immediate investigation into the plaintiff in this action.

Plaintiff has concurrently sent a settlement demand to Defendants, reflecting his willingness to resolve this matter efficiently, but reserves all rights to pursue the full amount absent a timely agreement.

**Dated:** March 26, 2025 ( 26th of Adar, 5785 )

**Respectfully submitted,**
/s/ Ari Teman/
Ari Teman,
Pro Se
Miami Beach, FL
ari@teman.com



Your firm is unresponsive

Summarize this email

**Ari Teman** <ari@teman.com>                    Thu, Nov 22, 2018, 12:33 PM
to Maximino, Jeremy

You've fought me before and lost so I'd suggest you get to work against Braverman and pursue the case with full effort, including and beginning with deposing Buch.

 **Ari Teman** <ari@teman.com>                    Thu, Jan 16, 2020, 3:44 PM
to Jeremy, Ariel, Maximino ▾

Hi Jeremy,

You've been difficult to get in touch with lately. Perhaps you're in court or on vacation. Please you or someone from your firm chat with Ariel about merging the Buch case into ours. Ariel is expert on intellectual property and defamation law and Buch not only has no case but I have an expert who will give an affidavit saying he committed malpractice by suing me without evidence. That's two separate claims against him and his insurance.

Thanks!
Ari

 **Ari B. Teman** <ari@teman.com>                    Mon, May 15, 2023, 5:08 PM
to Jeremy, Maximino, Eden ▾

Also troubling... there are lots of ignored emails. Who at your firm can I speak with who is a named partner? Who will join the appeal with you?

•••

**Ari B. Teman** <ari@teman.com>                    Nov 4, 2022, 2:19 PM
to Eden, David, Jeremy ▾

Jeremy,

Play update us on your next step in the Braverman case. It has been years. You should be aggressively pursuing this. Please send a draft motion requesting the judge proceed without further delays.

As well please seek updated discovery, including documents from all parties discussing me and my case.

Thank you
Ari

**•••**

**Jeremy Virgil** <jvirgil@znclaw.com>              Nov 5, 2022, 5:09 AM
to me ▾

There's a motion pending with the court where the court has to decide whether it will let this case proceed forward despite the bankruptcy/insolvency filings of one of the insurance carriers. I don't have a timeline on when/if it'll be ruled on.

   On Nov 4, 2022, at 8:19 AM, Ari B. Teman <  ari@teman.com> wrote:

   **•••**

**Ari B. Teman** <ari@teman.com>                    Nov 5, 2022, 6:03 AM
to Eden, David, Jeremy ▾

Please keep Eden and my father copied. Please file a letter motion to the court requesting a ruling. It has been years.

**•••**

**Ari B. Teman** <ari@teman.com>                    Nov 9, 2022, 4:23 PM
to Jeremy, Eden, David ▾

Hi Jeremy,

Are you able and willing to request that the court rule on the motion? It has been literally YEARS.

Please let me know how I can be helpful.

Ari

# Please explain  External  ▸  Inbox ×

✦ Summarize this email

**Ari B. Teman** <ari@teman.com>                    Mon, Jun 24, 2024, 2:52 AM
to Jeremy, Jeremy, Eden, David ▾

Hi Jeremy,

Can you please update me on this case? What is the current status?

It seems you lost the appeal from this alert I got?

https://caselaw.findlaw.com/court/ny-court-of-appeals/116280557.html

It is disconcerting to learn of updates from Google rather than from my counsel and I'm wondering if you would be so kind as to loop in your partners on this thread so we can discuss a fair settlement for what appears to be gross legal malpractice by you?

Apologies in advance if I'm wrong but that's my gut and so perhaps it's best if we arrange an amicable and quiet settlement and part ways? So many unforced errors by your firm here raises many questions.

Ari
For settlement purposes only.

---

**Mail Delivery Subsystem**                         Mon, Jun 24, 2024, 2:52 AM
Recipient inbox full Your message couldn't be delivered to jvirgil.znc@gmail.com. Their inbox is full, or it's getting t…

---

**Jeremy Virgil** <jvirgil@znclaw.com>              Mon, Jun 24, 2024, 5:04 AM
to Eden, David, me ▾

Attached is the decision that was entered on 6/18/24, which you have received. I am researching further appeal options. My position has not changed. I did not commit malpractice. If you wish to terminate my representation, please let me know and I will stop researching further appellate options.

•••

---

One attachment • Scanned by Gmail ⓘ

**State of New York**
Court of Appeals