UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARI BARUCH TEMAN,

                                  Plaintiff,

          - against -

ZELDES NEEDLE COOPER LLP, JEREMY VIRGIL,
MAXIMINO MEDINA, RICHARD A. SARNER,
EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO,
SABATO "SAM" P. FIANO, RICHARD D. ZEISLER,
MARIE A. CASPER, ROBERT S. COOPER, LISA C.
DUMOND, and DOES 1-10,

                                  Defendants.
-------------------------------------------------------------------X

Civil Action No.: 1:24-CV-09830 (LJL)

**REPLY MEMORANDUM OF LAW SUBMITTED ON BEHALF OF ALL DEFENDANTS
IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Cristina Yannucci, Esq.
*Attorneys for Defendants*
*ZELDES, NEEDLE & COOPER,*
*P.C., JEREMY VIRGIL, MAXIMINO*
*MEDINA, RICHARD A. SARNER,*
*EDWARD R. SCOFIELD, LORI A.*
*DASILVA-FIANO, SABATO "SAM"*
*P. FIANO, RICHARD D. ZEISLER,*
*MARIE A. CASPER, ROBERT S.*
*COOPER, and LISA C. DUMOND*
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1412
cristina.yannucci@lewisbrisbois.com
File No. 47558.92

i

## TABLE OF CONTENTS

**Page**

REPLY ARGUMENT………………………………………………………………2

POINT I:  PLAINTIFF FAILS TO CURE THE PLEADING DEFECTS………………2

    A.    The Legal Malpractice Claim Fails (Count I)…………………………………2

        i.    The Defective Pleading as to an Attorney-Client Relationship with or Negligence by the Individually-Named Attorney Defendants…………….2

        ii.    The Defective Pleading as to Proximate Causation………………………..…………………………………....4

        iii.  The Defective Pleading as to Actual and Ascertainable Damages………...6

    B.    The Fraud Claim Fails (Count II)……………………………………………7

    C.    The Civil Conspiracy Claim Fails (Count III)…………………………………8

    D.    The Breach of Fiduciary Duty Claim Fails (Count IV)……………………….9

    E.    The Intentional and Negligent Infliction of Emotional Distress Claims Fail (Counts V-VI)…………………………………………………………………9

    F.    The Breach of Contract Claim Fails (Count VII)……………………………10

    G.    The N.Y. General Business Law § 349 Claim Fails (Count VIII)…………………………………………..10

    H.    The Gross Negligence Claim Fails (Count IX)……………………………….10

    I.    The Constructive Fraud Claim Fails (Count X)……………………………...11

    J.    The Unjust Enrichment Claim Fails (Count XI)……………………………...11

    K.    The 42 U.S.C. § 1983 and N.Y. Civ. Rights Law § 40-c Claims Fail (Counts XII-XII)……………………………………………..11

POINT II:  THERE IS NO BASIS TO PIERCE THE CORPORATE VEIL…………..12

POINT III: PLAINTIFF'S REQUEST FOR SANCTIONS MUST BE DENIED……...12

POINT III: ALL OTHER RELIEF REQUESTED BY PLAINTIFF MUST BE DENIED……….…………………………………………14

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

**Federal Cases**

*Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*,
    100 F. Supp. 2d 178, 182 (S.D.N.Y. 2000)……………………………………………..8

*Baker v. Dorfman*,
    239 F.2d 415, 421 (2d Cir. 2000)…………………………………………………………9

*Calcutti v. SBU, Inc.*,
    224 F. Supp. 2d 691, 701 (S.D.N.Y. 2002)……………………………………………10

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
    No. 15-CV-4244 JGK), 2017 WL 933103 (S.D.N.Y. Mar. 8, 2017)………………………3

*In re 60 E. 80th St. Equities, Inc.*,
    218 F.3d 109, 115 (2d Cir. 2000)………………………………………………………...12

*Jowers v. Lakeside Fam. & Children's Servs.*,
    435 F. Supp. 2d 280, 284 (S.D.N.Y. 2006)……………………………………………..2

*Martinez v. Zero Otto Nove Inc.*,
    No. 15 CIV. 899 (ER), 2016 WL 3554992, at *3 (S.D.N.Y. June 23, 2016)……………..3

*Mason Tenders Dist. Council Pension Fund v. Messera*,
    4 F. Supp. 2d 293, 300–01 (S.D.N.Y. 1998)……………………………………………3

*Meisel v. Grunberg*,
    651 F. Supp. 2d 98, 114 (S.D.N.Y. 2009)………………………………………………9

*Purpose Partners, LLC v. Carver Federal Sav. Bank*
    914 F. Supp. 2d 480, 497 (S.D.N.Y. 2012)……………………………………………..11

*Revson v. Cinque & Cinque, P.C.*,
    221 F.3d 71, 79 (2d Cir. 2000)…………………………………………………………13

