B"H

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Ari B. Teman,**
Plaintiff,

v.

**Zeldes Needle & Cooper, P.C., Jeremy Virgil, Maximo Medina, Richard A. Sarner, Edward R. Marcowitz, Lori A. Dasilva-Fiano, Sabato P. Fiano, Richard D. Zeisler, Marie A. Casper, Robert S. Cooper, Lisa C. Davis, and Does 1-10,**
Defendants.

Case No. 1:24-cv-09830-LJL

**Honorable Lewis J. Liman**
United States District Court
Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007


## RESPONSE TO DEFENDANTS' LETTER MOTION TO REJECT PLAINTIFF'S SUR-REPLY

<b>June 5, 2025 / 10th of Sivan 5785</b>

Dear Judge Liman,

I, Ari B. Teman, pro se plaintiff, respectfully submit this response to the letter motion filed by defendants' counsel, Cristina R. Yannucci, on June 5, 2025 (Dkt. No. 25), requesting that the Court decline to consider my sur-reply (Dkt. No. 24) filed in support of my **Response to Defendants' Motion to Dismiss and Motion for Reconsideration of Order Denying Summary Judgment and for Sanctions**.

Defendants argue falsely that: (1) their Motion to Dismiss is fully briefed; (2) applicable court rules do not entitle me to a sur-reply by right; and (3) I did not seek Court permission to file a sur-reply. For the reasons below, I respectfully urge the Court to exercise its discretion to consider my sur-reply, as it is essential to address new issues and misrepresentations raised in defendants' Reply (Dkt. No. 23) and to ensure a fair adjudication of this case, particularly given my pro se status and defendants' pattern of bad faith.

**I. The Court Should Consider the Sur-Reply Due to My Pro Se Status and the Need to Address New Issues**

As a pro se litigant, I am entitled to leniency in navigating procedural complexities, as the Second Circuit has consistently affirmed (*Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010)).

Courts in this district routinely consider additional filings from pro se plaintiffs to ensure fairness, particularly when they respond to new arguments or misrepresentations introduced in a reply (*Seife v. U.S. Dep't of State*, 298 F. Supp. 3d 592, 612 (S.D.N.Y. 2018) (considering pro se plaintiff's sur-reply addressing reply arguments)).

My sur-reply (Dkt. No. 24) was filed in good faith to counter significant misrepresentations and new issues raised in defendants' Reply (Dkt. No. 23), including Yannucci's false claim that Jay Weintraub's expert letter is "not part of the record" (Dkt. No. 23, p. 6), despite my emailing it to her on April 7, 2020, and filing it via Temporary_Pro_Se_Filing@nysd.uscourts.gov (Teman Aff., Ex. A).

This misrepresentation, among others, necessitated a response to protect the integrity of the record and my claims, which assert defendants' inexcusable neglect and fraud in destroying my $75 million medical malpractice case (ECF No. 1, Exs. 1-3).

Defendants' assertion that the Motion to Dismiss is "fully briefed" (Dkt. No. 25, p. 1) overlooks the necessity of addressing their Reply's distortions, which my sur-reply corrects.

For instance, their Reply mischaracterizes the New York Post article's corroborative role (Dkt. No. 23, p. 4) and relies on inapposite case law, such as *Jowers v. Lakeside Fam. & Children's Servs.*, 435 F. Supp. 2d 280 (S.D.N.Y. 2006), which lacks the binding state court rulings present here (ECF No. 1, Exs. 1-3).

Additionally, Yannucci's Reply introduces new arguments minimizing the state court findings' preclusive effect under collateral estoppel (*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)), which my sur-reply rebuts by **reinforcing their binding nature** (Dkt. No. 24, pp. 2-3).

Denying consideration of my sur-reply would prejudice me, a pro se litigant, by allowing defendants' misrepresentations to stand unchallenged, contrary to the principle that pro se pleadings are held to "less stringent standards" (*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

**II. The Court Has Discretion to Accept the Sur-Reply**

While defendants correctly note that neither Local Rule 6.1 nor Your Honor's Individual Practice Rules *explicitly* entitle a party to a sur-reply (Dkt. No. 25, p. 1), they omit that the Court has broad discretion to accept additional filings, particularly from pro se litigants, to ensure a complete record (*Kaplan v. City of New York*, No. 14-CV-4945, 2018 WL 2084955, at *4 (S.D.N.Y. Mar. 22, 2018) (accepting pro se sur-reply to address reply arguments)).

