UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**ARI BARUCH TEMAN,**

Plaintiff,

v.

**ZELDES NEEDLE & COOPER LLP, JEREMY VIRGIL, MAXIMINO MEDINA, et al.,**

Defendants.

Case No. 1:24-cv-09830-LJL

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

Plaintiff Ari Baruch Teman respectfully submits this memorandum of law in opposition to Defendants' motion to dismiss the Amended Complaint.

**INTRODUCTION**

Defendants seek dismissal of claims arising from their catastrophic mishandling of litigation that resulted in the default of a major underlying case.

The Court has already determined that Plaintiff's malpractice claim is plausibly pleaded. The Amended Complaint adds additional factual detail and therefore easily satisfies the pleading standard.

The Amended Complaint alleges that Defendants ignored repeated warnings from their client, opposing counsel, and the court docket regarding critical litigation deadlines. Those warnings were copied to supervising partners at Zeldes Needle & Cooper ("ZNC"), yet no remedial action was taken.

The misconduct alleged here was not an isolated missed deadline. The Amended Complaint alleges a pattern of neglect that included ignoring emails from the client, ignoring communications from opposing counsel, ignoring emails from Teman and Teman's counsel in multiple cases in multiple courts in NY State as well as in other states, and failing to respond to court docket entries. These warnings were copied to supervising partners at ZNC, who evidence shows would convene and discuss these warnings, yet no corrective action was taken.

The Amended Complaint further alleges that after the default occurred, Defendants compounded the damage through additional conduct, including pursuing appellate strategies that were not viable and misrepresenting available remedies.

Rather than address these allegations, Defendants attempt to reframe the facts and resolve disputed issues that cannot be decided on a Rule 12(b)(6) motion.

At the pleading stage, the Court must accept the well-pleaded allegations as true and draw all reasonable inferences in Plaintiff's favor.

When the proper standard is applied, the Amended Complaint easily satisfies the pleading requirements for legal malpractice and breach of fiduciary duty.

The motion should therefore be denied.

## LEGAL STANDARD

To survive a motion to dismiss, a complaint need only contain sufficient factual matter to state a claim that is plausible on its face.

See

**Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009)
**Bell Atl. Corp. v. Twombly**, 550 U.S. 544 (2007)

At this stage:

- all factual allegations must be accepted as true
- all reasonable inferences must be drawn in favor of the plaintiff

**Chambers v. Time Warner**, 282 F.3d 147, 152 (2d Cir. 2002).

Dismissal is improper where resolution of the motion would require the Court to resolve factual disputes.

**Global Network Communications v. City of New York**, 458 F.3d 150, 155–57 (2d Cir. 2006).

## ARGUMENT

### I. THE AMENDED COMPLAINT PLAUSIBLY ALLEGES LEGAL MALPRACTICE

Under New York law, a legal malpractice claim requires allegations that:

1. the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by members of the legal profession
2. the breach caused the plaintiff damages

3. the plaintiff would have prevailed or obtained a better outcome but for the attorney's negligence

**Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer**, 8 N.Y.3d 438 (2007).

The Amended Complaint satisfies each of these elements.

It alleges that Defendants:

- failed to respond to court filings and docket activity
- ignored repeated communications warning of the risk of default
- failed to take corrective action despite notice to supervising partners
- allowed a default to be entered in significant litigation

Such allegations plainly state a claim for legal malpractice.

---

## II. DEFENDANTS' MOTION IMPROPERLY RELIES ON FACTUAL DISPUTES

Defendants repeatedly attempt to substitute their own narrative for the allegations in the Amended Complaint.

For example, Defendants attempt to characterize the underlying litigation as a single unified matter. However, the Amended Complaint alleges multiple distinct disputes and engagements, including litigation relating to:

- the PATH/Braverman malpractice matter
- the Silver Hill dispute
- matters involving **U.S. v. Teman**
- matters involving **Buch v. Teman**

These allegations must be accepted as true at this stage.

Whether these disputes are related or separate is a factual issue that cannot be resolved on a motion to dismiss.

**Global Network Communications**, 458 F.3d at 155-57.

## III. THE AMENDED COMPLAINT ADEQUATELY ALLEGES THE "CASE WITHIN THE CASE"

Defendants implicitly challenge the viability of the underlying litigation.

However, at the pleading stage, a malpractice plaintiff need only plausibly allege that the underlying case had merit.

**Nomura Asset Capital Corp. v. Cadwalader**, 26 N.Y.3d 40 (2015).

The Amended Complaint alleges that:

- the underlying medical malpractice case involved potential damages reported publicly at approximately **$24 million**
- expert analysis valued the case as high as **$75 million**
- Defendants themselves proposed litigation strategies designed to recover from available insurance coverage

These allegations are more than sufficient to satisfy the pleading standard.

