**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**ARI TEMAN,** Plaintiff,

v.

**ZELDES NEEDLE COOPER LLP, JEREMY VIRGIL, et al.,** Defendants.

                                        **Case No. 1:24-cv-09830 (LJL)**

---

**PLAINTIFF'S NOTICE OF INTENT TO SERVE SUBPOENA TO PRODUCE DOCUMENTS AND TESTIFY AT DEPOSITION**

**PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Ari Teman intends to serve the attached Subpoena to Produce Documents and Testify at Deposition (the "Subpoena") upon non-party **Jason T. Prueher, Esq.** on or after **March 19, 2026**.

The Subpoena commands Mr. Prueher to produce the documents and electronically stored information identified in **Schedule A** and to appear for a video-recorded deposition regarding the topics identified in **Schedule B**.

As required by Fed. R. Civ. P. 45(a)(4), a true and correct copy of the Subpoena is attached to this Notice.

**DATED:** March 15, 2026

**Respectfully submitted,**

*/s/ Ari B. Teman*
**Ari B. Teman**
Plaintiff, Pro Se
ari@teman.com
781-718-3375

---

Case No. 1:24-cv-09830 (LJL)

**CERTIFICATE OF SERVICE**

I hereby certify that on **March 15, 2026**, I served a true and correct copy of the foregoing **Notice of Intent to Serve Subpoena**, along with the **Subpoena and Schedules A and B**, upon counsel of record for Defendants via the Court's CM/ECF system (viaTempProSe email) and/or email.

*/s/ Ari B. Teman*
**Ari B. Teman**
Plaintiff, Pro Se

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❏ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
|---|---|
|  | OR |
| _____ <br> *Signature of Clerk or Deputy Clerk* | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
_____ District of _____

|  |  |
|---|---|
| _____<br>*Plaintiff*<br>v.<br>_____<br>*Defendant* | )<br>)<br>)  Civil Action No.<br>)<br>)<br>) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
_____
*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|   |   |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

**ARI TEMAN,** Plaintiff,

v.

**ZELDES NEEDLE COOPER LLP, JEREMY VIRGIL, et al.,** Defendants.

**Case No. 1:24-cv-09830 (LJL)**

---

## RULE 45 SUBPOENA TO PRODUCE DOCUMENTS AND TESTIFY AT DEPOSITION

**TO: Jason T. Prueher, Esq.**

**YOU ARE COMMANDED** pursuant to Rule 45 of the Federal Rules of Civil Procedure to produce the documents, electronically stored information, or objects described in **Schedule A** and to appear for a video deposition regarding the matters described in **Schedule B**.

- **PLACE OF DEPOSITION:** Office of Jason T. Prueher (Gould Law) 900 Grand Ave #1
- New Haven, CT 06511
- **DATE AND TIME:** April 13, 2026 at 9:00 AM ET
- **PRODUCTION OF DOCUMENTS:** Responsive documents shall be produced electronically within 14 days of service of this subpoena, unless another date is mutually agreed upon.
- **METHOD:** The deposition shall be recorded by both stenographic and video means. A videographer and/or court reporter will be present at the place of the deposition.

---

## DEFINITIONS AND INSTRUCTIONS

1. **"Teman Matters"** refers to all legal matters in which Zeldes Needle Cooper LLP ("ZNC") or Jeremy Virgil represented Ari Teman, including but not limited to: *PATH / Braverman litigation*; *Silver Hill litigation*; *Buch v. Teman*; *U.S. v. Teman*; and any related litigation, appeals, or proceedings .

2. **"ZNC"** means Zeldes Needle Cooper LLP, including all partners, associates, employees, contractors, and agents.

3. **"Document"** and **"Communication"** shall be construed broadly and include emails, attachments, text messages, messaging applications, calendar entries, docket notifications, internal memoranda, billing

entries, and electronically stored information (ESI).

4. **Search Obligation:** These requests include documents stored on firm computers, personal computers, mobile phones, tablets, and personal email accounts (e.g., *prueher76@gmail.com*) used for work communications .

5. **Privilege Log:** If any document is withheld based on privilege, a privilege log must be produced identifying the date, author, recipients, subject matter, and privilege claimed .

