UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARI BARUCH TEMAN,

                                                                                Civil Action No.: 1:24-CV-09830

                                                    Plaintiff,

                                                                                Hon. Lewis J. Liman, D.J.

                      - against -

ZELDES NEEDLE COOPER LLP, JEREMY VIRGIL,
MAXIMINO MEDINA, RICHARD A. SARNER,
EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO,
SABATO "SAM" P. FIANO, RICHARD D. ZEISLER,
MARIE A. CASPER, ROBERT S. COOPER, LISA C.
DUMOND, and DOES 1-10,

                                                    Defendants.

-------------------------------------------------------------------X

### RELY MEMORANDUM OF LAW SUBMITTED
### ON BEHALF OF ALL DEFENDANTS IN SUPPORT OF THEIR
### MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT


### LEWIS BRISBOIS BISGAARD & SMITH LLP

Cristina Yannucci, Esq.
*Attorneys for Defendants*
*ZELDES, NEEDLE & COOPER, P.C., JEREMY*
*VIRGIL, MAXIMINO MEDINA, RICHARD A.*
*SARNER, EDWARD R. SCOFIELD, LORI A.*
*DASILVA-FIANO, SABATO "SAM" P. FIANO,*
*RICHARD D. ZEISLER, MARIE A. CASPER,*
*ROBERT S. COOPER, and LISA C. DUMOND*
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Phone: (212) 232-1412
Email: cristina.yannucci@lewisbrisbois.com
File No. 47558.92

i

# TABLE OF CONTENTS

**Page**

**REPLY ARGUMENT**…………………………………………………………………2

**POINT I:  THE AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS WITH PREJUDICE**...............2

**POINT II: PLAINTIFF'S BREACH OF FIDUCIARY DUTY CLAIM FAILS**……………..6

**POINT III**: **NO DISCOVERY IS REQUIRED TO RESOLVE THIS MOTION**……………7

**CONCLUSION**……………………………………………………………………..9

**CERTIFICATE OF COMPLIANCE**………………………………………………….11

**CERTIFICATE OF SERVICE**…………………………………………………....12

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Foman v. Davis*,
     371 U.S. 178, 182 (1962)……………………………………………………5, 6

*Lucente v. Int'l Bus. Machs. Corp.*,
     310 F.3d 243, 258 (2d Cir. 2002)……………………………………………5

*Nordwind v. Rowland*,
     584 F.3d 420, 433–34 (2d Cir. 2009)…………………………………………...8

*Weider Health & Fitness v. Austex Oil Ltd.*,
     No. 17CV2089RMBOTW, 2018 WL 6625072, at *6 (S.D.N.Y. Sept. 30, 2018), *report and recommendation adopted*, No. 17CIV2089RMBOTW, 2018 WL 5919521 (S.D.N.Y. Nov. 13, 2018)……………………………………………………………..5

**State Cases**

*Beltrone v. Gen. Schuyler & Co.,*
     636 N.Y.S.3d 917, 939 (3rd Dep't 1996)…………………………………………..5

*Ulico Casualty Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker,*
     56 A.D.3d 1 (1st Dept. 2008)……………………………………………6, 7, 8

