```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/31/2026__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ARI BARUCH TEMAN,                                                 :
                                                                  :
                            Plaintiff,                            :
                                                                  :
                                                                  :          24-cv-09830 (LJL)
            -v-                                                   :
                                                                  :          OPINION AND ORDER
ZELDES NEEDLE COOPER LLP, et al.,                                 :
                                                                  :
                            Defendants.                           :
                                                                  :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants Zeldes, Needle & Cooper, P.C. ("ZNC"), Jeremy Virgil ("Virgil"), and

Maximo Medina, Richard Sarner, Edward R. Scofield, Lori A. Dailva-Fiano, Sabato P. Fiano,

Richard D. Zeisler, Marie A. Casper, Robert S. Cooper, and Lisa C. Dumond (the "ZNC

Attorney Defendants," and collectively with ZNC and Virgil, "Defendants") move, pursuant to

Federal Rule of Civil Procedure 15(a)(2), to dismiss the amended complaint as against the ZNC

Attorney Defendants, and, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the

breach of fiduciary duty claim in the amended complaint as against all Defendants. Dkt. No. 41.

For the following reasons, the motion to dismiss is granted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff Ari Baruch Teman ("Plaintiff" or "Teman") initiated this case by complaint filed

on December 19, 2024, against ZNC, Virgil and the ZNC Attorney Defendants. Dkt. No. 1.

Plaintiff alleged that ZNC, through its partner Virgil, agreed to represent him in a medical

malpractice case in New York, New York, bearing the Index Number 805410/2014 ("Underlying

Action"), *id.* ¶¶ 1, 14; that the case was meritorious, *id.* ¶ 15; and that, by failing to monitor

critical docket entries and failing to respond to communications from opposing counsel, ZNC

1

and Virgil defaulted Plaintiff's claim in the underlying case, and committed legal malpractice, *id.* ¶ 17. Plaintiff alleged claims for legal malpractice, fraud, civil conspiracy, breach of fiduciary duty, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and unjust enrichment. *Id.* ¶¶ 23–55. Plaintiff also alleged claims under New York General Business Law § 349, New York State Civil Rights Law § 40-c, and 42 U.S.C. § 1983. *Id.* ¶¶ 38–41, 57–63. In addition to ZNC and Virgil, he named the ZNC Attorney Defendants as defendants.

Defendants moved to dismiss the complaint for failure to state a claim for relief, Dkt. No. 11, and by order of December 31, 2025 ("December 2025 Order"), the Court granted that motion in part and denied it in part, Dkt. No. 32; *Teman v. Zeldes Needle Cooper LLP*, 2025 WL 3778680 (S.D.N.Y. Dec. 31, 2025). The Court denied the motion as to the claim for legal malpractice against ZNC and Virgil. *Teman*, 2025 WL 3778680, at *4–6. The Court dismissed the remainder of Plaintiff's claims for failure to state a claim for relief. The Court dismissed Plaintiff's claim for breach of fiduciary duty without prejudice. *Id.* at *7. The Court also dismissed Plaintiff's claims against the ZNC Attorney Defendants for legal malpractice without prejudice. *Id.* at *17. It dismissed all other claims with prejudice, including all claims against the ZNC Attorney Defendants other than the claim for legal malpractice. *Id.*

The Court gave Plaintiff leave to file an Amended Complaint, consistent with the Court's order, on or before January 21, 2026. *Id.*

On January 18, 2026, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. No. 35. The FAC repeats the allegations from the complaint that he retained ZNC, through Virgil, to represent him in a medical malpractice action in New York Supreme Court, *id.* ¶¶ 8–9, that ZNC believed the action to be meritorious, *id.* ¶ 10, and that Defendants failed to monitor and respond

to critical docket entries and to correspondence from opposing counsel and Plaintiff, allowing the Underlying Action to default, and committing legal malpractice, *id.* ¶¶ 17–18.[1]  It thus alleges that ZNC and Virgil committed legal malpractice "by failing to monitor the docket, respond to notices, and prosecute the Underlying Action."  *Id.* ¶ 19.  The FAC also alleges that the ZNC Attorney Defendants "participated in Plaintiff's representation, had actual or constructive notice of material developments, and owed Plaintiff independent fiduciary duties," *id.* ¶ 7, and "actively participated in the misconduct alleged herein," *id.* ¶ 6.  The attached exhibits include an email from Teman to ZNC regarding an action different from the Underlying Action (labeled in the email as *Silver Hill v. Teman*) and response from Medina apparently related to the *Silver Hill* action.  *Id.* at 8–9.  The FAC does not allege that ZNC represented Teman in the *Silver Hill* case or name the ZNC Attorney Defendants in the legal malpractice cause of action.

