

Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

March 31, 2026

Defendants' obligations to respond to the discovery propounded by Plaintiff is stayed pending further order of the Court. The parties are directed to meet and confer no later than April 10, 2026, regarding such discovery in light of the Court's decision on the motion to dismiss the First Amended Complaint. Defendants shall advise the Court by April 6, 2026, the results of such meet and confer and whether a ruling is still required on the remainder of Defendants' letter motion.

April 1, 2026

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

**VIA ECF**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

Re:    *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Vir[gil]*
        United States District Court, Southern District of New York, Civil [...]

Dear Judge Liman:

Our firm represents Defendants Zeldes Needle Cooper LLP and Jeremy Virgil ("Defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rules 1.C, 2.G, and 4.D, Defendants' seek issuance of a Protective Order as to the discovery requests issued by Plaintiff, and to hold the deadlines for which Defendants have to respond to said discovery requests in abeyance pending resolution of this letter motion.

Fed. R. Civ. P. 26(c)(1)(A), (B), and (D), respectively, permit a party to request a Protective Order (1) "forbidding the disclosure or discovery;" (2) "specifying terms […] for the disclosure of discovery;" and (3) "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."

Pursuant to this Court's March 11, 2026 Order, "[t]he First Amended Complaint alleges a claim for legal malpractice in connection with representation provided Plaintiff by Zeldes Needle Cooper LLP [("ZNC")] and Jeremy Virgil [("Virgil")] in a medical malpractice action commenced in New York Supreme Court in November 2014."[1] (ECF Doc. No. 45). This Order also provided that "[d]iscovery is stayed against [all Defendants besides ZNC and Virgil] pending a decision on the motion to dismiss" the First Amended Complaint[2] and that Defendants may "seek a protective order to the extent that discovery is sought that is not relevant to the legal malpractice claim." (*Id*.). Lastly, the Order provided that any applications for "the production of additional insurance policies" made prior to May 4, 2026 would "be denied." (*id*.).

Following the Initial Pretrial Conference, Plaintiff served the following discovery requests:

(1)    "Plaintiff's First Requests for Production of Documents, First Set of Interrogatories, and First Requests for Admission to Defendants Zeldes Needle Cooper and Jeremy Virgil," dated March 10, 2026; and
(2)    "Plaintiff's Second Requests for Production of Documents to Defendants ZNC and Jeremy Virgil" with "Additions to Plaintiff's Second Interrogatories (to ZNC & Virgil)," dated March 15, 2026.

---

[1] *Ari Teman v. Eric Braverman, Richard Smayda, Sandip Buch, Path Medical, P.C., Darya Braverman, Total Health Nutrients*, New York State Supreme Court, New York County, Index No. 805410/2014 ("Underlying Action").
[2] Defendants' motion to dismiss the First Amended Complaint remains pending without decision. (ECF Doc. Nos. 41-48)

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA MARYLAND •MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

174241872.1

March 31, 2026
Page 2

It is respectfully submitted that the aforementioned discovery requests, which have been annexed hereto as Exhibits A and B[3] violate this Court's March 11, 2026 Order. (ECF. Doc. No. 45). First, the vast majority of Plaintiff's discovery requests seek information and documents for all "Teman Matters" which Plaintiff defines as "all legal matters which Defendants represented Ari Teman, including but not limited to: • PATH / Braverman litigation • Silver Hill litigation • Buch v. Teman • U.S. v. Teman • Any related litigation or proceedings arising from those matters." (Exhibit A, p. 1; Exhibit B, p. 2).

Under such grounds, a Protective Order is sought for the following discovery requests, as Plaintiff: (1) seeks documents/information unrelated to the Underlying Action; (2) seeks documents/information unrelated to Plaintiff's legal malpractice allegations asserted against ZNC and Virgil; and/or (3) fails to identify for what "Teman Matter" the discovery requests concern:

(1)  Plaintiff's Requests for Production Nos. 1-10, 12--24, 26-30, 32, 37-39 (Exhibit A, pp. 1-8);
(2)  Plaintiff's Interrogators Nos. 1-15 (Exhibit A, pp. 8-9);
(3)  Plaintiff's Requests for Admission 1-8 (Exhibit A, pp. 10-11);
(4)  Plaintiff's Requests for Production Nos. [4]42-69 (Exhibit B, pp. 1-3); and
(5)  Plaintiff's Interrogatories Nos. 18, 20-21 (Exhibit B, p. 4).

