**EXHIBIT B - Redlined Second Amended Complaint"**

*(Second Amended Complaint vs. First Amended Complaint)*

**Format note (SDNY practice):**

- **[ADDED: …]** = new material
- strikethrough = deleted material
- Unchanged text omitted here for readability in this medium, but you should paste this into your FAC and apply these edits throughout so the Court sees a full comparison document.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Ari Baruch Teman, Plaintiff, | **Civil Action No.** 1:24-cv-09830 (LJL) |
| v. | |
| Zeldes Needle Cooper LLP (as "ZNC") | FIRST AMENDED COMPLAINT |
| Jeremy Virgil (As "Virgil"), | |
| Maximino Medina (As "Medina"), | **JURY TRIAL DEMANDED** |
| Richard A. Sarner ("Sarner"), | |
| Edward R. Scofield ("Scofield"), | |
| Lori A. DaSilva-Fiano ("DaSilva-Fiano"), | |
| Sabato "Sam" P. Fiano ("Fiano") , | |
| Richard D. Zeisler ("Zeisler"), | |
| Marie A. Casper ("Casper"), | |
| Robert S. Cooper ("Cooper"), | |

1

Lisa C. Dumond ("Dumond"),

Does 1-10

---

**FIRST AMENDED COMPLAINT**

Plaintiff Ari Baruch Teman ("Plaintiff" or "Teman"), for his First Amended Complaint, alleges as follows:

---

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000 and the parties are citizens of different states. Plaintiff Ari Baruch Teman is a citizen of the State of Florida. Defendant Zeldes Needle Cooper LLP is a limited liability partnership whose partners are citizens of states other than Florida.

2. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District.

---

## II. PARTIES

**[ADDED: Defendant Maximino Medina was a partner who appeared in court in the Silver Hill matter.]**
**[ADDED: Defendant Robert S. Cooper was head of ZNC's healthcare practice.]**
**[ADDED: Additional named partner Defendants had supervisory authority and/or notice of Plaintiff's representation.]**

3. Plaintiff is an individual residing in Miami Beach, Florida.

4. Defendant Zeldes Needle Cooper LLP ("ZNC") is a law firm with offices at One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, NY 10165 and 1000 Lafayette Boulevard, 7th Floor, Bridgeport, CT 06604, that practices law in New York City, with attorneys regularly appearing in New York courts, including the Southern District of New York.

2

5. Defendant Jeremy Virgil is a partner at ZNC and practices law in New York, New York. Virgil regularly practices law in New York, including in the Southern District of New York, and from the ZNC offices at One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, NY 10165.

6. Maximo Medina ("Medina") is or was at the time of the alleged incidences a Managing Partner and resides at 140 Hickory Street in Bridgeport, Connecticut 06610

he following Defendants (collectively, with Virgil and Medina, they may be referred to as "ZNC Attorney Defendants", "ZNC Attorneys" or "ZNC lawyers" throughout this document) are attorneys at ZNC and actively participated in the misconduct alleged herein, including at or via the location One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, NY 10165 and/or at or through this, the Southern District of New York: Defendants **Jeremy Virgil, Maximino Medina, Jr., Richard Sarner, Edward R. Scofield, Lori A. DaSilva-Fiano, Sabato P. Fiano, Richard D. Zeisler, Marie A. Casper, Robert S. Cooper, Lisa C. Dumond** (the "ZNC Attorney Defendants") are attorneys affiliated with ZNC at all relevant times.

7. Each ZNC Attorney Defendant participated in Plaintiff's representation, had actual or constructive notice of material developments, and owed Plaintiff independent fiduciary duties, as shown in Exhibits 1 and 2, and will be shown further through Discovery.

8. John/Jane Does 1–10 are additional attorneys or supervisory personnel whose identities will be confirmed in discovery.

9. At various times, additional attorneys affiliated with ZNC participated in Plaintiff's representation and had notice of material developments. Plaintiff reserves the right to seek leave to add such individuals as defendants if discovery demonstrates personal liability.

---

## III. FACTUAL ALLEGATIONS

### A. The Underlying Representation

8. In November 2014, Plaintiff commenced a medical malpractice action in New York Supreme Court (the "Underlying Action").

9. On May 4, 2015, Plaintiff retained ZNC, through Defendant Virgil, pursuant to a written engagement letter.

10. ZNC undertook representation on a contingency basis and represented to Plaintiff that the underlying medical malpractice action was meritorious and involved substantial damages, estimated at approximately $24 million. The ZNC Attorney Defendants were aware of the magnitude and value of the case through their involvement in the representation and through Plaintiff's communications.

