UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARI BARUCH TEMAN,
Plaintiff,

v.

ZELDES NEEDLE COOPER LLP ("ZNC"),
JEREMY VIRGIL,
MAXIMINO MEDINA,
RICHARD A. SARNER,
EDWARD R. SCOFIELD,
LORI A. DASILVA-FIANO,
SABATO "SAM" P. FIANO,
RICHARD D. ZEISLER,
MARIE A. CASPER,
ROBERT S. COOPER,
LISA C. DUMOND,
DOES 1–10,
Defendants.

Case No. 1:24-cv-09830 (LJL)

---

**SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.
2. The amount in controversy exceeds $75,000, exclusive of interest and costs.
3. Plaintiff is a citizen of Florida.
4. ZNC is a limited liability partnership whose partners are citizens of states other than Florida.
5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

## II. PARTIES

6. Plaintiff Ari Baruch Teman resides in Miami Beach, Florida.
7. Defendant Zeldes Needle Cooper LLP ("ZNC") is a law firm with offices in New York and Connecticut and regularly practices in this District.

1

8. Defendant Jeremy Virgil was Plaintiff's primary attorney and responsible for the day-to-day handling of Plaintiff's matters.

9. Defendant Maximino Medina was a partner at ZNC who participated in Plaintiff's representation and appeared in court in the Silver Hill matter.

10. Defendants Richard A. Sarner, Edward R. Scofield, Lori A. DaSilva-Fiano, Sabato "Sam" P. Fiano, Richard D. Zeisler, Marie A. Casper, Robert S. Cooper, and Lisa C. Dumond were partners or senior attorneys at ZNC with supervisory authority and/or notice concerning Plaintiff's representation.

11. Each Defendant owed Plaintiff duties arising from their roles as attorneys, supervisors, partners, and fiduciaries.

12. John/Jane Does 1–10 are additional attorneys whose identities will be determined in discovery.

---

## III. FACTUAL ALLEGATIONS

---

### A. The Underlying PATH / Braverman Action

13. In November 2014, Plaintiff commenced a medical malpractice action (the "Underlying Action").

14. On May 4, 2015, Plaintiff retained ZNC through Jeremy Virgil.

15. ZNC represented that the case was meritorious and had a value of approximately $24 million.

16. ZNC undertook representation on a contingency basis.

17. Defendants were responsible for monitoring the docket, responding to filings, and prosecuting the action.

18. Jeremy Virgil failed to monitor critical docket activity and failed to respond to required filings.

19. As a result, Plaintiff's claims were defaulted and dismissed with prejudice.

20. An appeal was pursued and denied.

21. Plaintiff lost the underlying claim entirely.

---

### B. Firm-Wide Notice and Failure to Act

22. During the representation, multiple ZNC attorneys, including partners, were copied on communications concerning:
    - discovery
    - depositions
    - case status

23. On October 8, 2017, Plaintiff emailed multiple ZNC attorneys (EXHIBIT 1) regarding the case.

24. That same day, Maximino Medina (EXHIBIT 2) confirmed that:
    - the emails had been received;
    - the emails were circulated to partners; and
    - Jeremy Virgil had briefed him on the matter.

25. These communications establish actual firm-wide notice of the status of Plaintiff's case.

26. Despite this notice:
- no Defendant took corrective action;
- no Defendant intervened;
- no Defendant ensured that required filings were made.

27. Defendants failed to monitor the docket and allowed the case to default.

## C. Related Matters and Overlapping Representation

28. The Silver Hill and Braverman matters arose from the same underlying treatment and involved overlapping facts, witnesses, and records.
29. Defendants treated these matters as related.
30. Plaintiff's communications referenced both matters.
31. Defendants therefore had actual notice across the related representations.

## D. Expert Verification

32. Plaintiff retained an expert to evaluate the underlying claims.
33. The expert quantified damages and supported the value of the case.
34. Defendants were aware that the claims involved substantial damages.

## E. The Silver Hill Matter

35. Defendants represented Plaintiff in litigation involving Silver Hill Hospital.
36. Jeremy Virgil appeared as counsel.
37. Maximino Medina appeared in court in connection with the matter.
38. Other ZNC attorneys participated in preparation and strategy.
39. Defendants failed to:
- adequately develop discovery;
- properly support expert testimony;
- take steps necessary to preserve and maximize Plaintiff's claims.

40. During the litigation, Plaintiff raised concerns regarding potential conflicts.
41. Defendants advised Plaintiff to accept a settlement.
42. Defendants advised Plaintiff to remove allegations relating to unlawful touching and abuse.
43. This advice materially narrowed the scope and value of Plaintiff's claims.
44. Plaintiff accepted a reduced settlement.
45. Plaintiff lost substantial claim value, including approximately $5 million.
46. Defendants did not seek adjournment or other relief that would have allowed Plaintiff to fully evaluate and pursue his claims.

3

**F. Buch v. Teman**

47. Jeremy Virgil advised Plaintiff that Buch v. Teman should be merged with the PATH / Braverman action.
48. Jeremy Virgil represented that he would take steps to implement that strategy.
49. Other counsel advised that this approach was in Plaintiff's best interest.
50. Defendants failed to take any action to implement the strategy.
51. Plaintiff lost the opportunity to pursue that claim.
52. Plaintiff suffered damages estimated between approximately $2 million and $5 million.

