UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ARI BARUCH TEMAN,

                           Plaintiff,

          - against -

ZELDES NEEDLE COOPER LLP and JEREMY VIRGIL,

                        Defendants.

-------------------------------------------------------------------X

Civil Action No.: 1:24-CV-09830

Hon. Lewis J. Liman, D.J.

**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants ZELDES, NEEDLE & COOPER, P.C. (i/s/h/a Zeldes Needle Cooper LLP) ("ZNC") and JEREMY VIRGIL ("Virgil") (collectively "Answering Defendants")[1], by and through their attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, as and for their Answer to Plaintiff ARI BARUCH TEMAN's First Amended Complaint, dated January 18, 2026 (ECF Doc. No. 35) ("Amended Complaint"), state the following upon information and belief:

## I.    **JURISDICTION AND VENUE**

1.    Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "I" paragraph "1" of the Amended Complaint, except admit that Virgil is a citizen of New York and ZNC is a professional corporation maintaining business offices in New York and Connecticut. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

---

[1] By this Court's March 31, 2026 Order (ECF Doc. No. 54), the Amended Complaint was dismissed with prejudice as against Defendants MAXIMINO MEDINA, RICHARD A. SARNER, EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO, SABATO "SAM" P. FIANO, RICHARD D. ZEISLER, MARIA A. CASPER, ROBERT S. COOPER, and LISA C. DUMOND ("Former ZNC Defendants"). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in the Amended Complaint.

2.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "I" paragraph "2" of the Amended Complaint. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

## II.    PARTIES

3.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "II" paragraph "3" of the Amended Complaint.

4.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "II" paragraph "4" of the Amended Complaint, except admit that ZNC is a professional corporation maintaining business offices in New York and Connecticut, and that some of its partners and associates are licensed to practice law in New York State and the Southern District of New York.

5.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "II" paragraph "5" of the Amended Complaint, except admit that Virgil is a partner at ZNC, admitted to practice and is practicing law in New York and the Southern District of New York, and, at times, works out of a ZNC office located at One Grand Central Place, 60 East 42nd Street, Suite 4600, New York, New York 10165.

6.     Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "II" paragraph "6" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54).

Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "II" paragraph "6" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants admit Virgil is an attorney affiliated with ZNC and otherwise deny the truth of each and every other allegation contained in section "II" paragraph "6" of the Amended Complaint.

7.        Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "II" paragraph "7" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "II" paragraph "7" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny the truth of each and every allegation contained in section "II" paragraph "7" of the Amended Complaint, and additionally state that the referenced communications annexed to the Amended Complaint as "Exhibit 1" and "Exhibit 2" speak for themselves. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

8.        Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "II" paragraph "8" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in

"Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "II" paragraph "8" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "II" paragraph "8" of the Amended Complaint.

9.      Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "II" paragraph "9" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "II" paragraph "9" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny the truth of each and every allegation contained in section "II" paragraph "9" of the Amended Complaint, except admit that at various time, certain ZNC attorneys participated in ZNC's representation of Plaintiff in the Underlying Action, defined in paragraph "10," *infra*. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

## III.    FACTUAL ALLEGATIONS

### A.  The Underlying Representation

10.      Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.A" paragraph "8" of the Amended

Complaint, except admit that, upon information and belief, on or about November 7, 2014, Plaintiff, though different counsel, commenced a lawsuit captioned *Ari Teman v. Eric Braverman, M.D., Richard Smayda, D.O., Sandip Buch, M.D., Anupama Reddy, M.D., PATH Medical, P.C. Darya Braverman, and Total Health Nutrients*, venued in the Supreme Court of the State of New York, County of New York, and bearing Index No. 805410/2014 ("Underlying Action").[2]

11.    Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained section "III.A" paragraph "9" of the Amended Complaint, except admit that Plaintiff retained ZNC to substitute as counsel for Plaintiff in the Underlying Action by written engagement letter dated May 4, 2015 and signed by Virgil. Answering Defendants additionally state that the referenced document speaks for itself.

