

Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

April 15, 2026                                                                   File No. 51276.50

**VIA ECF**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

  Re: *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil*
    United States District Court, Southern District of New York, Civil Case No. 1:24-cv-09830

Dear Judge Liman:

  Our firm represents the Defendants in the above-referenced matter. *Pro se* Plaintiff has been copied hereto. Defendants submit the instant letter in opposition to Plaintiff's "Letter Motion to Compel Production of Client File and Related Relief," filed on April 11, 2026, and uploaded to the docket/received by Defendants on April 13, 2026 (ECF Doc. No. 60).

    Plaintiff's Request to Compel Production of Zeldes Needle Cooper LLP's Client File

  As a preliminary matter, please be advised that Plaintiff filed his motion to compel after the parties participated in a lengthy meet and confer on April 7, 2026, at which time it was the understanding of Defendants' counsel that many of the issues detailed in Plaintiff's letter motion were resolved.

  The next day, and three days prior to filing the instant letter motion, by emails sent on April 8, 2026, copies of which are annexed hereto collectively as **Exhibit 1**, Plaintiff, in his capacity as "a former client," requested "a complete and unredacted copy of [his] client file maintained by Zeldes Needle Cooper LLP," ("ZNC"), including, "without limitation, all materials relating to the following matters: the Braverman/PATH action, Silver Hill, Buch, US v. Teman, and any other matters, claims, or representations for which Zeldes Needle Cooper LLP maintained files, materials, or communications concerning [Plaintiff]." Plaintiff confirmed that "[t]his request [was] made outside the scope of formal discovery." *See* **Exhibit 1**.

  By way of this Court's April 1, 2026 interim Order (ECF. Doc. No. 55) on Defendants' pending letter motion seeking a protective Order, filed on March 31, 2026 (ECF. Doc. No. 53), "Defendants' obligations to respond to the discovery propounded by Plaintiff [was] stayed pending further order of the Court." No Order lifting the stay of discovery as to Defendants has been issued by the Court.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

175115734.1

April 15, 2026
Page 2

By the instant letter motion, Plaintiff now attempts to circumvent the stay implemented by this Court by seeking to compel Defendants to comply with the above request to obtain documents and communications concerning matters both at issue and outside the scope of instant lawsuit.[1] Plaintiff acknowledges same in his letter motion by stating "this obligation exists independently of discovery, [and that] a stay of discovery does not permit a law firm to withhold its client's file or delay its production." (ECF Doc. No. 60, p. 2).

The non-binding caselaw cited by Plaintiff in his letter motion, which solely concern discovery disputes within the confines of litigation, do not support the notion that a Court, in presiding over a lawsuit, has jurisdiction or sound basis to compel production of a client's legal file outside the scope of discovery or for matters that are not at issue in the lawsuit. Plaintiff's claims of prejudice are without merit, as Plaintiff never requested these materials before electing to file suit and litigating this matter since December of 2024. Plaintiff does so now only after the Court Orders limiting and staying discovery.

Because Plaintiff moves to compel Defendants to produce records in violation of the Court Ordered stay of discovery, Plaintiff's request should be summarily denied.

<u>Plaintiff's Requests for Relief Concerning Non-Party Jason Prueher</u>

Plaintiff requests that Defendants' counsel be Ordered to "clarify on the record" and/or produce written communications concerning their representation of non-party Jason Prueher. For context, on April 10, 2026, Defendants' counsel emailed Plaintiff the following regarding notice of the unexecuted non-party subpoena issued by Plaintiff to Jason Prueher, an attorney formerly employed by ZNC: "We are emailing regarding the attached notice of non-party subpoena directed to Jason Prueher. We understand that on March 16, you filed a notice of intent to serve a subpoena and requested that the clerk issue same. To date, no notice has been received that the subpoena was issued. Kindly advise if/when the clerk issues same so we can discuss service and a return date, as we will be appearing as counsel for Mr. Prueher." A copy of this email has been annexed hereto as **Exhibit 2**.

Simply put, Defendants' counsel will be appearing on behalf of Mr. Prueher for purposes of objecting and responding to the subpoena in the event that Plaintiff's proposed subpoena is executed and issued by the Clerk of the Court. Despite vague claims of "concerns regarding the potential overlap between [Mr. Pruher's] role as a fact witness and the interests of Defendant" (ECF. Doc. No. 60, p. 5), Plaintiff provides no authority or sound basis for his request to compel production of communications between Defendants' counsel and a non-party that has yet to be served a validly issued subpoena for records or testimony.

---

[1] By this Court's March 11, 2026 (ECF Doc. No. 45) and March 31, 2026 Orders (ECF Doc. No. 54), it was determined that the First Amended Complaint solely concerns Defendants' legal representation of Plaintiff in *Ari Teman v. Eric Braverman, M.D., Richard Smayda, D.O., Sandip Buch, M.D., Anupama Reddy, M.D., PATH Medical, P.C. Darya Braverman, and Total Health Nutrients*, venued in the Supreme Court of the State of New York, County of New York, and bearing Index No. 805410/2014[1] ("Underlying Action").

April 15, 2026
Page 3

<u>Plaintiff's Request for an Extension of Time to File a Second Amended Complaint</u>

Plaintiff requests "that the Court extend Plaintiff's deadline to file any Second Amended Complaint to fourteen (14) days after Defendants produce Plaintiff's complete client file." (ECF doc. No. 60, p. 4). Plaintiff's request must be denied in its entirety.

Initially, Plaintiff already filed a First Amended Complaint in accordance with this Court's December 31, 2025 Order (ECF Doc. No 32), and further amendment without leave of the Court is precluded by FRCP 15(a)(1). As such, there is no operative filing deadline for which any extension request would apply. Next, and more importantly, Plaintiff already has a pending motion seeking leave to file a Second Amended Complaint before the Court (ECF Doc. Nos. 57-59), for which a briefing schedule has been issued. (ECF Doc. No. 63). As Defendants will demonstrate in their anticipated opposition papers, amongst other grounds for which this Court should deny Plaintiff's pending motion, Plaintiff's time for which to move for leave to amend or join additional parties expired on March 27, 2026. (ECF Doc. No. 46).

In light of the foregoing, Defendants' respectfully request that this Court deny each item of relief sought in Plaintiff's letter motion. We thank the Court for its time and attention herein.

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

CRY
Cc:    **Via PACER**
ARI TEMAN
*Pro se Plaintiff*
1521 Alton Road, #888
Miami Beach, Florida 33139
Email: ari@teman.com

175115734.1