

Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

April 15, 2026                                                    File No. 51276.50

**VIA ECF**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

      Re:    *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil*
             United States District Court, Southern District of New York, Civil Case No. 1:24-cv-09830

Dear Judge Liman:

Our firm represents the Defendants in the above-referenced matter. *Pro se* Plaintiff has been copied hereto. On April 1, 2026, the Court entered an interim Order (ECF Doc. No. 55) on Defendants' pending letter motion for a Protective Order, filed on March 31, 2026 (ECF Doc. No. 53). The April 1, 2026 interim Order directed the parties "to meet and confer no later than April 10, 2026" in attempts to resolve the discovery disputes identified in Defendants' letter motion, and further directed Defendants to "advise the Court by April 6, 2026, the results of such meet and confer and whether a ruling is still required on the remainder of Defendants' letter motion."[1] (ECF Doc No. 55).

Please be advised that the parties virtually met and conferred on April 7, 2026. At Plaintiff's request, the parties agreed by email on April 3, 2026 that the meet and confer would be transcribed. Again, at Plaintiff's request, the parties further agreed that the instant letter would not be filed until April 14, 2026 or later, due to the Jewish Holiday.

During the meet and confer, the parties reached the following agreements:

(1)     Plaintiff will reissue the following discovery requests:

-    "Plaintiff's First Requests for Production of Documents, First Set of Interrogatories, and First Requests for Admission to Defendants Zeldes Needle Cooper and Jeremy Virgil," dated March 10, 2026; and

---

[1] Defendants respectfully note that the April 6, 2026 date may have been recorded in error, since it precedes the April 10, 2026 deadline by which the parties were directed to meet and confer.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

April 15, 2026
Page 2

- "Plaintiff's Second Requests for Production of Documents to Defendants ZNC and Jeremy Virgil" with "Additions to Plaintiff's Second Interrogatories (to ZNC & Virgil)," dated March 15, 2026.

*(2)*    Plaintiff's reissued discovery requests will be directed only as to remaining Defendants Zeldes, Needle & Cooper, P.C. (i/s/h/a Zeldes Needle Cooper LLP) and Jeremy Virgil[2].

*(3)*    Plaintiff's reissued discovery requests will be limited to the remaining legal malpractice cause of action concerning Defendants' legal representation of Plaintiff in *Ari Teman v. Eric Braverman, M.D., Richard Smayda, D.O., Sandip Buch, M.D., Anupama Reddy, M.D., PATH Medical, P.C. Darya Braverman, and Total Health Nutrients*, venued in the Supreme Court of the State of New York, County of New York, and bearing Index No. 805410/2014[3] ("Underlying Action").

(4)    Plaintiff is to identify what documents are internally referenced in ZNC's applicable insurance policy, which was provided to Plaintiff by Defendants' counsel on February 25, 2026, but were not produced. Upon Plaintiff's identification, Defendants' counsel are to confer with their clients to inquire as to the existence of any such documents.

Thereafter, in an April 8, 2026 email following the meet and confer, Plaintiff stated: "Following our meet and confer, I write to clarify my position […] the issues relating to the Silver Hill matter remain directly relevant and are not extraneous to the currently pending claim. […] To the extent the Court ultimately limits the scope of amendment, though I don't think it will, I intend to pursue claims arising from the Silver Hill matter either within this action, if permitted, or in a separate action." Given the April 8, 2026 email, it is unclear to Defendants' counsel whether Plaintiff withdrew the above agreements reached at the April 7, 2026 meet and confer.

Accordingly, a ruling is required for the above items which were tentatively agreed to on April 7, 2026, as well as the additional items bellow, which were detailed in Defendants' original March 31, 2026 letter motion seeking a protective Order (ECF Doc. No. 53), and neither of which were resolved during the meet and confer:

(1)    Plaintiff's discovery requests seek production and identification of Defendants' "professional liability insurance policies," as well as related applications, documents, and communications. A Protective Order is sought for the following discovery items because such requests (1) violate this Court's March 11, 20226 Order, as Plaintiff is not permitted to request or move for the production of

---

[2] By this Court's March 31, 2026 Order (ECF Doc. No. 54), the Amended Complaint was dismissed with prejudice as against Defendants MAXIMINO MEDINA, RICHARD A. SARNER, EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO, SABATO "SAM" P. FIANO, RICHARD D. ZEISLER, MARIA A. CASPER, ROBERT S. COOPER, and LISA C. DUMOND.

[3] By this Court's March 11, 2026 (ECF Doc. No. 45) and March 31, 2026 Orders (ECF Doc. No. 54), it was determined that the First Amended Complaint solely concerns Defendants' legal representation of Plaintiff in the Underlying Action.

175122686.1

April 15, 2026
Page 3

additional insurance policies prior to May 4, 2026. (ECF. Doc. No. 45); (2) exceed the limited scope of Fed. R. Civ. P. 26(a)(1)(A)(iv); and (3) seek privileged "work product" documents/communications prepared in anticipation of litigation:

- Plaintiff's Requests for Production Nos. 11. 25-27 (Exhibit A[4], pp. 4, 6);
- Plaintiff's Interrogators Nos. 6 (Exhibit A, p. 9); and
- Plaintiff's Requests for Production Nos. 42-46, 65-67 (Exhibit B, pp. 1, 3).

(2)     A Protective Order is sought for Plaintiff's Interrogatories (Exhibit A, pp. 8-9; Exhibit B, p. 5) with directives that same be reserved in accordance the limited confines of SDNY Local Rule 33.3 and this Court's March 11, 2026 Case Management Plan and Scheduling Order.

We thank the Court for its time and consideration herein. Do not hesitate to contact the undersigned should you have any questions or require anything further.

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

CRY
Cc:    **Via PACER**
       ARI TEMAN
       *Pro se Plaintiff*
       1521 Alton Road, #888
       Miami Beach, Florida 33139
       Email: ari@teman.com

---

[4] The Exhibits referred to herein are those annexed to Defendants' original March 31, 2026 letter motion seeking a Protective Order (ECF Doc. No. 53).