UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Ari Baruch Teman,**
 Plaintiff,
 v.
 **Zeldes Needle Cooper LLP and Jeremy Virgil,**
 Defendants.

Case No. 1:24-cv-09830 (LJL)

**PLAINTIFF'S RESPONSE TO DEFENDANTS' APRIL 14, 2026 LETTER AT ECF #61**

Hon. Lewis J. Liman
 United States District Judge
 Southern District of New York
 500 Pearl Street
 New York, New York 10007

Dear Judge Liman:

Plaintiff Ari Teman respectfully submits this letter in response to Defendants' April 14, 2026 letter (ECF No. 61) concerning Plaintiff's motion for leave to file a Second Amended Complaint and the related motion to compel production of Plaintiff's complete client file.

At the outset, Plaintiff notes that, during the Court's prior conference, the Court indicated that any further amendments would require leave of Court. Plaintiff understood this guidance to mean that he should seek permission to amend by motion, which is precisely what he did. While Plaintiff acknowledges he may not have interpreted the precise procedural implications with the same precision as counsel, his understanding was reasonable and made in good faith, particularly given that no recording was permitted and Plaintiff relied on contemporaneous notes of the conference.

Defendants' position that it would be "burdensome and inefficient" to oppose amendment at this stage -- because Plaintiff may later amend -- implicitly recognizes that Plaintiff does not yet have access to all necessary information, including his own client file.

Defendants' opposition to producing Plaintiff's client file  --  despite their independent obligation to provide it to their client under applicable law, including Rule 1.16(e) of the New York Rules of Professional Conduct, Rule 1.16(d) of the Connecticut Rules of Professional Conduct, and *Sage Realty Corp. v. Proskauer Rose LLP* -- while simultaneously asserting that amendment should be deferred because further amendment may be necessary, confirms that the contents and condition of the client file are central to Plaintiff's claims and any amendment thereto. Plaintiff cannot be expected to finalize his pleading without access to those materials.

In connection with his motion, Plaintiff sought leave to file a Second Amended Complaint and requested seven (7) days to file a final version following the Court's approval. In light of Defendants' continued failure to produce Plaintiff's complete client file -- information necessary to plead his claims with specificity -- Plaintiff

respectfully requests that the Court modify that request and permit Plaintiff to file a final amended complaint within fourteen (14) days after Defendants produce Plaintiff's complete client file.

Defendants' assertion that Plaintiff's motion to amend should be summarily denied as untimely is misplaced. Plaintiff expressly sought, in connection with his motion, that the Court either deem the proposed amendment timely or extend the deadline for amendment in light of Defendants' failure to produce Plaintiff's complete client file. Plaintiff cannot reasonably be expected to plead all facts with specificity where those facts are contained within his own client file, which remains in Defendants' possession and has not been produced despite repeated requests and *reminders of their obligation to do so under applicable law*.

Defendants' request that briefing on the motion to amend be held in abeyance pending resolution of Plaintiff's motion to compel **further confirms that the contents of the client file are material** to any proposed amendment. Defendants cannot simultaneously argue that amendment should be denied as untimely while also asserting that it would be inefficient to oppose amendment before the client file is produced. These positions are inconsistent. If, **as Defendants contend, the client file bears on the adequacy of Plaintiff's pleading,** then basic fairness requires that Plaintiff be afforded a meaningful opportunity to amend after receiving that file.

Moreover, Defendants should not be permitted to withhold Plaintiff's client file, delay its production despite repeated requests, and then rely on that delay as a basis to oppose amendment. Courts routinely recognize that a party cannot benefit from circumstances that it created, particularly where the information necessary to plead a claim is within that party's control. Without access to his own file, Plaintiff cannot be expected to finalize his pleading, and any resulting limitation would unfairly prejudice Plaintiff.

To the extent Defendants' position reflects that the client file cannot presently be produced in full, that fact further supports Plaintiff's request for flexibility in amendment. It appears likely that the Second Amended Complaint will address issues arising from the absence or incompleteness of the client file, including (i) the extent to which portions of the file may no longer be available, and/or (ii) the substance of information that would have been available to Plaintiff had the file been produced upon request. These are matters that Plaintiff cannot fully assess or plead without access to the file itself.

Finally, during the parties' meet and confer, Defendants' counsel repeatedly referenced the need to bring Plaintiff's requests "into compliance with the Court." However, Plaintiff's requests are directed at materials that fall within his own client file or are directly related to matters in which Defendants represented him, and therefore should have already been produced.

Plaintiff further notes that similar issues have arisen in connection with Defendants' representations regarding insurance disclosures, where Defendants provided only a declarations page and did not produce the full policy despite repeated follow-up requests, requiring motion practice. This __pattern__ underscores the need for clear direction from the Court and prompt production of Plaintiff's complete client file, which would substantially narrow or resolve the issues currently before the Court.

Plaintiff also notes that during the relevant period, he was located in Israel under active wartime conditions, which required repeated and frequent daily sheltering due to incoming attacks. These conditions materially disrupted Plaintiff's ability to consistently access his workspace and track deadlines with precision. Plaintiff nevertheless acted diligently under the circumstances, and these conditions provide additional context for the timing of the filing.

For the foregoing reasons, Plaintiff respectfully requests that the Court

(i) deny Defendants' request to summarily reject the motion to amend as untimely,

(ii) either deem the motion timely or extend the amendment deadline,

(iii) modify Plaintiff's request to permit filing of a final amended complaint within fourteen (14) days after production of the client file, and

(iv) permit further amendment following such production if necessary.

Respectfully submitted,

/s/ Ari Teman
 Ari Teman

14 April, 2026
Tel Aviv, Israel
Ari@teman.com

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2026, I caused a true and correct copy of the foregoing to be served via the Court's ECF system via the Temp Pro Se Email upon all counsel of record.

Dated: April 14, 2026

/s/ Ari Teman
 Ari Baruch Teman
 Plaintiff, pro se
Tel Aviv, Israel
Ari@teman.com