UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Ari Baruch Teman,**
Plaintiff,

v.

**Zeldes Needle Cooper LLP, et al.,**
Defendants.

Case No. 1:24-cv-09830 (LJL)

**PLAINTIFF'S REPLY IN SUPPORT OF LETTER MOTION TO COMPEL PRODUCTION OF CLIENT FILE AND RELATED RELIEF**

**Honorable Lewis J. Liman:**

Plaintiff respectfully submits this reply in further support of his April 11, 2026 letter motion.

**PRELIMINARY STATEMENT**

This motion presents a straightforward issue.

Defendants do not dispute that Plaintiff has requested his client file. They do not dispute that the file exists. They do not dispute that Plaintiff is entitled to it. Indeed, Defendants expressly acknowledge that the obligation to provide a client file "exists independently of discovery."

Yet they refuse to produce it.

There is no law—none cited by Defendants and none that exists—that permits a law firm to withhold its client's file or delay its production based on a discovery stay, the scope of litigation, or any other procedural posture.

It should not require motion practice, let alone judicial intervention, for a client—particularly a pro se litigant—to obtain his own file from his former attorneys, especially where all parties acknowledge that the obligation exists regardless of litigation.

Defendants' position is not a good-faith legal dispute. It is a refusal to comply with a clear and independent obligation.

The Court should order immediate production and impose appropriate measures to ensure compliance.

**ARGUMENT**

1

## I. DEFENDANTS CONCEDE THAT THE CLIENT FILE MUST BE PRODUCED AND IDENTIFY NO LEGAL BASIS TO WITHHOLD IT

Defendants' opposition fails at the threshold.

They acknowledge that the obligation to provide a client file exists independently of discovery. They do not cite any authority permitting them to withhold that file. They do not claim that Plaintiff is not entitled to it.

Instead, they rely entirely on a stay of discovery.

That argument is legally incorrect. A client file is not discovery. It is the client's property, maintained by the attorney during the course of representation, and subject to a well-established obligation of production upon request.

A discovery stay does not suspend that obligation. It has no bearing on it.

Defendants' position would allow any attorney to withhold a client's file indefinitely by invoking procedural posture. No such rule exists.

## II. DEFENDANTS' "NO PRE-LITIGATION REQUEST" ARGUMENT IS IRRELEVANT AND CONTRADICTED BY THE RECORD

Defendants argue that Plaintiff "never requested these materials before electing to file suit."

That argument fails for two independent reasons.

First, a client's right to his file does not depend on when the request is made. The obligation arises upon request and continues thereafter. Defendants cite no authority to the contrary.

Second, the argument ignores the substance of Plaintiff's claims. Plaintiff alleges that Defendants failed to provide updates, failed to respond to requests for status, and misrepresented the handling of his matters to both Plaintiff and his corporate counsel. Plaintiff's repeated efforts to understand the status of his cases necessarily encompassed requests for the information and materials maintained in Defendants' file.

Defendants cannot rely on the absence of a formalized "file request" prior to suit where the basis of the action is that they failed to provide precisely that information during the representation.

## III. DEFENDANTS MAY NOT UNILATERALLY NARROW THE SCOPE OF PLAINTIFF'S CLIENT FILE

Plaintiff requested his complete client file, including materials relating to the Braverman/PATH matter, related treatment including Silver Hill, and all other matters for which Defendants maintained files or communications concerning Plaintiff.

Defendants attempt to limit production to a narrowly defined "Underlying Action." That limitation is unsupported.

The obligation is to produce the client file as maintained during the representation—not a subset of documents Defendants deem relevant. Materials relating to related treatment, including Silver Hill, were maintained in connection with the same course of care and form part of the file.

**Communications with Plaintiff's Other Counsel and Corporate Counsel Are Part of the Client File**

The client file necessarily includes communications maintained by Defendants with Plaintiff's other counsel and corporate counsel during the course of the representation.

These communications are not extraneous. They were created and maintained as part of Defendants' representation of Plaintiff and relate directly to the same underlying matters at issue, including the handling of the Braverman/PATH action and related treatment.

To the extent Defendants communicated with Plaintiff's other counsel or corporate counsel regarding these matters, those communications form part of the client file and must be produced. Such materials reflect contemporaneous requests for updates, status, and action, and Defendants' responses thereto.

Defendants have no basis to exclude such communications from production. The obligation is to produce the file as maintained—not a subset of materials unilaterally defined by Defendants.

## IV. DEFENDANTS' CHARACTERIZATION OF THE MEET AND CONFER IS INCOMPLETE AND INACCURATE

Defendants assert that the parties reached agreements during the April 7, 2026 meet and confer.

That characterization is inaccurate.

The parties agreed in advance that the meet and confer would be transcribed. However, after the meeting began, the transcription AI's ability to record and transcribe the Audio was disabled by Defendants' counsel, Sam Cohen, without notice to Plaintiff that the transcription was being terminated (EXHIBIT 1). As a result, no complete or reliable record of the discussion exists.

In any event, Plaintiff promptly clarified his position in writing the following day, expressly confirming that the Silver Hill materials remain directly relevant and were not withdrawn.

There was no binding agreement limiting the scope of Plaintiff's request.

## V. DEFENDANTS' REFUSAL TO PRODUCE THE CLIENT FILE IS PART OF A PATTERN OF OBSTRUCTIVE CONDUCT

3

Defendants' refusal to produce Plaintiff's file is not an isolated issue.

