UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ARI BARUCH TEMAN,

                     Plaintiff,

     -v-

ZELDES NEEDLE COOPER LLP et al.,

                     Defendants.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/21/2026

24-cv-9830 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

The Court is in receipt of Defendants' letter motion for a protective order, Dkt. No. 53, and Plaintiff's letter motion to compel production of his client file, Dkt. No. 60.

In response to Defendants' letter motion at Dkt. No. 53, the Court directed the parties to meet and confer regarding Plaintiff's discovery requests in light of the Court's decision on the motion to dismiss the First Amended Complaint. Dkt. No. 55. The Court further stayed Defendants' obligations to respond to discovery pending further order of the Court. *Id.* Following the parties' meet and confer, Defendants filed a letter noting agreements the parties reached regarding discovery, Dkt. No. 65, but Plaintiff disavowed these agreements and stated that Defendants' characterization of the meet and confer is inaccurate, Dkt. No. 69.

Defendants seek a protective order as to Plaintiff's requests for production and interrogatories that seek production and identification of Defendants' professional liability insurance policies or documents related to Defendants' insurance policies. Dkt. No. 53 at 2; *see* Dkt. No. 53-1 at 4, 6, 9; Dkt. No. 53-2 at 1, 3. Pursuant to the Court's March 11, 2026 Order, Plaintiff is not permitted to request or move for the production of additional insurance policies

prior to May 4, 2026. Dkt. No. 45. The Court stated that any request for production of such policies prior to May 4, 2026 would be denied for that reason alone. *Id.* Defendants' request for a protective order as to these requests is thus granted.

Defendants further seek a protective order with respect to Plaintiff's discovery requests seeking documents and information related to actions aside from *Teman v. Braverman*, Index No. 805410/2014 (Sup. Ct. N.Y. Cnty. 2014) (the "Underlying Action"). Dkt. No. 53 at 2. Plaintiff states in response to Defendants' motion that he does not agree to any limitation on the scope of his request in regard to matters aside from the Underlying Action. Dkt. No. 69 at 1–2. As stated in the Court's March 31, 2026 Opinion and Order, Plaintiff was not permitted to amend his legal malpractice claim to extend beyond the Underlying Action. Dkt. No. 54 at 4 n.2. Plaintiff's legal malpractice claim remains limited to the Underlying Action and he has provided no reason why materials related to other actions are relevant to this claim. Defendants are therefore not required to produce documents or information related to actions beyond the Underlying Action. Accordingly, any discovery requests referencing "Teman Matters" or other litigation should be interpreted to address solely the Underlying Action.

Defendants seek a protective order in regard to Plaintiff's interrogatories that exceed the restrictions established by Local Civil Rule 33.3. Dkt. No. 53 at 2; *see* Dkt. No. 53-1 at 8–9; Dkt. No. 53-2 at 4. Local Civil Rule 33.3 requires that interrogatories be "restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." L. Civ. R. 33.3. Interrogatories one, two, and four seek the identities of all individuals who worked on various

2

actions involving Plaintiff, all partners responsible for supervising Jeremy Virgil's work, and all individuals within ZNC who received notice of the default. Dkt. No. 53-1 at 8–9. Interrogatories two and four could produce the names of witnesses with relevant knowledge to the malpractice claim against Virgil and ZNC, but interrogatory one exceeds the scope of interrogatories permitted by Local Civil Rule 33.3 because, as noted above, Plaintiff's legal malpractice claim is limited to the Underlying Action. The remaining interrogatories—those numbered three, five through eleven, and eighteen through twenty-one—are impermissible under Local Civil Rule 33.3 as they seek information unrelated to identifying relevant documents or identification of witnesses. Defendants' request for a protective order as to these interrogatories is granted.

Finally, Defendants seek a protective order for the requests for production, interrogatories, and requests for admission addressed to attorneys and employees at ZNC other than ZNC and Virgil. Dkt. No. 53 at 3. The Court's March 31, 2026 Opinion and Order dismissed, with prejudice, all claims against defendants other than ZNC and Virgil. Dkt. No. 54 at 11. Accordingly, any discovery request addressed to "Defendants" shall be interpreted to only refer to ZNC and Virgil and Defendants' request for a protective order as to requests addressed to individuals other than ZNC and Virgil is granted.

Plaintiff moves to compel Defendants to produce Plaintiff's client file for all matters in which Defendants represented him. Dkt. No. 60.[1] Plaintiff filed this motion on April 11, 2026, when Defendants' obligation to respond to discovery requests was stayed. Dkt. No. 60; *see* Dkt.

---

[1] Plaintiff additionally requests clarification regarding Defendants' counsel's representation of Jason Prueher, a former ZNC attorney, and an extension of time to file a second amended complaint. Dkt. No. 60 at 4. Plaintiff does not address these requests on reply, and they are deemed waived. *See Doe v. Indyke*, 465 F. Supp. 3d 452, 466 (S.D.N.Y. 2020).

No. 55 (ordering stay of discovery pending further order of the Court). Plaintiff argues that his request for his client file is not subject to the stay of discovery because he has an independent right to the file, apart from litigation-related discovery. Plaintiff is correct that "[a] client presumptively has full access, with narrow exceptions, to the entire attorney's file in a represented matter, upon termination of the attorney-client relationship." *Burke v. Consolidated Edison Co. of N.Y., Inc.*, 2026 WL 733877, at *1 (S.D.N.Y. Mar. 16, 2026) (citing *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 689 N.E.2d 879, 881 (N.Y. 1997)). However, Plaintiff cannot circumvent the stay on discovery in this matter by requesting the Court's intervention in obtaining his client file. That Plaintiff may be entitled to his file as a former client does not mean Plaintiff is entitled to an order from this Court compelling production during a stay of discovery. A client who seeks the client file from an attorney who represented him may, upon denial of such a request, commence a special proceeding seeking to recover the file. *See, e.g., Sage Realty Corp.*, 91 N.Y.2d at 880. A client is not entitled, in any action in which he may be participating regardless of the relevance of the file, to an order compelling production of the file. *Cf. Walker v. City of New York*, 2024 WL 2022296, at *5 (E.D.N.Y. May 6, 2024) (granting motion to compel former attorney who represented client in the action to turn over client file to new counsel). Plaintiff's motion to compel is denied.

The stay on discovery issued by the Court on April 1, 2026, Dkt. No. 55, is lifted because the issues for which the stay was granted have now been addressed and resolved.

The Clerk of Court is respectfully directed to close Dkt. Nos. 53 and 60.

SO ORDERED.

Dated: April 21, 2026
New York, New York

_____
LEWIS J. LIMAN
United States District Judge