**Ari Baruch Teman**

**April 27, 2026**
 **VIA ECF**

Hon. Lewis J. Liman
 United States District Court
 Southern District of New York
 500 Pearl Street
 New York, New York 10007

Re: **Teman v. Zeldes Needle Cooper LLP, et al.**, 1:24-cv-09830 (LJL)

**Letter Motion to Disqualify Defense Counsel**

Dear Judge Liman:

Plaintiff Ari Baruch Teman respectfully moves to disqualify Defendants' counsel, **Lewis Brisbois Bisgaard & Smith LLP**, including **Cristina Yannucci** and **Sam Cohen**, pursuant to New York Rule of Professional Conduct 3.7 and this Court's inherent authority.

This request arises from counsel's own representations to the Court regarding the scope and contents of Plaintiff's client file—particularly materials relating to the **Silver Hill** matter—and their ongoing role in withholding that file.

Under any version of the facts, counsel are now **necessary witnesses on central issues**, and their continued representation would **taint these proceedings**.

## 1. The Court Has Already Recognized Plaintiff's Right to the Client File

Plaintiff previously sought relief in this action to obtain his client file.

In Docket 70, the Court expressly recognized:

> "[A] client presumptively has full access, with narrow exceptions, to the entire attorney's file in a represented matter, upon termination of the attorney-client relationship."

The Court further acknowledged that Plaintiff "may be entitled to his file as a former client," but declined to compel production within this action due to the stay of discovery, explaining that:

> "A client who seeks the client file from an attorney who represented him may, upon denial of such a request, commence a special proceeding seeking to recover the file."

Plaintiff followed that instruction.

1

On April 27, 2026, Plaintiff filed a separate action in this Court seeking recovery of his client file and related relief.

This is not a new dispute. It is the **same dispute**, proceeding in the manner the Court directed.

(It is attached as Exhibit A, for the Court's convenience while an Index Number is pending.)


## 2. Counsel's Position Creates Three Possibilities—Each Requires Disqualification

Defense counsel have represented that materials relating to Silver Hill are not meaningfully connected to the PATH/Braverman matter and fall outside the scope of this case.

Those representations are contradicted by the underlying complaint itself.

The original PATH/Braverman complaint  (See Ex. B ¶¶ 61–77.) alleges that:

- Plaintiff was referred to Silver Hill Hospital **at the direction of Dr. Braverman and PATH Medical**; and
- Silver Hill Hospital **acted in reliance on and under the direction of those same providers** in connection with the treatment at issue.

These allegations establish, on the face of the pleading, that Silver Hill is part of the same course of conduct—not a separate or unrelated matter.

Against that record, counsel's position leaves only three possibilities:

**(1) Counsel did not review the client file(s).**
 If so, counsel made representations to the Court without a factual basis. They are necessary witnesses as to what they reviewed, when they reviewed it, and the basis for their statements.

**(2) Counsel reviewed or possess the client file(s) and are assisting in withholding them.**
 In that case, counsel are participants in the ongoing refusal to produce Plaintiff's client file—property the Court has already recognized Plaintiff presumptively owns.

**(3) Counsel reviewed the client file(s) and misrepresented their contents --**
   **and are assisting in withholding them to cover-up their own misrepresentations.**
 If the file reflects the same relationship alleged in the underlying complaint—that Silver Hill acted at the direction of Braverman/PATH—then counsel's representations to this Court are directly at issue.

At minimum, the relationship between Silver Hill and the PATH/Braverman matter is a disputed issue of fact that turns on the contents of the client file—making counsel's knowledge and testimony unavoidable.


## 3. Counsel's Testimony Would Be Adverse to Their Clients

Disqualification is independently required because counsel's testimony would be adverse to their clients' interests.

If counsel testifies truthfully regarding:

- the contents of the client file,
- the relationship between Silver Hill and PATH/Braverman, and
- the existence of materials reflecting coordinated conduct,

that testimony would tend to establish that:

- Defendants' prior representation was materially deficient, including that Defendants failed to pursue or properly integrate claims arising from the Silver Hill treatment despite its alleged role in the same course of conduct, and/or
- Defendants engaged in conduct giving rise to malpractice, fiduciary breaches, or fraud claims.

