UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARI BARUCH TEMAN,

                                                      Civil Action No.: 1:24-CV-09830

                              Plaintiff,

                                                      Hon. Lewis J. Liman, D.J.

        - against -


ZELDES NEEDLE COOPER LLP, and
JEREMY VIRGIL,


                              Defendants.
-------------------------------------------------------------------X


**MEMORANDUM OF LAW SUBMITTED BY DEFENDANTS IN OPPOSITION TO
PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND**


**LEWIS BRISBOIS BISGAARD & SMITH LLP**

Cristina Yannucci, Esq.
*Attorneys for Defendants*
*ZELDES, NEEDLE & COOPER, P.C. and*
*JEREMY VIRGIL*
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Phone: (212) 232-1412
Email: cristina.yannucci@lewisbrisbois.com
File No. 47558.92

i

**TABLE OF CONTENTS**

**Page**

**STATEMENT OF PROCEDURAL HISTORY AND FACTS**……………….…………2

   **A. The Original Complaint, Defendants' Motion To Dismiss,
      and the Court's Decision**………………………………………………………...2

   **B. Plaintiff's January 18, 2026 First Amended Complaint,
      Defendants' Motion To Dismiss, and the Court's Decision**……………………………4

   **C. The March 11, 2026 Case Management Plan and Scheduling Order**………………..6

   **D. Plaintiff's Instant Motion Seeking
      Leave to File a Second Amended Complaint**………………………………………...6

**ARGUMENT**………………………………………………………………..9

**POINT I: PLAINTIFF'S MOTION MUST BE DENIED
PURSUANT TO FED. R. CIV. P. 16(b)**………………………………………...9

   **A. Standard of Review**…………………………………………………………9

   **B. Plaintiff Fails to Attempt, Much Less Demonstrate,
      Good Cause to Modify the CMPSO**………………………………………………...10

**POINT II: PLAINTIFF'S MOTION MUST BE DENIED
PURSUANT TO FED. R. CIV. P. 15(a)**……………………………………………..12

   **A. Standard of Review**……………………………………………………………..12

   **B. Plaintiff's Motion Must be Denied
      Due to Undue Delay in Seeking the Amendment**………………………………..13

   **C. Plaintiff's Motion Must be Denied
      Because his Proposed Amendments are Futile**………………………………..13

      **i. Plaintiff's Amendments as to Former ZNC Defendants are Futile**……………...16

      **ii. Plaintiff's Amended Legal Malpractice Claims are Futile (Counts I-IV)**………17

         **a) Count I (Teman v. Path/Braverman - the Underlying Action)**………………18

         **b) Count II: (Silver Hill v. Teman)**………………………………………..18

         **c)  Count III: (Buch v. Teman)**……………………………………………………19

         **d)  Count IV: (Failure to Seek Relief During a Pre-Trial Critical Period)**……...20

      **iii.  Plaintiff's Amended Breach of Fiduciary Duty Claim is Futile (Count V)**……..21

  **D.  Granting Plaintiff Leave to Amend Would
Result in Severe Prejudice for Defendants**……………………………………………22

  **E.  Plaintiff's Motion Should be Denied as a Bad Faith Litigation Tactic**……………...23

**CONCLUSION**………………………………………………………………………………25

**CERTIFICATE OF COMPLIANCE**………………………………………………………26

**CERTIFICATE OF SERVICE**……………………………………………………………...27

## TABLE OF AUTHORITIES

**Page**

**Federal Cases**

*Allianz Ins. Co. v. Lerner,*
    416 F.3d 109, 118 (2d Cir. 2005)……………………………………………………...17

*Augustine v. AXA Fin., Inc.*,
    2008 WL 5025017, at \*6 (S.D.N.Y. Nov. 24, 2008)…………………………………..12

*Block v. First Blood Assocs.*,
    988 F.2d 344, 350 (2d Cir. 1993)……………………………………………………….9

*Calcutti v. SBU, Inc.*,
    224 F. Supp. 2d 691, 699 (S.D.N.Y. 2002)…………………………………………..17, 18

*Fogel v. Chestnut*,
    668 F.2d 100, 105, 108-109 (2d Cir. 1981)…………………………………………………15

*F.T.C. v. Metro. Commc'ns Corp.*,
    977 F. Supp. 295, 297 (S.D.N.Y. 1997)……………………………………………….14

*Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*,
    304 F.R.D. 170, 174 (S.D.N.Y. 2014)…………………………………………………13

*Gianoukas v. Campitiello*,
    No. 09 CIV. 1266 (PAC), 2009 WL 3270808, at \*7 (S.D.N.Y. Oct. 13, 2009)………….18

*Global Network Commc'ns, Inc. v. City of New York*,
    458 F.3d 150, 157 (2d Cir. 2006)……………………………………………………...14

*Goureau v. Goureau*,
    No. 12 Civ. 6443 (PAE), 2013 WL 1499404, at \*2 (S.D.N.Y. Apr. 10, 2013)…………...10

*Holmes v. Grubman*,
    568 F.3d 329, 334–35 (2d Cir. 2009), *certified question answered*,
    286 Ga. 636, 691 S.E.2d 196 (2010)…………………………………………………..9, 12

*In re Adelphia Commc'ns Corp.*,
    452 B.R. 484, 491–92 (Bankr. S.D.N.Y. 2011)………………………………………..11

*In re Chateaugay Corp.*,
    136 B.R. 79, 84 (Bankr. S.D.N.Y. 1992)………………………………………………14

*Int'l Media Films, Inc. v. Lucas Ent., Inc.*,

No. 07 CIV. 1178 JGK FM, 2008 WL 781823, at *5 (S.D.N.Y. Mar. 20, 2008)………...10

*Jennings v. City of New York*,
No. 22CIV1885GHWSLC, 2023 WL 8462739, at *3 (S.D.N.Y. Nov. 22, 2023),
*report and recommendation adopted*,
No. 1:22-CV-1885-GHW-SLC, 2023 WL 8462740 (S.D.N.Y. Dec. 7, 2023)…………...15

*Jones v. City of New York*,
No. 18CV4064GBDKHP, 2020 WL 582369, at *2 (S.D.N.Y. Feb. 6, 2020)……..9, 13, 23

*Kiarie v. Dumbstruck, Inc.*,
473 F. Supp. 3d 350, 357 (S.D.N.Y. 2020)…………………………………………..13, 14

*King-Devick Test Inc. v. NYU Langone Hosps.*,
No. 17-CV-9307 (JPO), 2019 WL 3071935, at *3 (S.D.N.Y. July 15, 2019)……………..9

*McCarthy v. Dun & Bradstreet Corp.,*
482 F.3d 184, 200 (2d Cir.2007)……………………………………………………13

*Melito v. Am. Eagle Outfitters, Inc.*,
2016 U.S. Dist. LEXIS 153912, *5 & 8-11 (S.D.N.Y. 2016)……………………………14

*Monahan v. N.Y.C. Dep't of Corrs.*,
214 F.3d 275, 284 (2d Cir. 2000)…………………….………………………………...23

*Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*,
889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012)…………………………………………..9

*Prout  v. Vladeck*,
316 F. Supp. 3d 784, 799 (S.D.N.Y. 20018)………………………………………17, 19

*Samad Bros. v. Bokara Rug Co. Inc.*,
No. 09 Civ. 5843(JFK)(KNF), 2010 WL 4457196, at *2 (S.D.N.Y. Oct. 18, 2010)…….13

*Scott v. Chipotle Mexican Grill, Inc.*,
300 F.R.D. 193, 197 (S.D.N.Y. 2014)………………………………………………..9

