UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ari Teman,
Plaintiff,

v.

Zeldes Needle Cooper LLP, et al.,
Defendants.

No. 1:24-cv-09830 (LJL)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DENY LEAVE TO AMEND, AND REQUEST FOR CASE MANAGEMENT CONFERENCE**

**Preliminary Statement**

Defendants' opposition rests on a mischaracterization of Plaintiff's motion and an effort to prevent amendment before Plaintiff has access to key materials within Defendants' control.

Plaintiff moved for leave to amend in compliance with the Court's directive and submitted a proposed Second Amended Complaint that satisfies Rule 8. The proposed pleading is based on the facts presently available to Plaintiff, while additional facts relevant to Defendants' conduct remain within Defendants' control, including materials referenced in Defendants' opposition. Plaintiff therefore seeks leave to amend now and, to the extent appropriate, the opportunity to supplement the pleading in accordance with the Federal Rules as those additional facts become available.

Defendants ignore that posture. They treat Plaintiff's submission as a final pleading and seek to defeat it on that basis, while continuing to withhold the very materials necessary to plead the claims fully.

Under Rule 15's liberal standard and Rule 16's diligence framework, Defendants' arguments fail. Amendment should be permitted, and Plaintiff should be allowed to supplement his pleading as additional facts become available.

**Argument**

**I. Plaintiff's Motion Seeks Leave to Amend Based on the Present Record and Should Not Be Evaluated as a Final Pleading**

Plaintiff has complied with the Court's directive to seek leave to amend and has submitted a proposed Second Amended Complaint that satisfies Rule 8. The proposed pleading reflects the facts presently available to Plaintiff, while additional facts relevant to Defendants' conduct remain within Defendants' control. Plaintiff therefore seeks leave to amend based on the present record, with any appropriate supplementation to occur in accordance with the Federal Rules as additional facts become available.

Defendants' opposition disregards this posture. They treat Plaintiff's submission as a fixed and final pleading and attempt to defeat it on that basis. That is incorrect.

The issue before the Court is not whether the current draft is the final operative complaint. The issue is whether Plaintiff should be granted leave to amend, with the opportunity to supplement the pleading as additional facts become available through Plaintiff's ongoing efforts to obtain relevant materials. Under Rule 15, leave should be freely granted, particularly where the need for supplementation arises from Defendants' control of the relevant facts.

## II. Good Cause Exists Under Rule 16 Because Defendants Have Withheld Plaintiff's Client File for Years

Defendants' Rule 16 argument fails because it ignores the reason Plaintiff cannot fully plead additional facts: those facts remain within Defendants' control, including materials Defendants have not produced for more than two years.

Plaintiff's inability to supplement his pleading is therefore not attributable to lack of diligence, but to Defendants' exclusive control over the operative facts.

The materials in Defendants' possession include, among other things, communications, calendaring records, internal notes, and case-management materials directly bearing on Defendants' handling of the underlying matters.

Plaintiff has repeatedly requested the file from Defendant Virgil. Those requests are documented in Defendants' own materials. The file remains in Defendants' exclusive possession and has not been produced.

The issue has already been raised before this Court, which directed Plaintiff to pursue a special proceeding to obtain the file. Plaintiff followed that directive and initiated separate litigation to recover it.

Under Rule 16, the relevant inquiry is diligence. Where the information necessary to plead claims is in the opposing party's possession, and that party has failed to produce it, courts routinely find good cause.

Plaintiff has acted diligently by:

- repeatedly requesting the file,
- pursuing court-directed remedies to obtain it, and
- refraining from filing an incomplete or speculative pleading.

Defendants' position is internally inconsistent. They argue that Plaintiff should have already amended, while continuing to withhold the materials necessary to do so. A party cannot create delay by withholding documents and then rely on that delay to defeat amendment.

---

### III. Defendants' Futility Argument Is Premature and Improper

Defendants argue that amendment would be futile. That argument fails for multiple reasons.

First, the futility standard is high. Amendment is futile only where the claim would fail as a matter of law under Rule 12(b)(6). At this stage, the Court does not resolve factual disputes or weigh evidence.

Second, Defendants' argument is premature. They seek dismissal of claims that Plaintiff has not yet had a fair opportunity to plead fully because relevant facts remain within Defendants' control and have not been produced.

Third, Defendants improperly attempt to convert this motion into a merits determination. They advance factual narratives and rely on extraneous materials, asking the Court to resolve disputes that are inappropriate at the amendment stage.

