**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Ari B. Teman,
Plaintiff,

v.                                                                                    Case No. 1:24-cv-09830 (LJL)

Zeldes Needle Cooper LLP, et al.,
Defendants.

**Letter Motion to Extend Deadlines and for Related Relief Due to Delays, War, Medical Needs**

Hon. Lewis J. Liman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Your Honor:

Plaintiff respectfully moves to extend all current deadlines by **60 days, or 30 days after production of the client file, whichever is later**, and for limited related relief necessary to ensure fair adjudication and compliance with this Court's prior directives.

**1. Ongoing Failure to Produce Client File and Any Responsive Documents**

Defendants have still not produced Plaintiff's client file *or any responsive documents.* This continues to deprive Plaintiff of the core materials necessary to plead, oppose, and refine claims. (By contrast, Plaintiff has produced more than 120 documents and continues to be responsive.)

Proceeding on the current schedule while Defendants withhold the very documents and communications at issue is inherently prejudicial and functionally prevents meaningful litigation.

Plaintiff has initiated the separate proceeding referenced by the Court to obtain his client file, which includes medical records, emails, notes, and other materials related to the Underlying Matter. That process will take time. Defendants have declined to produce the client file without obstacles and fees (which are not allowed for producing a digital file), so absent further court intervention this will result in ongoing delay.

**2. Inability to Effect Service on Defendant Preuher**

Plaintiff has been unable to obtain a signed summons from the Clerk despite repeated follow-ups by email and phone, and despite consenting to alternative service methods, including electronic service. Without a signed summons,

Plaintiff is procedurally blocked from completing service and getting discovery.

Plaintiff respectfully requests that the Court:

(a) direct the Clerk to issue the summons and file it to the docket,

(b) endorse/sign a blank summons so Plaintiff may effect service; or

(c) authorize alternative service via email without a signed summons.

### 3. Systemic Docketing Delays Prejudicing Plaintiff

Multiple submissions sent to the Temporary Pro Se Inbox have either not been docketed or were docketed only after delays exceeding three weeks. These delays materially impair Plaintiff's ability to litigate and comply with deadlines and get discovery.

### 4. Extraordinary External Circumstances and Necessary Medical Treatment

During the relevant period, Plaintiff was subject to repeated emergency conditions in Israel requiring frequent sheltering, 3 to 10 times per day, materially disrupting his ability to prepare filings and communicate. Now that conditions have stabilized, Plaintiff is actively working to get long-delayed, board-certified ENT-prescribed surgery relating to his eustachian tubes. This procedure is necessary both to alleviate ongoing pain and to restore Plaintiff's ability to safely travel to the United States for work and to participate in these and other proceedings.

### Prejudice

Absent the requested extension, Plaintiff will be forced to proceed without the client file, without a served defendant, and under conditions that have materially impaired his ability to litigate, resulting in clear prejudice.

### Requested Relief

Plaintiff respectfully requests that the Court:

1. Extend all current deadlines by **60 days, or 30 days after production of the client file, whichever is later**;

2. Order Defendants to produce the complete client file **within 10 days of the Court's Order**; and that, absent compliance, Defendants shall be precluded from relying on materials contained in the withheld file, and Plaintiff may seek appropriate sanctions, including adverse inference, upon a showing of spoliation;

3. Direct the Clerk to issue the summons form forthwith and file it to the docket, or alternatively authorize service via counsel or endorse a blank summons; and

4. Grant such other and further relief as the Court deems just and proper

Respectfully submitted,

s/Ari B. Teman/
Ari Teman
Plaintiff, Pro Se
May 1, 2026

Tel Aviv, Israel