**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Ari Baruch Teman,**
Plaintiff,

v.                                                                                          1:24-cv-09830 (LJL)

**Zeldes Needle Cooper LLP, et al.,**
Defendants.

**PLAINTIFF'S LETTER MOTION FOR (I) PROTECTIVE ORDER AND PRECLUSION OF UNITED STATES v. TEMAN, AND (II) IN THE ALTERNATIVE, LIMITED ATTORNEYS'-EYES-ONLY PRODUCTION OF GRAND JURY MATERIALS**

Hon. Lewis J. Liman,

Plaintiff respectfully moves for (i) a protective order precluding any reference to *United States v. Teman*, and limiting this case and discovery to medical treatment and events contemporaneous with the underlying malpractice representation; and (ii) in the alternative, if Defendants are permitted to rely on that criminal proceeding in any respect, an order directing production of the grand jury transcripts from *United States v. Teman*, on an attorneys'-eyes-only basis.

## I. The Court Has Already Determined There Is No Nexus

This Court has already addressed the relevance of *United States v. Teman* and held that:

> "the instant case lacks the expressly required nexus between fugitivity and the course of the proceedings."

*Teman v. Zeldes Needle Cooper LLP*, No. 24-cv-9830 (LJL), Order dated December 31, 2025. (Dkt. 32)

That conclusion controls here. Where no nexus exists, the criminal proceeding is not relevant to:

- breach,
- causation,
- damages, or
- any issue properly before the Court.

It follows that *United States v. Teman* falls outside the scope of permissible discovery under Rule 26(b)(1) and should not be referenced in this action.

## II. Defendants' Submission Confirms an Attempt to Introduce Prejudicial Material Without Relevance

Defendants have already submitted:

- a criminal verdict sheet, and

- a criminal docket

from *United States v. Teman*.

Those materials do not bear on the malpractice claims. They:

- do not relate to the underlying medical treatment or representation, and
- provide no facts relevant to any element of Plaintiff's claims.

Their effect is limited to signaling the existence of a criminal proceeding. Under Rule 403, such material should be excluded where its probative value is substantially outweighed by the risk of unfair prejudice or confusion. *See* **Old Chief v. United States**, 519 U.S. 172, 180–85 (1997); **United States v. Awadallah**, 436 F.3d 125, 131 (2d Cir. 2006).

Here, the absence of any nexus renders the probative value minimal, while the risk of prejudice and distraction is substantial.

## III. Allowing Reference Would Create an Improper Collateral Proceeding

Permitting Defendants to rely on *United States v. Teman* would:

- require re-litigation of a separate federal criminal proceeding,
- introduce distinct legal standards and factual issues, and
- convert this case into a collateral "trial within a trial."

Courts in this Circuit routinely exclude such collateral matters. *See* **United States v. Quattrone**, 441 F.3d 153, 187 (2d Cir. 2006). Courts also exercise their authority under Rule 26(c) to prevent discovery or argument that would impose disproportionate burden relative to minimal relevance. *See* **In re Weatherford Int'l Sec. Litig.**, 2013 WL 5788680, at *1 (S.D.N.Y. Oct. 28, 2013).

The malpractice claims at issue concern medical treatment and related representation from more than a decade ago. The criminal proceeding involves separate facts, legal theories, and time periods. There is no basis to merge the two.

## IV. Defendants Cannot Exclude the Criminal Case When It Is Disadvantageous and Invoke It When It Is Not

Defendants have previously taken the position that claims relating to Plaintiff's criminal case are not properly part of this action -- specifically, that Teman cannot make claims that Virgil and Zeldes committed malpractice in how he interacted with Defense counsel in that matter, and how Virgil and Zeldes' handling of the Buch case impacted Teman's negatively ability to prepare for his defense. Having done so, they should not be permitted to selectively invoke that same proceeding when it is advantageous.

Allowing such inconsistent use would:

- expand the scope of this case beyond what the Court has already recognized as proper, and

- permit Defendants to introduce prejudicial material while avoiding the corresponding implications.

To the extent Defendants intend to rely on any conviction for impeachment under Rule 609, such use should be precluded because, in light of the absence of any nexus, any marginal probative value is substantially outweighed by the risk of unfair prejudice under Rule 403.

The most efficient and appropriate course is to preclude reference to *United States v. Teman* entirely.

