

Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

May 5, 2026                                                         File No. 51276.50

**VIA ECF**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

      Re:    *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil*
                 United States District Court, Southern District of New York, Civil Case No. 1:24-cv-09830

Dear Judge Liman:

Our firm represents Defendants in the above-referenced matter. *Pro se* Plaintiff has been copied hereto. Defendants submit this letter in opposition to Plaintiff's "Letter Motion to Extend Deadlines and for Related Relief Due to Delays, War, Medical Needs," filed April 30, 2026, and uploaded to the docket/received by Defendants on May 4, 2026 (ECF Doc. No. 70).

<u>Plaintiff's Request to Extend Deadlines Violates Judge Liman's Civil Practice Rules</u>

Plaintiff, by way of his instant letter motion, seeks to "[e]xtend all current deadlines by 60 days, or 30 days after production of the client file, whichever is later." (ECF Doc. No. 79 at p. 2). Plaintiff's request should be denied because it is made in violation of Judge Liman's Civil Practice Rules. First, Plaintiff violates Rule 1.D, as he fails to identify (1) the operative deadlines Plaintiff seeks to extend; (2) whether prior extension requests were made and granted or denied; and (3) the date of the next appearance. Second, Plaintiff violates Rule 3.A, as Plaintiff fails to identify (1) sufficient cause necessitating modification to the CMPSO;[1] (2) what discovery Plaintiff completed within the CMPSO's existing deadlines; (3) what circumstances warranting modification to the CMPSO were unseen at the time the time of the March 10, 2026 Pre-trial Conference; (4) what discovery remains outstanding; (5) how the extension would contribute to the just, speedy, and inexpensive determination of the mater; and (6) what specific prejudice Plaintiff would incur should the extension request not be granted. Lastly, to the extent that Plaintiff requests an extension to any deadlines that have already expired, same violates Rule 1.D, as all extension requests "should be made at lease *two business days* prior to the deadline" for which the extension is sought.

---

[1] The March 11, 2026 Case Management Plan and Scheduling Order (ECF Doc. No. 46) ("CMPSO").

May 5, 2026
Page 2

<u>Plaintiff Fails to Demonstrate Good Cause to Grant his Requested Items of Relief</u>

Plaintiff submits that "[a]bsent the requested extension, Plaintiff will be forced to proceed without the client file, without a served defendant, and under conditions that have materially impaired his ability to litigate, resulting in clear prejudice." (ECF Doc. No. 79 at p. 2). However, Plaintiff's unsubstantiated arguments and vague allusions to incurred prejudice are without merit. As such, Plaintiff's application and all items of requested relief should be denied in their entirety.

    *i.*      *Plaintiff's Claims Regarding Defendants' Failure to Produce Discovery*

Plaintiff submits that because "Defendants have still not produced Plaintiff's file *or any responsive documents*"[2] Plaintiff has been deprived of "the core materials necessary to plead, oppose, and refine claims." (ECF Doc. No. 79 at p. 1). Plaintiff's argument is without merit and premature. After this Court issued a Protective Order and lifted the stay of Defendants' discovery obligations (ECF Doc. No. 70), Plaintiff served revised discovery requests on April 23, 2026, and specified that "responses are due within thirty (30) days of service," which means Defendants are not obligated to provide discovery responses until May 23, 2026. *See* Plaintiff's April 23, 2026 email serving Plaintiff's revised discovery requests, annexed hereto as **Exhibit 1.** Moreover, the CMPSO provides that all fact discovery remains open until June 10, 2026. (ECF Doc. No. 70 at ¶ 6.)

    *ii.*      *Plaintiff's Claims Regarding Defendants' Failure to Produce Plaintiff's Client File*

Plaintiff submits there is an "ongoing delay" because Plaintiff "has initiated [a] separate proceeding […] to obtain his client file" and requests issuance of an Order directing "Defendants to produce the client file **within 10 days of the Court's Order**." (ECF Doc. No. 79 at pp. 1-2). By way of its April 21, 2027 Order, this Court already denied Plaintiff's prior application "to compel Defendants to produce Plaintiff's client file for all matters in which Defendants represented him," as the request was made in Plaintiff's capacity "as a former client" outside the scope of discovery in this lawsuit, and because "Defendants are […] not required to produce documents or information related to actions beyond the Underlying Action"[3] (ECF Doc. No. 70 at pp. 2 and 4). Plaintiff further acknowledges that he commenced a separate lawsuit seeking production of said client file.[4] As such, Plaintiff's request for an extension of all Court deadlines and to compel as pertains to the client file should be denied, and same should be addressed in the new lawsuit initiated by Plaintiff.

