

Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

May 7, 2026                                                          File No. 47558.92

**VIA ECF**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

> Re:    *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil*
>        United States District Court, Southern District of New York, Civil Case No. 1:24-cv-09830

Dear Judge Liman:

Our firm represents Defendants in the above-referenced matter. *Pro se* Plaintiff has been copied hereto. Defendants submit this letter in opposition to "Plaintiff's Letter Motion for (I) Protective Order and Preclusion of *United States v. Teman*, and (II) In the Alternative, Limited Attorneys'-Eyes-Only Production of Grand Jury Materials," filed May 3, 2026, and uploaded to the docket/received by Defendants on May 5, 2026 (ECF Doc. No. 80).

Plaintiff moves for "a protective order precluding any reference to *United States v. Teman*, and limiting this case and discovery to medical treatment and events contemporaneous with the underlying malpractice representation." (ECF Doc. No. 80, p. 1). Plaintiff's request to limit "this case and discovery to medical treatment and events contemporaneous with the underlying malpractice representation" should be denied. Plaintiff fails to demonstrate any basis for this request. Furthermore, Defendants would be severely prejudiced if this Court precludes discovery relative to Plaintiff's medical treatments/conditions, earning capacity, and/or other events impacting his claims and alleged damages. The underlying claim of medical malpractice and ensuing alleged loss of earning capacity upon which this legal malpractice lawsuit is premised put Plaintiff's medical treatment, both before and after the alleged medical malpractice, squarely at issue. In short, Plaintiff should not be permitted to limit discovery in a manner more restrictive than that which was or would have been permitted in the underlying medical malpractice litigation.

Similarly, Plaintiff's request to limit discovery and preclude admissibility of documents and references to the *United States v. Teman* criminal proceeding should also be denied. Pursuant to Fed. R. Civ. P. 26(b)(1), Defendants are entitled to "obtain discovery regarding any nonprivileged matter that is relevant to [their] defense and proportional to the needs in the case" which "need not be admissible in evidence to be discoverable." Defendants submit that the publicly available criminal docket from *United States v. Teman* contains filings that are directly relevant to Plaintiff's medical

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • DELAWARE • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY • LOUISIANA
MARYLAND • MASSACHUSETTS • MINNESOTA • MISSISSIPPI • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK • NORTH CAROLINA
OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TENNESSEE • TEXAS • UTAH • VIRGINIA • WASHINGTON • WASHINGTON D.C. • WEST VIRGINIA

176211925.1

May 7, 2026
Page 2

conditions, as well as damage claims which Plaintiff placed directly at issue by commencing both the underlying medical malpractice lawsuit and the instant legal malpractice lawsuit. It is respectfully submitted that this information is discoverable and any challenges to admissibility should be addressed after the completion of discovery and identification of documents which Defendants seek to introduce at trial, at which time Plaintiff may address admissibility by pre-trial motion *in limine*, the deadline for which has not yet been scheduled by this Court. (ECF Doc. No. 46, p. 4). Accordingly, Plaintiff's request to limit discovery and preclude admissibility should be denied in its entirety.

Moreover, Plaintiff's proffer that "[t]his Court has already addressed the relevance of *United States v. Teman*" by holding that "the instant case lacks the expressly required nexus between fugitivity and the course of the proceedings," and that as such, this criminal matter "falls outside the scope of permissible discovery under Rule 26(b)(1) and should not be referenced in this action" (ECF Doc. No. 80, p. 1) is untrue. This Court's evaluation and conclusion was not addressing relevance or admissibility of information from *United States v. Teman* but instead whether to "continue proceedings in this case" despite Plaintiff's status as a fugitive. (ECF Doc. No. 32, fn. 4).

Likewise, Plaintiff's argument that the "criminal verdict sheet" and "criminal docket" from *United States v. Teman* should be deemed inadmissible because it has minimal "probative value" with substantial "risk of prejudice" should be rejected. While not specified in his letter motion, it would appear that Plaintiff's claim is made in response to documents annexed as Exhibit 2 to the "Declaration of Cristina Yannucci, Esq. submitted in Opposition to Plaintiff's Motion Seeking Leave to File a Second Amended Complaint," dated and filed April 29, 2026. (ECF Doc. No. 77-2). In this regard, by his proposed Second Amended Complaint, Plaintiff directly placed *United States v. Teman* at issue by claiming damages suffered as a result of Defendants' failure to take certain actions in various legal proceedings during the "pre-trial period in *United States v. Teman*." (ECF Doc. No. 57, pp. 4 & 7). In response to this proposed amended pleading, Defendants submitted the criminal docket from *United States v. Teman* to demonstrate that any alleged errors or omissions occurring during the "pre-trial period in *United States v. Teman*" are time-barred by the applicable statute of limitations rendering the proposed amendment futile. (ECF Doc. No. 76, pp. 20-21).

Furthermore, *Old Chief v. United States*, 519 U.S. 172, 180–85 (1997) and *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006) do not support Plaintiff's proposition that reference to his criminal proceeding should be excluded as it is more prejudicial than probative under Fed. R. Evid. 403 and 609. (ECF Doc. No. 80, p. 2). *Awadallah* addressed limiting prejudicial grand jury testimony in a perjury prosecution, and *Old Chief* concerned the admissibility of prior convictions at a criminal trial. Neither case supports the proposition that publicly available documents in a criminal proceeding cannot be utilized or referenced for any purpose whatsoever during the litigation of a civil matter. In addition, Fed. R. Evid. 403 and 609 address evidence to be introduced at trial and the use of a criminal conviction for impeachment if "the court can readily determine" a "dishonest act or false statement." Again, here, Plaintiff is improperly seeking to restrict discovery, which should be denied.

Plaintiff's claims regarding an "improper collateral proceeding" are also without merit. The validity of Plaintiff's criminal conviction is not at issue or being re-litigated, and *United States v. Quattron*e, 441 F.3d 153, 187 (2d Cir. 2006), as cited by Plaintiff in support, makes no reference to

176211925.1

May 7, 2026
Page 3

an "improper collateral proceeding" and does not support Plaintiff's legal position." (ECF Doc. No. 80, p. 2).

Finally, Plaintiff requests that this Court should "order production of the grand jury transcripts" from his criminal proceeding" if it "permits Defendants to rely on the criminal proceeding." (ECF Doc. No. 80, pp. 3-4). Plaintiff posits that the "governing standard requires a showing that": (1) "the material is needed to avoid injustice in another proceeding"; (2) "the need outweighs the interest in secrecy;" and (3) "the request is narrowly tailored." (*Id.* at p. 3). Plaintiff fails to demonstrate that he has met this standard. Because Defendants have yet to identify the evidence they seek to introduce at trial, Plaintiff has not and cannot make a showing that the grand jury materials are presently needed to avoid injustice, or that the request outweighs secrecy interests and is narrowly tailed.

In light of the foregoing, Defendants' respectfully request that this Court deny Plaintiff's letter motion in its entirety. We thank the Court for its time and attention herein.

Very truly yours,

/s/ *Cristina R. Yannucci, Esq.*

CRY
Cc:   **Via PACER**                          Cristina R. Yannucci of
        ARI TEMAN                            LEWIS BRISBOIS BISGAARD & SMITH LLP
        *Pro se Plaintiff*
        1521 Alton Road, #888
        Miami Beach, Florida 33139
        Email: ari@teman.com

176211925.1