UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ari Baruch Teman, Plaintiff,

v.                                                          1:24-cv-09830 (LJL)

Zeldes Needle Cooper LLP, et al., Defendants.

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF LETTER MOTION FOR PROTECTIVE ORDER**

Hon. Lewis J. Liman:

Plaintiff respectfully submits this reply in further support of his motion seeking a protective order limiting reference to *United States v. Teman* and limiting discovery to matters genuinely relevant and proportional to the claims and defenses in this action.

Defendants' opposition confirms the need for reasonable limits under Rules 26(b)(1) and 26(c). Defendants seek to expand this malpractice action — which concerns conduct occurring years before any criminal proceeding existed — into a collateral sideshow centered on unrelated criminal allegations. The Court should decline that invitation.

**I. This Case Has a Single Relevant Question — And It Is Not About the Criminal Proceeding**

This case concerns alleged malpractice occurring years before the criminal proceeding Defendants now seek to invoke. Plaintiff alleges that Defendants mishandled and effectively defaulted an underlying matter originally filed in 2014, including through failures to monitor docket activity and ECF notices, failures to respond to communications, and failures to act that severely prejudiced the underlying claims and settlement posture — all years before any criminal proceeding existed.

The relevant question is: *What was the underlying case worth before counsel allegedly mishandled it?*

Defendants instead seek to ask: *What kind of person is the plaintiff years later?*

That is not the proper measure of malpractice damages. Under New York law, legal malpractice damages are measured by the value of the lost or impaired underlying claim at the time of the alleged negligence — not by unrelated subsequent events. *See, e.g., Dweck Law Firm, LLP v. Mann*, 283 A.D.2d 292 (1st Dep't 2001); *see also AmBase Corp. v. Davis Polk & Wardwell*, 8 N.Y.3d 428, 435 (2007) (damages in legal malpractice measured through the "case within a case" inquiry focused on the lost underlying claim). Subsequent unrelated proceedings do not alter the historical facts surrounding Defendants' conduct, nor do they erase the value the underlying claims possessed at the time the malpractice allegedly occurred.

If accepted, Defendants' theory would establish the untenable rule that attorneys could negligently destroy valuable claims and then, years later, retroactively reduce their exposure based on unrelated events in a client's life. That is not the law.

**II. The Court's Prior Nexus Finding Controls Regardless of Procedural Context**

Defendants correctly note that this Court's prior finding — that "the instant case lacks the expressly required nexus between fugitivity and the course of the proceedings" — arose in the disentitlement context rather than an evidentiary one. But that distinction does not save their position. The factual predicate for the nexus inquiry is identical regardless of procedural posture: is the criminal proceeding sufficiently connected to this civil malpractice action to justify substantial reliance upon it? The Court already answered that question in the negative. That finding strongly supports limiting disproportionate collateral discovery into unrelated criminal matters here.

### III. Medical Treatment Discovery Must Remain Tethered to the Malpractice Claims

Defendants argue that Plaintiff's "medical treatment," "earning capacity," and "other events impacting his claims and alleged damages" are "squarely at issue." That assertion improperly collapses all temporal and causation limits into an unlimited inquiry into Plaintiff's entire subsequent life. To the extent medical treatment discovery is appropriate, it should be limited to treatment reasonably connected to the underlying representation and contemporaneous damages — not untethered inquiry into anything that occurred years later.

### IV. A Narrow Reference in an Unfiled Pleading Does Not Open the Door to the Criminal Case

Defendants argue that Plaintiff himself placed *United States v. Teman* at issue by referencing the "pre-trial period" in the proposed Second Amended Complaint. That reference was limited to alleged timing and litigation-sequencing issues relating to Defendants' conduct — not an invitation to broad character-based discovery, generalized impeachment, or collateral criminal litigation. A narrow procedural reference does not transform this case into a proceeding centered on criminal allegations, verdict materials, or attacks on Plaintiff's character arising years after the alleged malpractice.

### V. Defendants Cannot Weaponize an Unfiled Pleading Selectively

Defendants' position is internally inconsistent. They oppose the proposed Second Amended Complaint on the ground that its additional allegations and parties fall outside the proper scope of this action — while simultaneously invoking isolated excerpts from that same unadopted pleading to justify injecting broad criminal-case issues into this case. Defendants cannot selectively rely on narrow references from an unfiled proposed pleading to support expansive collateral discovery while simultaneously seeking to exclude the broader factual allegations concerning their own conduct, including allegations that multiple Zeldes attorneys were contemporaneously notified of Plaintiff's complaints about failures in the underlying matter. They must take the pleading as a whole or not at all.

### VI. Rule 26(c) Exists Precisely to Prevent This Kind of Collateral Detour

Permitting broad reference to unrelated criminal proceedings would impose precisely the disproportionate burden Rule 26(c) is designed to prevent. It would require needless detours into separate proceedings involving different facts, witnesses, legal standards, and time periods — distracting from the actual issues before the Court: Defendants' conduct, the handling of the underlying litigation, contemporaneous damages, and the value allegedly lost as a result of Defendants' acts and omissions. Plaintiff does not seek to preclude narrowly tailored discovery genuinely tied to a specific disputed

issue. He seeks reasonable limits preventing Defendants from using an unrelated criminal proceeding as a vehicle for prejudice, distraction, and generalized impeachment.

## VII. If the Criminal Case Comes In, the Full Record Must Come With It

Should the Court permit substantive reliance on *United States v. Teman* beyond limited procedural references, Plaintiff renews his request for narrowly tailored attorneys'-eyes-only access to the underlying materials necessary to prevent selective or misleading presentation of that proceeding. A party may not introduce fragments of a prior proceeding — a verdict sheet and docket — while denying the opposing party access to the record needed to place those fragments in context.

Plaintiff respectfully requests that the Court order production of the grand jury transcript from *United States v. Teman*, No. 19-cr-696 (S.D.N.Y.), on an attorneys'-eyes-only basis, prior to ruling on this motion.

The relevance question Defendants raise cannot be resolved without knowing what the grand jury actually charged. Plaintiff's position is that the grand jury indicted on a straightforward theory of check forgery, and that the theory ultimately advanced at trial — resting on a contested construction of online banking terms and subpage structures that the Government's own witnesses acknowledged they had not read — diverged materially from that original charge. If the transcript confirms that divergence, Defendants' attempt to use the resulting conviction for impeachment or reputational purposes in this civil action would be without foundation, and exclusion under Rule 403 would be appropriate.

Production on an attorneys'-eyes-only basis is narrowly tailored, preserves grand jury secrecy, and allows the Court to resolve the pending relevance dispute on a complete and accurate record. *See Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). Plaintiff respectfully submits it is the most efficient path to a fair resolution of this motion.

## Conclusion

This case should remain focused on what it is actually about: whether Defendants' conduct impaired the value of Plaintiff's underlying claims, and if so, by how much.

The Court should grant appropriate protective relief under Rules 26(b)(1) and 26(c), limiting references to *United States v. Teman* to circumstances where Defendants can identify a specific, proportional relevance to a properly disputed issue in this case.

Respectfully submitted,

/s/ Ari Teman

Ari Baruch Teman

Pro Se Plaintiff
Tel Aviv, Israel
May 8, 2026