May 19, 2026

**VIA ECF**

Honorable Lewis J. Liman

United States District Court

Southern District of New York

500 Pearl Street

New York, New York 10007

**Re:** Teman v. Zeldes Needle Cooper LLP, et al.
Case No. 1:24-cv-09830-LJL

Dear Judge Liman:

Plaintiff Ari Teman respectfully submits this response to Defendants' May 19, 2026 letter motion seeking sanctions and an order compelling discovery.

Defendants' motion improperly attempts to characterize an ongoing and active discovery dispute concerning scope, proportionality, timing, and reciprocal production obligations as sanctionable misconduct. Plaintiff has participated in discovery, served written responses and objections, supplemented disclosures and productions, and produced responsive documents on multiple occasions. Defendants themselves acknowledge that Plaintiff served objections, produced approximately 125 PDF documents, supplemented his responses and disclosures, and produced additional documents and materials thereafter. (ECF Doc. No. 87, pp. 2–3.)

This is therefore not a circumstance involving abandonment of discovery obligations or violation of Court orders. Defendants cite Rule 37 dismissal cases involving repeated disobedience of discovery orders and willful refusal to participate in discovery. No discovery order compelling the disputed production exists here, and Plaintiff has not violated any discovery order issued by this Court. Rather than seeking proportional narrowing or reciprocal production mechanisms, Defendants proceeded directly to requests for dismissal and evidentiary sanctions. Defendants' invocation of such sanctions is therefore premature and unsupported by the record.

Further, discovery in this action is properly tethered to the Underlying Action and the malpractice claims as pleaded. Plaintiff's objections and proposed limitations were directed toward maintaining discovery proportionality and ensuring that requests remained tethered to the malpractice claims and the "case within a case" framework recognized by the Court, rather than expanding into unrestricted inquiry into unrelated matters, later-arising events, or broad categories untethered to the Underlying Action.

Defendants are not merely third parties seeking historical records; they are the law firm whose own representation, files, communications, and handling of the Underlying Action are the subject of this litigation. As counsel of record throughout the Underlying Action, Defendants maintained the relevant attorney communications, pleadings, discovery materials, work product, and client file concerning that matter. Defendants have not produced a single document in response to Plaintiff's own outstanding requests for production. That asymmetry — demanding broad discovery from Plaintiff while producing nothing themselves concerning the very representation at issue — strongly undermines Defendants' claims of substantial prejudice and weighs heavily against the sanctions relief they seek.

Notably, Defendants have not produced a single document in this action — not one filing, communication, or record from the representation at issue. In a legal malpractice action concerning Defendants' own handling of the Underlying Action, Defendants are uniquely positioned to possess the most complete set of responsive materials, including attorney communications, litigation files, and client records. Yet Defendants' motion provides no explanation concerning what materials have been searched, what repositories have been reviewed, what categories of documents they possess, or why no reciprocal production has occurred despite Plaintiff's outstanding requests.

The Underlying Action was filed in 2014, more than a decade ago. Under these circumstances, Defendants, as institutional custodians of the litigation file, are the primary repository of the relevant materials. It is neither surprising nor inequitable that Defendants possess substantially more complete records concerning that representation than Plaintiff presently maintains.

With respect to records concerning Plaintiff's incarceration period, those records were publicly filed on federal court dockets and are equally accessible to Defendants. To the extent any such records were generated during or in connection with the Underlying

Action, they are within Defendants' own client file. Compelling Plaintiff to separately obtain and reproduce those materials is cumulative and disproportionate to the needs of this case.

Plaintiff's objections concerning medical discovery were similarly directed toward proportionality, temporal scope, and relevance. This is a legal malpractice action concerning the lost value of the Underlying Action and the conduct of counsel. It is not a direct personal injury case. Discovery must be proportional to evaluating the Underlying Action as it existed at the time of the alleged malpractice — not a free-ranging inquiry into every subsequent medical or psychological development. Plaintiff raised proportionality and temporal-scope objections while anticipating further guidance from the Court concerning limitation of medical discovery to the conditions and time periods directly implicated by the malpractice claims.

Plaintiff also previously moved to extend deadlines based on substantial external circumstances, including ongoing disruptions arising from war-related conditions and continuing medical-care needs, and expressly acknowledged delays and sought Court relief rather than ignoring obligations. The record reflects ongoing participation and supplementation amid significant logistical and medical constraints, not willful noncompliance.

Defendants filed this motion on May 19, 2026 — with fact discovery closing June 10, 2026 — after weeks of correspondence and multiple rounds of supplementation. The timing of Defendants' motion, following extended back-and-forth and after Plaintiff's supplemental production, is itself inconsistent with the claim of substantial prejudice now asserted.

Plaintiff remains willing to provide additional narrowly tailored supplementation concerning materials within Plaintiff's possession, custody, or control that are proportional to the claims and defenses in this action.

To the extent the Court determines that any supplemental production is appropriate, any such order should be reciprocal and should likewise require Defendants to:

> (1) produce responsive materials relating to the Underlying Action;
>
> (2) identify custodians and repositories searched;

(3) identify all categories of materials withheld and on what basis; and

(4) identify whether responsive communications concerning the Underlying Action were maintained outside formal firm systems and, if so, produce such responsive communications.

Plaintiff has continued supplementing in good faith and remains willing to meet and confer concerning reasonable limitations and production logistics. Dismissal sanctions, evidentiary preclusion, and related extraordinary relief are unwarranted under the circumstances presented here.

To the extent the Court believes further clarification concerning the scope of discovery or reciprocal production obligations would be helpful, Plaintiff respectfully requests a conference so that the parties may obtain guidance regarding proportionality, temporal limitations, custodians, client-file materials, and reasonable supplementation parameters.

Respectfully submitted,


/s/ Ari Teman

Ari Teman
Pro Se Plaintiff
1521 Alton Road, #888
Miami Beach, Florida 33139
ari@teman.com