

Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

May 20, 2026                                                         File No. 47558.92

**VIA ECF**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

> Re:   *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil*
>        United States District Court, Southern District of New York, Civil Case No. 1:24-cv-09830

Dear Judge Liman:

Our firm represents Defendants Zeldes Needle Cooper LLP and Jeremy Virgil ("Defendants") in the above-referenced matter. Pursuant to Your Honor's Individual Practice Rules 1.C, 2.G, and 4.D, Defendants' seek issuance of a Protective Order as to Plaintiff's reissued first and newly issued second requests for production, requests for admission, and interrogatories, and to hold the deadlines for which Defendants have to respond to said requests in abeyance pending resolution of the instant letter motion.

Fed. R. Civ. P. 26(c)(1)(A), (B), and (D), respectively, permit a party to request a Protective Order (1) "forbidding the disclosure or discovery;" (2) "specifying terms […] for the disclosure of discovery;" and (3) "limiting the scope of disclosure or discovery to certain matters." "Under Rule 26(b)(2)(C), a court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii)." *Carambot v. New York City Health & Hosps. Corp.*, No. 24-CV-841 (JPO) (BCM), 2026 WL 99994, at *2 (S.D.N.Y. Jan. 13, 2026). Furthermore, a court may "issue a protective order to safeguard a party or witness "from annoyance, embarrassment, oppression, or undue burden or expense," including by "forbidding" the challenged discovery, "but the moving party bears the burden of establishing good cause for such a protective order." *Id.* (quoting *Rekor Sys., Inc. v. Loughlin*, 2022 WL 488941, at *1 (S.D.N.Y. Feb. 17, 2022). *Id.*

Pursuant to this Court's March 11, 2026 Case Management Plan and Scheduling Order ("CMPSO") (ECF Doc. No. 46), Plaintiff's deadline to serve requests for production of documents and interrogatories was March 31, 2026. The CMPSO does not provide a deadline for the parties to serve requests to admit. (*Id.*). On March 31, 2026, Defendants filed a letter motion seeking a Protective Order for the initial discovery requests served by Plaintiff. On April 1, 2026, this Court issued an interim Order directing the parties to meet and confer in attempts to resolve the dispute by April 10, 2026. (ECF Doc. No. 55). On April 15, 2026, Defendants filed a letter detailing the tentative agreements reached at the meet and confer, including Plaintiff's agreement to revise and reissue his initial discovery requests, as well as the outstanding matters which required a ruling. (ECF Doc. No. 65). By April 16, 2026 Order, the Court directed Plaintiff to file a letter detailing why he should not be held to the reported agreements. (ECF Doc. No. 66). Following Plaintiff's submission, on April 21, 2026, this Court entered an Order: (1) lifting the stay of Defendants' obligations to respond to discovery; and (2) relieved Defendants of their obligations to respond to certain discovery requests. (ECF Doc. No. 70). Specifically, this Court issued

May 20, 2026
Page 2

a Protective Order and held Plaintiff could not seek information or documents concerning: (1) insurance policies, information, and communications;[1] (2) "[legal] actions beyond the Underlying Action";[2] (3) requests directed at all individuals besides Defendants; and (3) interrogatories exceeding the limited scope of S.D.N.Y. L.R. 33.3, which "s[ought] information unrelated to identifying relevant documents or identification of witnesses," and do not concern "the Underlying Action." (*Id*.).

By April 23, 2026 email, plaintiff served "Plaintiff's Revised First Requests for Production, Interrogatories, and Requests for Admission" to "comply with the Court's scope limitation," annexed hereto collectively as **Exhibit 1**. Therein, Plaintiff reissued thirty five (35) requests for production, nine (9) interrogatories, and eighty one (81) requests for admission. *See* **Exhibit 1**. Thereafter, by April 27, 2026 email, Plaintiff served entirely new discovery demands, entitled "Plaintiff Ari Teman's Second Requests for Admission, Second Request for Production, Second Interrogatories," annexed hereto collectively as **Exhibit 2**. Therein, Plaintiff additionally issued forty three (43) requests for production, twenty four (24) interrogatories, and sixty two (62) requests for admission. *See* **Exhibit 2**.

First, Defendants respectfully request issuance of a Protective Order as to certain requests for production ("RFP") and interrogatories ("Rog") contained within Plaintiff's revised first discovery requests, as they violate this Court's April 21, 2026 Protective Order and are otherwise improper. Plaintiff's revised RFPs are improper as follows: (1) RFP # 11: seeks insurer communications; (2) RFP # 12: seeks internal conflict checks unrelated to legal malpractice allegations; (3) RFP #s 13-14: seek communications with and concerning Silver Hill Hospital, who was not a defendant in the Underlying Action and a party to a separate litigation; and (4) RFP #25: seeks documents regarding communications and interactions between non-party Jason Prueher and Plaintiff unrelated to the Underlying Action. Plaintiff's revised Interrogatories[3] are improper as follows: (1) Rogs #5 and #7: seek identification of a docketing system, as well as accounts, platforms, and systems (not  a witness, custodian, or record); (2) Rog # 8: seeks documents and custodians of any "communications related to the Underlying Action" maintained by anyone outside of Defendants' primary business practices and purview;  and (3) Rog # 9: seeks identification of time recorders with hours recorded, which is improper.

