## Cohen, Sam

| | |
|---|---|
| **From:** | Ari B. Teman <ari@teman.com> |
| **Sent:** | Tuesday, May 19, 2026 12:09 PM |
| **To:** | Yannucci, Cristina |
| **Cc:** | Cohen, Sam; Amanda B. Drantch; Max Gershenoff |
| **Subject:** | Re: LBBS File No. 47558-92: Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil, Case No. 1:23-cv-09830 - Discovery |

> EXTERNAL

Dear Ms. Yannucci and Mr. Cohen,

I write in response to your May 19, 2026 email concerning Plaintiff's revised discovery requests.

Plaintiff does not agree that the revised requests violate the Court's April 21, 2026 Order. Both the Revised First Discovery Requests and Second Discovery Requests were expressly narrowed and tailored to the Underlying Action following the lifting of the discovery stay. As stated repeatedly throughout the requests:

*"All requests are strictly limited to documents and information relating to Defendants' representation of Plaintiff in the Underlying Action."*

**Responding to Each Objection in Turn:**

**RFP #11 (Insurer Communications):** The requests are narrowly tailored to Rule 26(a)(1)(A)(iv) insurance disclosures and communications relating to the claims asserted in this action. They do not violate the Court's Order.

**RFP #12 (Conflict Checks):** Conflict-check records are directly relevant to Defendants' obligations and relationships in the Underlying Action and are not categorically excluded by the Court's Order. To the extent any specific conflict check is unrelated to the Underlying Action, Defendants may so state — but a wholesale objection is not warranted.

**RFPs #13–14 (Silver Hill):** As stated in the prior letter and in the requests themselves, Silver Hill Hospital was expressly named in the Underlying Action complaint at ¶¶61, 64–68, 72–73, and 77. The requests are tied to those specific pleaded allegations — not to any separate litigation. Documents concerning Defendants' investigation, evaluation, or handling of those allegations concern the Underlying Action, not a collateral matter.

**RFP #25 (Preuher/LinkedIn):** This request is limited to connections and communications on professional platforms during the period of representation and bears directly on the working relationship between Preuher and Plaintiff in the context of the Underlying Action. It is not directed at matters unrelated to the representation.

**Interrogatories #5, 7, 8, 9:** Interrogatories seeking identification of docketing systems, communication platforms, document custodians, and time records are consistent with Local Rule 33.3(a)'s authorization of interrogatories directed to "the identification of . . . documents." These do not seek narrative contentions — they seek identification of repositories and custodians. They are proper.

Plaintiff is also aware that communications concerning the Underlying Action were maintained through non-firm systems and accounts — specifically, that Mr. Virgil and Mr. Preuher frequently communicated with Plaintiff using Gmail accounts, as reflected in documents already produced to Defendants. Accordingly, Plaintiff seeks confirmation as to whether such repositories and accounts will in fact be searched.

**Requests for Admission:** Plaintiff does not agree that 143 requests for admission are per se unreasonable. The Federal Rules impose no numerical cap on RFAs. Many of these requests address foundational, non-controversial facts — supervision structure, the fact of dismissal, the absence of client authorization — that are particularly suited to RFAs precisely because they avoid the need for depositions and additional document requests. Requiring Plaintiff to take depositions to establish basic undisputed facts would increase, not reduce, burden and expense.

Plaintiff is not prepared to reissue requests limited to 15, nor to delay further RFAs until after depositions as a condition of proceeding. However, as previously stated, Plaintiff remains willing to meet and confer regarding any specific requests Defendants contend are duplicative, unclear, or disproportionate.

**Second Discovery Requests (Timeliness):** Plaintiff does not agree the Second Discovery Requests were untimely. Discovery was stayed, and the requests were served promptly after the stay was lifted and in response to the Court's April 21, 2026 Order. The March 1, 2026 Scheduling Order's deadlines were tolled by the stay. Moreover, Defendants' email responds substantively to individual requests — which is inconsistent with a position that the requests were improper for substantive response.

Plaintiff also requests that Defendants confirm, by return email, whether they intend to:

1. Conduct searches of non-firm repositories, accounts (such as the gmail accounts used by Preuher and Virgil in the Underlying Matter), devices, and platforms used for communications concerning the Underlying Action;

2. Search personal or external email accounts used for Underlying Action communications, including Gmail accounts used by Mr. Virgil and Mr. Preuher;

3. Produce responsive communications maintained outside Defendants' primary systems;

4. Produce responsive, nonprivileged documents by the applicable deadline notwithstanding any objections;

5. Produce a privilege log for any responsive materials withheld; and

6. Identify any repository or account known to contain Underlying Action communications that Defendants decline to search.

