UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                    :
ARI BARUCH TEMAN,                                                   :
                                                                    :
                            Plaintiff,                              :
                                                                    :            24-cv-9830 (LJL)
            -v-                                                      :
                                                                    :                ORDER
ZELDES NEEDLE COOPER LLP et al.,                                    :
                                                                    :
                            Defendants.                             :
                                                                    :
--------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendants move, pursuant to Federal Rule of Civil Procedure 37(a)(1), to compel

discovery from Plaintiff Ari Teman ("Teman").  The motion is granted in part and denied in part.

1.  Plaintiff shall respond to Interrogatory No. 1, which seeks the identity of witnesses with knowledge or information relevant to the subject matter of the action, with all relevant treating medical providers and individuals with knowledge of Plaintiff's earnings capacity and shall respond to Interrogatory No. 3 with the identity of document custodians and a description of the documents in their custody.  Dkt. No. 87-2 at 31.[1]  The motion to compel a response to Interrogatory No. 2, seeking a computation of damages, is denied.  The Interrogatory is outside the scope of Local Rule 33.3 but is required to be disclosed in Plaintiff's initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A)(iii).  *See* L. Civ. R. 33.3; Fed. R. Civ. P. 26(a)(1)(A)(iii).

2.  Plaintiff shall respond to Defendants' First Request for Production of Documents ("RFD") in conformance with Federal Rule of Civil Procedure 34(b)(2), responding separately to each item, indicating whether documents will be produced and, if not, stating with "specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B).  Except as to where the documents are subject to a specific objection, all responsive documents shall be served contemporaneously with the response to the RFD.  *id.*  Plaintiff shall also serve an itemized privilege log with his document production.

---

[1] Citations to this docket entry use ECF pagination.

3.  Plaintiff shall serve amended Rule 26(a)(1) disclosures (i) identifying by name (and, if known, the address and telephone number) of the individuals likely to have discoverable information that Plaintiff may use to support his claims (including the attorneys involved in the underlying action, the individuals involved in matters related to *United States v. Teman*, and the medical providers who treated Plaintiff); and (ii) a computation of each category of damages.  Fed. R. Civ. P. 26(a)(1).

Plaintiff shall comply with this order no later than May 28, 2026.  The parties shall engage in a meet and confer regarding any responses Defendants deem deficient no later than June 2, 2026.  Defendants have leave to file a renewed motion to compel itemizing those specific responses (by number) deemed deficient no later than June 4, 2026.  Responses to the motion to compel shall be filed no later than noon on June 7, 2026.  (To the extent that a discovery request is not identified by number in a motion to compel, the Court shall conclude that such request is not at issue and to the extent that Plaintiff does not respond to a challenged discovery request response by number, the Court shall conclude that Plaintiff does not object to the request.)

The Court will hold a telephonic discovery conference on June 8, 2026, at 10:00 a.m. The parties are directed to dial into the Court's teleconference line at (646) 453-4442 and use Conference ID# 358639322.

Plaintiff is expressly put on notice that failure to comply with this Order can give rise to sanctions up to and including directing that certain matters be taken as established, prohibiting Plaintiff from supporting designated claims, striking the complaint in whole or in part, dismissing the action, or holding Plaintiff in contempt.

To the extent that the Court has not addressed certain matters raised in Defendants' letter, the motion is denied without prejudice.  To the extent that Plaintiff objects that he should not be required to comply with this Order or with his obligations under the Federal Rules of Civil Procedure, the objection is overruled.  Defendants separately have made a motion for a protective order, Dkt. No. 90, and the Court has granted Plaintiff's request for an extension to

May 27, 2026, to file a supplemental response to that motion in light of the Jewish religious holiday, see Dkt. No. 92.  The Court will rule separately on the motion for a protective order.

Defendants' time to notice and take depositions under the case management plan at Dkt. No. 46 is stayed pending further order of the Court in light of this Order.  All other dates remain in place except the parties should be prepared to discuss any extensions justified by good cause at the June 8, 2026 conference.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 87.

SO ORDERED.

Dated: May 21, 2026
      New York, New York

                         LEWIS J. LIMAN
                 United States District Judge