UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

*Teman v. Zeldes Needle Cooper LLP et al., Case No. 1:24-cv-09830*

Dear Judge Liman:

Plaintiff respectfully submits this reply in further support of his request for relief regarding Defendants' objections and non-responses to Plaintiff's Requests for Admission.

**Defendants Have Produced Nothing — While Plaintiff Has Produced Extensively**

At the outset, Plaintiff brings to the Court's attention a stark and fundamental imbalance that underlies all of the issues addressed below: Defendants have not produced a single substantive discovery document in this action. No communications. No internal records. No client file. Nothing.

Plaintiff, by contrast, has formally produced more than 125 substantive discovery documents, video evidence, and tax forms that Defendants themselves requested. Plaintiff has also endeavored to respond to Defendants' requests concerning medical providers. However, Defendants have not provided a single filled-out HIPAA authorization form for Plaintiff to sign. Defendants are not entitled to a blank, open-ended HIPAA release with no start date, no end date, and no identified provider. They are required to provide Plaintiff with completed authorization forms identifying the specific provider, the specific records sought, and the applicable time period. Plaintiff is not required to sign forms he has never received.

The prejudice is especially acute because the Court has already recognized Plaintiff's presumptive right to the client file, yet Defendants still have not produced it. Plaintiff cannot meaningfully depose witnesses, evaluate defenses, or narrow disputed issues without the documents that form the foundation of this case. Plaintiff cannot assess the completeness of any RFA responses — if and when they are provided — without access to the underlying records those responses concern. And Plaintiff cannot fairly amend or prioritize discovery requests without knowing what documents exist.

Accordingly, Plaintiff respectfully requests that the Court extend all discovery deadlines, including deposition deadlines, sufficiently to allow Plaintiff to receive and

review substantive document production and RFA responses before any depositions proceed. To proceed otherwise would reward Defendants' non-compliance and irreparably prejudice Plaintiff.

**Defendants Have Not Answered a Single RFA — Including the 25 They Conceded Were Permissible**

Defendants' responses to all 81 RFAs are identical: they refuse to answer anything pending resolution of their motion for a protective order concerning the number of RFAs permitted. ECF No. 90. But no stay has been entered. Rule 36 required Defendants to respond by the deadline. Their unilateral decision to withhold all responses based on a pending motion they filed themselves — without seeking or obtaining a stay — is not a recognized basis for non-response under the Federal Rules.

Notably, Defendants' own pending motion seeks to limit Plaintiff's RFAs to 25 in number. Plaintiff's May 21 letter (ECF No. 94) expressly agreed to that limitation and offered to identify the 25 most critical requests. Yet Defendants answered zero — not even the 25 they conceded would be permissible. Whatever the Court ultimately decides about the numerical limit, Defendants had no basis to withhold answers to at least 25 RFAs. Their decision to answer none is unsupported by any order, rule, or even the logic of their own motion.

The cases Defendants cite do not support a blanket refusal to answer. A motion for a protective order may limit or modify RFAs; it does not suspend the obligation to answer non-objectionable requests in the interim. Fed. R. Civ. P. 26(c); *see also Freund v. Weinstein*, No. 08-CV-1469, 2009 WL 750242, at *2 (E.D.N.Y. Mar. 20, 2009) (filing a protective order motion does not stay discovery obligations absent a court order). Defendants did not even provide partial answers subject to their objections — an approach Rule 36 expressly contemplates. Fed. R. Civ. P. 36(a)(4) (requiring a party to "admit, deny, or state in detail why the answering party cannot truthfully admit or deny," with objections addressed separately and not as a substitute for answering the non-objectionable portion).

**Many of the Individual Objections Are Facially Improper**

Beyond the blanket refusal, Defendants' specific objections reveal a pattern of obstruction rather than legitimate legal dispute. Several categories warrant particular attention:

*Court Records.* RFAs 1, 2, 34, and 38 ask Defendants to admit facts established by court records: that Virgil was counsel of record, that a default was entered, that the default was never reversed, and that Defendants obtained no appellate relief. Defendants object to these as "vague and ambiguous." A default order is not ambiguous. Objecting to admitting the contents of a public court record is unsustainable.

*Their Own Documents.* RFAs 9, 10, and 11 ask Defendants to admit that they maintained deadline-tracking systems and that not all communications were preserved within firm systems. These requests call for a simple yes or no based on what is or is not in Defendants' own records. Defendants' vagueness objections are unsupported.