*Ritche Cap. Mgmt., L.L.C. v. Gen Elec. Cap. Corp.*,
    121 F. Supp. 3d 321, 339 (S.D.N.Y. 2015)…………………………………………...8, 9

*Song v. Turtil*,
    No. 21CIV2269VBAEK, 2022 WL 1239590, at *3 (S.D.N.Y. Apr. 27, 2022)……………..4

*Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*,
    525 F. Supp. 2d 482, 515 (S.D.N.Y. 2021)……………………………………………11

**State Cases**

*D'Alessandro v. Carro*,
   123 A.D.3d 1, 7 (1st Dep't 2014)………………………………………………………….6

*E. Hampton Union Free Sch. Dist. v. Sandpebble Builders, Inc.*,
   16 N.Y.3d 775, 776 (2011)……………………………………………………………….12

*Howell v. N.Y. Post Co.*,
   596 N.Y.S.2d 350, 353 (1993)…………………………………………………………….9

*McLoughlin v. Sullivan Papain Block McGrath & Cannavo, P.C.*,
   18 A.D.3d 245, 245 (1st Dep't 2005)……………………………………………………...5

*N.A. Kerson Co. v. Shayne, Dachs, Weiss, Kolbrenner, & Levy*,
   45 N.Y.2d 730 (1978), aff'd, 59 A.D.2d 551 (2nd Dep't 1977)…………………………..5

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A*
   85 N.Y.2d 20, 25 (1995)………………………………………………………………...10

*Schwartz v. Olshan Grundman Frome & Rosenzweig*,
   302 A.D.2d 193, 198 (1st Dep't 2003)…………………………………………………...5

**Federal Statutes**

28 U.S.C. § 1927………………………………………………………………………...12, 13

42 U.S.C. § 1983………………………………………………………………………………11

**State Statutes**

N.Y. Civ. Rights Law § 40-c ………………………………………………………………….11

N.Y. Gen. Bus. Law § 349(a)………………………………………………………………….10

**Federal Rules**

FRCP 9(b) …………………………………………………………………………….1, 7, 14

FRCP 12(b)(6)…………………………………………………………………….1, 8, 12, 14

FRCP 15(a)…………………………………………………………………………………15

**Court Rules**

S.D.N.Y. Local Rule 7.1(a)………………………………………………………………….14

This Reply Memorandum of Law is respectfully submitted on behalf of Defendants in response to the opposition filed by Plaintiff and in further support of Defendants' motion for an Order: (a) dismissing Plaintiff's Complaint in its entirety, with prejudice, pursuant to FRCP 12(b)(6) and 9(b); or, alternatively (b) dismissing the Complaint as against the individually-named attorney Defendants as a matter of law; and (c) granting such other and further relief as this Court deems just and proper.[1]

Rather than come forward with any facts to try to cure his pleading deficiencies, Plaintiff summarily asserts that his pleadings are sufficient, references inapplicable caselaw to try to support his attenuated legal positions, and levies brazen claims bordering on defamation against Defendants and their counsel. Specifically, Plaintiff alleges the undersigned intentionally misrepresented the identity of Plaintiff's expert and maliciously identified a myriad of lawsuits in which Plaintiff was involved to portray him as a vexatious litigant. (Pltf's MOL, Pt. V) These assertions are denied.

As detailed below, Defendants responded to Plaintiff's vague pleading relative to the "expert" referenced in the Complaint, and identified Plaintiff's litigation history to demonstrate Plaintiff's ample litigation experience. In particular, as Defendants correctly anticipated, Plaintiff now seeks leniency in assessing  his pleading failures due to being a *pro se* litigant, which should be discounted by this Court given his well-documented litigation history.[2] The fact remains that

---

[1] Defendants' moving papers will be referred to as "Yannucci Dec." (ECF Doc. No. 11-1) and "Defs' MOL" (ECF Doc. No 11-6). All defined terms in Defendant' moving papers are incorporated by reference herein. Plaintiffs' opposition will be referred to as "Teman Aff." (ECF Doc. No. 13) and "Pltf's MOL" (ECF Doc. No. 14). Furthermore, pursuant to the Hon. Lewis J. Liman's Practice Rules, unless otherwise agreed to, all memorandum submitted in opposition are limited to 25 pages. Pltf's MOL, excluding the table of authorities and certificate of service, is 27 pages and is noncompliant. Conversely, on May 9, 2025, this Honorable Court issued an Order granting Defendants' May 6, 2025 letter motion, approving Defendants' request for an additional 5 pages for the instant Reply Memorandum of Law, and an extension of their filing deadline to May 29, 2025. (ECF Doc. No. 19)

[2] Plaintiff litigation history includes "victories" he identified, including: (1) compelling the release of body camera footage in *Teman v. City of Miami Beach*; (2) achieving recusal of Judge Perry and obtaining dismissal in *Teman v.*

Plaintiff failed to plead any cognizable cause of action and nothing in his opposition provides any basis to deny the relief requested by Defendants.