Unlike the cases cited by defendants, such as *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 341 F.R.D. 474, 499 (S.D.N.Y. 2022), and *U.S. Sec. & Exch. Comm'n v. Amah*, 2024 WL 3159846, at *2 (S.D.N.Y. June 25, 2024), which involved represented parties with no

compelling need for sur-replies, my filing is justified by my pro se status and the necessity to counter Yannucci's bad-faith misrepresentations.

In *Keurig*, the court rejected an unauthorized sur-reply from counsel who violated an explicit briefing schedule, whereas here, no schedule prohibited my filing, and my pro se status warrants leniency. Similarly, *Amah* involved a sur-reply raising irrelevant issues, unlike my sur-reply, which directly addresses Reply misstatements critical to my claims.

The Court's May 9, 2025, order (Dkt. No. 19) extended defendants' Reply deadline to May 29, 2025, but did not preclude additional filings, especially to correct falsehoods.

My sur-reply, filed first on Fri, May 30, and after repeated email and phone reminders to the "Temp Pro Se Email" docketed June 4th, responds to Yannucci's Reply and does not unduly delay proceedings.

Courts have accepted sur-replies without prior permission when they clarify critical issues or prevent prejudice, particularly for pro se litigants (*Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (courts may consider supplemental filings to ensure fairness)). Considering my sur-reply promotes justice by ensuring the Court has accurate information to evaluate defendants' Motion to Dismiss.

### III. Defendants' Repeated Bad Faith Justifies Consideration of the Sur-Reply

Defendants' letter motion is part of a pattern of bad faith, as evidenced by Yannucci's misrepresentations in the Reply (Dkt. No. 23), including her false claim about the Weintraub letter and misleading citations to *Jowers* and *Ritche Cap. Mgmt., L.L.C. v. Gen Elec. Cap. Corp.*, 121 F. Supp. 3d 321 (S.D.N.Y. 2015), which are factually distinct (Dkt. No. 24, pp. 3-4, 7). Her footnote portraying me as a frivolous litigant (Dkt. No. 23, p. 1, n.1) further demonstrates an intent to prejudice the Court, despite my success in state court (ECF No. 1, Exs. 1-3).

These tactics, which my sur-reply counters, warrant sanctions under 28 U.S.C. § 1927 for vexatious conduct (*Revson v. Cinque & Cinque, P.C.*, 221 F.3d 71, 79 (2d Cir. 2000)), as argued in my filing (Dkt. No. 24, pp. 11-12). Excluding my sur-reply would reward defendants' bad faith by silencing my response to their distortions, undermining the Court's pursuit of truth.

### V. Relief Requested

I respectfully request that the Court:

- Deny defendants' letter motion (Dkt. No. 25) and consider my sur-reply (Dkt. No. 24) in adjudicating the pending motions.

- Grant such other relief as the Court deems just, including considering my request for sanctions against Yannucci and her clients for bad-faith misrepresentations (Dkt. No. 24, pp. 11-12).

I thank the Court for its time and consideration of this matter, trusting in its commitment to fairness for a pro se litigant seeking justice against defendants' documented misconduct.

Respectfully submitted,

/s/ Ari Teman/
Ari B. Teman, Pro Se
Tel Aviv, Israel (U.S. Mail: 1521 Alton Road, #888, Miami Beach, FL 33139)
ari@teman.com
6th of June 2025 / 10th of Sivan, 5785

**Certificate of Service**

I, Ari B. Teman, certify that on June 5, 2025, I served this Response to Defendants' Letter Motion upon defendants' counsel, Cristina R. Yannucci, via:

- **Email**: By sending a PDF copy to cyannucci@lewisbrisbois.com.
- **Temporary Pro Se Filing Email**: By submitting the document to Temporary_Pro_Se_Filing@nysd.uscourts.gov (mailto:_Pro_Se_Filing@nysd.uscourts.gov) for filing and distribution, as confirmed by the Pro Se Office.

Service complies with the Federal Rules of Civil Procedure and Local Rules of the Southern District of New York. I declare under penalty of perjury that the foregoing is true and correct.
Dated: June 5, 2025 / 10th of Sivan, 5785
/s/ Ari Teman/
Ari B. Teman, Pro Se