---

### IV. THE COMPLAINT PLAUSIBLY ALLEGES PARTNER-LEVEL SUPERVISORY NEGLIGENCE

The Amended Complaint alleges that:

- repeated warnings about attorney Virgil's failures were sent not only to Virgil but also to other ZNC partners
- supervising attorneys were aware of these issues
- despite that knowledge, no corrective action was taken

Law firm partners may be liable where they have supervisory authority and fail to address known misconduct.

These allegations plausibly establish supervisory liability and are sufficient at the pleading stage.

### V. THE BREACH OF FIDUCIARY DUTY CLAIM IS NOT DUPLICATIVE

Defendants argue that the fiduciary duty claim duplicates the malpractice claim.

New York courts reject that argument where the claim involves breaches of loyalty or conflicts of interest.

See

**Ulico Casualty Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker**, 56 A.D.3d 1 (1st Dept. 2008).

The Amended Complaint alleges that Defendants:

- pressured Plaintiff to accept a settlement that benefited Defendants' conflicts
- failed to disclose material information regarding the status of the litigation
- continued representation despite internal awareness of serious professional failures

These allegations involve breaches of loyalty and fiduciary obligations beyond ordinary negligence.

## VI. THE CONTINUOUS REPRESENTATION DOCTRINE TOLLS ANY LIMITATIONS PERIOD

Under New York law, the statute of limitations for legal malpractice is tolled where the attorney continues to represent the client in the same matter.

**Shumsky v. Eisenstein**, 96 N.Y.2d 164 (2001).

The Amended Complaint alleges that Defendants continued representing Plaintiff while attempting to address the consequences of earlier errors, including appellate proceedings.

Those allegations plausibly invoke the continuous representation doctrine.

## VII. POST-DEFAULT CONDUCT CREATED ADDITIONAL HARM

The Amended Complaint further alleges that after the default occurred, Defendants:

- pursued appellate remedies that were not procedurally viable
- represented that further appellate review was available

These actions delayed Plaintiff's ability to pursue alternative remedies and caused additional damage.

Such conduct provides an additional basis for liability.

## VIII. DISCOVERY IS NECESSARY TO RESOLVE KEY FACTUAL ISSUES

Critical facts regarding Defendants' conduct remain within Defendants' exclusive possession, including:

- internal law firm communications
- supervisory discussions
- decisions regarding litigation strategy
- communications regarding settlement strategy

Dismissal prior to discovery would therefore be improper.

## IX. THE AMENDED COMPLAINT DOES NOT VIOLATE THE COURT'S PRIOR ORDER AND, IN ANY EVENT, LEAVE TO AMEND SHOULD BE GRANTED

Defendants argue that Plaintiff exceeded the scope of the Court's prior order by including breach of fiduciary duty claims against individual defendants. That argument fails for several reasons.

First, the Amended Complaint does not introduce a fundamentally new claim but rather clarifies and expands allegations already present in the original pleading concerning the conduct of individual ZNC partners who were copied on communications and allegedly aware of the failures giving rise to this litigation. Courts routinely permit amendments that elaborate on previously asserted theories of liability.

Second, pleadings filed by pro se litigants must be construed liberally and interpreted to raise the strongest claims they suggest. **Triestman v. Federal Bureau of Prisons**, 470 F.3d 471, 474 (2d Cir. 2006).

Third, even if the Court were to determine that the amendment exceeded the scope of the prior order, the proper remedy would not be dismissal with prejudice but rather granting leave to amend. Federal Rule of Civil Procedure 15(a)(2) provides that courts should freely grant leave to amend when justice so requires. The Supreme Court has emphasized that leave should be denied only in cases of undue delay, bad faith, or prejudice. **Foman v. Davis**, 371 U.S. 178, 182 (1962).

Here, there is no prejudice to Defendants. The allegations arise from the same nucleus of facts already at issue in the case and involve individuals who were already parties to the litigation.

Accordingly, to the extent the Court determines that the Amended Complaint exceeded the scope of the prior amendment order, Plaintiff respectfully requests leave to amend nunc pro tunc pursuant to Rule 15(a)(2).

**X. The Amended Complaint Alleges a Pattern of Documented Misrepresentations and Neglect**

The Amended Complaint alleges a sustained pattern of professional misconduct by Defendants that culminated in the default of Plaintiff's underlying litigation.

Specifically, Plaintiff alleges that Defendants repeatedly failed to respond to communications from multiple sources, including:

- Plaintiff himself;

- Plaintiff's other counsel;

- opposing counsel; and

- court docket activity reflecting critical litigation deadlines.

Despite these warnings, Defendants allegedly failed to take corrective action.