---

## SCHEDULE A: DOCUMENTS TO BE PRODUCED

1. All documents relating to the representation of Ari Teman by ZNC, including the PATH / Braverman litigation, the Silver Hill litigation, *Buch v. Teman*, and *U.S. v. Teman*.
2. All communications between you and Jeremy Virgil, Maximino Medina, or any partner of ZNC relating to any Teman Matter.
3. All communications between you and Ari Teman relating to the Teman Matters, including all apologies, acknowledgments of error, or statements regarding the firm's handling of the litigation.
4. All communications between you and opposing counsel in the PATH / Braverman or Silver Hill litigation.
5. All communications between you and outside counsel representing Ari Teman or his affiliated entities, including GateGuard, PropertyPanel, Friend or Fraud, 12gurus, or JCorps.
6. All documents reflecting internal discussions within ZNC regarding the Teman Matters.
7. All documents reflecting concerns, complaints, warnings, or discussions regarding Jeremy Virgil's handling of the Teman Matters.
8. All documents reflecting missed deadlines, failure to respond to filings, or defaults in any Teman Matter.
9. All documents reflecting when you first became aware of the default entered in litigation involving Ari Teman.
10. All documents reflecting discussions within ZNC following the default.
11. All documents reflecting supervision of Jeremy Virgil by partners or supervisors within ZNC.
12. All documents describing firm policies regarding supervision, docket monitoring, and deadline tracking.
13. All documents reflecting communications failures between ZNC and Ari Teman, including unanswered emails.
14. All documents reflecting communications failures between ZNC and opposing counsel in the Teman Matters.
15. All documents reflecting communications failures between ZNC and outside counsel representing Ari Teman.

16. All documents reflecting internal discussions within ZNC regarding the *New York Post* article concerning the PATH / Braverman litigation.

17. All documents reflecting any apology, acknowledgement, or statement by you regarding the handling of the Teman Matters.

18. All documents relating to your departure from ZNC, to the extent those documents reference Ari Teman, the Teman Matters, or the handling of litigation involving Ari Teman.

19. All documents and communications between you and ZNC, or counsel representing ZNC, related to your departure, resignation, or termination from the firm.

20. All drafts of departure agreements, severance agreements, or settlement agreements between you and ZNC.

21. All correspondence between you and ZNC (or their counsel) referencing the circumstances of your exit.

22. All documents reflecting relationships, conflicts, financial connections, or interactions between ZNC and Silver Hill Hospital, Dr. Eric Braverman, PATH Medical, affiliated entities, donors, or board members.

23. All documents reflecting any internal discussions within ZNC regarding potential malpractice exposure relating to the Teman Matters.

24. All documents reflecting communications between ZNC and any professional liability insurer relating to the Teman Matters.

25. All documents reflecting whether the PATH / Braverman matter and the Silver Hill matter were treated as separate matters within ZNC.

26. All documents reflecting internal matter numbers or file numbers assigned by ZNC to the Teman Matters.

27. All documents reflecting discussions within ZNC regarding coordination or consolidation of the *Buch* litigation with the PATH / Braverman litigation.

28. All documents reflecting any internal investigation conducted by ZNC regarding the handling of the Teman Matters.

29. All logs, history reports, or records from PACER, CM/ECF, or internal firm document management systems reflecting your searches, logins, or views of the Silver Hill litigation or PATH/Braverman litigation filings.

30. All documents or ESI downloaded, saved, or printed from the court dockets in the Teman Matters, including all associated metadata reflecting the date and time of the download.

31. All communications, including emails or text messages, sent or received after the settlement of the Silver Hill matter referencing the outcome, settlement terms, or your assessment of the case.

32. All documents reflecting complaints, concerns, or warnings received by you or ZNC from any client, attorney, judge, or legal professional regarding ZNC's professional conduct.

33. All documents reflecting legal malpractice, errors and omissions (E&O), or similar insurance claims made by ZNC to its carriers of which you have knowledge.

34. All documents reflecting settlements, credits, or fee waivers provided by ZNC to clients in response to allegations of malpractice or professional errors.