**Federal Rules**

FRCP 12(b)(6)…………………………………………………………………..1, 5, 9

FRCP 15(a)(2)…………………………………………………………………..1, 9

This Reply Memorandum of Law is submitted on behalf of Defendants ZELDES, NEEDLE & COOPER, P.C. (i/s/h/a Zeldes Needle Cooper LLP) ("ZNC"), JEREMY VIRGIL ("Virgil"), MAXIMINO MEDINA, RICHARD SARNER, EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO, SABATO "SAM" P. FIANO, RICHARD D. ZEISLER, MARIE A. CASPER, ROBERT S. COOPER, and LISA C. DUMOND (Medina, Sarner, Scofield, DaSilva-Fiano, Fiano, Zeisler, Casper, Cooper, and Dumond, collectively referred to as "Individually Named Defendants," and with ZNC and Virgil, collectively, "Defendants"), by and through their attorneys, LEWIS BRISBOIS BISGAARD & SMITH, LLP, in response to Plaintiff ARI BARUCH TEMAN's ("Plaintiff") Opposition[1] and in further support of Defendants' original Motion[2] seeking an Order: (a) dismissing the Amended Complaint in its entirety as against the Individually Named Defendants pursuant to the Federal Rules of Civil Procedure ("FRCP") 15(a)(2), as the claim sounding in breach of fiduciary duty is improperly amended against the Individually Named Defendants without leave of the Court; (b) dismissing the breach of fiduciary duty cause of action in its entirety with prejudice as against all Defendants pursuant to FRCP12(b)(6), as Plaintiff fails to state a claim upon which relief can be granted; and, (c) granting such other and further relief as this Court deems just and proper.

As demonstrated below, Plaintiff's Opposition underscores the impropriety and insufficiency of his Amended Complaint. Rather than set forth facts to try to amend his surviving legal malpractice claim against the Individually Named Defendants, Plaintiff offers theories, supposition, and vague references to other proceedings to justify asserting an amended breach of

---

[1] Plaintiff's opposition consists of "Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Complaint," dated and filed March 8, 2026 ("Plaintiff's Opposition") (ECF Doc. No. 44).

[2] Defendants' original moving papers consist of the Declaration of Cristina Yannucci, Esq. ("Yannucci Decl.") (ECF Doc. No. 41) and all exhibits attached thereto, and Defendants' Memorandum of Law in Support ("Defendants' MOL," collectively with the Yannucci Decl., "Defendants' Motion") (ECF Doc. No. 43), both dated and filed March 6, 2026.

fiduciary duty claim, none of which are sufficient as a matter of law to permit the amendment.

In particular, Plaintiff fails to delineate facts demonstrating the involvement of each of the Individually Named Defendants relative to Plaintiff's legal malpractice and breach of fiduciary duty claims. Furthermore, the amended breach of fiduciary duty claim not only violates this Court's December 31, 2025 Order, as it was asserted against the Individually Named Defendants without leave of the Court, but it otherwise fails to sufficiently plead a claim upon which relief may be granted as a matter of law. Accordingly, it is respectfully submitted that Defendants' Motion should be granted in full, the Amended Complaint should be dismissed in its entirety as against the Individually Named Defendants with prejudice, and the amended breach of fiduciary duty cause of action must be dismissed in its entirety against all Defendants with prejudice.

## REPLY ARGUMENT

**POINT I**:    **THE AMENDED COMPLAINT SHOULD BE DISMISSED AS AGAINST THE INDIVIDUALLY NAMED DEFENDANTS WITH PREJUDICE**

This Court, in its December 31, 2025 Order, only granted Plaintiff leave to replead his legal malpractice claim against the Individually Named Defendants with greater specificity. (Yannucci Decl., Ex. B at pp. 35-36). However, Plaintiff re-pled his dismissed breach of fiduciary duty claim against the Individually Named Defendants without leave of the Court. (Yannucci Decl., Ex. A).

In response to Defendants' Motion, Plaintiff disputes that he "exceeded the scope of the Court's December 31, 2025 Order" and claims that his Amended Complaint "clarifies and expands allegations already present in the original pleading concerning the conduct of individual ZNC partners who were copied on communications and allegedly aware of the failures giving rise to this litigation." (Plaintiff's Opposition, pp. 6-7). This argument fails for many reasons.

First, in both Plaintiff's Amended Complaint and Opposition, the amended breach of

fiduciary duty cause of action is asserted against all "Defendants" (Yannucci Decl., Ex. A; Plaintiff's Opposition, p. 4) in violation of this Court's December 31, 2025 Order, which granted Plaintiff limited leave to amend his legal malpractice claim as against the Individually Named Defendants *only*. (Yannucci Decl., Ex. B at p. 35). Accordingly, since the amended breach of fiduciary duty cause of action was pled against the Individually Named Defendants without leave of the Court or good cause, it should therefore be dismissed with prejudice.