Teman brings a claim for breach of fiduciary duty against all defendants, not solely ZNC and Virgil.  *Id.* ¶¶ 22–31.  That claim alleges in boilerplate fashion that Defendants owed Plaintiff fiduciary duties of loyalty, candor, and honest dealing, independent of duties of care sounding in malpractice, *id.* ¶ 23, that they had actual notice of material risks to Plaintiff's claims "as demonstrated" by the attached documents related to the *Silver Hill* action, *id.* ¶ 24, and that they "collectively and individually failed to act, disclose, or protect Plaintiff's interests," *id.* ¶ 25; *see also id.* ¶ 21.  Plaintiff alleges that the *Silver Hill* matter and the underlying action "arose from the same underlying course of medical treatment" and involved overlapping facts, evidence and conduct, and injuries.  *Id.* ¶ 19.  Plaintiff also alleges that Defendants "failed to disclose

---

[1] In the FAC, Plaintiff does not include the Index Number for the Underlying Action that was pled in the original complaint.  It is clear from the context of the FAC that the case refers to the same case as the Underlying Action.

3

conflicts of interest and failed to obtain Plaintiff's informed consent to continue the representation." *Id.* ¶ 24.

On March 6, 2026, Defendants made this motion to dismiss. Dkt. No. 41. It was supported by a memorandum of law in support and the declaration of Cristina Yannucci. Dkt. Nos. 42–43. On March 8, 2026, Plaintiff filed a memorandum of law in opposition to the motion. Dkt. No. 44. On March 16, 2026, Defendants filed a reply memorandum of law in further support of the motion. Dkt. No. 48.[2]

## LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content that allows the court to draw the

---

[2] On March 17, 2026, Plaintiff filed a letter motion seeking leave to file a sur-reply. Dkt. No. 49. Plaintiff, through his sur-reply, seeks to argue that the FAC "plausibly alleges supervisory liability of multiple partner defendants," "alleges malpractice and related misconduct across multiple Teman matters" beyond the Underlying Action, and that Plaintiff does not rely on facts that appear only in opposition papers. *Id.* at 1–2. "The decision whether to grant a requested sur-reply is left to the 'sound discretion of the court.'" *Moreno-Godoy v. Gallet Dreyer & Berkey, LLP*, 20155 WL 5737565, at *10 (S.D.N.Y. Sept. 30, 2015) (quoting *Anghel v. N.Y. State Dep't of Health*, 947 F. Supp. 2d 284, 293 (E.D.N.Y. 2013)). The Court grants the motion and has considered Plaintiffs' sur-reply. To the extent Plaintiff seeks to argue that the FAC expanded his legal malpractice claim beyond the Underlying Action, such amendment was not permitted by the Court's December 2025 Order. *See Mitchell v. Am. Arbitration Ass'n*, 2018 WL 10419732, at * (S.D.N.Y. May 17, 2018) ("This Court is authorized to disregard claims that go beyond the scope of the amendment permitted in its [December 2025 Order].").

4

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011). In deciding the motion, the Court may consider "documents upon which the plaintiff relies in bringing suit, which are integral to the complaint, and as to which they had notice." *Gray v. Wesco Aircraft Holdings, Inc.*, 454 F. Supp. 3d 366, 383 (S.D.N.Y. 2020).

The Court construes *pro se* pleadings broadly and liberally, interpreting them so as to raise the strongest arguments they suggest. *See Abrams v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d. Cir. 2000). However, while the Court construes *pro se* pleadings liberally, *pro se* plaintiffs are not relieved of the requirement that they plead enough facts so that their claims are plausible. *See Wee Saidin v. N.Y.C. Dep't of Educ.*, 498 F. Supp. 2d 683, 687 (S.D.N.Y. 2007) ("[P]ro se status does not relieve a plaintiff of the pleading standards otherwise prescribed by the Federal Rules of Civil Procedure."). And, as noted previously, in this case, Plaintiff is entitled to somewhat lesser solicitude because of his extensive experience with and schooling in the law. *Teman*, 2025 WL 3778680, at *4 (citing *Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) and *Tracy v. Freshwater*, 623 F.3d 90, 92–93 (2d Cir. 2010)). Plaintiff has further had the benefit of the Court's opinion on Defendants' original motion to dismiss. *See Thomas v. Carter*, 581 F. Supp. 3d 651, 656 (S.D.N.Y. 2022) (pro se "[p]laintiff was provided with notice of the deficiencies of his amended complaint and received an opportunity to correct those deficiencies.").