Second, Plaintiff's discovery requests seek production and identification of Defendants' "professional liability insurance policies," as well as related applications, documents, and communications. (Exhibit A, pp. 4, 6, 9; Exhibit B, pp. 1, 3). Such discovery items violate this Court's March 11, 20226 Order, as Plaintiff is not permitted to request or move for the production of additional insurance policies prior to May 4, 2026. (ECF. Doc. No. 45). In addition, Plaintiff improperly seeks production of insurance information/documents outside the limited scope of Fed. R. Civ. P. 26(a)(1)(A)(iv). Furthermore, information and documents concerning Defendants' communications with its insurer regarding prospective professional liability claims are privileged under the work-product doctrine as "prepared in anticipation of litigation." *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, No. 02 CIV. 0504 (RCC), 2003 WL 22110281, at *3 (S.D.N.Y. Sept. 10, 2003). Under such grounds, a Protective Order is sought for the following discovery items:

(1)  Plaintiff's Requests for Production Nos. 11. 25-27 (Exhibit A, pp. 4, 6);
(2)  Plaintiff's Interrogators Nos. 6 (Exhibit A, p. 9); and
(3)  Plaintiff's Requests for Production Nos. 42-46, 65-67 (Exhibit B, pp. 1, 3).

Third, SDNY Local Rule 33.3 provides that interrogatories are "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." The March 11, 2026 Case Management Plan and Scheduling Order also provides that "[n]o Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by [FRCP] 26(a)." (ECF Doc. No. 46). Plaintiff's interrogatories are improper in that they exceed the limited scope of SDNY Local Rule 33.3, as well as the March 11, 2026 Case Management Plan and Scheduling Order. (Exhibit A, pp. 8-10; Exhibit B, p. 4). Under such grounds, a Protective Order is sought for the following discovery items:

(1)  Plaintiff's Interrogators Nos. 1-11 (Exhibit A, pp. 8-9); and
(2)  Plaintiff's Interrogatories Nos. 18-21 (Exhibit B, p. 4).

---

[3] Page numbers have been added to Exhibit B for citation purposes to aid the Court in its review.
[4] Plaintiff did not serve Requests for Production bearing Nos. 40-41. (Exhibits A and B).

March 31, 2026
Page 3

Lastly, although Plaintiff's discovery requests are labeled "to Defendants ZNC and Jeremy Virgil" and claim to request "documents and information [only] relating to [ZNC] and [Virgil]," numerous requests seek documents/information from and/or pertaining to all "Defendants," Defendant "Maximino Medino" and ZNC's "partner[s], assocaiate[s], or employee[s]," including the Defendants for which discovery is stayed. (Exhibits A and B). Under such grounds, a Protective Order is sought for the following discovery items:

(1) Plaintiff's Requests for Production Nos. 1, 3-5, 8, 11-15, 17, 21, 27, 32-33, 37-39 (Exhibit A, pp. 2-8);
(2) Plaintiff's Interrogators Nos. 3, 5, 7, 9-11, 15 (Exhibit A, pp. 8-15);
(3) Plaintiff's Requests for Admission 6 (Exhibit A, p. 11);
(4) Plaintiff's Requests for Production Nos. 50, 53, 63 (Exhibit B, pp. 2-3); and
(5) Plaintiff's Interrogatories Nos. 20-21 (Exhibit B, p. 4).

Because Plaintiff's above-identified discovery requests violate the directives contained within this Court's March 11, 2026 Orders and are otherwise improper, as detailed above, Defendants respectfully request issuance of a Protective Order.

In accordance with Your Honor's Practice Rule 4.B.C, Defendants' Certificate of Good Faith is annexed hereto as Exhibit C. Pursuant to Your Honor's Practice Rule 2.G, Defendants' proposed Protective Order, with redlined alterations to this Court's Model Protective Order, is annexed hereto as Exhibit D. Pursuant to Your Honor's Practice Rule 4.B.D, counsel is available to schedule an informal discovery conference regarding this matter with *pro se* Plaintiff.

We thank the Court in advance for its time and attention to this matter. Do not hesitate to contact the undersigned should the Court require anything further to consider this application.

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

CRY
/Attachments
Cc:     **Via Email and PACER**
         ARI TEMAN
         *Pro se Plaintiff*
         Email: ari@teman.com