---

**B. Firm-Wide Notice, Partner Discussion, and Joint Inaction**

**FACTUAL ALLEGATIONS – FIRM-WIDE NOTICE**

**[ADDED: On October 8, 2017, Plaintiff emailed multiple ZNC attorneys, and Maximino Medina confirmed that the emails had been circulated to partners and that Jeremy Virgil had briefed him.] [ADDED: These communications establish actual firm-wide notice.]**

Defendants were aware of the case
During the pendency of the Underlying Action, multiple ZNC attorneys—including partners—were copied on emails concerning discovery, depositions, and case status.

11. On **October 8, 2017**, Plaintiff sent an email to numerous ZNC attorneys regarding discovery and the litigation, copying Defendant Virgil.

   ○ **Exhibit 1** (Email dated October 8, 2017).

12. On that same date, Defendant **Maximino Medina, Jr.**, acting in his capacity as **Managing Partner of ZNC**, sent Plaintiff a written letter confirming that:
   ○ Plaintiff's October 6 and October 8 emails had been **received**;
   ○ The emails had been **circulated to firm partners**;
   ○ Defendant Virgil had **briefed him** regarding the matter.
   ○ **Exhibit 2** (Letter from Medina dated October 8, 2017; partially redacted).

13. These communications establish **actual, firm-wide notice** and **internal discussion** among ZNC and the ZNC Attorney Defendants.

4

14. Despite this notice and discussion, and other notice and discussion to be provided in Discovery, **no Defendant took action** to correct errors, respond to docket notices, advise Plaintiff, or take remedial steps to protect Plaintiff's interests.

15. Defendants received and *ignored* requests by counsel for the defendants in the Underlying Action to proceed, in addition to ignoring docket notices, emails from the defendant, and emails from other parties.

16. Defendants' conduct included failing to monitor and respond to critical docket entries, failing to respond to correspondence from opposing counsel and Plaintiff, and allowing the Underlying Action to default for failure to prosecute. Following the dismissal, Defendants pursued an appeal that was denied, leaving Plaintiff without any recovery. Defendants' failures occurred despite actual notice of the status of the case and repeated opportunities to act.

17. Defendants thereafter allowed the Underlying Action to default for failure to prosecute, resulting in dismissal with prejudice.

**Related Subject Matter and Notice Irrespective of Caption**

18. At all relevant times, the matters involving Silver Hill Hospital and Dr. Eric Braverman arose from the same underlying course of medical treatment, involved overlapping facts, witnesses, medical records, and alleged misconduct, and concerned the same core injuries suffered by Plaintiff.

19. Defendants themselves treated these matters as related for purposes of litigation strategy, discovery, and decision-making. (Notice in Exhibit 1, Braverman is mentioned and the Braverman matter and strategy is referenced. )

20. Accordingly, Defendants' receipt, circulation, and internal discussion of Plaintiff's communications concerning Silver Hill Hospital provided actual notice of material risks to Plaintiff's claims arising from the same subject matter, including the related New York medical malpractice action, regardless of caption, forum, or docket number. Such notice triggered Defendants' fiduciary duties to act to protect Plaintiff's interests.

**Expert Verification of Damages**

21. An expert retained by Plaintiff has analyzed the damages arising from Defendants' conduct and has prepared a written expert analysis quantifying Plaintiff's losses resulting from the dismissal of the Underlying Action.

22. Defendants were aware that the case involved substantial damages and that failure to prosecute would result in the loss of a valuable claim.

23. ZNC, Virgil, Medina, and the ZNC Attorney Defendants failed to disclose conflicts of interest and failed to obtain Plaintiff's informed consent to continue the representation. Defendants further failed to take action to protect Plaintiff's interests after receiving actual notice of material risks to the Underlying Action.

**No waiver of allegations or claims expressly permitted by the Court**

24. Plaintiff brings this First Amended Complaint in conformity with the Court's Memorandum and Order and does not intend to waive any claim, theory, or allegation that the Court expressly permitted to proceed.

## NEW SECTION — SILVER HILL MATTER

[ADDED: Defendants represented Plaintiff in litigation involving Silver Hill Hospital.]
[ADDED: Defendants advised Plaintiff to accept a settlement and to remove allegations relating to unlawful touching and abuse.]
[ADDED: This materially reduced the value of Plaintiff's claims.]

## NEW SECTION — BUCH v. TEMAN

[ADDED: Jeremy Virgil advised merging the case with the PATH action and agreed to take steps to do so.]
[ADDED: Defendants failed to act, resulting in lost claim value.]