**G. Impact of Defendants' Conduct During a Critical Period**

53. Plaintiff requested that Defendants seek adjournment or consolidation of related civil matters during a critical period (pre-trial in *US v Teman*).
54. Jeremy Virgil agreed that such steps were appropriate.
55. Defendants failed to take those steps.
56. Plaintiff was required to expend time and resources addressing civil matters during a critical period, causing additional harm.

**H. Supervision Failures**

57. Multiple ZNC partners were copied on communications regarding Plaintiff's cases.
58. Partner Defendants had supervisory responsibilities.
59. Upon information and belief, Partner Defendants had notice of issues in Plaintiff's representation.
60. No partner intervened.
61. No partner reassigned responsibility.
62. No partner ensured that Plaintiff received competent and conflict-free representation.

**I. Healthcare Practice and Undisclosed Conflicts**

63. ZNC maintained a healthcare practice representing physician groups and healthcare providers.
64. Robert S. Cooper led that practice.
65. Such work included advising healthcare providers concerning relationships with hospitals and healthcare institutions.
66. Upon information and belief, such work included relationships connected to Silver Hill or affiliated entities.
67. These relationships created a material risk that Plaintiff's representation would be limited by competing interests.

4

68. Defendants did not disclose these relationships.

69. Defendants did not obtain Plaintiff's informed consent.

---

## J. Institutional Liability Exposure and Undisclosed Considerations

70. Upon information and belief, Silver Hill maintained professional liability reserves and insurance structures reflecting exposure to malpractice claims.

71. Allegations involving unlawful touching or abuse would reasonably increase institutional exposure, scrutiny, and claim value.

72. Defendants advised Plaintiff to remove such allegations.

73. Defendants did not disclose whether their advice was influenced by:
    - institutional liability exposure;
    - insurance considerations; or
    - competing professional relationships.

74. Upon information and belief, Defendants were aware that maintaining such allegations would increase exposure.

75. Defendants' advice aligned with reducing that exposure while diminishing Plaintiff's claims.

76. Defendants' failure to disclose these considerations deprived Plaintiff of the ability to make informed decisions.

---

## K. Maximino Medina's Role

77. Maximino Medina appeared in court and participated in Plaintiff's representation.

78. Medina confirmed firm-wide awareness of Plaintiff's matters.

79. Medina had an obligation to disclose material conflicts and ensure conflict-free representation.

80. Medina failed to do so.

---

## L. Tolling Statute of Limitations

81. Defendants' representation of Plaintiff was continuous and ongoing with respect to the matters described herein, including the Underlying Action and related matters arising from the same underlying treatment and factual circumstances.

82. The PATH / Braverman action, the Silver Hill matter, and related proceedings involved overlapping facts, witnesses, legal theories, and strategic considerations, and were treated by Defendants as part of a unified course of representation.

83. Defendants continued to advise Plaintiff and act on his behalf in connection with these matters over time.

84. Plaintiff did not discover, and could not reasonably have discovered, the full extent of Defendants' misconduct, including their failures, omissions, and undisclosed conflicts, until after the conclusion of Defendants' representation and subsequent communications with other counsel.

85. Upon information and belief, Defendants' communications and omissions during the representation concealed the extent of their failures and conflicts, preventing earlier discovery.

86. Accordingly, the statute of limitations is tolled under the continuous representation doctrine and related equitable principles.

**Scope Clarification**

81. Plaintiff alleges the foregoing facts to provide context for Defendants' knowledge, supervision, and decision-making in the underlying representation, and not as separate causes of action beyond the scope permitted by the Court.

## IV. CLAIMS FOR RELIEF

### COUNT I — LEGAL MALPRACTICE (PATH / BRAVERMAN)

82. Plaintiff incorporates all prior allegations.

83. Defendants owed Plaintiff duties of reasonable care.

84. Jeremy Virgil breached those duties by:
   - failing to monitor the docket;
   - failing to respond to filings;
   - allowing default to occur.

85. ZNC breached its duties by failing to supervise.

86. Partner Defendants failed to intervene despite notice.

87. But for Defendants' negligence, Plaintiff would have prevailed in the Underlying Action and recovered the damages sought therein.

88. Plaintiff suffered damages exceeding $24 million.

### COUNT II — LEGAL MALPRACTICE (SILVER HILL)

88. Plaintiff incorporates all prior allegations.

89. Defendants owed Plaintiff duties of care.

90. Defendants breached those duties by:
   - failing to develop evidence;
   - failing to support expert testimony;

- advising Plaintiff to accept a reduced settlement.

91. But for Defendants' negligence, Plaintiff would have prevailed in the Underlying Action and recovered the damages sought therein.

92. Plaintiff suffered damages including lost claim value of approximately $5 million.

---

## COUNT III — LEGAL MALPRACTICE (BUCH)

92. Plaintiff incorporates all prior allegations.

93. Defendants owed Plaintiff duties of care.

94. Defendants breached those duties by:
- failing to implement agreed litigation strategy;
- failing to act after representing that they would do so.