12.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.A" paragraph "10" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.A" paragraph "10" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the

---

[2] By its March 31, 2026 Order (ECF Doc. No. 54), the Court found that while the Amended Complaint "does not include the Index Number" for the referred to "Underlying Action" placed at issue, that "[i]t is clear from the context of the [Amended Complaint] that the [Underlying Action] refers to" the "medical malpractice case in New York, New York, bearing the Index Number 805410/2014." (ECF Doc. No. 54, pp. 1, fn. 3).

allegations contained in section "III.A" paragraph "10" of the Complaint, except admit that ZNC undertook legal representation of Plaintiff in the Underlying Action on a contingency basis.

## B. Firm-Wide Notice, Partner Discussion, and Joint Inaction

13. Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "11" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.A" paragraph "11" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.B" paragraph "11" of the Amended Complaint, except admit that at certain times, ZNC attorneys were copied on emails concerning the Underlying Action during the pendency of said lawsuit.

14. Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "12" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the

allegations asserted in section "III.B" paragraph "12" of the Amended Complaint to the extent that it pertains to said dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.A" paragraph "12" of the Amended Complaint, and additionally state that the referenced email, annexed to the Amended Complaint as "Exhibit 1," speaks for itself.

15.     Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "13" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "13" of the Amended Complaint to the extent that it pertains to said dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny the truth of the allegations contained in section "III.A" paragraph "13" of the Amended Complaint except admit that the referenced letter was sent to Plaintiff, and additionally state that the referenced letter, annexed in part with redactions to the Amended Complaint as "Exhibit 2," speaks for itself.

16.     Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "14" of the Amended Complaint. Pursuant to this Court's

7

March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "14" of the Amended Complaint to the extent that it pertains to said dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny the truth of each and every allegation contained in section "III.B" paragraph "14" of the Amended Complaint, and additionally state that referenced communications, annexed to the Amended Complaint as "Exhibit 1" and "Exhibit 2," speak for themselves.

17.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "15" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "15" of the Amended Complaint to the extent that it pertains to said dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny the truth of each and every allegation contained in section "III.B" paragraph "15" of the Amended Complaint.

18.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "16" of the Amended Complaint. Pursuant to this Court's

March 31, 2026 Order, the second cause of action sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" contained within the Amended Complaint was dismissed with prejudice . (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "16" of the Amended Complaint to the extent that it pertains to said dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny the truth of each and every allegation contained in section "III.B" paragraph "16" of the Amended Complaint.

19.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "17" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "17" of the Amended Complaint to the extent that it pertains to said dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny the truth of each and every allegation contained in section "III.B" paragraph "17" of the Amended Complaint, except admit that the Underlying Action was dismissed for failure to prosecute, and that a subsequent appeal of the dismissal was denied. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

20.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations

asserted in section "III.B" paragraph "18" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "18" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny the truth of each and every allegation contained in section "III.B" paragraph "18" of the Amended Complaint, except admit that the Underlying Action was dismissed for failure to prosecute with prejudice. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

**Related Subject Matter and Notice Irrespective of Caption**

21.    Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "19" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Pursuant to this Court's March 31, 2026 Order, it was determined that Plaintiff's remaining cause of action sounding in legal malpractice solely concerns the Underlying Action. (ECF. Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to allegations regarding their legal representation of Plaintiff in unrelated litigations. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.B" paragraph "19" of the Amended Complaint.

22.     Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "20" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "20" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Pursuant to this Court's March 31, 2026 Order, it was determined that Plaintiff's remaining cause of action sounding in legal malpractice solely concerns the Underlying Action. (ECF. Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to allegations regarding their legal representation of Plaintiff in unrelated litigations. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in section "III.B" paragraph "20" of the Amended Complaint, and additionally state that the referenced communication annexed to the Amended Complaint as "Exhibit 1" speaks for itself.