As reflected in the record, Defendants have repeatedly taken positions that have required correction or clarification, including mischaracterizing materials produced (such as representing that an insurance declaration constituted the full policy) and failing to respond to follow-up communications seeking clarification and production.

Plaintiff's allegations further include that Defendants provided inaccurate or misleading information during the course of the representation regarding the status and handling of underlying matters.

Whether viewed individually or collectively, these actions have had the same effect: depriving Plaintiff of access to information and forcing unnecessary motion practice to obtain materials that should have been provided in the ordinary course.

## VI. SANCTIONS ARE WARRANTED TO ENSURE COMPLIANCE AND DETER FURTHER MISCONDUCT

The Court has authority to impose sanctions under its inherent powers and pursuant to 28 U.S.C. § 1927 where conduct unreasonably multiplies proceedings or reflects bad faith.

Here, Defendants acknowledge the governing obligation yet refuse to comply. That refusal has required Plaintiff to seek judicial intervention to obtain his own file.

Sanctions are warranted to ensure compliance and to prevent further obstruction.

Plaintiff respectfully requests that the Court impose appropriate sanctions, including:

- An order precluding Defendants from relying on any documents not produced as part of Plaintiff's client file;

- An adverse inference that any materials not produced would be unfavorable to Defendants;

- The imposition of coercive monetary sanctions sufficient to ensure compliance, including per diem penalties in the event of noncompliance with the Court's Order;
- An order requiring Defendants to provide a sworn certification that Plaintiff's client file has been fully produced and that no materials have been withheld, removed, or destroyed;

- An order requiring Defendants to provide a detailed log identifying any materials withheld from the client file, including the date, authors, recipients, and the basis for withholding; and

- Referral of Defendants' conduct to the Court's disciplinary authorities for review.

## CONCLUSION

There is no dispute that Plaintiff is entitled to his client file. There is no legal authority permitting Defendants to withhold it, and no justification for their refusal.

4

It is improper that a client—particularly a pro se litigant—must seek Court intervention to obtain his own file where all parties acknowledge that the obligation to provide it exists independently of litigation.

Defendants' conduct reflects a pattern of delay, shifting positions, and mischaracterization of their obligations—both to Plaintiff, their former client, and to this Court. That conduct has required unnecessary motion practice and has impeded the efficient resolution of this case.

The issue before the Court is straightforward. Plaintiff seeks only his own client file—materials that Defendants acknowledge he is entitled to receive and are obligated to provide.

Defendants' continued refusal to produce those materials is improper and should end immediately.

Plaintiff respectfully requests that the Court order Defendants to produce his complete and unredacted client file without delay, together with appropriate safeguards to ensure completeness, and impose measures sufficient to ensure prompt compliance and deter further misconduct. No further delay is warranted.


**Respectfully submitted,**


**s/Ari Teman/**
Ari Baruch Teman
Pro Se Plaintiff

Tel Aviv, Israel
16 April, 2026

**EXHIBIT 1**



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Ari Baruch Teman,**
 Plaintiff,

v.

**Zeldes Needle Cooper LLP, et al.,**
 Defendants.

Case No. 1:24-cv-09830 (LJL)

---

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Letter Motion to Compel Production of Client File and Related Relief (ECF No. 60), Defendants' opposition, and Plaintiff's reply, and for good cause shown, it is hereby:

**ORDERED that Plaintiff's motion is GRANTED; and it is further**

**ORDERED that Defendants Zeldes Needle Cooper LLP and Jeremy Virgil shall produce to Plaintiff his complete and unredacted client file, including all materials maintained in connection with their representation of Plaintiff, within fourteen (14) days of the date of this Order; and it is further**

**ORDERED that such production shall include, without limitation:**

- All documents, communications, and materials relating to the Braverman/PATH matter and any related treatment, including Silver Hill;

- All communications related to any and all matters with Plaintiff, Plaintiff's other counsel (current or former), and Plaintiff's corporate counsel (current or former);

- All internal and external communications, correspondence, pleadings, drafts, notes, memoranda, and records maintained in connection with Plaintiff's representation; and

- All materials maintained in electronic or physical form, including email systems, document management systems, and backup storage;

and it is further

**ORDERED that, to the extent Defendants withhold any materials from the client file, Defendants shall, within the same fourteen (14) day period, provide a detailed log identifying each such item, including the date, authors, recipients, and the basis for withholding; and it is further**

**ORDERED that Defendants shall provide a sworn certification, executed by a person with knowledge, that:**

1. Plaintiff's client file has been fully produced;
2. No responsive materials have been withheld except as identified in the log; and
3. No materials have been removed, lost, or destroyed, or, if any such materials existed, a description of when and how such events occurred;

and it is further

**ORDERED that Defendants are precluded from relying on any documents not produced as part of Plaintiff's client file in this action; and it is further**

**ORDERED that, in the event Defendants fail to comply with this Order, the Court may impose additional sanctions, including but not limited to adverse inferences and coercive monetary sanctions; and it is further**

**ORDERED that Defendants' conduct as set forth in the motion papers is referred to the Court's disciplinary authorities for review; and it is further**

**ORDERED that this Order is without prejudice to Plaintiff seeking further relief in the event of noncompliance.**

Dated: New York, New York
April ___, 2026

_____

HON. LEWIS J. LIMAN
 United States District Judge

8