Conversely, if counsel maintains their current position, their credibility—and the accuracy of their prior representations to this Court—becomes a central issue for adjudication.

This is precisely the type of circumstance where courts find that an attorney's testimony is both **necessary and adverse**, requiring disqualification under Rule 3.7.

Courts in this District routinely disqualify counsel where their testimony is both necessary and adverse to their client's interests, or where counsel's credibility is directly at issue.

See, e.g., *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009) (affirming disqualification where attorney's testimony would be necessary and potentially adverse to the client);

*Finkel v. Frattarelli Bros., Inc.*, 740 F. Supp. 2d 368, 373–74 (E.D.N.Y. 2010) (disqualification appropriate where attorney's testimony is necessary to resolve disputed factual issues central to the case);

*Ullrich v. Hearst Corp.*, 809 F. Supp. 229, 235 (S.D.N.Y. 1992) (disqualifying counsel where attorney's credibility was at issue and continued representation would risk tainting the proceedings).

---

## 4. Counsel's Credibility Is Already at Issue and Cannot Be Resolved Through Advocacy

This is not a situation where counsel might later become a witness. That issue is already present.

Counsel has made factual assertions to the Court regarding:

- what is (or is not) contained in the client file, and
- whether Silver Hill is connected to the underlying matter.

3

Plaintiff has now shown that those assertions are contradicted by the underlying pleadings themselves.

Accordingly, the Court cannot resolve the dispute by relying on counsel's advocacy alone. The Court must determine:

- what the file actually contains,
- what counsel reviewed, and
- whether counsel's prior representations were accurate.

Those are factual questions that require testimony, not argument.

Counsel cannot simultaneously:

- serve as advocates,
- defend their own prior statements, and
- provide or avoid testimony on the same issues.

The Court cannot credit counsel's representations while those same representations are the subject of a live factual dispute supported by the underlying record.

The Court also cannot adjudicate these issues without resolving disputes in which counsel's own conduct and credibility are central.

---

## 5. Counsel Are Necessary Witnesses Under Rule 3.7

Under New York Rule of Professional Conduct 3.7, a lawyer may not act as an advocate where the lawyer is likely to be a witness on a significant issue of fact.

Here, counsel are necessary witnesses regarding:

- what portions of the client file they reviewed;
- whether Silver Hill materials exist and what they show;
- their knowledge of Plaintiff's demands for the file;
- their role in refusing to produce it; and
- the basis for their representations to this Court.

No substitute witness can provide this testimony.

---

## 6. The Parallel Action Places Counsel's Conduct Directly at Issue

Plaintiff's newly filed action alleges that Defendants—including counsel—participated in the unlawful withholding of Plaintiff's client file and made materially false representations regarding Plaintiff's rights to that file.

4

Accordingly, counsel are now:

- advocates in this action,
- fact witnesses concerning the same issues, and
- defendants in a parallel action arising from the same conduct.

Counsel cannot simultaneously:

- defend their conduct in one case,
- justify withholding the file in another, and
- argue before this Court on issues that depend on their own credibility.

## 7. Continued Representation Would Prejudice Plaintiff and Taint the Proceedings

Allowing counsel to remain would:

- permit counsel to argue their own credibility;
- distort discovery concerning their own conduct; and
- undermine confidence in the integrity of the proceedings.

This is precisely the circumstance the advocate–witness rule is designed to prevent.

This prejudice is irreparable, as it cannot be cured after the fact once counsel has shaped the record on issues in which they are material witnesses.

## 8. No Substantial Hardship Justifies Denial

This case remains in early stages of discovery. Defendants can retain substitute counsel.

Defendants are represented by a large national law firm and are backed by a sophisticated insurer, and thus have ample resources to retain substitute counsel without disruption. In addition, the individually named Defendants are themselves attorneys and, if they so choose, are capable of proceeding pro se.

Accordingly, any inconvenience associated with substitution of counsel is minimal and does not outweigh the need to preserve the integrity of these proceedings.

Any hardship arises from counsel's own conduct, not from this motion.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Disqualify **Lewis Brisbois Bisgaard & Smith LLP**, including Cristina Yannucci and Sam Cohen;
2. Require Defendants to obtain substitute counsel within a time set by the Court; and
3. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
/s/ Ari Teman
Ari Baruch Teman
Pro Se