*Stonewell Corp. v. Conestoga Title Ins. Co.*,
678 F. Supp. 2d 203, 208–09 (S.D.N.Y. 2010)……………………………………..17

*United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*,
567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021), *objections overruled sub nom.*
*United States v. Bon Secours Health Sys., Inc.*,
No. 10 CIV. 9650 (RMB), 2023 WL 1992639 (S.D.N.Y. Feb. 14, 2023)………………..23

*United States for use & benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*,

No. 15CV4961LTSJLC, 2020 WL 2530180, at *5 (S.D.N.Y. May 19, 2020)…………..15

*Velez v. Fogarty*,
No. 06 CIV.13186 LAKHBP, 2008 WL 5062601, at *3 (S.D.N.Y. Nov. 20, 2008)……..14

**Federal Statutes**

42 U.S.C. § 1983…………………………………………………………………………..2, 3

**State Statutes**

N.Y. Civ. Rts. Law § 40-c………………………………………………………………………2, 3

N.Y. Gen. Bus. Law § 349 (McKinney 2023)…………………………………………….2, 3

**Federal Rules**

Fed. R. Civ. P. 12(b)(6)……………………………………………..1, 13, 16, 17, 18, 19, 20, 25

Fed. R. Civ. P. 15(a)………………………………………………………...1, 9, 12, 13, 24

Fed. R. Civ. P. 15(c)(B)…………………………………………………………………15, 16

Fed. R. Civ. P. 15(c)(C)…………………………………………………………………15, 16

Fed. R. Civ. P. 16(b)………………………………………………………...1, 9, 12, 13, 24

Fed. R. Civ. P. 16(b)(4)……………………………………………………………………9

**State Rules**

CPLR 214(4)……………………………………………………………………………..21

CPLR 214(6)……………………………………………………………………………..17

This Memorandum of Law is submitted on behalf of Defendants ZELDES, NEEDLE & COOPER, P.C. (i/s/h/a Zeldes Needle Cooper LLP) ("ZNC") and JEREMY VIRGIL ("Virgil") (collectively, "Defendants"), by and through their attorneys, LEWIS BRISBOIS BISGAARD & SMITH, LLP, together with the accompanying Declaration of Cristina Yannucci, Esq., dated April 29, 2026 ("Yannucci Decl.") and the exhibits annexed thereto, in opposition to the motion filed by Plaintiff ARI BARUCH TEMAN ("Plaintiff") seeking an Order: (a) granting Plaintiff leave to file a proposed Second Amended Complaint; and (b) granting such other and further relief as this Court deems just and proper.[1]

For the reasons detailed below, it is respectfully requested that Plaintiff's motion be denied in its entirety: (1) pursuant to Fed. R. Civ. P. 16(b), as Plaintiff's motion was untimely filed in violation of this Court's Case Management Plan and Scheduling Order, and Plaintiff failed to demonstrate good cause to modify same; or, in the alternative (2) pursuant to Fed. R. Civ. P. 15(a), as Plaintiff delayed in seeking the amendment, all proposed amendments are futile and would not survive a Fed. R. Civ. P. 12(b) motion to dismiss, granting leave to amend would severely prejudice Defendants, and the instant motion serves as a continued bad faith litigation tactic.[2]

In short, despite having the benefit of the Court's prior decision on an initial motion to dismiss, and thereafter having filed a First Amended Complaint with the benefit of the Court's decision, Plaintiff now, sixteen months into litigation of this matter, takes a third bite at the apple by seeking leave to file a Second Amended Complaint in violation of this Court's Orders without

---

[1] Plaintiff's motion consists of: (1) a "Notice of Motion" with "[Proposed] Order Granting Leave to File a Second Amended Complaint" (ECF Doc. No. 57); (2) the exhibits annexed thereto, namely, "Exhibit A," the proposed "Second Amended Complaint" (ECF Doc. No. 57-2) (hereinafter, "SAC"), and "Exhibit B – Redlined Second Amended Complaint" (ECF Doc. No. 57-1); (3) "Plaintiff's Memorandum of Law in Support of Motion for Leave to File Second Amended Complaint" ("Pltf's MOL") (ECF Doc. No. 58); and (4) "Certificate of Service" (ECF Doc. No. 59).

[2] On April 15, 2026, this Court entered an Order setting Defendants' deadline to serve and file opposition papers to Plaintiff's instant motion as April 29, 2026. (ECF Doc. No. 63). Because, the instant opposition is filed on April 29, 2026, it is therefore timely filed.

1

a modicum of good cause shown for his delay. Plaintiff's motion should be denied in its entirety.

## STATEMENT OF PROCEDURAL HISTORY AND FACTS

### A. The Original Complaint, Defendants' Motion To Dismiss, and the Court's Decision

Plaintiff commenced this lawsuit through the filing of a Complaint on December 19, 2024. (ECF Doc. No. 1). Plaintiff asserted various allegations against ZNC, Virgil, and former Defendants MAXIMINO MEDINA, RICHARD SARNER, EDWARD R. SCOFIELD, LORI A. DASILVA-FIANO, SABATO "SAM" P. FIANO, RICHARD D. ZEISLER, MARIE A. CASPER, ROBERT S. COOPER, and LISA C. DUMOND ("Former ZNC Defendants") concerning ZNC's representation of Plaintiff in a lawsuit captioned *Ari Teman v. Eric Braverman, Richard Smayda, Sandip Buch, Path Medical, P.C., Darya Braverman, Total Health Nutrients*, venued in the Supreme Court of the State of New York, County of New York, and bearing Index No. 805410/2014[3] ("Underlying Action"). (*Id.*).

Plaintiff asserted thirteen causes of action sounding in: (1) legal malpractice; (2) fraud; (3) civil conspiracy; (4) breach of fiduciary duty; (5) intentional infliction of emotional distress; (6) negligent infliction emotional distress; (7) breach of contract; (8) violation of New York General Business Law § 349; (9) gross negligence; (10) constructive fraud; (11) unjust enrichment; (12) violation of civil rights under 42 U.S.C. § 1983; and (13) violation of New York Civil Rights Law § 40-c. (ECF Doc. No. 1, ¶¶ 23-67).

On May 1, 2025, ZNC, Virgil, and Former ZNC Defendants moved to dismiss the Plaintiff's Complaint. (ECF Doc. No. 11). On December 31, 2025, this Court issued an Order granting the motion, in part. (ECF Doc. No. 32) ("First Dismissal Order").

---

[3] In the Complaint, Plaintiff identified the Underlying Action as a "medical malpractice lawsuit" bearing "INDEX 805410/2015" and annexed Orders from the Underlying Action as exhibits. (ECF Doc. No. 1 at pp. 2, 18-19).

First, the following causes of action were dismissed with prejudice: (1) breach of contract; (2) fraud; (3) constructive fraud; (4) gross negligence; (5) unjust enrichment; (6) civil conspiracy; (7) intentional infliction of emotional distress; (8) negligent infliction of emotional distress; (9) violation of New York General Business Law § 349; (10) New York Civil Rights Law § 40-c; and (11) violation of civil rights under 42 U.S.C. § 1983. (ECF Doc. No. 32, pp. 13-26).

Second, Plaintiff's breach of fiduciary duty claim was dismissed without prejudice. (ECF Doc. No. 32, pp. 15-16). This Court found that because the breach of fiduciary duty claim was "based on [Plaintiff's] allegation that Defendants willfully ignored critical docket entries, failed to respond to opposing counsel and to Plaintiff, and allowed the case to default," it was "redundant of his legal malpractice claim." (Id.). This Court further held that to the extent this claim was based upon "allegedly improper personal and financial relationships Virgil and ZNC maintained with the opposing parties in the Underlying Action, […] their respective counsel" and "Silver Hill Hospital," this claim was deficiently pled because "Plaintiff d[id] not identify what interests ZNC or Virgil had in Silver Hill Hospital or Path Medical or how [said Defendants] benefitted those entries at Plaintiff's expense." (Id.).