Fourth, Defendants' argument targets a proposed amended pleading. Plaintiff has already advised the Court that the proposed complaint will be supplemented as additional facts become available through ongoing efforts to obtain relevant materials.

 Attacking a current pleading based on the facts presently available as "futile" is improper.

Finally, even under Defendants' framing, Plaintiff has alleged a course of conduct involving malpractice, breach of fiduciary duty, and related misconduct across multiple matters. These allegations are more than sufficient to state plausible claims. Disputes regarding causation, scope, and damages are not grounds to deny amendment.

Where, as here, the factual record is incomplete due to Defendants' possession of key materials, denial of amendment on futility grounds is inappropriate.

#### A. Defendants' Assertions Regarding the Buch Matter Raise Disputed Issues of Fact

Defendants contend that they did not represent Plaintiff in connection with the *Buch* matter. That assertion raises a factual dispute that cannot be resolved on a motion for leave to amend.

Plaintiff has produced materials—including email communications—reflecting that Defendant Virgil worked with counsel in the *Buch* matter and agreed that coordination or consolidation of the *Buch* and *Braverman/PATH* matters was in Plaintiff's best interest.

Those materials further reflect that *Defendant Virgil undertook to pursue* that strategy but failed to do so.

At a minimum, these facts support a plausible inference that Defendants were involved in, and exercised professional judgment concerning, the handling of the *Buch* matter. Whether that involvement rises to the level of formal representation, or otherwise gives rise to duties, is a fact-intensive question not suitable for resolution at this stage.

Accordingly, Defendants' argument does not establish futility.

## B. Defendants' Statute of Limitations Arguments Raise Fact-Intensive Issues That Preclude a Finding of Futility

Defendants argue that claims relating to the *Silver Hill* matter are time-barred. That argument is premature.

Plaintiff's proposed amendment is based, in part, on information obtained through recent discovery that materially alters the understanding of Defendants' conduct, including evidence that Defendant Virgil failed to monitor dockets, failed to respond to settlement communications, and failed to pursue or disclose available policy limits.

These newly developed facts bear directly on issues of accrual, continuous representation, and equitable tolling, all of which are inherently fact-specific and not appropriately resolved on a motion for leave to amend.

Courts in this Circuit routinely hold that statute of limitations defenses do not warrant denial of leave to amend where the applicability of tolling or accrual doctrines depends on disputed facts.

Further, at a minimum, Plaintiff has plausibly alleged facts supporting tolling doctrines, which cannot be resolved on a motion for leave to amend.

At a minimum, Plaintiff is entitled to plead these facts and develop the record.

Defendants' arguments rely on contested facts and affirmative defenses that cannot be resolved on a motion for leave to amend.

## C. The Proposed Amendment Includes Additional Factual Bases and Related Conduct Not Previously Before the Court

Defendants' futility argument improperly assumes that the proposed amendment merely repackages claims previously addressed by the Court. It does not. The proposed Second Amended Complaint includes additional factual allegations and related conduct—arising from Defendants' handling of the Silver Hill matter, the Buch matter, and associated decision-making—that were not previously before the Court in the same form or with the same factual support.

At this stage, the question is not whether Defendants dispute those facts, but whether Plaintiff has plausibly alleged claims based on the facts presently available. To the extent Defendants contend that any aspect of the proposed amendment overlaps with prior rulings, that argument depends on fact-intensive questions regarding scope, timing, and the nature of Defendants' conduct—issues that cannot be resolved on a motion for leave to amend. Accordingly, Defendants' reliance on prior rulings does not establish futility.

**IV. Defendants' Reliance on Plaintiff's Criminal Case Is Irrelevant and Improper**

Defendants' repeated references to Plaintiff's criminal case are improper and should be disregarded.

This action concerns Defendants' conduct in civil matters that predate the criminal proceedings by many years. The alleged malpractice occurred long before those events and is analytically distinct. The criminal case therefore has no bearing on whether Defendants breached their duties or whether Plaintiff has plausibly stated claims.

At this stage, the Court's inquiry is limited. Defendants' attempt to inject materials from a separate proceeding invites a fact-intensive dispute that is inappropriate on a motion for leave to amend and would create a "trial within a trial" on unrelated issues.

The impropriety of Defendants' approach is underscored by the fact that the criminal case itself is disputed and subject to ongoing challenge. Materials in the record reflect that the legal and factual basis of that case has been contested, including by legal scholars.

The point is not to litigate that proceeding here, but to highlight that Defendants' reliance on it would require precisely the type of collateral adjudication that is improper at this stage.