## V. If the Criminal Case Is Allowed, It Must Be Addressed on a Complete and Non-Selective Record

If the Court permits any reference to *United States v. Teman*, fundamental fairness requires that the proceeding not be presented selectively.

Defendants have already demonstrated an intent to rely on:

- high-level materials (verdict sheet and docket), while
- omitting the underlying record.

Such selective use risks creating a misleading impression. A party may not introduce fragments of a prior proceeding while preventing the opposing party from accessing the materials necessary to respond.

## VI. Particularized Need for Grand Jury Materials (Conditional Relief)

If—and only if—the Court permits Defendants to rely on the criminal proceeding, Plaintiff has a particularized need for the grand jury transcripts.

The governing standard requires a showing that:

- the material is needed to avoid injustice in another proceeding,
- the need outweighs the interest in secrecy, and
- the request is narrowly tailored.
  *See* **Douglas Oil Co. v. Petrol Stops Nw.**, 441 U.S. 211, 222 (1979); **United States v. Sells Eng'g, Inc.**, 463 U.S. 418, 443 (1983).

That standard is satisfied in this limited circumstance because:

1. **Avoiding a Distorted Presentation in This Case**
   If Defendants rely on the existence of the criminal proceeding, the absence of the underlying record would create a materially incomplete and potentially misleading presentation.
2. **Context of the Charging Theory**
   The grand jury record reflects the Government's charging framework. If the proceeding is invoked, Plaintiff must be permitted to address the context in which it arose.
3. **No Adequate Substitute**
   A verdict sheet and docket do not provide meaningful context and cannot substitute for the underlying record.

4.  **Narrow Tailoring**
    Plaintiff seeks production only if the criminal case is permitted, limited to transcripts, and subject to attorneys'-eyes-only protections.

This is not a collateral challenge to the criminal proceeding, but a narrowly tailored request triggered solely by Defendants' attempted use of that proceeding in this case.

## VII. Requested Relief

Plaintiff respectfully requests that the Court:

1.  Preclude all references to *United States v. Teman* for any purpose;

2.  In the alternative, if any reference is permitted, order production of the grand jury transcripts on an attorneys'-eyes-only basis;

3.  In the further alternative, limit any reference strictly to the existence of the proceeding, without discussion of facts, credibility, or exhibits.

## Conclusion

Because this Court has already determined that *United States v. Teman* lacks the required nexus, Defendants should not be permitted to use that proceeding as a vehicle for prejudice or distraction.

The most efficient and appropriate course is to preclude reference to *United States v. Teman* entirely.

Respectfully submitted,


s/Ari Teman/
Ari Baruch Teman
Pro Se Plaintiff

May 3, 2026
Tel Aviv, Israel

**[PROPOSED] ORDER**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Ari Baruch Teman v. Zeldes Needle Cooper LLP, et al.


1:24-cv-09830 (LJL)

Upon Plaintiff's Letter Motion, and for good cause shown, it is hereby:

**ORDERED** that Defendants are **precluded from referencing or relying upon United States v. Teman** in any manner in this action, including in pleadings, motion papers, correspondence to the Court, or at any hearing or trial, and including for purposes of argument, evidence, or credibility; and it is further

**ORDERED** that any such reference to United States v. Teman shall be deemed a waiver of any objection by Defendants to Plaintiff's obtaining the underlying grand jury materials from that proceeding, and shall constitute a finding that such materials are relevant and proportional in this action; and it is further

**ORDERED** that, upon any such reference, the Court finds that a particularized need exists under Rule 6(e) sufficient to permit disclosure of the grand jury transcripts from United States v. Teman, No. 19-cr-696 (S.D.N.Y.); and it is further

**ORDERED** that, upon any such reference, the Clerk of Court and/or the United States Attorney's Office for the Southern District of New York, and/or the Southern District Court Reporters, shall produce the grand jury transcripts from United States v. Teman, No. 19-cr-696 (S.D.N.Y.), within seven (7) days of written notice by Plaintiff of such reference; and it is further

**ORDERED** that any such materials shall be designated Attorneys' Eyes Only, and, given Plaintiff's pro se status, may be used by Plaintiff solely for purposes of this litigation and shall not be disclosed to any third party absent further order of the Court.

SO ORDERED.

_____

Dated: _____, 2026
 New York, New York