    *iii.*      *Plaintiff's Claims Regarding Defendant Prueher*

Plaintiff claims he "has been unable to obtain a signed summons from the Clerk" regarding "Defendant Prueher." (ECF Doc. No. 79 at pp. 1-2). However, there is no "Defendant Prueher" in this action, and Plaintiff does not seek to include such a defendant in his pending motion seeking leave

---

[2] While Plaintiff represents that he "has produced more than 120 documents," Plaintiff's discovery responses are entirely deficient, and Defendants will seek relief from the Court should Plaintiff fail to remedy said deficiencies.

[3] Defined as "*Teman v. Braverman*, Index No. 805410/2014 (Sup. Ct. N.Y. Cnty. 2014)." (ECF Doc. No. 70 at p. 4).

[4] *Ari Baruch Teman v. Medpro Group Inc., Attorney Protective, Scott Patrick, Lewis Brisbois Bisgaard & Smith LLP, Cristina Yannucci, Sam Cohen, Zeldes Needler Cooper LLP, Maximino Medina, Jeremy Virgil, Danaher Lagnese, P.C., Silver Hill Hospital, Inc.*, United States District Court, Southern District of New York, Civil Action No. 1:26-cv-03517-UA.

May 5, 2026
Page 3

to file a Second Amended Complaint. (ECF Doc. Nos. 58-59). Furthermore, there is no "Defendant Prueher" in the new action filed by Plaintiff. Accordingly, Plaintiff's request for an extension as to "Defendant Prueher" and/or to obtain alternative service methods must be denied.

### iv.    Plaintiff's Claims regarding Docketing Delays

Plaintiff claims that all deadlines should be extended because there has been a delay in filing "[m]ultiple submissions sent to the Temporary Pro Se Inbox" which "materially impair Plaintiff's ability to litigate and comply with deadlines and get discovery." (ECF Doc No. 79). This argument lacks merit, as Plaintiff and Defendants have exchanged discovery through email, there has not been a substantial delay between Plaintiff's filing and docketing of Court submissions, Plaintiff fails to specify what specific filing delays impaired his ability to comply with unspecified deadlines, and Plaintiff's ability to file to the docket is well documented. For example, Plaintiff's instant letter motion was filed on April 30, 2026 and uploaded to the docket on May 4, 2026, a delay of only two business days. In April 2026 alone, Plaintiff successfully filed 11 submissions to the docket. (ECF Doc. Nos. 57-79).

### v.    Plaintiff's Claims Regarding "External Circumstances and Necessary Medical Treatment"

Plaintiff claims his "ability to prepare filings and communicate" have been "materially disrupt[ed]" due to "emergency conditions in Israel requiring frequent sheltering" and "ENT-prescribed surgery relating to his eustachian tubes" to "restore Plaintiff's ability to safely travel to the United States for work and to participate in [this] proceedin[g]." (ECF Doc. No. 79, p. 2). By his October 28, 2025 submission, Plaintiff represented that despite his "Eustachian tube dysfunction," and fugitive status, he "remains fully active in the federal courts" and requested that this legal proceeding not be stayed. (ECF Doc. No. 28). Plaintiff should not be permitted to change his position at his sole convenience and to his sole benefit. As shown above, Plaintiff has fully participated in this litigation and has submitted countless filings with the Court. Furthermore, Plaintiff's claims of an inability to travel due to his eustachian tube dysfunction has been rejected by the Court in an S.D.N.Y. criminal proceeding, with relevant documents from same being annexed hereto as **Exhibit 2**.[5]

In light of the foregoing, Defendants' respectfully request that this Court deny each item of relief sought in Plaintiff's letter motion. We thank the Court for its time and attention herein.

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

---

[5] In a November 3, 2025 emergency motion to reconsider his status as a fugitive, Plaintiff represented that he could not travel because was diagnosed with "Eustachian Tube Dysfunction" in February of 2025. The Court denied Plaintiff's request for relief on such a basis on numerous occasions, finding "Teman's claim that air travel is medically risky [was pretextual] and that "Teman invoked this in late February as a last-ditch excuse to avoid returning to the United States." *See* **Exhibit 2**. Plaintiff now raises such arguments again, around one year and three months after his reported initial diagnosis.

May 5, 2026
Page 4


CRY
/Enclsoures

Cc:     **<u>Via PACER</u>**
          ARI TEMAN
          *Pro se Plaintiff*
          1521 Alton Road, #888
          Miami Beach, Florida 33139
          Email: <u>ari@teman.com</u>