Second, Defendants respectfully request issuance of a Protective Order as to Plaintiff's collective one hundred and forty three (143) requests for admission. "Rule 36(a)(1) permits a party to 'serve on any other party a written request to admit'" certain matters of the following two categories "(A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1)(A)–(B)." *Sec. & Exch. Comm'n v. Rayat*, No. 21-CV-4777 (LJL), 2022 WL 1606953, at *1 (S.D.N.Y. May 19, 2022). While there is "no particular absolute number of Rule 36 requests that will be excessive across every case," District Courts have "discretion" to "limit the number of [requests to admit] depending on "the needs of the case. "Courts routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable, and oppressive." *Galgano, Plaintiff, v. Cnty. of Putnam, et al. Defendants.*, No. 16CIV3572KMKPED, 2021 WL 3159844, at *1 (S.D.N.Y. June 30, 2021) (internal citations omitted) (granting a protective Order for a plaintiff issuing 320 requests for admission). As an example, in resolving a "request for a protective Order," the Court in *Powers v. Mem'l Sloan Kettering Cancer Ctr.*, No. 20 CIV. 2625 (LGS), 2020 WL 6712192, at *2 (S.D.N.Y. Nov. 16, 2020) held that the plaintiff's forty four (44) requests to admit were

---

[1] By May 11, 2026 Order, this Cout held that Plaintiff may only request the production of additional insurance policies "through letter motion […] no earlier than May 4, 2026," not through discovery requests. (ECF Doc. No. 45).

[2] Defined as *Teman v. Braverman*, Index No. 805310/2014 (Sup. Ct. N.Y. Cny. 2014). (ECF Doc. No. 70 at p. 2).

[3] SDNY L.R. 33.3(a) limits interrogatories "to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents."

May 20, 2026
Page 3

"unreasonably cumulative and disproportionate to the needs of the case" and directed the plaintiff to "narrow his requests to admit [...] to ten requests with no subparts." Plaintiff's one hundred and forty three (143) requests for admission are (1) "unreasonably cumulative [and] duplicative"; (2) seek information that "can be obtained from [sources] more convenient, less burdensome, [and] less expensive," namely, requests for production, interrogatories, and depositions; (3) an "annoyance," "oppre[sive]," and associated with "undue burden [and] expense" that are not proportional to the needs of the case; and (4) partly violate this Court's April 21, 2026 Protective Order. Specifically, Plaintiff issued requests for admission concerning (1) non-party communications; (2) communications between counsel for the underlying defendants and unknown parties; (3) Defendants' insurer; (4) litigations not at issue; (5) former dismissed Defendants; (6) news articles that have no bearing on the merits of Underlying Action; (7) duplicative requests; (8) Defendants' representations, positions, and pleadings in this lawsuit, not the Underlying Action; (9) speculation as to the merits and value of Plaintiff's present and underlying claims; (10) the retirement of former ZNC attorneys/employees; and (13) matters that do not concern relevant facts, laws, or opinions regarding facts or laws, and/or the genuineness of documents identified by Plaintiff. Plaintiff's requests to admit are unreasonable in number and impermissibly shift the burden and expense that Plaintiff would incur in obtaining and analyzing discovery routinely obtained through requests for production, interrogatories, and party depositions. As such, Defendants respectfully request that a Protective Order be issued directing Plaintiff to revise and reissue his requests for admission to be limited fifteen (15) in number, without subparts, to adhere to the limitations prescribed by this Court's April 21, 2026 Protective Order, and that Plaintiff be precluded from issuing additional requests for admission until completion of party depositions.

Lastly, Defendants respectfully request that a Protective Order be issued precluding Defendants' obligations to respond to Plaintiff's second requests for production and interrogatories, as they were untimely served in violation of the March 31, 2026 deadline prescribed by the CMPSO, and seek documents and information that violate this Court's April 21, 2026 Protective Order, including a Silver Hill litigation not placed at issue, insurance agreements/communications, non-parties, and matters outside the scope of the Underlying Action. Plaintiff's interrogatories also exceed the limited scope of S.D.N.Y. R.C. 33.3(a) and violate the April 21, 2026 Protective Order, for reasons detailed above.

Defendants request that Defendants' responsive discovery obligations be held in abeyance pending resolution of this letter motion, as it will be cost and time efficient for Defendants to issue responses and documents to all of Plaintiff's discovery requests at once. In accordance with Your Honor's Practice Rule 4.B.C, Defendants attempted to resolve these issues in good faith with Plaintiff prior to filing the instant motion. Such attempts were made by email communications and are annexed hereto as **Exhibit 3**. Pursuant to Your Honor's Practice Rule 2.G, Defendants' proposed Protective Order, with redlined alterations, is annexed hereto as **Exhibit 4**. Pursuant to Your Honor's Practice Rule 4.B.D, counsel is available to schedule an informal discovery conference regarding this matter with *pro se* Plaintiff.

We thank the Court in advance for its time and attention to this matter. Do not hesitate to contact the undersigned should the Court require anything further to consider this application.

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

May 20, 2026
Page 4

CRY
/Enclosures

Cc:    **<u>Via PACER</u>**
       ARI TEMAN
       *Pro se Plaintiff*
       1521 Alton Road, #888
       Miami Beach, Florida 33139
       Email: ari@teman.com