Absent a protective order, Defendants remain obligated to conduct a reasonable search and timely produce responsive, nonprivileged materials.

Nothing in this response should be construed as agreement to withdraw any request or waive any discovery right.

Respectfully,
Ari Teman



**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo (By Appointment only):

NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.
Statements herein about other companies and individuals
should be taken as opinion and not fact.

On Tue, May 19, 2026 at 6:37 PM Yannucci, Cristina <Cristina.Yannucci@lewisbrisbois.com> wrote:

Dear Mr. Teman,

We are in receipt of your attached "Plaintiff's Revised First Requests for Production, Interrogatories, and Requests for Admission," served by email on April 23, 2026 ("First Revised Discovery Requests"), and "Plaintiff Ari Teman's Second Requests for Admission, Second Request for Production, Second Interrogatories," served by email on April 27, 2026 ("Second Discovery Requests"). Please allow this email to confirm that Defendants accepted your First Revised Discovery Requests to supplant the discovery requests you served prior to issuance

of the Court's April 21, 2026 Discovery/Protective Order (ECF Doc. No. 70). Furthermore, please allow this email to constitute a good faith attempt to resolve the below discovery disputes concerning your First Revised Discovery Requests and Second Discovery Requests without the need for Court intervention.

First, Defendants request that you withdraw the following requests for production contained within the First Revised Discovery Requests, as they violate this Court's April 21, 2026 Order as follows: (1) RFP # 11: seeks insurer communications; (2) RFP # 12: seeks internal conflict checks unrelated to legal malpractice allegations; (3) RFP #s 13-14: seek communications with and concerning Silver Hill Hospital, which was not a defendant in the Underlying Action and a party to a separate litigation; and (4) RFP #25: seeks documents regarding communications and interactions unrelated to the Underlying Action.

Second, Defendants request that you withdraw the following interrogatories contained within the First Revised Discovery Requests, as they violate this Court's April 21, 2026 Order and SDNY Local Rule 33.3(a) as follows: (1) Roggs #5 and 7: seek identification of a docketing system, as well as accounts, platforms, and systems utilized by a non-party, and does not seek identification of a witness, custodian, or record; (2) Rogg # 8: seeks documents and custodians of any "communications related to the Underlying Action" maintained by anyone outside of Defendants' primary business practices and purview;  and (3) Rogg # 9: seeks identification of time recorders with hours recorded, which is improper.

Third, Defendants request that you withdraw your 143 requests for admission contained within your First Revised Discovery Requests and Second Discovery Requests, as they are (1) unreasonable in number, unreasonably cumulative, and duplicative; (2) seek information that can be obtained from sources more convenient, less burdensome, and less expensive, namely, requests for production, interrogatories, and depositions; (3) oppressive and associated with undue burden and expense that are not proportional to the needs of the case; and (4) partly violate this Court's April 21, 2026 Protective Order. Defendants request that you agree to (1) reissue your requests to admission to be limited to 15 in number without subparts; (2) to adhere to the limitations prescribed by this Court's April 21, 2026 Order; and (3) not reissue additional requests for admission until the completion of party depositions.

Fourth, Defendants request that you withdraw your Second Discovery Requests in entirety as they untimely served in violation of the March 1, 2026 Case Management and Scheduling Order.

Kindly advise whether you will agree to the above within 24 hours of this email, or Defendants will seek further intervention from the Court.

Very truly yours,

Cristina R. Yannucci



**Cristina R. Yannucci**
**Partner | National Co-Chair, Professional Liability Practice**
**Cristina.Yannucci@lewisbrisbois.com**

**T: 212.232.1412 F: 212.232.1399**

7 World Trade Center
250 Greenwich Street, 11th Floor, New York, NY 10007 | **LewisBrisbois.com**

**Representing clients from coast to coast. View our locations nationwide.**



This e-mail may contain or attach privileged, confidential or protected information intended only for the use of the intended recipient. If you are not the intended recipient, any review or use of it is strictly prohibited. If you have received this e-mail in error, you are required to notify the sender, then delete this email and any attachment from your computer and any of your electronic devices where the message is stored.