*Their Own Pleaded Defenses.* Defendants raised affirmative defenses in their Answer. Several RFAs ask Defendants to confirm the positions they themselves have taken in this litigation. Objecting to confirming the contents of their own pleading is facially improper.

*The Complaint's Contents.* Several RFAs ask Defendants to admit what the complaint in the Underlying Action alleged. Defendants object that "the Underlying Action cannot allege claims." This is a hypertechnical semantic objection to standard legal shorthand used routinely by courts and practitioners. Rule 36 exists precisely to eliminate the need to prove matters not genuinely in dispute, including the contents of a pleading. *The complaint either contained those allegations or it did not.* A party cannot avoid admitting what a document says by objecting to the grammatical form of the question.

*Case Value and Damages Awareness.* RFAs 62 through 65 ask Defendants to admit that they understood Plaintiff's claimed damages exceeded $10,000,000 and that they were aware of public reporting, including a NY Post article, stating that Plaintiff sought approximately $24,000,000. Defendants took this case on contingency. Their awareness of the magnitude of the claim is directly relevant to the "case within a case" damages analysis.

*Recovery Discussions and Case Value Representations.* RFAs 55 through 60 concern Defendants' communications with Plaintiff regarding anticipated recovery and case value during the representation. These facts go directly to the representations Defendants made to Plaintiff about the value of the Underlying Action.

*Partner Supervision and Billing Visibility.* RFAs 75 through 77 ask Defendants to admit that more than one attorney recorded time on the matter and that partners had visibility into billing records. These facts bear directly on firm-wide supervision and the scope of responsibility for what went wrong.

**Court Intervention Is Necessary**

Defendants have produced zero substantive discovery documents. They have answered zero RFAs. They have provided no HIPAA authorization forms despite requesting provider information from Plaintiff. Meanwhile Plaintiff has produced more than 125 substantive discovery documents, video, and tax forms. This reflects more than an ordinary discovery dispute and amounts to a complete refusal to participate meaningfully in discovery while extracting production from the opposing party.

The Court should consider sanctions, including deeming certain RFAs admitted, in light of Defendants' complete failure to provide any compliant discovery responses while Plaintiff has participated fully. No stay was entered. No order limiting the RFAs issued. Defendants' refusal was a unilateral litigation decision made without court authority, and Plaintiff has been substantially prejudiced as a result.

**Plaintiff's Proposed Relief**

Plaintiff respectfully requests that the Court:

1. Order Defendants to provide substantive responses to all 81 of Plaintiff's RFAs without further delay, as no stay has been entered and no order limiting the number of RFAs has issued;

2. In the alternative, if the Court imposes a numerical limit, Plaintiff designates the following 50 RFAs as his priority requests and requests that Defendants be ordered to answer them within 14 days: RFAs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 16, 17, 18, 19, 20, 21, 22, 23, 26, 27, 28, 29, 30, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 72, 74, 77. These 50 requests address six categories essential to this malpractice action: (1) the default and its circumstances; (2) supervision, staffing, and internal responsibility; (3) settlement discussions and case value representations; (4) Defendants' communications with Plaintiff regarding anticipated recovery and case value; (5) Defendants' awareness of the magnitude of Plaintiff's claimed damages; and (6)

partner-level billing visibility and oversight;

3. Extend all discovery deadlines, including deposition deadlines, sufficiently to allow Plaintiff to receive and review substantive document production and RFA responses before any depositions proceed;

4. Order Defendants to produce the client file and all responsive documents without further delay, consistent with the Court's prior recognition of Plaintiff's presumptive right to the client file;

5. Order Defendants to provide properly completed HIPAA authorization forms — identifying the specific provider, records sought, and applicable time period — before requiring Plaintiff to execute any such release; and

6. Consider appropriate sanctions for Defendants' failure to participate in discovery, including deeming admitted those RFAs to which Defendants had no colorable basis to refuse a response, given that no stay was entered and Defendants answered zero requests while Plaintiff produced more than 125 substantive discovery documents throughout this litigation.

Defendants' conduct across discovery has substantially impaired Plaintiff's ability to prepare for depositions and meaningfully litigate this action. The Court's intervention is necessary to ensure this case can proceed on the merits.

Respectfully submitted,

*/s/ Ari Teman*
Ari Teman

Plaintiff Pro Se

1521 Alton Road, #888

Miami Beach, Florida 33139

(212) 203-3714

ari@teman.com