## REPLY ARGUMENT

**POINT I**:        **PLAINTIFF FAILS TO CURE THE PLEADING DEFECTS**

### A.  *The Legal Malpractice Claim Fails (Count I)*

Defendants demonstrated entitlement to dismissal due to Plaintiff's failure to sufficiently plead any (let alone, all) of the requisite elements for a cause of action sounding in legal malpractice. (Defs' MOL, Pt. I, pp. 6-10) Nothing in Plaintiff's opposition cures this fatal defect.

*i.*        *The Defective Pleading as to Attorney-Client Relationship with or Negligence by the Individually-Named Attorney Defendants*

Plaintiff "retained ZNC," not the individually-named attorney Defendants. (Yannucci Dec., Ex. 1, ¶ 14 & Ex. 4; Defs' MOL, Pt. I(A)(i), pp.6-7) The Complaint is devoid of any facts pertaining to, or any alleged negligent acts or omissions performed by, the individually-named attorney Defendants. (Yannucci Dec., Ex. 1, *passim*)

In response, Plaintiff relies upon paragraph 11 of his Complaint, arguing that "all named Defendants, including Medina and other attorneys, actively participated in the misconduct through direct communications via email, phone, in-person meetings and other methods." (Pltf's MOL, p. 13)[3] However, conclusory allegations are insufficient to withstand dismissal as a matter of law. *See Jowers v. Lakeside Fam. & Children's Servs.*, 435 F. Supp. 2d 280, 284 (S.D.N.Y. 2006)("conclusory allegations that fail to give a Defendant notice of the material elements of a

---

*Perry*; and (3) obtaining letters from "legal luminaries" in support of the appeal of his bank and wire fraud convictions. (Plt's MOL, p. 11) Such "victories" militate against affording Plaintiff any leniency here.

[3] Paragraph 11 states only that the individually-named attorney Defendants "are attorneys at ZNC and actively participated in the misconduct alleged herein." (Yannucci Dec., Ex. A, ¶ 11)

claim are insufficient as a matter of law to state a claim").

The Teman Aff. fails to remedy the deficient pleading.[4] Plaintiff proffers that "[o]n dates listed in exhibits in the complaint (including Apr 23, 2021; Nov. 9, 2022, etc), […] [he] sent emails, made phone calls, and communicated in person with Virgil, Medina, and other named Defendants." (Teman Aff., p. 1) Yet, Plaintiff fails to identify any of the other individually-named Defendants or set forth any facts as to the contents of these conversations. (*Id.*) "A plaintiff's unilateral belief [as to representation] does not confer upon him the status of a client." *Mason Tenders Dist. Council Pension Fund v. Messera*, 4 F. Supp. 2d 293, 300–01 (S.D.N.Y. 1998). Identifying all members of a firm, and alleging that emails were sent to them does not establish an attorney-client relationship.

Furthermore, other than summary assertions against Defendant Virgil, there are no acts of negligence identified as to the other Defendants. Plaintiff inasmuch concedes this point, arguing that Defendants' "participation renders them liable under theories of conspiracy or aiding and abetting, even if they were not signatories to the retainer agreement" and that said "Defendants are partners and shareholders" who "were intimately involved" in the underlying medical malpractice lawsuit. (Pltf's MOL, pp. 13-14) There are no facts as to which Defendants he is referencing, or what actions rendered them "intimately involved." (Teman Aff., *passim*) Plaintiff's reliance on *Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, No. 15-CV-4244 JGK), 2017 WL 933103 (S.D.N.Y. Mar. 8, 2017) provides no support for his theory, as the *Gym Door Repairs* Court (which denied a civil conspiracy claim as time-barred) did not conclude that an attorney can be liable for legal malpractice without the requisite element of an attorney-client relationship. *Id.*

---

[4] The Teman Aff. should not be considered by the Court, as same was not properly executed before a notary. *See Martinez v. Zero Otto Nove Inc.*, No. 15 CIV. 899 (ER), 2016 WL 3554992, at *3 (S.D.N.Y. June 23, 2016). However, even if considered, nothing contained therein cures any of the deficiencies in the Complaint.

ii.    *The Defective Pleading as to Proximate Causation*

Repeatedly stating that the Underlying Lawsuit was "meritorious" (Teman Aff., p. 4; Pltf's MOL, p. 14) is insufficient to plead "but for" causation. (Defs' MOL, Pt. (I)(A)(ii), pp. 7-8)

Plaintiff relies on paragraphs 15 and 16 of the Complaint to argue that his "underlying medical malpractice case against Dr. Braverman was meritorious and valued at $24 million by ZNC." (Pltf's MOL, p. 14)[5] Such summary claims are insufficient to plead proximate cause. (Def's MOL, Pt. I(A)(ii)) While Plaintiff proffers that a New York Post article cures his "proximate cause" pleading deficiency, same does not cure the defect. (Pltf's MOL, p. 6; Teman Aff., Ex H) The article states only that Plaintiff was "suing a high-profile doctor for $24 million"; it does not identify facts upon which one can conclude Plaintiff's claims had merit. (Teman Aff., Ex. H)