The Amended Complaint further alleges that these failures were not limited to a single attorney but were communicated to supervising partners within the firm. Those partners were copied on numerous communications describing the ongoing failures yet did not intervene.

After the default occurred, Defendants allegedly compounded the harm by providing misleading explanations regarding the status of the litigation and the availability of appellate remedies.

These allegations, accepted as true at the pleading stage, plausibly establish a pattern of professional neglect and misrepresentation sufficient to support Plaintiff's claims.

## X. Defendants' Insurance Disclosures Illustrate the Need for Discovery

Defendants' handling of insurance disclosures in this matter illustrates why discovery is necessary to resolve factual disputes raised by their motion.

Early in this litigation, Defendants agreed to disclose their insurance information pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).

Teman v. ZNC - Opposition to Pl…

However, rather than producing the full policy as contemplated by the parties' agreement and the rule, Defendants initially provided only a declarations page.

Plaintiff thereafter sent multiple reminders requesting compliance with the agreement and the production of the full policy. Despite those reminders, Defendants did not produce the full policy until after Plaintiff was required to file a motion to compel. Even then, Defendants produced only a single policy and asserted that no other policies were applicable to the claims at issue.

The sequence of events required unnecessary motion practice and demonstrates the difficulty Plaintiff has faced in obtaining basic information necessary to evaluate insurance coverage and the scope of Defendants' potential liability. These issues are particularly significant in a professional malpractice case involving multiple alleged acts and multiple attorneys within the same firm.

At this stage of the litigation, the Court must accept the well-pleaded allegations of the Amended Complaint as true and draw all reasonable inferences in Plaintiff's favor. Defendants' motion, however, seeks to resolve factual issues concerning the scope of the representation, the relationship between multiple matters handled by Defendants, and the conduct of individual attorneys and supervising partners.

The circumstances surrounding Defendants' insurance disclosures underscore that key information regarding Defendants' conduct, internal communications, supervision of the representation, and insurance reporting remains within Defendants' exclusive

possession. These issues cannot properly be resolved on a motion to dismiss and instead require discovery.

Accordingly, the Court should decline Defendants' invitation to resolve disputed factual issues at the pleading stage and permit the case to proceed to discovery.

**CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss should be denied in its entirety.

At minimum, if the Court determines that any portion of the Amended Complaint requires clarification, Plaintiff respectfully requests leave to amend pursuant to Rule 15(a)(2).

Respectfully submitted,

/s/ Ari Baruch Teman
Ari Baruch Teman
Plaintiff, Pro Se

Dated: March 8, 2026
      Tel Aviv, Israel (Mail: 1521 Alton Road #888, Miami Beach, Florida 33139,
      Telephone: 212-203-3714 Email: ari@teman.com )

**TABLE OF AUTHORITIES**

**Cases**

Ashcroft v. Iqbal,
 556 U.S. 662 (2009) ..................................................... 4

Bell Atl. Corp. v. Twombly,
 550 U.S. 544 (2007) ..................................................... 4

Chambers v. Time Warner, Inc.,
 282 F.3d 147 (2d Cir. 2002) ........................................ 4

Global Network Communications, Inc. v. City of New York,
 458 F.3d 150 (2d Cir. 2006) ........................................ 5

Nomura Asset Capital Corp. v. Cadwalader, Wickersham & Taft LLP,
 26 N.Y.3d 40 (2015) .................................................. 6

Rudolf v. Shayne, Dachs, Stanisci, Corker & Sauer,
 8 N.Y.3d 438 (2007) .................................................. 5

Shumsky v. Eisenstein,
 96 N.Y.2d 164 (2001) ................................................ 7

Ulico Casualty Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker,
 56 A.D.3d 1 (1st Dep't 2008) ...................................... 7

Williamson v. PricewaterhouseCoopers LLP,
 9 N.Y.3d 1 (2007) ..................................................... 7

## Statutes / Rules

Federal Rule of Civil Procedure 12(b)(6) .................... 4

Federal Rule of Civil Procedure 8(a) ........................... 4

**CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of March, 2026, I filed the foregoing Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint with the Clerk of the Court for the United States District Court for the Southern District of New York by submitting the document through the Court's Temporary Pro Se Electronic Filing system ("TempProSe").

I further certify that on the same date a true and correct copy of the foregoing document was served via electronic mail upon counsel for Defendants, including:

    Cristina R. Yannucci, Esq.
        Cristina.Yannucci@lewisbrisbois.com
    Sam Cohen, Esq.
        Sam.Cohen@lewisbrisbois.com

I certify under penalty of perjury that the foregoing is true and correct.

Dated: March 8, 2026


/s/ Ari Baruch Teman
_____

Ari Baruch Teman
Plaintiff, Pro Se
Email: ari@teman.com
Telephone: 212-203-3714