35. All documents and communications reflecting knowledge of Jeremy Virgil's personal or professional conduct that interfered with work performance, including gambling habits, infidelity, alcohol use, anger management, mental health issues, disputes with counsel, or failures to show up at work.

36. All documents reflecting Jeremy Virgil permitting clients or other individuals to sleep or reside on his office floor or within the premises of ZNC.

37. All documents and communications involving Judge Paul Engelmayer or anyone in his chambers relating to the Teman Matters or other ZNC litigation.

38. All documents reflecting ethics violations, conflicts of interest, or professional misconduct allegations involving Maximino Medina.

39. Any and all outside counsel retained in relation to your termination or quitting.

40. All documents reflecting work performed by you relating to the PATH/Braverman or Silver Hill matters.

41. All audit logs or metadata reports from ZNC's docketing software (e.g., Compulaw, Clio, ProLaw) showing when deadlines for the Teman Matters were entered, modified, or deleted.

42. All documents reflecting "coverage" instructions or "out of office" memos authored by you or Jeremy Virgil regarding the Teman Matters.

43. All communications reflecting concerns that the Teman Matters were not being adequately monitored during attorney absences or following your departure.

---

## SCHEDULE B: DEPOSITION TOPICS

1.  Your role, work performed, and specific responsibilities in the Teman Matters.

2.  Your involvement in the PATH / Braverman litigation.

3.  Your involvement in the Silver Hill litigation.

4.  Your involvement in *Buch v. Teman*.

5.  Your involvement in *U.S. v. Teman*.

6.  Supervision of Jeremy Virgil within ZNC and the partners responsible for monitoring his work.

7.  Which specific partners supervised Virgil's work relating to Ari Teman.

8.  When and how you first became aware of the default entered in litigation involving Ari Teman.

9.  Internal discussions and "crisis management" within ZNC following the discovery of defaults.

10. Communications between ZNC and Ari Teman, including responses or lack thereof.

11. Communications between ZNC and opposing counsel in the Teman Matters.

12. ZNC's policies and systems regarding docket monitoring, calendaring, and litigation supervision.

13. Internal concerns, warnings, or complaints regarding Virgil's handling of the Teman Matters.

14. All statements, apologies, or admissions you made regarding the handling of the Teman Matters.

15. The specific circumstances of your departure from ZNC.

16. Whether you were fired, quit, or resigned under pressure.

17. Any connection between your departure and the management of the Teman Matters.

18. Any communications between ZNC partners or their counsel regarding your exit.

19. Any conflicts of interest, financial connections, or relationships between ZNC and Silver Hill Hospital, Dr. Eric Braverman, or PATH Medical.

20. Discussions within ZNC regarding the *New York Post* article relating to the Teman litigation.

21. Any discussions within ZNC regarding potential malpractice exposure or insurance reporting relating to the Teman Matters.

22. Your monitoring of the Silver Hill litigation and court docket following your departure from ZNC.

23. Your knowledge of complaints made by clients, judges, or other legal professionals against ZNC or Jeremy Virgil.

24. Internal firm knowledge of malpractice claims, E&O notices, or settlements paid by ZNC to clients alleging errors.

25. Knowledge of Jeremy Virgil's personal conduct—including gambling, infidelity, alcohol use, or mental health—and its impact on his work performance or attendance.

26. Observations of Virgil having clients or other individuals sleep on his office floor.

27. All knowledge and interactions with Judge Paul Engelmayer and/or anyone in his chambers.

28. Any ethics violations, professional conflicts, or misconduct allegations related to Maximino Medina.

29. Identification of all individuals who worked on the Teman Matters.

30. Identification of all outside counsel retained in relation to your departure.

31. zNC's practices for handling active litigation files when the primary attorney was on vacation or departing the firm.

32. Whether any specific person was tasked with monitoring the CM/ECF docket for the Silver Hill or PATH/Braverman matters during the transition period of your departure

---

**DATED:** March 15, 2026

**Respectfully submitted,**

*/s/ Ari B. Teman*
**Ari B. Teman**
Plaintiff, Pro Se
ari@teman.com

Case No. 1:24-cv-09830 (LJL)