Second, to the extent Plaintiff, by his Opposition, now attempts to wrap the Individually Named Defendants into his legal malpractice pleading (Plaintiff's MOL, pp. 3-4), there exists no factual basis to permit such an amendment. Plaintiff argues that the "Complaint Plausibly Alleges Partner-Level Supervisory Negligence." (Plaintiff's MOL at p. 4). In this regard, Plaintiff submits that his amended legal malpractice claim concerns "multiple distinct disputes and engagements, including litigation relating to:" (1) "the PATH/Braverman malpractice matter;" (2) "the Silver Hill dispute;" (3) matters involving U.S. v. Teman;" and (4) "matters involving Buch v. Teman." (Plaintiff's Opposition at p. 3). Yet, Plaintiff provides no citation to the Amended Complaint in support of this representation. Indeed, the Amended Complaint does not reference or define the *U.S. v. Teman* or *Buch v. Teman* matters (Yannucci Decl., Ex. A, *passim*), nor does it offer any allegations of legal malpractice against Defendants regarding "the Silver Hill dispute." (*Id.*).

Instead, Plaintiff only alleges in the Amended Complaint that because certain Defendants were copied to communications regarding Silver Hill Hospital, they were placed on "actual notice of material risks to Plaintiff's claims" concerning "the related New York medical malpractice action," namely, the Underlying Action. (Yannucci Decl., Ex. A at § III. ¶ 21). By referencing other litigations, Plaintiff does not cure his pleading deficiencies relative to allegations asserted against the Individually Named Defendants concerning the Underlying Action. (Yannucci Decl., Ex. A).

3

Regarding his legal malpractice cause of action, Plaintiff's alleges in his Opposition that Defendants: (1) "failed to respond to court filings and docket activity;" (2) "ignored repeated communications warning of the risk of default;" (3) "failed to take corrective action despite notice to supervising partners; and (4) "allowed a default to be entered in significant litigation." (Plaintiff's Opposition, p. 3). These allegations all pertain solely to the Underlying Action.

To justify asserting an amended breach of fiduciary duty cause of action in the Amended Complaint, Plaintiff alleges that ZNC partners were "copied on emails concerning discovery, depositions, and case status" (Yannucci Decl., Ex. A at § III, ¶ 11) and that various partial communications annexed to his Amended Complaint "establish actual, firm-wide notice and internal discussion among ZNC and the ZNC Attorney Defendants." (*Id.* at § III, ¶ 14). Relying upon these assertions in his Opposition, Plaintiff now argues that "warnings about Virgil's failures were sent […] to other ZNC partners," "supervising attorneys were aware," and that such conclusory assertions "plausibly establish supervisory liability." (Plaintiff's Opposition, p. 4).

Not only are Plaintiff's instant claims impermissibly vague and devoid of factual detail, but as recognized previously by this Court, Plaintiff's argument for a "broad rule of law that would hold all members of firm liable when any one of them commits an act that constitutes malpractice" has no basis in law. (Yannucci Decl., Ex. B at p. 34). Plaintiff's attempt to plead active participation and supervision based solely on allegations that the Individually Named Defendants "were copied on communications [regarding separate proceedings] and allegedly aware of the failures giving rise to this litigation" (Plaintiff's Opposition, p. 6) remains insufficient as a matter of law. "In the absence of any basis for a plaintiff's speculative belief that members of a professional corporation supervised others or personally participated in the questioned actions with them, dismissal of a malpractice claim at the pleadings stage is appropriate." (Yannucci Decl., Ex. B at p. 35, quoting

*Beltrone v. Gen. Schuyler & Co.,* 636 N.Y.S.3d 917, 939 (3rd Dep't 1996)). Just as Plaintiff failed to sufficiently plead a legal malpractice claim against the Individually Named Defendants in the original Complaint, nothing provided in Plaintiff's amendment or Opposition cures this defect.