**DISCUSSION**

Defendants argue that Plaintiff's claim for breach of fiduciary duty should be dismissed because it exceeds the limited leave to amend granted Plaintiff in the December 2025 Order and that the claim should be dismissed against all Defendants for failure to state a claim for relief. Dkt. No. 43 at 8–14.

"District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted." *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) (summary order). *See, e.g., Masri v. Cruz*, 2019 WL 2388222, at *3 (S.D.N.Y. June 6, 2019) (dismissing state law claims in amended complaint where those claims were previously denied with prejudice); *Grimes v. Fremont Gen. Corp.*, 933 F. Supp. 2d 584, 597 n.5 (S.D.N.Y. 2013) (dismissing causes of action that exceed court's permission to replead); *Joglo Realties, Inc. v. Seggos*, 229 F. Supp. 3d 146, 151 n.6 (E.D.N.Y. 2017) (declining to consider repleaded claims where claims were dismissed with prejudice); *see also Desouza v. Off. of Child. & Fam. Servs.*, 2019 WL 2477796, *5 (E.D.N.Y. June 12, 2019) ("a district court may strike new factual allegations in an amended complaint when the allegations exceed the scope of the Court's permission to amend."). "Instances where dismissal is appropriate include when a party asserts new claims or adds a new party outside the scope of leave given by the Court." *Hubbuch v. Capital One, N.A.*, 2026 WL 691261, at *6 (S.D.N.Y. Feb. 10, 2026) (citing *Pagan v. N.Y.S. Div. of Parole*, 2002 WL 398682, at *3 (S.D.N.Y. Mar. 13, 2002) and *Kuntz v. N.Y.S. Bd. Of Elections*, 924 F. Supp. 364, 367–68 (N.D.N.Y. 1996)).

The FAC exceeds the scope of the leave to amend that was granted in the December 2025 Order by repleading a claim for breach of fiduciary duty against all defendants, rather than just Virgil and ZNC. In December 2025 Order, the Court addressed the claims as against Virgil and

ZNC and as against the ZNC Attorney Defendants separately. *Teman*, 2025 WL 3778680, at *16–17. Addressing the claims against the ZNC Attorney Defendants, the Court concluded that Plaintiff "failed to allege facts to support his claims" and "only [made] conclusory allegations that these attorneys 'actively assisted or facilitated the misconduct and fraud.'" *Id.* at *17 (quoting Dkt. No. 1 ¶ 6). The Court noted that "a liberal reading of the complaint gives an indication that other attorneys at ZNC may have participated in the alleged legal malpractice" and accordingly permitted Plaintiff to replead solely the legal malpractice claim against the ZNC Attorney Defendants. *Id.* at *17. By repleading a claim for breach of fiduciary duty against all defendants, Plaintiff exceeded the scope of leave and Defendants' motion to dismiss the breach of fiduciary duty claim as to the ZNC Attorney Defendants may be granted for that reason alone. *See Sowell v. Kelly*, 2023 WL 6813096, at *4 (S.D.N.Y. Oct. 16, 2023) ("The Court is authorized to dismiss any claims asserted in any amended pleading that go beyond the scope of the operative pleading, and the permitted amendment.").