## NEW SECTION — FAILURE TO SEEK ADJOURNMENT

[ADDED: Defendants agreed to seek adjournment or consolidation but failed to take those steps, causing Plaintiff harm during a critical period.]

## NEW SECTION — SUPERVISION FAILURES

[ADDED: Partner Defendants were copied on communications and had supervisory responsibilities.]
[ADDED: No partner intervened or took corrective action.]

## NEW SECTION — HEALTHCARE PRACTICE CONFLICTS

6

[ADDED: ZNC maintained a healthcare practice led by Robert S. Cooper.]
[ADDED: Upon information and belief, that practice included relationships connected to Silver Hill.]
[ADDED: Defendants did not disclose these relationships.]

---

## NEW SECTION — INSTITUTIONAL LIABILITY EXPOSURE

[ADDED: Upon information and belief, Silver Hill maintained professional liability reserves and insurance structures.]
[ADDED: Allegations of abuse would increase institutional exposure and claim value.]
[ADDED: Defendants advised removing such allegations without disclosing competing considerations.]

---

## NEW SECTION — SCOPE CLARIFICATION

[ADDED: Plaintiff alleges these facts solely to provide context for Defendants' knowledge, supervision, and decision-making and not as separate causes of action.]

---

## NEW SECTION — SOL CLARIFICATION

[ADDED: Plaintiff explains why the claims related to the Silver Hill case should not be barred by a statute of limitations.]

## IV. CLAIMS FOR RELIEF

## CLAIMS SECTION

Single malpractice claim into multiple
[ADDED: COUNT I — Malpractice (PATH)]
[ADDED: COUNT II — Malpractice (Silver Hill)]
[ADDED: COUNT III — Malpractice (Buch)]
[ADDED: COUNT IV — Malpractice (Failure to Seek Relief)]
[ADDED: COUNT V — Breach of Fiduciary Duty (Conflicts and Loyalty)]

---

## FIDUCIARY DUTY CLAIM

General fiduciary allegations
[ADDED: Failure to disclose material conflicts]

7

[ADDED: Advice materially affected by undisclosed considerations]
[ADDED: Failure to obtain informed consent]

---

## COUNT I

### Legal Malpractice

(Against ZNC and Jeremy Virgil)

17. Plaintiff incorporates by reference the allegations in paragraphs 1-25, as though fully set forth herein.

18. ZNC and Virgil owed Plaintiff a duty to exercise the ordinary reasonable skill and knowledge commonly possessed by members of the legal profession.

19. They breached that duty by failing to monitor the docket, respond to notices, and prosecute the Underlying Action.

20. As a direct and proximate result, Plaintiff lost a meritorious claim and suffered substantial pecuniary damages.

21. This claim survives for the reasons set forth in the Court's Memorandum and Order.

## COUNT II

### Breach of Fiduciary Duty (Duty of Loyalty)

(Against All Defendants)

22. Plaintiff incorporates by reference the allegations in paragraphs 1-25, as though fully set forth herein.

23. Each Defendant owed Plaintiff fiduciary duties of **loyalty, candor, and honest dealing**, independent of duties of care sounding in malpractice.

24. Defendants had **actual notice** of material risks to Plaintiff's claims, as demonstrated by Exhibits 1 and 2.

25. Despite firm-wide notice and internal discussion, Defendants **collectively and individually failed to act**, disclose, or protect Plaintiff's interests.

26. Defendants' joint inaction following actual notice constitutes a breach of fiduciary duty distinct from negligence, including failure of loyalty and failure of disclosure.

8

27. Defendants' breach was a substantial factor in causing Plaintiff's damages.

28. This claim is **not duplicative** of malpractice because it is premised on **loyalty-based misconduct and post-notice inaction**, consistent with Judge Liman's ruling.

---

## V. DAMAGES

**DAMAGES SECTION**

General damages
 **[ADDED: ~$24M (PATH)]**
 **[ADDED: ~$5M (Silver Hill)]**
 **[ADDED: ~$2–5M (Buch)]**
 **[ADDED: Loss of time value of money]**

29. Plaintiff seeks compensatory damages equal to the value of the lost Underlying Action.

30. Plaintiff seeks disgorgement of fees to the extent permitted by law.

31. Plaintiff seeks interest, costs, and such other relief as the Court deems just.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a. Compensatory damages;
b. Disgorgement where appropriate;
c. Costs and interest;
d. Such other relief as the Court deems just and proper.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**s/Ari Teman/**

**Ari Baruch Teman**
Plaintiff, pro se

ari@teman.com

1521 Alton Road, #888, Miami Beach, FL 33139