95. Plaintiff suffered damages between approximately $2 million and $5 million.

---

## COUNT IV — LEGAL MALPRACTICE (FAILURE TO SEEK RELIEF DURING CRITICAL PERIOD)

96. Plaintiff incorporates all prior allegations.

97. Defendants owed Plaintiff duties of care.

98. Defendants breached those duties by failing to take agreed-upon steps to seek adjournment or consolidation.

99. Plaintiff suffered additional damages.

---

## COUNT V — BREACH OF FIDUCIARY DUTY

100. Plaintiff incorporates all prior allegations.

101. Defendants owed duties of loyalty, candor, and disclosure.

102. Defendants breached those duties by:
- failing to disclose material conflicts;
- failing to disclose competing interests;
- providing advice materially affected by undisclosed considerations;
- failing to obtain informed consent.

103. These breaches are independent of negligence.

104. Plaintiff suffered substantial damages.

---

## V. DAMAGES

105.    Plaintiff suffered damages including:
- approximately $24 million (PATH);
- approximately $5 million (Silver Hill);
- approximately $2–5 million (Buch);
- additional consequential damages;
- loss of the time value of money.

---

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests:

A. Compensatory damages;
B. Consequential damages;
C. Costs and disbursements;
D. Such other relief as the Court deems just and proper.

---

## VII. JURY DEMAND

Plaintiff demands a trial by jury.

---

**Dated:** April 1, 2026
Respectfully submitted,

/s/ Ari B. Teman
Ari Baruch Teman
Plaintiff, Pro Se

Tel Aviv, Israel

**EXHIBIT 1 - All defendants copied on emails re: Teman matter**

Questions (Draft) for Dr. Gelman (Silver Hill vs. Teman) ⅾ

 **Ari Teman** <ari@teman.com>    Sun, Oct 8, 2017, 9:16 PM   ☆  ↰  ⋮
to Leslie, Michael, mcasper, jcessario, rcooper, sfiano, rzeisler, jverrillo, escofield, rsaraco, David, rpacelli, cneedle, c ▾

In the event Silver Hill is dumb enough to go to trial, here are questions you can ask Gelman. Also attached is his deposition. This is a strong case, and he admits to a number of major things.

- that I attempted to escape,
- that he entered my bedroom,
- that I never made a suicide attempt in my life (and that the improper drugs caused the suicidal ideation)
- that he doesn't study for tests, fill out forms, read journals, teach, or any way prepare or invest time in his work

- that he kept me controlled for fear I would email or "facebook blog" about caretakers (and it's our argument that Braverman sent me there to quiet me after I accused him of being a quack and demanded my money back (for which there is an email trail). This is the PTSD -- that they removed all freedom and agency and kept me locked in the room.

I would ask and suggest that seasoned partners from the firm join Jeremy in helping to prepare and review.

I am sorry we're at this point where I'm being a bit forceful in demanding your efforts, but I think you can understand a client's concern in learning the lead attorney has disappeared without notice 2 business days before trial AND failed to inform a key witness (Nachum Klar) that the trial would be on a Jewish Holiday. That still need to be addressed.

Please let me know how I can be helpful.

Thanks,
Ari

Ari Teman
**Founder | Teman**
We make Real Estate proactive with Artificial Intelligence
212-203-3714
106 W 32nd Street, NYC
https://teman.com

9

**EXHIBIT 2 - MEDINA / ZNC LETTER TO TEMAN**

ZELDES, NEEDLE & COOPER

A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
1000 LAFAYETTE BLVD.
POST OFFICE BOX 1740
BRIDGEPORT, CONNECTICUT 06601-1740

TELEPHONE (203) 333-9441
FAX (203) 333-1489

JACOB D. ZELDES
(1929-2013)

Maximino Medina, Jr. Esquire
Direct Dial: (203) 332-5733
E-Mail: mmedina@znclaw.com

October 8, 2017

Mr. Ari Teman
106 W 32nd Street
New York, NY 10001
ari@teman.com

**Re: Silver Hill Hospital Inc. v. Teman**

Dear Mr. Teman,

I am the Managing Partner of Zeldes, Needle & Cooper, P.C. ("ZNC") and I have been provided copies of your October 6, 2017 email to many of my partners and your October 8, 2017 email to Jeremy Virgil. Jeremy has also briefed me on the conversation he had with you on October 6, 2017.

This correspondence is not intended to be an item by item rebuttal of the statements or arguments you have made in the aforementioned communications. With this correspondence, ZNC informs you that:

10

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2026, I caused the foregoing to be filed with the Clerk of the Court via the Southern District of New York's "Temporary Pro Se Email" Filing procedure. Upon docketing, service will be effected electronically upon all counsel of record via the Court's ECF system.

I further certify that on the same date, I transmitted a courtesy copy of the First Amended Complaint by email to counsel for Defendants.

Dated: April 1, 2026

Respectfully submitted,

s/Ari Teman/

Ari Baruch Teman
Plaintiff, pro se