23.     Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "21" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the

allegations asserted in section "III.B" paragraph "21" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Pursuant to this Court's March 31, 2026 Order, it was determined that Plaintiff's remaining cause of action sounding in legal malpractice solely concerns the Underlying Action. (ECF. Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to allegations regarding their legal representation of Plaintiff in unrelated litigations. Notwithstanding the foregoing, Answering Defendants deny the truth of each and every allegation contained in section "III.B" paragraph "21" of the Amended Complaint, and additionally state that the referenced communications annexed to the Amended Complaint as "Exhibit 1" and "Exhibit 2" speaks for themselves. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

**Expert Verification of Damages**

24.    Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.B" paragraph "22" of the Amended Complaint.

25.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "23" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "23" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering

12

Defendants deny the truth of each and every allegation contained in section "III.B" paragraph "23" of the Amended Complaint.

26.     Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "24" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "III.B" paragraph "24" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny the truth of each and every allegation contained in section "III.B" paragraph "24" of the Amended Complaint.

**No waiver of allegations or claims expressly permitted by the Court**

27.     Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "III.B" paragraph "25" of the Amended Complaint.

## IV.   CLAIMS FOR RELIEF

**COUNT I Legal Malpractice (Against ZNC and Jeremy Virgil)**

28.     In responding to section "IV" paragraph "17" of the Amended Complaint, Answering Defendants repeat and reiterate each response, belief, admittance, denial, and denial of sufficient knowledge or information to form a belief in response to section "I" paragraphs "1" and

"2," section "II" paragraphs "3" through "9," and section "III" paragraphs "8" through "25" of the Amended Complaint, as if each were repeated and reinterred verbatim herein.

29.    Answering Defendants admit the truth of the allegations contained in section "IV" paragraph "18" of the Amended Complaint.

30.    Answering Defendants deny the truth of each and every allegation contained in section "IV" paragraph "19" of the Amended Complaint. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

31.    Answering Defendants deny the truth of each and every allegation contained in section "IV" paragraph "20" of the Amended Complaint. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

32.    Answering Defendants deny the truth of each and every allegation contained in section "IV" paragraph "21" of the Amended Complaint, and additionally state that the referenced document speaks for itself. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

**COUNT II Breah of Fiduciary Duty (Duty of Loyalty) (Against All Defendants)**

33.    In responding to section "IV" paragraph "22" of the Amended Complaint, Answering Defendants repeat and reiterate each response, belief, admittance, denial, and denial of sufficient knowledge or information to form a belief in response to section "I" paragraphs "1" and "2," section "II" paragraphs "3" through "9," and section "III" paragraphs "8" through "25" of the Amended Complaint, as if each were repeated and reinterred verbatim herein.

34.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations

14

asserted in section "IV" paragraph "23" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "23" of the Amended Complaint.

35.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "24" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "24" of the Amended Complaint.

36.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "25" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "25" of the Amended Complaint.

37.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54).

Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "26" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "26" of the Amended Complaint.

38.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "27" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "27" of the Amended Complaint.

39.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "28" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "IV" paragraph "28" of the Amended Complaint.

## V.    DAMAGES

40.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "V" paragraph "29" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "V" paragraph "29" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "V" paragraph "29" of the Amended Complaint. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

41.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "V" paragraph "30" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "V" paragraph "30" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in

17

section "V" paragraph "30" of the Amended Complaint. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

42.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "V" paragraph "31" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "V" paragraph "31" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "V" paragraph "31" of the Amended Complaint. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

## VI.    PRAYER FOR RELIEF

43.    Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "VI" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "VI" of the Amended Complaint to the extent that same pertains to the

dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "VI" of the Amended Complaint. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

## VII.  JURY DEMAND

44.     Pursuant to this Court's March 31, 2026 Order, the Amended Complaint was dismissed with prejudice as against the Former ZNC Defendants. (ECF Doc. No. 54). Consequently, the Former ZNC Defendants are not required to answer or respond to the allegations asserted in section "VII" of the Amended Complaint. Pursuant to this Court's March 31, 2026 Order, the second cause of action contained within the Amended Complaint sounding in "Breach of Fiduciary Duty (Duty of Loyalty)" was dismissed with prejudice. (ECF Doc. No. 54). Consequently, Answering Defendants are not required to answer or respond to the allegations asserted in section "VII" of the Amended Complaint to the extent that same pertains to the dismissed cause of action. Notwithstanding the foregoing, Answering Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in section "VII" of the Amended Complaint. Answering Defendants respectfully refer all questions of law to the Court for judicial determination.