Although this Court declined "to dismiss Plaintiff's legal malpractice claim against ZNC and Virgil" (ECF Doc. No. 32, p. 8), the Court dismissed the legal malpractice claim against Former ZNC Defendants "without prejudice" holding that "[e]xcept for Virgil and ZNC […] Plaintiff has failed to allege facts to support his claims against the other nine members of ZNC and ten unnamed 'Does,' and only ma[de] conclusory allegations that these attorneys 'actively assisted or facilitated the misconduct and fraud.'" (Id. at pp. 16 & 36).

Finally, Plaintiff was granted "leave to amend the Complaint" but only to the limited extent of repleading his legal malpractice claim against Former ZNC Defendants with greater specificity.

3

(ECF Doc. No. 32, pp. 35-36).

**B. Plaintiff's January 18, 2026 First Amended Complaint, Defendants' Motion To Dismiss, and the Court's Decision**

On January 18, 2026, Plaintiff filed a First Amended Complaint ("FAC") asserting one cause of action sounding in legal malpractice as against ZNC and Virgil only, and one cause action sounding in breach of fiduciary duty as against ZNC, Virgil, and Former ZNC Defendants. (ECF Doc. No. 35, § IV, ¶¶ 17-31). Therein, Plaintiff alleged that "[o]n May 4, 2015, Plaintiff retained ZNC, through Defendant Virgil" and "ZNC undertook representation" of Plaintiff in the Underlying Action, defined as "a medical malpractice action in New York Supreme Court" commenced "[i]n November 2014."[4] (ECF Doc. No. 35, § II, ¶ 8 & § III, ¶¶ 9-10).

Regarding the legal malpractice claim, Plaintiff alleged that ZNC and Virgil "fail[ed] to monitor and respond to critical docket entries, fail[ed] to respond to correspondence from opposing counsel and Plaintiff, and allow[ed] the Underlying Action to default for failure to prosecute. (ECF Doc. No. 35, § III, ¶ 17 & § III, ¶¶ 17-21). Regarding his breach of fiduciary duty claim, Plaintiff alleged that "[ZNC, Virgil, and Former ZNC Defendants] owed Plaintiff fiduciary duties of loyalty candor, and honest dealing, independent of duties of care sounding in malpractice" and that "[d]espite firm-wide notice and internal discussion, Defendants collectively and individually failed to act, disclose, or protect Plaintiff's interests." (ECF Doc. No. 35, § IV, ¶¶ 23-25). Plaintiff additionally alleged that ZNC, Virgil, and Former ZNC Defendants "failed to disclose conflicts of interest and failed to obtain Plaintiff's informed consent to continue the representation." (*Id*. at §

---

[4] This Court has twice ruled that Plaintiff's legal malpractice claim against ZNC and Virgil solely concerns their legal representation of Plaintiff in the Underlying Action. First, by discovery Order dated March 11, 2026, this Court stated: "The First Amended Complaint alleges a claim for legal malpractice in connection with representation provided Plaintiff by [ZNC] and [Virgil] in a medical malpractice action commenced in New York Supreme Court in November 2014." (ECF Doc. No. 45, p. 1). Second, by Order dated April 21, 2026 granting Defendants' letter motion for a Protective Order, the Court ruled: "Plaintiff's legal malpractice claim remains limited to the Underlying Action [….] Defendants are therefore not required to produce documents or information related to actions beyond the Underlying Action." (ECF Doc. No. 70, p. 2).

4

III, ¶ 24). Plaintiff alleged "[ZNC, Virgil, and Former ZNC Defendants'] receipt, circulation, and internal discussion of Plaintiff's communications concerning Silver Hill Hospital provided actual notice of material risks to Plaintiff's claim [in] the [Underlying Action]," triggering "fiduciary duties to act" in the Underlying Action, despite Plaintiff acknowledging "*Silver Hill Hospital Inc. v. Teman*" was a distinct legal proceeding. (ECF Doc. No. 35, § III, ¶¶ 19-21 & pp. 8-19).

On March 3, 2026, ZNC, Virgil, and Former ZNC Defendants filed a motion to dismiss the FAC in its entirety with prejudice against Former ZNC Defendants, as well as the amended breach of fiduciary duty claim with prejudice. (ECF. Doc. No. 43). On March 31, 2026, this Court issued an Order granting the motion. (ECF Doc. No. 54) ("Second Dismissal Order").

In so doing, this Court reasoned that "*pro se* plaintiffs are not relieved of the requirement that they plead enough facts so that their claims are plausible," and that in filing the FAC, Plaintiff already "had the benefit of the Court's opinion on Defendants' original motion to dismiss." (ECF Doc. No. 54, p. 5). Accordingly, the Court ruled that "all claims against [Former ZNC Defendants] [were] dismissed with prejudice." (ECF Doc. No. 54, p. 11 (emphasis added)).

Additionally, the Court concluded that "[b]ecause Plaintiff was previously granted leave to amend his complaint to state an actionable claim and was unable to do so, his claim for breach of fiduciary duty [was] dismissed with prejudice." (ECF Doc. No. 54, pp. 10-11 (emphasis added)). Specifically, the Court determined that the First Amended Complaint "d[id] not address the deficiencies the Court identified in the prior claim," and did not "address the nature of Defendants' alleged 'conflicts of interest'" or "provide any detail regarding the 'improper personal and financial relationships' alleged." (*Id.* at pp. 9-10).

In light of this Court's March 31, 2026 Order, Plaintiff's remaining claim sounds in legal malpractice as against ZNC and Virgil only and solely concerns the Underlying Action.

### C. The March 11, 2026 Case Management Plan and Scheduling Order

On March 11, 2026, following the Initial Pre Trial Conference in which Plaintiff participated, this Court issued a Case Management Plan and Scheduling Order ("CMPSO"). (ECF Doc. No. 46). Item "4" of the CMPSO provides that "[a]ny motion to amend or to join additional parties shall be filed no later than March 27, 2026." (*Id*. at p. 1).

### D. Plaintiff's Instant Motion Seeking Leave to File a Second Amended Complaint

On April 1, 2026, Plaintiff filed the instant motion seeking leave to file a proposed Second Amended Complaint, annexed to Plaintiff's motion as Exhibit "A" ("SAC"). (ECF Doc. Nos. 57-59). Plaintiff argues that he should be granted leave to file the SAC because it: (1) "directly addresses the deficiencies identified by the Court in its March 31, 2026 Opinion and Order" in a manner "sufficient to state a plausible claim"; (2) "strictly adheres to the scope of leave granted by the Court"[5]; (3) "does not attempt to introduce new claims or expand the scope of litigation"; and, (4) is not a futile amendment. (Pltf's MOL, pp. 1-3). Plaintiff further argues that Defendants would not be prejudiced by the amendment because: (1) "discovery is ongoing"; (2) "no trial date has been set"; and, (3) "the amendment refines existing claims." (*Id*.).

Despite his characterizations to the contrary, Plaintiff's motion and proposed SAC violate this Court's First Dismissal Order and Second Dismissal Order, go well beyond the scope of this litigation, propose futile amendments, and will result in prejudice to Defendants if permitted. First, the SAC sets forth five proposed causes of action which not only go beyond the scope of this litigation, but also include claims against Former ZNC Defendants (SAC, pp. 6-8), who have already been dismissed as parties to this action with prejudice. (Second Dismissal Order, p. 11). Second, not only does Plaintiff seek include parties who have been dismissed with prejudice, but

---

[5] Despite Plaintiff's contention, this Court did not grant Plaintiff leave to file a Second Amended Complaint.

the SAC includes allegations that have already been dismissed by this Court with prejudice.