Moreover, Defendants' position is one-sided. They seek to rely on selective *external* materials while continuing to withhold Plaintiff's client file—the central body of evidence relevant to this case. The Court should not permit such selective presentation.

Accordingly, Defendants' references to Plaintiff's criminal case should be disregarded.

**V. In the Alternative, the Court Should Stay Amendment Deadlines or Structure Sequencing of Amendment and Discovery**

Defendants' opposition underscores the practical problem before the Court: Plaintiff cannot reasonably supplement his amended pleading without access to materials referenced in Defendants' opposition that remain within Defendants' control.

**The Court previously directed Plaintiff to pursue a separate proceeding to obtain his client file, and Plaintiff has complied with that directive. Since initiating that proceeding, Defendants have begun engaging on production, though the process remains incomplete.**

A brief stay of amendment deadlines—such as 45 days (or such shorter period as the Court deems appropriate)—would allow Plaintiff's ongoing efforts to obtain relevant materials to progress and would provide sufficient time to obtain, review, and incorporate those materials into a supplemented pleading in an orderly and complete manner. Absent such sequencing, Plaintiff would be required to plead without access to materials that Defendants themselves rely upon, an outcome inconsistent with the Federal Rules.

Accordingly, the Court should stay any deadline for Plaintiff to file a supplemented Second Amended Complaint for a reasonable period, such as 45 days, to allow Plaintiff's ongoing efforts to obtain relevant materials to progress.

 Plaintiff should not be required to plead claims based on incomplete information resulting from Defendants' continued control over the relevant record. Alternatively, if amendment proceeds now, the Court should structure the timing and sequencing of amendment and related disclosures to ensure that Plaintiff is not required to plead without access to materials referenced in Defendants' opposition.

This approach is consistent with well-established Second Circuit and SDNY authority. The Second Circuit has emphasized that leave to amend should be freely granted, particularly where a plaintiff has not yet had a full opportunity to develop the factual basis of his claims. Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC, 797 F.3d 160, 190 (2d Cir. 2015). Similarly, courts in this District decline to resolve futility or require final pleading precision where key facts are in the possession of the opposing party. See Panther Partners Inc. v. Ikanos Commc'ns, Inc., 681 F.3d 114, 119–20 (2d Cir. 2012); Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 454–55 (S.D.N.Y. 2016).

These principles apply here. Plaintiff's inability to supplement his pleading is not due to lack of diligence, but to Defendants' control over relevant materials. Requiring Plaintiff to proceed on an incomplete record—or denying amendment on that basis—would be inconsistent with Rule 15 and governing precedent.

At minimum, Plaintiff respectfully requests that the Court schedule a status conference to address (i) the timing and sequencing of amendment in light of Plaintiff's ongoing efforts to obtain materials referenced in Defendants' opposition, (ii) the scope of materials relevant to the claims at issue, and (iii) the appropriate sequencing of amendment and discovery.

Defendants cannot both rely on the asserted lack of detail in Plaintiff's allegations and maintain exclusive control over the documents necessary to provide that detail; the Court should either stay amendment deadlines or require targeted sequencing sufficient to permit supplementation of the pleading.

Plaintiff further notes that he is currently located in Israel and, during the relevant period, has experienced repeated and significant disruptions due to ongoing security conditions, including frequent shelter requirements and prolonged interruptions to normal working conditions. While Plaintiff has continued to litigate diligently, the cumulative effect of these conditions has materially impacted his ability to proceed at a normal pace. A brief extension of approximately

30–45 days would allow Plaintiff to complete the amendment process on a fair and complete record and would impose no prejudice on Defendants.

## VI. The Absence of Any Responsive Production Confirms That Amendment Should Not Be Resolved on the Current Record

Defendants' opposition seeks to defeat amendment on the merits while no meaningful production has occurred on the claims that the Court has permitted to proceed.

Plaintiff has served discovery requests directed to the Braverman/PATH matter—the very subject Defendants acknowledge is within the scope of this case. Yet Defendants have not produced a single responsive document. By contrast, Plaintiff has produced a substantial body of materials.

This undisputed asymmetry matters for present purposes. Defendants' arguments depend on the asserted lack of detail in Plaintiff's allegations, but the information necessary to provide that detail—communications, calendaring records, internal notes, and case-management materials—remains within Defendants' exclusive control.

Requiring Plaintiff to supplement his pleading on this record would effectively force him to plead without access to the operative facts *while Defendants retain exclusive control over those facts.*

Courts do not require that result. Where key information necessary to plead claims is in the opposing party's possession, and has not been produced, amendment should be permitted or deferred until a fair record exists. See *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015); *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119–20 (2d Cir. 2012); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454–55 (S.D.N.Y. 2016).