Likewise, Plaintiff's claim that "Braverman's two convictions and the shutdown of his practice following a New York Attorney General investigation after more than 20 patients filed complaints further guarantee the availability of multiple experts [*sic*] to testify to his malpractice, solidifies the case's merit" (Pltf's MOL at p. 14), is of no moment. Dr. Braverman's convictions and the shutdown of his practice does not supplement the merits of *Plaintiff's particular medical malpractice claims*. Even if other people filed complaints against Dr. Braverman, this does not mean that Plaintiff would have been successful in his Underlying Lawsuit. Finally, Defendants' "assurance" that the claims were meritorious is not sufficient to plead proximate causation, as pleading a claim for medical malpractice requires "expert testimony in support of the allegations" unless "the alleged act of malpractice falls within the competence of a lay juror to evaluate." *Song v. Turtil*, No. 21CIV2269VBAEK, 2022 WL 1239590, at *3 (S.D.N.Y. Apr. 27, 2022).

---

[5] These paragraphs only aver that "ZNC and Virgil assured Plaintiff that the medical malpractice case was meritorious and estimated damages at $25 million, plus treble damages" and that "[a]n expert witness retained by Plaintiff has confirmed the value of the damages at over $75 million." (Yannucci Dec., Ex. 1, ¶¶ 15-16)

Additionally, Plaintiff offers "[t]he case was conservatively valued by [*sic*] independent damages expert, Jay Weintraub [*sic*] at more than $24 million." (Pltf's MOL, p. 6) However, nowhere in the Complaint or in Plaintiff's opposition is any indication that Weintraub set forth facts on the merits of the Underlying Lawsuit.[6] According to Plaintiff, Weintraub estimated the future value of Plaintiff's event businesses and that Plaintiff's physical health prevented him from continuing. (Pltf's MOL, pp. 2, 6 & 8) Not only is the record devoid of this information, speculation as to the perceived loss of Plaintiff's business is not probative of the merits of the Underlying Lawsuit, or sufficient to plead liability or proximate cause. The essential element of "but for" causation is not satisfied by bare conclusory allegations that the Underlying Lawsuit might have been victorious. *N.A. Kerson Co. v. Shayne, Dachs, Weiss, Kolbrenner, & Levy*, 45 N.Y.2d 730 (1978), aff'd, 59 A.D.2d 551 (2nd Dep't 1977); *see also McLoughlin v. Sullivan Papain Block McGrath & Cannavo, P.C.*, 18 A.D.3d 245, 245 (1st Dep't 2005) (affirming pre-answer dismissal where plaintiff failed to set forth nonconclusory factual allegations of causation). Rather, "but for" causation must be pled with specific factual allegations. "The failure to establish proximate cause requires dismissal of the legal malpractice action, regardless of whether it is demonstrated that the attorney was negligent." *Schwartz v. Olshan Grundman Frome & Rosenzweig*, 302 A.D.2d 193, 198 (1st Dep't 2003).

Plaintiff further argues that "ZNC was also aware of at least two additional medical experts, Dr. Alyssa Kriegel and Dr. Eril Shvil, who treated [him] and was prepared to testify to PATH/Dr. Eric Braverman's malpractice." (Teman Aff., pp. 2 & 3-4) Upon information and belief, Dr. Shvil

---

[6] Upon information and belief, Weintraub's report is not part of the record. Defendants are not attaching same to avoid further defamatory attacks and frivolous sanction applications. On May 6, 2025, Plaintiff emailed counsel stating "And if you publish any more of my medical information to the docket without any basis to do so since you don't have a case I will sue you and your firm separately." A copy of this correspondence is annexed to the Yannucci Reply Declaration, dated May 29, 2025, as Exhibit 5, redacted as to settlement information.

and Dr. Kriegel were Plaintiff's treating clinical psychologists and nothing contained in the Complaint or opposition sets forth facts as to what these doctors opined. (Teman Aff., *passim*)

Finally, Plaintiff claims that "damages exceeding $25 million were collectible" because "PATH Medical and over five of its practitioners maintained insurance policies affording each practitioner $5,000,000.00 in coverage." (Pltf's MOL, p. 14) This is not alleged in the Complaint, and the existence of applicable insurance does not establish liability or ensure collectability. Plaintiff cites *D'Alessandro v. Carro*,123 A.D.3d 1, 7 (1st Dep't 2014) to assert that "Defendants' reliance on collectability arguments is premature, as collectability is a damage issue, not a pleading requirement. (Teman MOL, pp. 14-15) However, the Court in *D'Alessandro* addressed the ability, or lack thereof, of a plaintiff to collect non-pecuniary damages in a legal malpractice action, and had nothing to do with denying a 12(b)(6) motion as premature. *D'Alessandro,* 123 A.D.3d at 7.

iii.    *The Defective Pleading as to Actual and Ascertainable Damages*

In general, non-pecuniary damages are not recoverable in legal malpractice actions. (Defs' MOL, Pt. I(A)(ii), pp. 9-10) Plaintiff seemingly concedes this point by first proposing that "[a]ny non-pecuniary damages, such as emotional distress, are severable and do not undermine the claim's viability (Pltf's MOL, p. 15) and then citing *Bryant v. Silverman*, 284 F. Supp. 3d 458, 470 (S.D.N.Y. 2018), which concluded that non-pecuniary, reputational damages cannot be collected in a legal malpractice action. *Id.* at 471.