Third, Plaintiff submits that "pleadings filed by pro se litigants must be construed liberally." Such an argument ignores the well-founded rule that "[w]here a party opposes leave to amend on "futility" grounds, the appropriate legal standard is whether the proposed complaint fails to state a claim, the traditional Fed. R. Civ. P. 12(b) standard." *Weider Health & Fitness v. Austex Oil Ltd.*, No. 17CV2089RMBOTW, 2018 WL 6625072, at *6 (S.D.N.Y. Sept. 30, 2018), *report and recommendation adopted*, No. 17CIV2089RMBOTW, 2018 WL 5919521 (S.D.N.Y. Nov. 13, 2018). *See Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Notably, this Court previously dismissed the original Complaint against the Individually Named Defendants as Plaintiff "only ma[de] conclusory allegations that these attorneys 'actively assisted or facilitated the [alleged] misconduct and fraud.'" (Yannucci Decl., Ex. B at pp. 35). As detailed by Defendants' Motion, Plaintiff's "amendment" remains conclusory and deficient, and nothing in Plaintiff's Opposition warrants a different conclusion.

Finally, Plaintiff argues that "even if the Court were to determine that the amendment exceeded the scope of the prior order" he should be "grant[ed] leave to amend" his pleading *nunc pro tunc*. (Plaintiff's Opposition, p. 6). In support, Plaintiff relies upon *Foman v. Davis*, 371 U.S. 178, 182 (1962) to argue that "leave should be denied only in cases of undue delay, bad faith, or prejudice." (Plaintiff's MOL, at p. 6). However, the Supreme Court in *Foman* did not provide the broad rule that leave to amend should be granted *nunc pro tunc* where there is no undue delay, bad faith or prejudice. Instead, the *Foman* Court expressly held that "the grant or denial of an

5

opportunity to amend is within the discretion of the District Court," and only reversed the District Court's denial of the underlying plaintiff's leave to amend because it did not provide a "justifying reason" for the denial. *Foman v. Davis*, 371 U.S. 178, 182, 83 (1962). Notably, the *Foman* Court held that "futility of amendment" was a sufficient reason for a District Court to deny leave to amend. As detailed herein, Plaintiff's amendment as asserted against the Individually Named Defendants is conclusory, deficiently pled, and fails as a matter of law. *Id*.

Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice as against the Individually Named Defendants, as it violates the Court's December 31, 2025 Order and otherwise fails to state a cause of action upon which relief can be granted.

**POINT II**:    **THE AMENDED BREACH OF FIDUCIARY DUTY CLAIM FAILS**

Should this Court decline to dismiss the breach of fiduciary duty cause of action against the Individually Named Defendants because Plaintiff filed an improper amendment without leave of the Court, Plaintiff's amended breach of fiduciary duty claim should nevertheless be dismissed in its entirety against all Defendants with prejudice, as it is redundant of the legal malpractice cause of action and otherwise fails to sufficiently state a cause of action for which relief can be granted.

Plaintiff argues that his amended breach of fiduciary duty claim is not duplicative of his legal malpractice claim because "New York courts reject that argument where the claim involves breaches of loyalty or conflicts of interest." (Plaintiff's Opposition, pp. 4-5). Relying upon *Ulico Casualty Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 A.D.3d 1 (1st Dept. 2008) (Plaintiff's Opposition, p. 4), Plaintiff's Opposition offers that his breach claim is not redundant of his legal malpractice claim based upon the following assertions: Defendants (1) "pressured Plaintiff to accept a settlement that benefitted Defendants' conflicts"; (2) "failed to disclose material information regarding the status of the litigation"; and (3) "continued representation

6

despite internal awareness of serious professional failures." (Plaintiff's Opposition, p. 4).[3]

As a preliminary matter, these assertions are not set forth by the Amended Complaint. (Yannucci Decl., Ex. A, *passim*). However, even if such allegations were considered, the *Ulico Casualty Co.* Court did not set forth a broad rule that such conclusory allegations concerning breaches of loyalty and/or conflicts of interest may stand as a separate cause of action from a legal malpractice cause of action. Instead, the Court in *Ulico Casualty Co.* held in *that* instance, the breach of fiduciary duty claim was distinct because it "relate[d] to defendant's action in helping [a party] set up a competing business, whereas the [legal] malpractice claim relate[d] to [the defendant's] handling of the claim as plaintiff's counsel." *Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelman & Dicker*, 56 A.D.3d 1, 9 (1st Dept. 2008). The same cannot be said here.