In any event, the motion to dismiss the claim for breach of fiduciary duty is granted for failure to state a claim for relief. Under New York law, a claim for "[b]reach of fiduciary duty requires (1) the existence of a fiduciary duty owed by the defendant; (2) a breach of that duty; and (3) resulting damages." *Jones v. Voskresenskaya*, 5 N.Y.S.3d 16, 17 (1st Dep't 2015); *accord Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011). When stating a claim for breach of fiduciary duty against an attorney, a plaintiff must show that the attorney's breach was at least "a substantial factor" in causing the resulting damages. *Noble v. Mt. Olivet Church, Inc.*, 2021 WL 930626, at *4 (S.D.N.Y. Mar. 10, 2021) (citing *Milbank, Tweed, Hadley & McCloy v. Boon*, 13 F.3d 537, 543 (2d Cir. 1994)). The Court previously addressed the relationship between a claim for breach of fiduciary duty and a claim for legal malpractice:

7

> An attorney is a fiduciary who owes a duty of care and loyalty to her client. *Am. E. Grp. LLC v. Livewire Ergogenics Inc.*, 2020 WL 209903, at *3 (S.D.N.Y. Jan. 14, 2020); *accord Graubard Mollen Dannett & Horowitz v. Moskovitz*, 653 N.E.2d 1179, 1182 (N.Y. 1995). Where the essence of the plaintiff's claim is that the attorney has been negligent in the discharge of her responsibilities in an engagement and has violated professional standards of conduct, the claim ordinarily sounds in legal malpractice and must be so pled. *See Chang's Imports, Inc. v. Srader*, 216 F. Supp. 2d 325, 331 (S.D.N.Y. 2002) ("Negligence or legal malpractice exists when an attorney fails to exercise that degree of skill commonly exercised by an ordinary member of the legal community."). A plaintiff cannot plead the claim as one for breach of fiduciary duty even though the lawyer owes fiduciary duties to the client. *Nordwind v. Rowland*, 584 F.3d 420, 433 (2d Cir. 2009); *cf. Kurman v. Schnapp*, 73 A.D.3d 435, 435 (1st Dep't 2010) (a claim for breach of fiduciary duty is not duplicative of legal malpractice if premised on "a different theory" of liability). However, as a fiduciary, a lawyer's duties are not limited to the duties of care imposed by professional standards of conduct. A lawyer also owes a duty of loyalty and honesty to the client. A claim of breach of fiduciary duty against the lawyer thus may lie for example, where an attorney has a conflict of interest and without notice and consent appropriates information from one client to benefit another client, *see, e.g.*, *Ulico Cas. Co. v. Wilson, Elser, Moskowitz, Edelmen & Dicker*, 865 N.Y.S. 2d 14, 20 (1st Dep't 2008); *Noble v. Mt. Olivet Church, Inc.*, 2021 WL 930626, at *4 (S.D.N.Y. Mar. 10, 2021); where an attorney has disclosed or misappropriated confidential information, *see, e.g., Napoli v. N.Y. Post*, 107 N.Y.S.3d 279, 282 (1st Dep't 2019); *cf. United States v. O'Hagan*, 521 U.S. 642 (1997); or where an attorney has misrepresented his or her qualifications, *see Scheizer v. Mulvehill*, 93 F. Supp. 2d 376, 405 (S.D.N.Y. 2000) (noting that "an attorney's misrepresentation as to his qualifications may be actionable as a breach of fiduciary duty"). In those instances, and perhaps others, liability does not flow from the failure to adhere to professional standards of conduct applicable uniquely to lawyers but to standards of conduct applicable to fiduciaries generally.

*Teman*, 2025 WL 3778680, at *7.

In the December 2025 Order, the Court stated that "[t]o the extent Plaintiff's claim for breach of fiduciary duty is based on his allegation that Defendants willfully ignored critical docket entries, failed to respond to opposing counsel and to Plaintiff, and allowed the case to default, it is redundant of his legal malpractice claim . . . [and] cannot be pled as a breach of fiduciary duty." *Teman*, 2025 WL 3778680, at *7. The Court permitted Plaintiff to replead the breach of fiduciary duty claim, however, because Plaintiff also alleged that Virgil and ZNC had

"allegedly improper personal and financial relationships . . . with the opposing parties in the Underlying Action." *Id.* at *7. Though these allegations were conclusory, the Court noted that "[a] claim that an attorney violated the duty of loyalty may state a claim for breach of fiduciary duty [distinct from a legal malpractice claim premised on negligence] if, for example, the attorney sacrificed the interests of one client for the benefit of another client." *Id.*