## AFFIRMATIVE DEFENSES

45.     Discovery and investigation may reveal that any one or more of the following defenses and/or affirmative defenses (hereafter "defenses") are available to Answering Defendants in this matter. Answering Defendants therefore assert said defenses in order to preserve the right to assert them. Answering Defendants further reserve the right to amend this Answer to assert

additional defenses, cross-claims, counterclaims and other claims and defenses as discovery proceeds. Further answering and by way of defense, Answering Defendants state the following:

**AS AND FOR ANSWERING DEFENDANTS'**
**FIRST AFFIRMATIVE DEFENSE**

46.     Upon information and belief, the Amended Complaint fails to state a valid cause of action for which relief may be granted, cognizable in equity or law, against Answering Defendants.

**AS AND FOR ANSWERING DEFENDANTS'**
**SECOND AFFIRMATIVE DEFENSE**

47.     Upon information and belief, to the extent that the Answering Defendants performed any of the acts set forth in the Amended Complaint, such acts were authorized and/or requested by Plaintiff.

**AS AND FOR ANSWERING DEFENDANTS'**
**THIRD AFFIRMATIVE DEFENSE**

48.     Upon information and belief, the injuries and damages allegedly suffered by the Plaintiff, if any, and which injuries and damages are expressly denied by Answering Defendants, were the result of culpable conduct or fault of third persons for whose conduct Answering Defendants are not legally responsible, and the damages recovered by the Plaintiff, if any, should be diminished or reduced in the proportion to which said culpable conduct bears upon the culpable conduct which caused the damages.

**AS AND FOR ANSWERING DEFENDANTS'**
**FOURTH AFFIRMATIVE DEFENSE**

49.     Upon information and belief, any injury or damages allegedly sustained by Plaintiff, if any, and which injuries and damages are expressly denied by Answering Defendants, were caused in whole or in part by the contributory or comparative negligence and/or culpable conduct of said Plaintiff, or his agents and/or principals, and not as a result of any negligence

and/or culpable conduct on the part of Answering Defendants. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct attributable to Plaintiff bears to the culpable conduct which caused said injuries.

## AS AND FOR ANSWERING DEFENDANTS'
### FIFTH AFFIRMATIVE DEFENSE

50.    Upon information and belief, Plaintiff has failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages, and disabilities alleged in the Amended Complaint. Accordingly, in the event that Plaintiff recovers a verdict or judgment against Answering Defendants, then said verdict or judgment must be reduced to the extent that any of the damages claimed could have been but were not reduced due to Plaintiff's failure to mitigate same.

## AS AND FOR ANSWERING DEFENDANTS'
### SIXTH AFFIRMATIVE DEFENSE

51.    Upon information and belief, some or all of Plaintiff's claims against Answering Defendants in this action are barred by the doctrines of res judicata and/or collateral estoppel.

## AS AND FOR ANSWERING DEFENDANTS'
### SEVENTH AFFIRMATIVE DEFENSE

52.    Upon information and belief, some or all of Plaintiff's claims are barred by the doctrines of waiver, laches, estoppel, accord and satisfaction, confirmation, acquiescence, ratification, and/or unclean hands.

## AS AND FOR ANSWERING DEFENDANTS'
### EIGHTH AFFIRMATIVE DEFENSE

53.    Upon information and belief, Plaintiff's claims are barred, in whole or in part, because any damages that Plaintiff sustained were caused by the superseding, intervening acts of third-parties and not by Answering Defendants.