The first cause of action sounding in legal malpractice is asserted not only against Virgil and ZNC, but also the previously-dismissed Former ZNC Defendants. (SAC, p. 6). Specifically, Plaintiff alleges "ZNC breached its duties by failing to supervise" and that unspecified "Partner Defendants failed to intervene despite notice." (*Id.* at pp. 2 & 6).

The second cause of action sounding in legal malpractice again includes Former ZNC Defendants, and is based upon ZNC's alleged representation of "Plaintiff in litigation involving Silver Hill Hospital." (SAC, p. 3). Plaintiff alleges that Virgil, ZNC, and Former ZNC Defendants: (1) failed to "adequately develop discovery"; (2) failed to "properly support expert testimony"; (3) failed to "take steps necessary to preserve and maximize Plaintiff's claims"; (4) "advised Plaintiff to remove allegations relating to unlawful touching and abuse," resulting in a "narrow[ing] [of] the scope and value of Plaintiff's claims," with the lost claim being valued at "approximately $5 million"; and (5) advised "Plaintiff to accept a reduced settlement." (SAC, pp. 3 & 6).

Notably, Plaintiff acknowledges that the Underlying Action and Silver Hill litigation are separate legal proceedings, yet he proffers that both "matters arose from the same underlying treatment," and that "Defendants treated these matters as related." (SAC, p. 3). Plaintiff alleges: (1) "Virgil appeared as counsel"; (2) "Maximino Medina appeared in court in connection with the matter"; and, (3) "[o]ther ZNC attorneys participated in preparation and strategy." (*Id.*).

The third cause of action sounds in legal malpractice and concerns an entirely different matter styled "*Buch v. Teman*," by which Plaintiff alleges that because "Virgil advised Plaintiff that *Buch v. Teman* should be merged with the [Underlying Action]" and unspecified "Defendants failed to take any action to implement the strategy," Plaintiff "lost the opportunity to pursue [an unspecified] claim," estimated between "$2 million and $5 million." (SAC, pp. 4 & 7).

The fourth cause of action sounds in legal malpractice but fails to specify the scope of legal services to which the alleged malpractice pertains. (SAC, pp. 4 & 7). Instead, Plaintiff alleges that he "requested [unspecified] Defendants seek adjournment or consolidation of related civil matters during a critical period," vaguely defined as "pre-trial in *US v Teman*" and that "Virgil agreed that such steps were appropriate" but "failed to take agreed-upon steps to seek adjournment or consolidation." (*Id.*). Plaintiff alleges that as a result, "[he] was required to expend time and resources addressing civil matters during a critical period, causing additional harm." (*Id.*).

Finally, the fifth cause of action sounds in breach of fiduciary duty, the very claim this Court previously dismissed with prejudice in its March 31, 2026 Order. (ECF Doc. No. 54). Plaintiff alleges that ZNC, Virgil, and Former ZNC Defendants breached "duties of loyalty, candor, and disclosure" by: (1) "failing to disclose material conflicts" and "competing interests"; (2) "providing advice materially affected by undisclosed considerations"; and (3) "failing to obtain informed consent," which are "independent of negligence" and resulted in "substantial damages."[6] (SAC, p. 7). In support of this claim, Plaintiff alleges that "ZNC maintained a healthcare practice representing physician groups and healthcare providers," led by "Robert S. Cooper," which "included relationships connected to Silver Hill or affiliated entities" that "created a material risk that Plaintiff's representation would be limited by competing interests." (*Id.* at pp. 4-5).

---

[6] Plaintiff also alleges that in advising Plaintiff to remove allegations "involving unlawful touching or abuse" in the Silver Hill litigation, that ZNC, Virgil, and/or Former ZNC Defendants "did not disclose whether their advice was influenced by:" (1) "institutional liability exposure"; (2) "insurance considerations"; or, (3) "competing professional relationships," which allegedly "deprived Plaintiff of the ability to make informed decisions." (SAC, pp. 4-5). Plaintiff does not specify to what cause(s) of action these allegations pertain.

## ARGUMENT

## POINT I

## PLAINTIFF'S MOTION MUST BE DENIED PURSUANT TO FED. R. CIV. P. 16(b)

### A. Standard of Review

It is well established that where "a scheduling order governs amendments to the complaint, […] the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b)[7] that the Court's scheduling order 'shall not be modified except upon a showing of good cause," which is evaluated by the "diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009), *certified question answered*, 286 Ga. 636, 691 S.E.2d 196 (2010).

To show good cause, the moving party must demonstrate that "despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012). Courts may also consider whether the non-moving party will incur prejudice as a result of the amendment. *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 197 (S.D.N.Y. 2014). The burden to demonstrate "good cause" rests with the movant, and the burden of demonstrating prejudice rests with the non-movant. *Id.* at 198 (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

"[T]he moving party fails to show good cause when the proposed amendments rely on information 'that the party knew, or should have known, in advance of the deadline'." *Jones v. City of New York*, No. 18CV4064GBDKHP, 2020 WL 582369, at *2 (S.D.N.Y. Feb. 6, 2020) (quoting *King-Devick Test Inc. v. NYU Langone Hosps.*, No. 17-CV-9307 (JPO), 2019 WL 3071935, at *3

---

[7] Fed. R. Civ. P. 16(b)(4) provides that a Case Scheduling Plan and Management Order "may be modified only for good cause and with the judge's consent."

(S.D.N.Y. July 15, 2019)). "Whether a movant has complied with Rule 16's good cause requirement 'is a threshold matter which may obviate the Rule 15 analysis.'" *Id.* at *2 (S.D.N.Y. Feb. 6, 2020) (quoting *Goureau v. Goureau*, No. 12 Civ. 6443 (PAE), 2013 WL 1499404, at *2 (S.D.N.Y. Apr. 10, 2013)).

### B. Plaintiff Fails to Attempt, Much Less Demonstrate, Good Cause to Modify the CMPSO

This Court's March 11, 2026 CMPSO directs that "[a]ny motion to amend or to join additional parties shall be filed no later than March 27, 2026." (ECF Doc. No. 46). Plaintiff's motion to amend was filed on April 1, 2026, not only in violation of the CMPSO, but sixteen months after the onset of litigation, and over two months after filing the FAC with "the benefit of the Court's [prior] opinion on Defendants' original motion to dismiss." (ECF Doc. No. 54, p. 5).

Plaintiff's motion to amend makes no attempt to request a modification of the CMPSO, let alone demonstrate good cause as to why the proposed amendments, which Plaintiff knew or should have known of years prior to filing the instant motion, were not included in the FAC, or sought in advance of the deadline set by the CMPSO. (ECF Doc. Nos. 57-59). Defendants respectfully submit that no good cause exists because Plaintiff was fully aware of all persons involved in and all events underlying his proposed amendments well in advance of the March 27, 2026 deadline and filing the FAC, warranting denial of Plaintiff's motion. *See Int'l Media Films, Inc. v. Lucas Ent., Inc.*, No. 07 CIV. 1178 JGK FM, 2008 WL 781823, at *5 (S.D.N.Y. Mar. 20, 2008) (finding that plaintiff failed to demonstrate good cause to file an untimely motion seeking leave to amend its complaint to add new parties, which violated the Court's Scheduling Order, as the plaintiff discovered the existence of the new party fifteen months prior to filing the motion to amend).