Defendants' position would require Plaintiff to plead claims without access to materials in Defendants' possession and without any production on the core issues, and then penalize him for the resulting lack of detail. The Federal Rules do not permit a party to rely on that absence while maintaining exclusive control over the underlying materials.

For this additional reason, the Court should grant leave to amend, or at minimum stay amendment deadlines or require targeted production sufficient to permit Plaintiff to supplement his pleading.

Defendants' current attempt to narrow the case contrasts with positions they have taken in the underlying matters regarding the relationship among the Braverman, PATH, Buch, and related issues—positions that *further underscore the need for a complete factual record before supplementation of the pleading.*

## VII. Plaintiff Does Not Seek to Replead Claims Dismissed With Prejudice

To the extent Defendants contend that the proposed amendment improperly reasserts claims or parties previously dismissed with prejudice, that argument mischaracterizes Plaintiff's intent.

Plaintiff does not seek to replead claims or defendants dismissed with prejudice in contravention of the Court's prior order. Any references to such matters are included, where necessary, for factual context or to preserve issues, not to revive claims the Court has already foreclosed.

To the extent the Court has any concern regarding the scope of Defendants named in the proposed Second Amended Complaint, that issue does not warrant denial of leave to amend. At most, it presents a matter for narrowing or clarification of the pleading. Plaintiff is prepared to conform the pleading to any guidance provided by the Court regarding the proper scope of Defendants or claims. The Federal Rules favor resolving such issues through amendment and refinement, rather than foreclosing amendment entirely at the threshold.

Even assuming arguendo that any portion of the proposed amendment exceeds the scope of prior rulings, the appropriate remedy would be targeted narrowing or refinement, not denial of leave to amend in its entirety.

Accordingly, Defendants' reliance on prior dismissals does not provide a basis to deny leave to amend.

**Conclusion**

Defendants' opposition rests on a mischaracterization of Plaintiff's motion, an improper attempt to litigate the merits on an incomplete record, and reliance on irrelevant collateral matters.

Plaintiff has acted diligently, complied with the Court's directive, and seeks only the opportunity to supplement his pleading as additional facts become available.

Denial of leave under these circumstances would effectively permit Defendants to retain exclusive control over relevant materials and then rely on the resulting lack of detail to oppose amendment.

In light of Plaintiff's ongoing efforts to obtain relevant materials and the recent disruptions to Plaintiff's ability to work consistently due to security conditions in Israel, a brief extension of approximately 30–45 days would impose no prejudice on Defendants and would ensure that amendment proceeds on a fair and complete record.

The Court should grant Plaintiff leave to amend and permit Plaintiff to supplement the Second Amended Complaint within a reasonable period as additional facts become available, or otherwise stay amendment deadlines to ensure that amendment proceeds on a fair and complete record.

**Plaintiff further respectfully requests that the Court schedule a status conference to** address the timing and sequencing of amendment in light of Plaintiff's ongoing efforts to obtain materials referenced in Defendants' opposition, the scope of materials relevant to the claims at issue, and the appropriate sequencing of amendment and discovery.

Respectfully submitted,

s/Ari Teman/
Ari Teman
Plaintiff Pro Se
April 30, 2026
Tel Aviv, Israel

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Ari Teman,**
 Plaintiff,

v.

**Zeldes Needle Cooper LLP, et al.,**
 Defendants.

**No. 1:24-cv-09830 (LJL)**

[PROPOSED] ORDER

Upon consideration of Plaintiff's opposition to Defendants' motion to deny leave to amend, and the submissions of the parties, it is hereby:

**ORDERED** that Plaintiff's motion for leave to amend is **GRANTED**; and it is further

**ORDERED** that Plaintiff may file a supplemented Second Amended Complaint within **45 days of the date of this Order**; and it is further

**ORDERED** that Plaintiff may seek a further extension upon a showing that additional relevant materials remain outstanding despite diligent efforts to obtain them; and it is further

**ORDERED** that, in the alternative, to the extent the Court determines that amendment should proceed on the current record, Plaintiff may file an amended complaint within such time as the Court deems appropriate; and it is further

**ORDERED** that the Court will hold a status conference on _____ at _____ to address (i) the timing and sequencing of amendment in light of Plaintiff's ongoing efforts to obtain relevant materials, (ii) the scope of materials relevant to the claims at issue, and (iii) the appropriate sequencing of amendment and discovery.

SO ORDERED.

Dated: _____
 New York, New York


_____

HON. LEWIS J. LIMAN
United States District Judge