As to pecuniary damages, Plaintiff identifies paragraph 16 of the Complaint and refers to "Jay Weintraub's expert statement" (Pltf's MOL, p. 15; Teman Aff., p. 2 & Ex. A), which allegedly "confirmed the value of the damages at over $75 million."(Pltf's MOL, p. 15) The Weintraub "report" is not part of the record and according to Plaintiff, Weintraub only discussed the lost value of Plaintiff's event business, not damages attendant to the medical malpractice claim in the

Underlying Lawsuit. The failure to plead actual and ascertainable damages is fatal.

### B.  *The Fraud Claim Fails (Count II)*

Plaintiff fails to particularize when and where the alleged fraudulent statements were made, by whom they were made, and resultant damages. *See* FRCP 9(b)). Even if sufficiently pled, it is duplicative of Plaintiff's legal malpractice claims. (Defs' MOL, Pt. I(B), pp. 10-12) Plaintiff opposes these arguments by claiming that the Complaint "specif[ed] the fraudulent misrepresentations made by Virgil and Medina, including false assurances of diligent case monitoring, active pursuant of claims, and the appealability of the default, all of which were made with intent to mislead Plaintiff and conceal their negligence (Compl. ¶¶ 17-19, 27)" and "provided further details in his affidavit, including specific communications." (Pltf's MOL, pp. 15-17)

The cited paragraphs of the Complaint do not plead fraud with particularity, and aver only: (1) *unidentified* Defendants made "repeated assurances"; (2) Defendant Virgil "filed a frivolous appeal" to "conceal his own negligence"; and (3) "[a]ll Defendants knowingly made false representations to Plaintiff, including assurances that the case was being handled properly and that the frivolous appeal had merit." (Yannucci Dec., Ex. 1, ¶¶ 17-19, 27) Such allegations, grouping together Defendants, without any specificity as to which one did or said what, are the epitome of the summary claims routinely dismissed by the Court for failure to plead with specificity.

Plaintiff also attempts to supplement his deficient pleadings by way of the Teman Aff., but the additional claims do not cure the pleading defect. Plaintiff alleges that "on or around Wed, Nov 9, 2022, 4:42 PM, Defendant VIRGIL falsely assured [Plaintiff] that the case was under control and that the default was appealable, and later suggested pursuing the case to the United States Supreme Court, despite knowing these statements were untrue, causing me to reply on their misrepresentations to my detriment." (Teman Aff., p. 2) Plaintiff failed to delineate specific claims

as to the individually-named attorney Defendants, and while Plaintiff offers that "[t]he fraud claim is distinct from malpractice because it involves intentional deceit, not mere negligence, and specifies that the fraud (lying about the possibility to appeal the default) occurred after and separate from the malpractice" (Teman MOL, pp. 16-17), this allegation is duplicative since Plaintiff identifies no distinct damages beyond those attendant with the legal malpractice cause of action.

### C.  The Civil Conspiracy Claim Fails (Count III)

Plaintiff failed to plead facts tending to show the requisite elements of civil conspiracy: (1) an underlying tort; (2) specification of what improper relationship served as the basis for the alleged conspiracy; (3) any agreement to form the conspiracy; (4) any overt act to further the conspiracy; or (5) any associated damages. (Defs' MOL, Pt. I(C)) Plaintiff opposed arguing that: (1) his underlying malpractice and fraud claims are sufficiently plead; (2) "Defendants were motivated by conflicts with Silver Hill Hospital's parent organization and PATH Medical; and (3) he identified coordinated "efforts to sabotage Plaintiff's case through inaction, misrepresentations, and deliberate neglect." (Pltf's MOL, Pt. II(C), p. 17)[7] These arguments are insufficient to overcome Defendants' entitlement to dismissal of this cause of action.