The averments set forth in Plaintiff's Opposition regarding his breach claim are expressly related to and duplicative of his legal malpractice claim because they challenge the Defendants' handling of the Underlying Action. As this Court explained in its December 31, 2025 Order, such allegations are "redundant of [Plaintiff's] legal malpractice claim" and "cannot be pled as a breach of fiduciary duty" cause of action because they are "based on [Plaintiff's] [legal malpractice] allegation[s] that Defendants willfully ignored critical docket entries, failed to respond to opposing counsel and to Plaintiff, and allowed the case to default." (Yannucci Decl., Ex. B at pp. 12-16).

This conclusion remains true, especially given that Plaintiff's breach of fiduciary duty

---

[3] The instant lawsuit solely concerns Defendants' legal representation of Plaintiff in a lawsuit captioned *Ari Teman v. Eric Braverman, Richard Smayda, Sandip Buch, Path Medical, P.C., Darya Braverman, Total Health Nutrients*, venued in the Supreme Court of the State of New York, County of New York, and bearing Index No. 805410/2014 ("Underlying Action"). (Yannucci Decl., Ex. B at p. 2). In the Amended Complaint, Plaintiff asserts that Defendants' alleged conduct "allow[ed] the Underlying Action to default for failure to prosecute," but does not allege there was any settlement in the Underlying Action. (Yannucci Decl., Ex. A at § III., ¶ 17). There is no allegation in the Amended Complaint that Defendants pressured Plaintiff into accepting a settlement that benefited Defendants and/or an unidentified third-party at the expense of Plaintiff's interests. (Yannucci Decl., Ex. A, *passim*).

cause of action seeks "compensatory damages equal to the value of the lost Underlying Action." (Yannucci Decl., Ex. A at § IV, ¶¶ 29, 30). The Second Circuit has held that "where a claim for breach of fiduciary duty is 'premised on the same facts and seeking the identical relief' as a claim for legal malpractice, the [breach claim] 'is redundant and should be dismissed.'" *Nordwind v. Rowland*, 584 F.3d 420, 433–34 (2d Cir. 2009). Accordingly, Plaintiff's amended breach claim should be dismissed with prejudice as duplicative of the legal malpractice claim.

Furthermore, even if this Court were to evaluate the breach of fiduciary duty claim as distinct from the legal malpractice claim, the amended pleading must still be dismissed. Plaintiff's summary assertions concerning breach and conflict, without more, are deficient as a matter of law. *See Ulico Cas. Co.,* 5 A.D.3d at 10 ("violation of the ethical constraint against duel representation […] [did] not, without more, support a claim for recovery of damages"). The Amended Complaint is devoid of any facts specifying how "Defendants collectively and individually failed to act, disclose, or protect Plaintiff's interests," beyond "allow[ing] the Underlying [Lawsuit] to default for failure to prosecute." (Yannucci Decl., Ex. A at § III, ¶ 18; IV, ¶ 25).

As previously held by this Court, to the extent Plaintiff's breach of fiduciary duty claim is based upon "allegedly improper personal and financial relationships Virgil and ZNC maintained with the opposing parties in the Underlying Action," such claims were dismissed as deficiently plead in a "conclusory" manner since "Plaintiff d[id] not identify what interests ZNC or Virgil had in Silver Hill Hospital or Path Medical or how [said Defendants] benefitted those entries at Plaintiff's expense." (Yannucci Decl., Ex. B at pp. 16). Neither the Amended Complaint nor Plaintiff's Opposition changes this conclusion.