The FAC offers no new factual allegations to support Plaintiff's claim for breach of fiduciary duty. "The mere filing of an Amended Complaint does not entitle [a] [p]laintiff to relitigate his claims absent new factual allegations." *Perlman v. Gen. Electric*, 2024 WL 664968, at *5 (S.D.N.Y. Feb. 16, 2024) (quoting *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 316 (S.D.N.Y. 2015)). That is because "[u]nder the law of the case doctrine, a court is 'loathe to revisit an earlier decision in the absence of extraordinary circumstances.'" *Id.* (quoting *N. River Ins. Co. v. Phila. Reinsurance Corp.*, 63 F.3d 160, 165 (2d Cir. 1995)); *see also, e.g., Chavez v. Gutwein*, 2022 WL 1487781, at *7 (S.D.N.Y. May 11, 2022) (same); *In re Shanda Games Ltd. Sec. Litig.*, 2022 WL 992794, at *3 (S.D.N.Y. Mar. 31, 2022), *aff'd in part, vacated in part on other grounds*, 128 F.4th 26 (2d Cir. 2025) (same); *Gurvey v. Cowan, Liebowitz & Latman, P.C.*, 2015 WL 4460859, at *5 (S.D.N.Y. July 21, 2015) (same). Such circumstances include "the need to correct a clear error or prevent manifest injustice," *In re Peters*, 642 F.3d 381, 386 (2d Cir. 2011) (quoting *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)), an "intervening change in the law," or the "availability of new evidence," *Johnson v. Holder*, 564 F.3d 95, 99–100 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d Cir. 2002)). *See Trucking Ass'n of N.Y. v. Metro. Transp. Auth.*, 2026 WL 672986, at *8 (S.D.N.Y. Mar. 10, 2026); *Klaper v. Cypress Hills Cemetary*, 2014 WL 1343449, at *4 (E.D.N.Y. Mar. 31, 2014). "The purpose of the doctrine is to promote finality and efficiency of the judicial process by 'protecting the

agitation of settled issues.'" *Freeman v. Deebs-Elkenaney*, 2025 WL 3493747, at *2 (S.D.N.Y. Dec. 5, 2025) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

The FAC does not address the deficiencies the Court identified in the prior claim or provide a basis for the Court to reconsider its earlier decision.  It does not "identify what interests ZNC or Virgil had in Silver Hill Hospital or Path Medical or how he benefitted those entities at Plaintiff's expense." *Teman*, 2025 WL 3778680, at *7.  The only additional allegations in the FAC pertain to Plaintiff's legal malpractice claim: he alleges that "multiple ZNC attorneys . . . were copied on emails concerning discovery, depositions, and case status," FAC ¶ 11; alleges "Plaintiff's communications concerning Silver Hill Hospital [which related to a distinct lawsuit] provided actual notice of material risks to Plaintiff's claims arising from the same subject matter," *id.* ¶ 21; and provides as exhibits communications regarding the *Silver Hill* matter, *id.* at 8–9.  These allegations do not address the nature of Defendants' alleged "conflicts of interest," *id.* ¶ 28, or provide any detail regarding the "improper personal and financial relationships" alleged in the initial complaint, Dkt. No. 1 ¶ 21.  Plaintiff's conclusory statements that his breach of fiduciary duty claim "is not duplicative of malpractice because it is premised on loyalty-based misconduct" and that Defendants "failed to disclose conflicts of interest" are insufficient to state a claim. *Id.* ¶ 28.  *See Royal Park Invs. SA/NV v. HSBC Bank USA, Nat. Ass'n*, 109 F. Supp. 3d 587, 598 (S.D.N.Y. 2015) ("In considering conflict of interest claims, the Second Circuit has disregarded 'bald assertions of conflict,' and has instead required a showing that the [fiduciary] 'personally benefitted' from the disputed action." (quoting *Elliot Assocs. v. J. Henry Schroder Bank & Trust Co.*, 838 F.2d 66, 70 (2d Cir. 1988)).  Plaintiff provides no allegations that could support a claim that any Defendant breached a duty of loyalty separate and apart from the negligence alleged in his legal malpractice claim.  Because Plaintiff was previously granted leave

10

to amend his complaint to state an actionable claim and was unable to do so, his claim for breach of fiduciary duty is dismissed with prejudice.  *See Belikoff v. Eaton Vance Corp.*, 481 F.3d 110, 118 (2d Cir. 2007); *Trucking Ass'n*, 2026 WL 672986, at *10.

## CONCLUSION

Defendants' motion to dismiss is GRANTED.  Plaintiff's claim for breach of fiduciary duty is dismissed with prejudice.  Accordingly, all claims against the ZNC Attorney Defendants are dismissed with prejudice.

The Clerk of Court is respectfully directed to close Dkt. Nos. 41 and 49.

SO ORDERED.

Dated: March 31, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge

11