**AS AND FOR ANSWERING DEFENDANTS'**
**NINTH AFFIRMATIVE DEFENSE**

54.    Upon information and belief, no act, error, omission or failure to act on the part of the Answering Defendants, as alleged in the Amended Complaint, was the proximate cause of any damage, loss, or injury to Plaintiffs as a matter of law.

**AS AND FOR ANSWERING DEFENDANTS'**
**TENTH AFFIRMATIVE DEFENSE**

55.    If Plaintiff has settled or does settle any claim with any party other than Answering Defendants for the allegations and/or claimed damages asserted in the Amended Complaint, the Answering Defendants shall be entitled to a setoff as against such settlement(s) in this lawsuit.

**AS AND FOR ANSWERING DEFENDANTS'**
**ELEVENTH AFFIRMATIVE DEFENSE**

56.    Upon information and belief, there exists a defense to the remaining cause of action asserted in the Amended Complaint founded upon documentary evidence.

**AS AND FOR ANSWERING DEFENDANTS'**
**TWELFTH AFFIRMATIVE DEFENSE**

57.    Upon information and belief, Plaintiff has suffered no legally cognizable damages or pecuniary loss attributable to actionable conduct by Answering Defendants.

**AS AND FOR ANSWERING DEFENDANTS'**
**THIRTEENTH AFFIRMATIVE DEFENSE**

58.    Upon information and belief, Plaintiff's injuries, if any, were proximately caused by an unforeseeable, unanticipated, independent, intervening and/or superseding event(s) beyond the control, and unrelated to any conduct, of Answering Defendants.

## AS AND FOR ANSWERING DEFENDANTS'
## FOURTEENTH AFFIRMATIVE DEFENSE

59.     Upon information and belief, the Court lacks subject matter jurisdiction over the issues, allegations, and claimed damages raised in the Amended Complaint.

## AS AND FOR ANSWERING DEFENDANTS'
## FIFTEENTH AFFIRMATIVE DEFENSE

60.     Upon information and belief, to the extent that Plaintiff could have obtained a judgment or verdict against the underlying defendants in the Underlying Action, Plaintiff could not have collected upon the said judgment or verdict due to the insolvency of the underlying defendants in the Underlying Action. Accordingly, in the event that Plaintiff obtains a verdict or judgment against Answers Defendants for the alleged lost value of the Underlying Action, which is expressly denied by Answering Defendants, then said verdict or judgment must be reduced to what Plaintiff could have both recovered and collected in the Underlying Action.

**WHEREFORE**, Answering Defendants demand judgment against Plaintiff dismissing the Amended Complaint in its entirety, and awarding said Answering Defendants such other and further relief as this Court deems just, equitable, and proper, together with the costs and disbursements of the within action.

Dated:  New York, New York
      April 14, 2026

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:     /s/ Cristina Yannucci, Esq.
        Cristina Yannucci, Esq.
        *Attorneys for Defendants*
        *ZELDES, NEEDLE & COOPER, P.C.*
        *and JEREMY VIRGIL,*

23

7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Phone: (212) 232-1412
Email: cristina.yannucci@lewisbrisbois.com
File No. 47558.92

**Via PACER**
To:     ARI TEMAN
        *Pro se Plaintiff*
        1521 Alton Road, #888
        Miami Beach, Florida 33139
        Phone: (212) 203-3714
        Email: ari@teman.com

24

## CERTIFICATE OF SERVICE

I, Cristina R. Yannucci, an attorney duly to practice before this Court, certifies that on April 14, 2026, served a copy of the **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** by electronic filing upon

ARI TEMAN
*Pro se Plaintiff*
1521 Alton Road, #888
Miami Beach, Florida 33139
Phone: (212) 203-3714
Email: ari@teman.com

Dated: New York, New York
       April 14, 2026

/s/ Cristina Yannucci, Esq.

_____
CRISTINA YANNUCCI, ESQ.

25