For instance, the basis of Plaintiff's legal malpractice claims rests upon dismissal of the Underlying Action for failure to prosecute, and the New York State Court of Appeals' dismissal of

the appeal of said Order, events which occurred in 2023 and 2024, respectively. (ECF Doc. No. 1, pp. 17-21). Accordingly, since Plaintiff has been aware of the events underlying the alleged malpractice, relative to the Underlying Action, years prior to filing the instant untimely motion, the motion should be denied. *See In re Adelphia Commc'ns Corp.*, 452 B.R. 484, 491–92 (Bankr. S.D.N.Y. 2011) (finding that a party "failed to act with any reasonable diligence, and cannot be regarded as having shown 'good cause' for its failure to [amend its pleading] sooner, or for [moving for] leave to amend" after expiration of the deadline contained within the Court's scheduling Order, as "[t]here [was] no contention that [the party] lacked information relevant to [their amended pleading] before the […] deadline, or that any new facts were discovered after that time").

Furthermore, Plaintiff now seeks to greatly expand his allegations to include three entirely new legal proceedings (i.e. *Silver Hill v. Teman*, *Buch v. Teman*, and *US v. Teman*). Plaintiff had ample opportunity and sufficient information to include allegations concerning these legal proceedings since commencing this litigation and well before the March 27, 2026 deadline. First, regarding *Silver Hill v. Teman*[8], Plaintiff represented in his now denied motion to disqualify counsel (ECF Doc. No. 74), that "[i]n or about 2016, Defendants Virgil and Medina exerted extreme and improper pressure" that resulted in Plaintiff being "coerced into execut[ing] a settlement."(ECF Doc. No. 74-1, ¶¶ 14 & 19). Second, *Buch v. Teman*[9], a matter in which neither ZNC, Virgil, nor Former ZNC Defendants represented Plaintiff, was commenced on October 6, 2016, and no filings were uploaded to the docket after June 8, 2022, beyond the matter being dismissed on March 25, 2025 due to the parties' failure to appeal (Yannucci Decl., Ex 1). Third,

---

[8] Upon information and belief, Plaintiff refers to a mater styled *Silver Hill Hospital, Inc. v. Arie Teman*, venued in the Superior Court of the State of Connecticut, Stamford/Norwalk Judicial District, and bearing Civil Case No. FST-CV14-6022274-S. The docket and filings relative to *Silver Hill v. Teman* are sealed and/or unavailable. A search of the docket reveals: FST-CV-14-6022274-S is not found or is not electronically available.

[9] Upon information and belief, Plaintiff refers to a matter styled *Dr. Sandip Buch v. Ari Teman*, venued in the Supreme Court of the State of New York, County of New York, and bearing Index No. 157336/2018.

11

Plaintiff's allegations regarding *US v. Teman*[10] concern an allegedly critical "pre-trial" period. (SAC at pp. 4 & 7). This criminal proceeding was commenced on June 20, 2019, and Plaintiff was convicted of bank and wire fraud by jury verdict dated January 29, 2020. (Yannucci Decl., Ex 2).

In light of the foregoing, Defendants respectfully submit that because Plaintiff: (1) had knowledge of the factual events underlying his proposed amendments well before commencing this action and the expiration of the Court's March 27, 2027 deadline to amend/add new parties; (2) has not been diligent in seeking to assert his proposed amendments prior to expiration of the March 27, 2027 deadline; (3) previously filed a Complaint and FAC devoid of these claims; and (4) has not demonstrated good cause to amend this Court's CMPSO or the March 27, 2027 deadline contained therein, Plaintiff's motion seeking leave to file a SAC must be denied in its entirety pursuant to Fed. R. Civ. P. 16(b). *See Holmes v. Grubman* at 335 (affirming SDNY's denial of a plaintiffs' motion to amend, finding that "plaintiffs had not been diligent in setting forth [their] claims" and "had not shown good cause for their failure to include those claims in earlier versions of the complaint"); *Augustine v. AXA Fin., Inc.*, 2008 WL 5025017, at *6 (S.D.N.Y. Nov. 24, 2008) (denying a motion to amend and add new parties where the plaintiff "had sufficient information to assert [amended] claims […] well in advance of the deadline to amend the Complaint.").

**POINT II**

**PLAINTIFF'S MOTION MUST BE DENIED PURSUANT TO FED. R. CIV. P. 15(a)**

### A. Standard of Review

Only "[i]f [a] moving party demonstrates good cause [to modify a deadline to amend/add new parties prescribed by a CMPSO] under Rule 16(b)," do "courts then apply Rule 15(a) to

---

[10] Upon information and belief, Plaintiff refers to a criminal proceeding styled *United States v. Ari Teman*, venued in the Southern District of New York, and bearing Criminal Case No. 19-CR-00696-PAE-1.

determine whether the amendment is otherwise proper." *Jones v. City of New York*, No. 18CV4064GBDKHP, 2020 WL 582369, at \*2 (S.D.N.Y. Feb. 6, 2020) *E.g.*, *Samad Bros. v. Bokara Rug Co. Inc.*, No. 09 Civ. 5843(JFK)(KNF), 2010 WL 4457196, at \*2 (S.D.N.Y. Oct. 18, 2010). "District courts have broad discretion to grant or deny leave to amend under Rule 15(a)." *id*. *See Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 304 F.R.D. 170, 174 (S.D.N.Y. 2014). Generally, "[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir.2007).

It is respectfully submitted that Plaintiff's motion must be denied pursuant to Fed. R. Civ. P. 16(b) because Plaintiff failed to demonstrate good cause to modify the CMPSO's March 27, 2026 deadline to amend and/or add new parties. However, even if Plaintiff had demonstrated good cause, *arguendo*, which Defendants expressly reject, Plaintiff's motion should nevertheless be denied under the more lenient standard prescribed by Fed. R. Civ. P. 15(a).

**B.  Plaintiff's Motion Must be Denied Due to Undue Delay in Seeking the Amendment**

It is well established that a Court "may deny a motion to amend when the movant knew or should have known of the facts upon which the amendment is based when the original pleading was filed, particularly when the movant offers no excuse for the delay." *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 357 (S.D.N.Y. 2020) (internal citations omitted). As demonstrated above in Point I, *supra*, Plaintiff knew or had reason to know the facts upon which the amendments are based and offers no excuse for his failure to assert such amendments at an earlier time. Accordingly, this Court should deny Plaintiff's motion for leave to amend based upon undue delay.

**C.  Plaintiff's Motion Must be Denied Because his Proposed Amendments are Futile**

"When a party argues that an amendment to a pleading would be futile, the court must

determine whether any proposed claim could "withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."[11] *Kiarie v. Dumbstruck, Inc.*, 473 F. Supp. 3d 350, 354 (S.D.N.Y. 2020) (internal quotation and citations omitted). "Leave to amend may be denied on the ground of futility where the claim […] proposed to be added has no colorable merit" and "it is inappropriate to grant leave when the amendment would not survive a motion to dismiss." *Velez v. Fogarty*, No. 06 CIV.13186 LAKHBP, 2008 WL 5062601, at *3 (S.D.N.Y. Nov. 20, 2008) (internal citation and quotations omitted).