First, Plaintiff fails to adequately plead any underlying tort, and the Teman Aff. does not remedy his deficient pleadings. (Reply Pt. I(A) and (B), *supra*) Second, Plaintiff fails to plead any of the other requisite elements, and the cited decision in *Ritche Cap. Mgmt., L.L.C. v. Gen Elec. Cap. Corp.*, 121 F. Supp. 3d 321, 339 (S.D.N.Y. 2015) provides no legal basis to overcome dismissal. (Pltf's MOL at p.17) In *Ritche,* the Court held that Ponzi scheme victims failed to

---

[7] Plaintiff argues that "[d]iscovery is needed to uncover the full extent of Defendants' coordination." (Pltf's MOL, Pt. II.(C), p. 17) However, "[t]he task of the court in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc.*, 100 F. Supp. 2d 178, 182 (S.D.N.Y. 2000)(internal citations omitted).

sufficiently plead civil conspiracy against lenders who discovered the scheme because "mere inaction is insufficient" to further a conspiracy. *Id.* Here, even a generous reading of the Complaint and opposition identifies "inaction," which is insufficient to plead civil conspiracy.

### D. The Breach of Fiduciary Duty Claim Fails (Count IV)

Plaintiff failed to plead a cause of action sounding in breach of fiduciary duty, as there are no facts pled to specify what conflicts existed or how same impacted Plaintiff's interests, and because the claim is duplicative of Plaintiff's legal malpractice claim. (Defs' MOL, Point I(D))

In opposition, Plaintiff theorizes that Defendants failed to disclose "conflicts of interest with Silver Hill Hospital's parent organization and Path Medical" and references unspecified acts of "intentional misconduct" and "deliberate sabotage." (Pltf's MOL Pt. I(D), pp. 17-18) Plaintiff claims that "[t]hese allegations raise factual disputes inappropriate for resolution on a motion to dismiss, ensuring the claim's survival" (*id.*) and offers *Meisel v. Grunberg* in support. (Pltf's MOL, p.18) However, the *Meisel* Court dismissed breach of fiduciary duty claims for failure to plead an underlying fiduciary duty, and did not evaluate whether such claims were duplicative of legal malpractice claims. *Meisel,* 651 F. Supp. 2d 98, 114 (S.D.N.Y. 2009). Here, Plaintiff's breach claim rests upon the same allegations and damages as the legal malpractice claim and is duplicative.

### E. Intentional and Negligent Infliction of Emotional Distress Claims Fail (Counts V-VI)

Plaintiff's causes of action sounding in intentional and negligent infliction of emotional distress must be dismissed. (Defs' MOL, Pts. II(E)-(F)) Although Plaintiff claims that his pleadings are sufficient and PTSD exacerbation "may qualify under New York law," the cases cited by Plaintiff do not support his position. (Pltf's MOL, p.18)[8] Both claims should be dismissed.

---

[8] *See Howell v. N.Y. Post Co.,* 596 N.Y.S.2d 350, 353 (1993)(publishing of a photograph secured from trespassing a private psychiatric facility did not constitute outrageous conduct); *Baker v. Dorfman,* 239 F.2d 415, 421 (2d Cir. 2000)(a falsely positive HIV test could potential constitute outrageous conduct).

### F.  The Breach of Contract Claim Fails (Count VII)

Plaintiff's breach of contract claim must be dismissed because the retainer agreement did not contain a promise to obtain a specific result, and is duplicative of the legal malpractice claim. (Defs' MOL at Pt. I(G)) Plaintiff suggests that "ZNC breached implied terms of diligence and competence in the retainer agreement, and failed to disclose conflicts" which is "distinct from malpractice if based on specific contractual obligations." (Pltf's MOL, Pt. II(G)) Plaintiff cites paragraph 37 of the Complaint, which states only that Defendants breached their contractual "obligations to competently represent Plaintiff in his case." (*Id.*) Moreover, this argument fails as "[a] breach of contract claim against an attorney based on a retainer agreement may be sustained only where the attorney makes an express promise in the agreement to obtain a specific result and fails to do so." *See Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 701 (S.D.N.Y. 2002).

### G.  The N.Y. General Business Law § 349 Claim Fails (Count VIII)

Defendants' work was not consumer oriented and the representation was a private professional relationship. (Defs' MOL at Pt, I(H)) Plaintiff inasmuch concedes this point, noting: "Defendants' fraudulent conduct, *if systemic and affecting other clients, suggests consumer-oriented harm*." (Plt's MOL, Pt. II(H) (emphasis added)) Plaintiff cites *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A* (Pltf's MOL, p.18), but the decision does not support his argument. *Oswego* provides: "Private contact disputes, unique to the parties" are not governed by N.Y. GBL § 349. *Oswego,* 85 N.Y.2d 20, 25 (1995).