Plaintiff makes no attempt to specifically allege what interests Defendants had with any third-parties, how Defendants benefited those third-parties at Plaintiff's expense, how Defendants

8

breached any fiduciary duty owed to Plaintiff, what conflicts of interest existed concerning Defendants' representation of Plaintiff, the basis of such conflicts, or any damages specifically attributed to the unspecified breaches of fiduciary duty. (Yannucci Decl., Ex. A, *passim;* Plaintiff's Opposition, *passim*). Plaintiff's failure to set forth any facts in support of his conclusory assertions regarding a breach of fiduciary duty warrants dismissal of this cause of action with prejudice.

**POINT III**:    **NO DISCOVERY IS REQUIRED TO RESOLVE THIS MOTION**

Plaintiff alleges that "[d]ismissal prior to discovery would […] be improper" because "[c]ritical facts regarding Defendants' conduct remain within Defendants' exclusive possession." (Plaintiff's Opposition at p. 5). Plaintiff provides no legal authority in support of his position.

Defendants seek dismissal of the Amended Complaint because Plaintiff failed to set forth sufficient facts against the Individually Named Defendants, filed an amended breach of fiduciary duty claim without leave of the Court, and failed to state a claim upon which relief can be granted. Because Defendants' pleading motion does not rely upon any facts outside of the Amended Complaint, no discovery is required to resolve Defendants' dismissal application. Accordingly, Plaintiff's request for additional discovery prior to resolution of the instant motion must be denied.

## CONCLUSION

For the reasons stated above, as well as in Defendants' Motion, it is respectfully requested that this Court issue an Order: (a) dismissing the Amended Complaint in its entirety as against the Individually Named Defendants pursuant to the Federal Rules of Civil Procedure ("FRCP") 15(a)(2), as the claim sounding in breach of fiduciary duty is improperly amended against the Individually Named Defendants without leave of the Court; (b) dismissing the breach of fiduciary duty cause of action in its entirety with prejudice as against all Defendants pursuant to FRCP12(b)(6), as Plaintiff fails to state a claim upon which relief can be granted; and, (c) granting

9

such other and further relief as this Court deems just and proper.

Dated: March 16, 2026
      New York, New York

                              Respectfully submitted,

                  **LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    /s/ Cristina Yannucci, Esq.
           Cristina Yannucci, Esq.
           *Attorneys for Defendants*
           *ZELDES, NEEDLE & COOPER, P.C., JEREMY VIRGIL, MAXIMINO MEDINA, RICHARD A. SARNER, EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO, SABATO "SAM" P. FIANO, RICHARD D. ZEISLER, MARIE A. CASPER, ROBERT S. COOPER, and LISA C. DUMOND*
           7 World Trade Center
           250 Greenwich Street, 11th Floor
           New York, New York 10007
           Phone: (212) 232-1412
           Email: cristina.yannucci@lewisbrisbois.com
           File No. 47558.92

## <ins>CERTIFICATE OF COMPLIANCE</ins>

I hereby certify pursuant to Local Civil Rule 7.1 of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York that the foregoing

**REPLY MEMORANDUM OF LAW SUBMITTED BY ALL DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

was prepared on a computer using Microsoft Office 365.

A proportionally spaced typeface was used, as follows:

<ins>Name of typeface</ins>: Times New Roman.

<ins>Point size</ins>: 12.

<ins>Line spacing</ins>: Double.

<ins>Word Count</ins>: The total number of words in this affirmation, inclusive of the caption,

signature block, and the certification of compliance, is **2,997** words.

Dated: New York, New York
       Mach 16, 2026

                /s/ Cristina Yannucci, Esq.
                CRISTINA YANNUCCI, ESQ.

11

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2026, a copy of the **REPLY MEMORANDUM OF LAW SUBMITTED BY AL DEFENDANTS  IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** served by electronic filing upon:

ARI TEMAN
*Pro se Plaintiff*
1521 Alton Road, #888
Miami Beach, Florida 33139
Phone: (212) 203-3714
Email: ari@teman.com

Dated: New York, New York
       March 16, 2026

/s/ Cristina R. Yannucci, Esq.

CRISTINA YANNUCCI, ESQ.

12