Furthermore, based upon the law of the case doctrine, allegations set forth by the SAC have already been litigated and decided against Plaintiff. While *res judicata* and collateral estoppel generally deal with preclusion after judgment, the law of the case "is in essence a doctrine of intra-action *res judicata*." *F.T.C. v. Metro. Commc'ns Corp.*, 977 F. Supp. 295, 297 (S.D.N.Y. 1997). This doctrine commands that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *See Melito v. Am. Eagle Outfitters, Inc.*, 2016 U.S. Dist. LEXIS 153912, *5 & 8-11 (S.D.N.Y. 2016) (internal quotations omitted) (applying the law of the case doctrine, finding that arguments made in support of a motion to dismiss were nearly identical to those made and rejected in opposition to a motion to amend). "Although the doctrine of the law of the case does not preclude further determinations of different or new issues, […] it does prevent re-litigation of the same issues." *In re Chateaugay Corp.*, 136 B.R. 79, 84 (Bankr. S.D.N.Y. 1992).

---

[11] Pursuant to Rule 12(b)(6), a party may move to dismiss the opposing party's pleading on the ground that it "fail[s] to state a claim upon which relief can be granted." Courts may also take judicial notice of documents filed in another court, "not for the truth of the matters asserted … but rather to establish: (1) the factual allegations set forth in the pleadings; (2) documents attached to the complaint as exhibits or incorporated by reference therein; (3) matters of which judicial notice may be taken; and (4) documents upon which the complaint 'relies heavily' and which are, thus, rendered 'integral' to the Complaint the fact of such litigation and related filings." *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).

14

The goal of the law of the case doctrine is to maintain consistency and avoid reconsideration of matters already decided during the course of a single lawsuit. *See United States for use & benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, No. 15CV4961LTSJLC, 2020 WL 2530180, at *5 (S.D.N.Y. May 19, 2020) (denying a plaintiff leave to amend a certain causes of action, as the plaintiff's proposed amendments were previously dismissed and/or rejected by the Court, the plaintiff had prior "opportunities to replead its case" and it was determined that "the law of the case doctrine [was] the appropriate vehicle for [the] analysis."

The doctrine "may be properly invoked only if the parties had a full and fair opportunity to litigate the initial determination." *Jennings v. City of New York*, No. 22CIV1885GHWSLC, 2023 WL 8462739, at *3 (S.D.N.Y. Nov. 22, 2023), *report and recommendation adopted*, No. 1:22-CV-1885-GHW-SLC, 2023 WL 8462740 (S.D.N.Y. Dec. 7, 2023) (applying the law of the case doctrine in denying dismissal of certain causes of action as contained within a first amended complaint, as the viability of such claims were previously rejected by the Court upon resolution of a prior motion to dismiss, and the parties had a full and fair opportunity to litigate same).  Here, Plaintiff has had not one, but two, full and fair opportunities to litigate the issues at bar.

It is well-established that the law of the case doctrine applies to issues explicitly resolved by earlier decisions in a case, as well those resolved "by necessary implication." *Fogel v. Chestnut*, 668 F.2d 100, 105, 108-109 (2d Cir. 1981). Thus, it is respectfully submitted that this Court adhere to the determinations set forth by the First Dismissal Order and Second Dismissal Order, estopping Plaintiff from attempting to re-litigate issues that have already been decided against him.

Finally, Fed. R. Civ. P. 15(c)(B) provides "[a]n amendment to a pleading relates back to the date of the original pleading when [it] asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

Furthermore, Fed. R. Civ. P. 15(c)(C) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment changes the party" if the party "received notice of the action that it will not be prejudiced in defending on the merits; and knew or should have known the action would have been brought against it, but for a mistake concerning the proper parties identity." Plaintiff did not set forth legal malpractice causes of action as against ZNC, Virgil, or Former ZNC Defendants relative to *Silver Hill v. Teman*[12], *Buch v. Teman*, or *US v. Teman* matters in either the original Complaint or FAC (ECF Doc. Nos. 1 & 35). Furthermore, the newly asserted legal malpractice claims as contained within the SAC did not arise out of the "conduct, transaction, or occurrence[s] set out" in either the original Complaint or FAC. (Compare ECF Doc. 1 with FAC & SAC). Accordingly, the "relation back" doctrine does not apply.

Because all of the proposed amendments contained within Plaintiff's SAC would face dismissal upon a Fed. R. Civ. P. 12(b)(6) motion, have already been adjudicated and decided against Plaintiff by this Court, and are otherwise time-barred, leave to amend should be denied.

### i.   Plaintiff's Amendments as to Former ZNC Defendants are Futile

This Court's Second Dismissal Order directed that "all claims against [the Former ZNC Defendants] [were] <u>dismissed with prejudice</u>." (ECF Doc. No. 54, p. 11 (emphasis added)). Because this Order remains undisturbed, this determination is law of the case and all amendments asserted against Former ZNC Defendants are futile.

Even if his were not the case, as this Court explained in its First Dismissal Order, no cause of action may be maintained as against Former ZNC Defendants because Plaintiff "only ma[de]

---

[12] Although Plaintiff referenced the Silver Hill matter in his original Complaint (ECF Doc. No. 1, pp. 3, 7, & 12) and First Amended Complaint (ECF Doc. No. 35, pp. 4-5 & 8-9), he did so in an effort to delineate how Virgil and Former ZNC Defendants breached their fiduciary duties of loyalty to protect Plaintiff's interest *in the Underlying Action*. Plaintiff did not previously allege that ZNC, Virgil, and/or Former ZNC Defendants committed legal malpractice in providing legal representation to Plaintiff during the Silver Hill litigation.

conclusory allegations that these attorneys 'actively assisted or facilitated the misconduct and fraud.'" (ECF Doc. No. 32, pp. 16 & 36). Likewise, in the proposed SAC, Plaintiff only asserts conclusory allegations as against Former ZNC Defendants[13] that lack any factual underpinnings and are therefore insufficient to survive a motion to dismiss. (SAC, *passim*). Accordingly, because all claims against Former ZNC Defendants have been dismissed with prejudice and the within amendments would face dismissal upon a 12(b)(6) motion for failure to state a claim, Plaintiff's motion to assert amended claims against Former ZNC Defendants should be denied.

### ii.  Plaintiff's Amended Legal Malpractice Claims are Futile (Counts I-IV)

In New York, to state a valid claim for legal malpractice, a plaintiff must set forth facts tending to show all of the following requisite elements: "(1) an attorney-client relationship, (2) attorney negligence (3) that is the proximate cause of a loss, and (4) actual damages." *Stonewell Corp. v. Conestoga Title Ins. Co.*, 678 F. Supp. 2d 203, 208–09 (S.D.N.Y. 2010); *see also Allianz Ins. Co. v. Lerner,* 416 F.3d 109, 118 (2d Cir. 2005). More specifically, a plaintiff must plead that "but for the malpractice, the plaintiff would have received a more advantageous result, would have prevailed in the underlying action, or would not have sustained some actual and ascertainable damage." *Prout  v. Vladeck,* 316 F. Supp. 3d 784, 799 (S.D.N.Y. 20018).