### H.  The Gross Negligence Claim Fails (Count IX)

Plaintiff suggests that "Defendants' conduct […] far exceeds ordinary negligence" and "supports a distinct gross negligence claim." (Pltf's MOL, Pt. II(F), p. 19) Use of the adjective "gross" and reliance on the summary allegation that "Defendants acted with reckless disregard for

their professional obligations" are insufficient as a matter of law. (*Id.*) *Purpose Partners, LLC v. Carver Federal Sav. Bank* requires "conduct that evinces a reckless disregard for the rights of others" or "intentional wrongdoing," which is not the case here (*Purpose Partners,* 914 F. Supp. 2d 480, 497 (S.D.N.Y. 2012)), warranting dismissal as a matter of law. (Defs' MOL, Pt. I(I))

### I.  *The Constructive Fraud Claim Fails (Count X)*

Plaintiff responds to Defendants' argument that constructive fraud is insufficiently pled (Defs' MOL at Pt. I(J)) by claiming that his "fraud claim survives [...] given Defendants' fiduciary duties." (Pltf's MOL, Pt. II(H), p.21)  Neither this argument, nor the decision in *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC,* as cited by Plaintiff, salvage his claim. *See Tutor Perini Bldg.,* 525 F. Supp. 2d 482, 515 (S.D.N.Y. 2021)(dismissing a plaintiff's claim for failing to plead elements of fraud and explaining that the fiduciary duty requirement is replaced with "the element of scienter" for constructive fraud).

### J.  *The Unjust Enrichment Claim Fails (Count X)*

Defendants did not receive compensation for representing Plaintiff. (Defs' MOL at Pt. I(K)) Plaintiff does not address or refute Defendants' argument (Pltf's MOL and Teman Aff), warranting summary dismissal of this claim.

### K.  *The 42 U.S.C. § 1983 and N.Y. Civ. Rights Law § 40-c Claims Fail (Counts XII-XIII)*

Plaintiff does not plead that Defendants were state actors, nor does Plaintiff plead qualifying discrimination relating to public accommodations. (Defs' MOL at Pts. I(L)-(M)) In opposition, Plaintiff speculates that Defendants "conspri[ed] with government officials" and "served in Government roles" (Pltf's MOL, Pt. I(H)), but offers no facts in support. Also, while Plaintiff claims he is in a protected class by virtue of having a disability (PTSD), he does not allege any discrimination by way of public accommodation on the basis of this disability. (Teman Aff.)

**POINT 2:**     **THERE IS NO BASIS TO PIERCE THE CORPORATE VEIL**

Plaintiff fails to plead the essential elements for piecing the corporate veil as against the individually-named attorney Defendants. (Defs' MOL, Pt. II) In opposition, Plaintiff argues: (1) "[d]iscovery is needed to clarify [the Defendants'] individual roles"; and (2) his "allegations raise plausible theories of conspiracy or aiding and abetting, which can pierce the corporate veil if Defendants acted outside their professional roles." (Plt'f MOL, Pt. II(G)) Quite simply, claiming the need for discovery and suggesting there are "plausible" theories renders Plaintiff's claim subject to summary dismissal pursuant to FRCP 12(b)(6).

Furthermore, Plaintiff's claim is not salvaged by his reliance on *E. Hampton Union Free Sch. Dist. v. Sandpebble Builders, Inc.*, 16 N.Y.3d 775, 776 (2011), where the New York Court of Appeals only held that an individual acting in bad faith while representing a corporation was insufficient to pierce the corporate veil, but never held, as Plaintiff claims, that the corporate veil can be pierced when individual attorneys act outside their professional employment duties.

**POINT 3:**     **PLAINTIFF'S REQUEST FOR SANCTIONS MUST BE DENIED**

Plaintiff seeks sanctions against the undersigned "to deter such vexatious behavior and hold Yannucci accountable" (In re 60 E. 80th St. Equities, Inc., 218 F3d at 115[9])" for: (1) "lying about the identify of damages expert"; (2) "falsely claiming Thakkar's letter was retracted"; (3) "omitting Kriegel and Shvil's statements"; (4) "smearing Plaintiff's reputation through footnote 1"; and (5) "forcing Plaintiff to expend a weekend and two days of resources rebutting falsehoods. (28 U.S.C. § 1927)." (Pltf's MOL, Pt. V) These allegations are denied and sanctions should be not be awarded.

---

[9] *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) provides that "a court may impose sanctions on an attorney" only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Based upon the briefs and exhibits, the arguments are meritorious and made without any intention to cause delay.

To successfully obtain sanctions under 28 U.S.C. § 1927, a party must demonstrate "clear evidence that (1) the offending party's claims were entirely meritless and (2) the party acted for improper purposes." *Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000). Plaintiff satisfies neither prong and sanctions are not warranted.