Furthermore, a legal malpractice claim must be "be commenced within three years of the claim's accrual" (*see* CPLR 214(6)), and a legal malpractice claim "is deemed to [have] accrue[d] when the malpractice is committed, regardless of when it is discovered." *Calcutti v. SBU, Inc.*, 224 F. Supp. 2d 691, 699 (S.D.N.Y. 2002). The "doctrine of continuous representation, however, tolls the statute of limitations until an attorney's representation of his client in a *particular matter* is

---

[13] Although Plaintiff alleges that "Maximino Medina appeared in court[,] participated in Plaintiff's representation," and failed "to disclose material conflicts and ensure conflict-free representation," Plaintiff fails to sufficiently plead Maximino Medina's specific involvement in the three litigations referenced in the SAC, how Maximino Medina's conduct resulted in ascertainable damages, or what material conflicts are being referred to. (SAC, p. 5)

terminated." *Id.* (emphasis added). For the following reasons, none of the amended legal malpractice claims would survive dismissal and Plaintiff's motion to amend should be denied.

        a)  *Count I (Teman v. Path/Braverman - the Underlying Action):*

Plaintiff's amended first cause of action sounding in legal malpractice is futile because it is deficiently plead and would not survive a 12(b)(6) motion to dismiss. Plaintiff's speculative allegations that ZNC and "Partner Defendants" failed to "supervise" and "intervene despite notice" fail to sufficiently state a cause of action. (SAC, *passim*). As this Court held in its First Dismissal Order, where Plaintiff only raises "conclusory allegations that [unspecified] attorneys 'actively assisted or facilitated the misconduct and fraud,'" dismissal is warranted. (ECF. Doc. No. 32, pp. 16 & 36). Furthermore, "[i]n the absence of any basis for the plaintiff's speculative belief that members of a professional corporation supervised others or personally participated in the questioned actions with them, dismissal of a malpractice claim at the pleading stage is appropriate." *Gianoukas v. Campitiello*, No. 09 CIV. 1266 (PAC), 2009 WL 3270808, at *7 (S.D.N.Y. Oct. 13, 2009)(internal citation omitted). As such, Plaintiff's proposed amendment is futile and the motion to amend should be denied.

        b)  *Count II: (Silver Hill v. Teman)*

Plaintiff's amended second cause of action sounding in legal malpractice claim is futile because it is time-barred by the applicable three-year statute of limitations and otherwise would not survive a 12(b)(6) motion to dismiss. Although not contained in the SAC, according to Plaintiff's motion seeking to disqualify counsel herein (ECF Doc. No. 74), Plaintiff avers relative to *Silver Hill* that: "In or about 2016, Defendants Virgil and Medina exerted extreme and improper pressure on plaintiff to settle" and that "[u]nder these conditions, plaintiff was coerced into executing a settlement." (ECF Doc. No. 74-1, ¶¶ 14 & 19). Given Plaintiff's admission that both

18

the alleged malpractice and settlement occurred in 2016, any legal malpractice claims concerning *Silver Hill* expired in 2019, at least seven years prior to Plaintiff filing this motion.

Moreover, Plaintiff's amended second cause is deficiently pled. Plaintiff alleges that ZNC, Virgil, and Former ZNC Defendants failed to develop the Silver Hill matter, and advised Plaintiff to accept a reduced settlement after withdrawing/omitting allegations relating to unlawful touching and abuse. (SAC, pp. 3 & 6). While there is "no automatic waiver of a plaintiff's right to sue for malpractice merely because plaintiff had voluntarily agreed to enter into a stipulation of settlement," a plaintiff must set forth facts tending to show "but not for the alleged acts of malpractice, he would have been able to recover or proceed in a manner other than that which actually eventuated." *Prout v. Vladeck*, 316 F. Supp. 3d 784, 799 (S.D.N.Y. 2018) (internal quotations and citations omitted). Here, Plaintiff's SAC is devoid of facts tending to show that had such allegations of unlawful touching or abuse not been withdrawn, Plaintiff would have been meritorious in litigating and/or receiving a settlement for those claims. (SAC, *passim*). Accordingly, Plaintiff's proposed amendment is futile and the motion to amend should be denied.

### c) Count III: (Buch v. Teman)

Plaintiff's amended third cause of action sounding in legal malpractice is futile because it is deficiently pled and would not survive a 12(b)(6) motion to dismiss. Plaintiff alleges that ZNC, Virgil, and/or Former ZNC Defendants failed to merge the Underlying Action with *Buch v. Teman* and, as a result, he "suffered damages" between "approximately $2 million and $5 million." (SAC, pp. 4 & 7). Plaintiff's SAC is devoid of any facts tending to show that ZNC, Virgil or any Former ZNC Defendant represented Plaintiff in the *Buch v. Teman* matter (SAC, *passim*), which renders Plaintiff's legal malpractice claim insufficient as a matter of law. Indeed, according to the *Buch v. Teman* docket, the only persons representing/acting on behalf of Plaintiff in that matter were

19

Golden, Rothschild, Spagnola, Lundell, Boylan, Garubo & Bell, P.C., from approximately June of 2019 through June of 2022, with Plaintiff proceeding *pro se* thereafter. (Yannucci Decl., Ex. 1). As such, Plaintiff failed to set forth facts tending to show the requisite attorney-client relationship.

Furthermore, to the extent that Plaintiff may claim that the amended third cause of action concerns ZNC, Virgil, or Former ZNC Defendants' failure to seek consolidation in the Underlying Action, such a claim is deficiently pled would not survive a 12(b)(6) motion to dismiss, as Plaintiff's allegations are vague and fail to specify proximate causation or ascertainable damages. Accordingly, Plaintiff's proposed amendment is futile and the motion to amend should be denied.

d)  *Count IV: (Failure to Seek Relief During a Pre-Trial Critical Period)*

Plaintiff's amended fourth cause of action sounding in legal malpractice is futile because it is time-barred by the applicable three-year statute of limitations, is otherwise deficiently pled, and would not survive a 12(b)(6) motion to dismiss. Relative to the unspecified "critical [pre-trial] period" associated with *US v. Teman*, which occurred prior to January 29, 2020 (Yannucci Decl, Ex 2), Plaintiff alleges ZNC, Virgil, and/or Former ZNC Defendants were supposed to have consolidated and/or adjourned unspecified civil cases. (SAC, pp. 4 & 7).  Given that this pre-trial period occurred prior or January 29, 2020, any allegations of legal malpractice would have expired prior to January 29, 2023, over three years and three months prior to Plaintiff's instant motion.

Moreover, Plaintiff's SAC is devoid of any facts tending to show that ZNC, Virgil or any Former ZNC Defendant represented Plaintiff in the *U.S. v. Teman* matter, or otherwise owed him any duty relative to same. (SAC, *passim*). Moreover, Plaintiff fails to set forth facts tending to show: (1) what civil matters should have been adjourned/consolidated and when; (2) how any such failure(s) proximately resulted in any ascertainable damages; and (3) what actual and ascertainable damages were incurred, beyond vaguely concluding he was "required to expend time and recourses

20

addressing civil matters." (SAC at pp. 4 & 7). Additionally, Plaintiff does not allege that had any adjournment/consolidation been raised in any of the unspecified civil proceedings, that same could have been successfully obtained or would have resulted in a better outcome in any legal proceeding. (SAC, *passim*).  Having failed to set forth facts tending to show the requisite attorney-client relationship, or proximately caused ascertainable damages, Plaintiff's proposed amendment is futile and the motion to amend should be denied.

### iii.  Plaintiff's Amended Breach of Fiduciary Duty Claim is Futile (Count V)

By its Second Dismissal Order, this Court explained that "[b]ecause Plaintiff was previously granted leave to amend his complaint to state an actionable claim and was unable to do so, his claim for breach of fiduciary duty [was] dismissed with prejudice." (ECF Doc. No. 54,  pp. 10-11 (emphasis added)). Because the Second Dismissal Order remains undisturbed, and because Plaintiff's amended breach of fiduciary claim, as contained within the SAC, repleads his prior conclusory allegations that ZNC, Virgil, and Former ZNC Defendants prioritized improper personal and financial relationships with the underlying defendants, their counsel, and Silver Hill over Plaintiff's interests in the Underlying Action, the amendment is futile.