Regarding the alleged misrepresentations concerning experts, Plaintiff pled in the Complaint that "[a]n expert witness has analyzed the damages and provided a detailed expert letter confirming these losses." (Yannucci Dec., Ex 1, ¶ 2) Because the expert was not identified in the Complaint and given Plaintiff's burden to plead "but for causation," Defendants reasonably assumed the Complaint was referring to Vastal G. Thakkar, M.D., who prepared a letter supporting the Affidavit of Merit filed in the Underlying Lawsuit. (Yannucci Dec., Ex. 2) While Plaintiff posits that the undersigned was placed on notice that the referred to expert was Mr. Weintraub because his letter was provided by email on April 7, 2025 (Teman Aff., Ex. A), Defendants' reference to Dr. Thakkar was clearly in good faith, as the Complaint did not identify the expert (Yannucci Dec., Ex. 1); the April 7, 2025 communication was issued by Plaintiff in connection with confidential settlement communications and not in response to the motion to dismiss (Yannucci Reply Dec., Ex. 5); and nothing detailed by Plaintiff in opposition indicates that Weintraub's letter opined on the merits of the Underlying Lawsuit. (Teman Aff.; Pltf's MOL)

Next, although Plaintiff alleges the undersigned misrepresented to the Court that Dr. Thakkar's letter was "retracted," no such representation was ever made. (Pltf's MOL, pp. 2, 8, 15, 18, 24) The undersigned only represented that "Dr. Thakkar thereafter confirmed to Defendants in writing that he did not and would not participate in the Underlying Lawsuit beyond the preliminary conference." (Defs' MOL, p. 17) This representation is accurate and Defendants annexed the referenced correspondence to their original motion papers. (Yannucci Dec., Ex. 3)

Finally, Plaintiff alleges that Defendants intentionally withheld the fact that "ZNC knew of at least two additional medical experts, Dr. Alyssa Kriegel and Dr. Eril Shvil, [*sic*], further evidencing Yannucci's bad faith and deceitful intent." (Pltf's MOL, pp. 2-3; Teman Aff., ¶ 12) Yet, by Plaintiff's own concession, the only "expert" he intended to refer to in the Complaint is Mr. Weintraub. (Teman Aff., p. 2)[10]

Finally, Plaintiff seeks sanctions based upon the inclusion of "footnote one" which Plaintiff's claims "portray[s] him as a vexatious litigant, while deliberately omitting his significant legal victories." (Pltf's MOL, pp. 3 & 10-11) This footnote was introduced in anticipation that Plaintiff would (as he has) request a liberal reading of his pleadings because he is *pro se.* (Defs' MOL, pp. 1-2, fn. 1) Not only have Defendants demonstrated that Plaintiff is an experienced litigant, Plaintiff himself detailed his significant "legal victories," all of which militate against any leniency or a liberal reading of his Complaint.[11]

**POINT 4:**        **ALL OTHER RELIEF REQUESTED BY PLAINTIFF MUST BE DENIED**

In addition to opposing Defendants' motion to dismiss, Plaintiff also requests the following relief: (1) leave to amend; (2) summary judgment, or in the alternative, Court-Ordered mediation; and (3) an Order compelling Defendants to retain a third-party discovery vendor to prevent spoilation. (Plt's MOL, pp. 4-5, 25-27) These requests should be denied.

First, S.D.N.Y. local Rule 7.1(a) provides that "an opposing party who seeks relief that goes beyond the denial of the motion must" be brought by "[a separate] notice of motion, or an

---

[10] It is ironic that on the one hand, Plaintiff seeks sanctions against counsel for improperly interpreting Plaintiff's vague references to the "expert" in the Complaint were to Weintraub and not Thakkar, yet also wants counsel sanctioned for not guessing Plaintiff's understanding of the involvement of Dr. Kriegel and Dr. Shvil.

[11] Plaintiff's argument that sanctions should be issued because he expended time and resources to oppose the instant motion is baseless given the well-established grounds in support of the within motion pursuant to FRCP 9(b) and 12(b)(6).

order to show cause signed by the court." Accordingly, Plaintiff's request for leave to amend, mediation and a discovery vendor should be denied as procedurally improper.[12]

Substantively, Plaintiff failed to demonstrate entitlement to amend his pleading. FRCP 15(a) provides that a plaintiff may amend their Complaint "once as a matter of law no later than 21 days after serving it" or "21 days after service of a motion under Rule 12(b)." To date, no amended pleading has been submitted and the time to do so has expired. Nothing contained in the opposition warrants amendment of the pleading as the claims remain insufficient as a matter of law. Finally, Plaintiff has not demonstrated entitlement to Court-Order mediation while a dispositive pleading motion remains pending, and discovery should be stayed due to the instant motion.

Wherefore, for the reasons stated above, this instant lawsuit should be dismissed in its entirety and all requests for relief set forth by Plaintiff should be denied.

Dated: New York, New York
     May 29, 2025                 Respectfully Submitted

                         **LEWIS BRISBOIS BISGAARD & SMITH LLP**

                By:     /s/ Cristina Yannucci, Esq.
                         Cristina Yannucci, Esq.
                         *Attorneys for Defendants*
                         77 Water Street, Suite 2100
                         New York, New York 10005
                         Phone: (212) 232-1412
                         Email: cristina.yannucci@lewisbrisbois.com
                         File No. 47558.92

---

[12] This Court already dismissed Plaintiff's Motion for Summary Judgment without prejudice as premature in its May 8, 2025 Order. (ECF Doc. No. 19)