Furthermore, to the extent Plaintiff may claim the amended breach of fiduciary duty cause of action is premised upon *Silver Hill v. Teman* or the critical pre-trial period of *U.S. v. Teman*, the claims are time barred. The statute of limitations for breach of fiduciary duty claims is three years if the remedy sought is primarily monetary damages. *See* CPLR § 214(4). As shown above, Plaintiff's allegations of misconduct concerning *Silver Hill v. Teman* expired in 2019, and allegations concerning the pre-trial period of *U.S. v. Teman* expired prior to January 29, 2023

Finally, this Court held in its First Dismissal Order that a plaintiff "claim[ing] that an attorney violated the duty of loyalty may state a claim for breach of fiduciary duty if" (1) "the

21

attorney sacrificed the interests of one client for the benefit of another client"; (2) "appropriates information from one client to benefit another client"; (3) "disclosed or misappropriated confidential information"; or (4) "misrepresented his or her qualifications," and, in addition "must show that the attorney's breach was at least "a substantial factor" in causing the resulting damages." (ECF Doc. No. 32, pp. 13-16). The SAC suffers the same deficiencies identified by the Court in the prior dismissals. Accordingly, to the extent Plaintiff claims that his amended breach of fiduciary duty claim, as contained in the SAC, extends to ZNC, Virgil, and/or Former ZNC Defendants' alleged representation of Plaintiff in the Silver Hill litigation, such an amendment would be futile and not survive a motion to dismiss. Significantly, Plaintiff only alleges a failure to disclose conflicts of interest that "created a material *risk* that Plaintiff's representation would be limited by competing interest." (SAC, pp. 4-5 (emphasis added)). Plaintiff fails to allege that ZNC, Virgil, and/or Former ZNC Defendants actually placed the interests of another person/entity over Plaintiff during the Silver Hill litigation, or that any actual damages were incurred as a result.

Moreover, to the extent that Plaintiff alleges that ZNC, Virgil, and/or Former ZNC Defendants breached their fiduciary duties by "providing advice materially affected by undisclosed considerations" (SAC, p. 7), such allegations are futile and would be dismissed as duplicative of Plaintiff's legal malpractice claim. As this Court held in its First Dismissal Order, claims that an "attorney has been negligent in the discharge of her responsibilities […] ordinarily sounds in legal malpractice and must be so pled." (ECF Doc. No. 32, p. 14). As such, Plaintiff's proposed amendment is futile and the motion to amend should be denied.

### D.  Granting Plaintiff Leave to Amend Would Result in Severe Prejudice for Defendants

"The Second Circuit has held that an amendment prejudices a non-moving party when, among other things, 'the assertion of the new claim or defense would (i) require the opponent to

22

expend significant additional resources to conduct discovery and prepare for trial [or] (ii) significantly delay the resolution of the dispute.'" *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F. Supp. 3d 429, 438 (S.D.N.Y. 2021), *objections overruled sub nom. United States v. Bon Secours Health Sys., Inc.*, No. 10 CIV. 9650 (RMB), 2023 WL 1992639 (S.D.N.Y. Feb. 14, 2023) (quoting *Monahan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000)).

Although Plaintiff alleges no prejudice will occur because "discovery is ongoing; no trial date has been set; [and] the amendment refines existing claims," this is not the case. (ECF Doc. No. 58, p. 3). Defendants incurred great burden and expense in litigating this claim since December 19, 2024. To date, Defendants filed two motions to dismiss; an Answer; appeared for the Initial Pre-Trial Conference; conducted meet and confers; filed and responded to countless letter motions; exchanged initial disclosures; issued discovery requests; moved for a Protective Order; and have begun preparing responses to Plaintiff's discovery requests. (ECF Doc. Nos. 1-70).

Should Plaintiff, at this late date, be permitted to amend his allegations, Defendants would be forced to incur substantial burden and expense in updating the aforementioned actions and preparing new defenses to same. This would include, but not be limited to, conducting new investigations, revisiting and reissuing discovery demands, and seeking to amend the CMPSO, inclusive of various pre-set deadlines already passed and immediately forthcoming. Such matters would undoubtedly result in substantial prejudice, burden, expense and delay for Defendants.

Accordingly, Plaintiff's motion seeking leave to amend must be denied as prejudicial.

**E. Plaintiff's Motion Should be Denied as a Bad Faith Litigation Tactic**

It is well established that "[a] court also may deny a request for leave to amend where the request was made in bad faith or for tactical reasons." *Jones v. City of New York*, No. 18CV4064GBDKHP, 2020 WL 582369, at *2 (S.D.N.Y. Feb. 6, 2020). Throughout this litigation,

23

Plaintiff has exchanged numerous written communications with counsel for Defendants, Defendants and Former ZNC Defendants directly, as well as their insurers, with threats of filing additionally lawsuits concerning the litigations placed at issue in the SAC. Defendants respectfully submit that it can be inferred from Plaintiff's actions that by seeking leave to file the SAC, Plaintiff seeks to burden Defendants and their insurers with additional expenses. Accordingly, Plaintiff's motion seeking leave to amend must be denied as a bad faith litigation tactic.

## CONCLUSION

For the reasons stated above, Defendants respectfully submit that Plaintiff's motion seeking leave to file a Second Amended Complaint be denied in its entirety: (1) pursuant to Fed. R. Civ. P. 16(b), as Plaintiff's motion violates this Court's Case Management Plan and Scheduling Order and Plaintiff failed to demonstrate good cause to modify same; or, in the alternative (2) pursuant to Fed. R. Civ. P. 15(a), as Plaintiff delayed in seeking the amendment, all proposed amendments are futile and would not survive a Fed. R. Civ. P. 12(b) motion to dismiss, granting leave to amend would severely prejudice Defendants, and the instant motion serves as a continued bad faith litigation tactic

Dated: April 29, 2026
      New York, New York            Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:    /s/ Cristina Yannucci, Esq.
        Cristina Yannucci, Esq.
        *Attorneys for Defendants*
        *ZELDES, NEEDLE & COOPER, P.C. and*
        *JEREMY VIRGIL*
        7 World Trade Center
        250 Greenwich Street, 11th Floor
        New York, New York 10007
        Phone: (212) 232-1412
        Email: cristina.yannucci@lewisbrisbois.com
        File No. 47558.92

24

## CERTIFICATE OF COMPLIANCE

I hereby certify pursuant to Local Civil Rule 7.1 of the Local Rules of the United States

District Courts for the Southern and Eastern Districts of New York, as well as Hon. Lewis J. Liman,

D,J.'s Individual Practice Rule 2.I. for Civil Cases, that the foregoing

**MEMORANDUM OF LAW SUBMITTED BY DEFENDANTS IN OPPOSITION TO
PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND**

was prepared on a computer using Microsoft Office 365.

A proportionally spaced typeface was used, as follows:

Name of typeface: Times New Roman.

Point size: 12.

Line spacing: Double.

Page Count: That the total page count is under 25 pages.

Word Count: The total number of words, exclusive of the caption, signature block, and

the certification of compliance, is **8,117** words.

Dated: New York, New York
April 29, 2026

/s/ Cristina Yannucci, Esq.
_____
CRISTINA YANNUCCI, ESQ.

25

**CERTIFICATE OF SERVICE**

I hereby certify that on April 29, 2026, copies of the **MEMORANDUM OF LAW SUBMITTED BY DEFENDANTS IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO AMEND** and **DECLARATION OF CRISTINA YANNUCCI, ESQ. SUBMITTED IN OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT** with **ANNEXED EXHIBITS** were served by electronic filing upon:

ARI TEMAN
*Pro se Plaintiff*
1521 Alton Road, #888
Miami Beach, Florida 33139
Phone: (212) 203-3714
Email: ari@teman.com

Dated: New York, New York
April 29, 2026

/s/ Cristina Yannucci, Esq.

CRISTINA YANNUCCI, ESQ.

26