UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ARI BARUCH TEMAN

        Plaintiff,

    -against-

ZELDES NEEDLE COOPER LLP and
JEREMY VIRGIL,

        Defendant,

---------------------------------------------------------------- X

Civil Action No. 1:24-CV-09830

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION**

Defendants ZELDES, NEEDLE & COOPER, P.C. (i/s/h/a Zeldes Needle Cooper LLP) ("ZNC") and JEREMY VIRGIL ("Virgil," collectively with ZNC, "Defendants"), through their attorneys, Lewis Brisbois Bisgaard & Smith LLP, submit their Objections and Responses to Plaintiff ARI BARUCH TEMAN's ("Plaintiff") Second Requests for Admission, served by email on April 27, 2026 ("Revised First Requests for Admission"), as follows:

## GENERAL OBJECTIONS

1. Defendants object to the Instructions set for in Plaintiffs' Second Requests for Admission insofar as they seek to impose requirements to provide discovery inconsistent with, and/or to the extent not required by, the Federal Rules of Civil Procedure or this Court's Local Civil Rules.

2. Defendants object to Plaintiffs' Second Requests for Admission to the extent that they are overly broad, unduly burdensome, vague, ambiguous, disproportional to the needs of this case, and/or exceed the permissible scope of discovery pursuant to Local Rule 26.3.

3. Defendants object to Plaintiff's Second Requests for Admission to the extent that they exceed the limited scope of Fed. R. Civ. P. 36 (a), which limits Requests for Admission to

1

"facts, the application of law to fact, or opinions about either" and "the genuineness of any describe documents."

4.    Defendants object to Plaintiff's Second Requests for Admission  to the extent they fail to define a reasonable and relevant time period. Defendants' Responses will be limited to the relevant time period alleged in Plaintiff's First Amended Complaint (ECF. Doc. No. 35).

5.    Defendants objects to Plaintiff's Second Requests for Admission  to the extent that they seek information that are neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

6.    Defendants object to Plaintiff's Second Requests for Admission to the extent that they seek information that is not available to or accessible to them.

7.    Defendants object to Plaintiff's Second First Requests for Admission the extent they seek information that is privileged, confidential, proprietary and/or contains personal information concerning individuals and entities that are not parties to this action.  To the extent that Plaintiff's Revised Requests for Admission seek information concerning work prepared in anticipation of litigation or for trial, or which are otherwise protected as set forth above, Defendants will not produce such information.

8.    Defendants object to Plaintiff's Second Requests for Admission  to the extent that they seek information from any individuals and/or entities that Plaintiff has not named as parties to this action.

9.    Defendants object to Plaintiff's Second Requests for Admission  to the extent that they seek information which will be the subject of expert testimony. Such information are protected by the attorney work-product doctrine, and therefore Plaintiff's Second Requests for Admission have been answered exclusive of such information.

2

10.     Defendants object to Plaintiff's Second Requests for Admission to the extent they are vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a responsive answer.

11.     Defendants object to Plaintiff's Second Requests for Admission to the extent they are drafted in a manner in which Defendants cannot respond by either admitting or denying.

12.     Defendants object to Plaintiff's Second Requests for Admission to the extent Defendants lack the knowledge and information necessary to respond.

13.     Defendants object to Plaintiff's Second Requests for Admission to the extent that they seek information that is reflected in the documents produced by Defendants in their Responses to Plaintiff's First Revised Requests for Production, which speak for themselves.

14.     Defendants object to Plaintiff's Second Requests for Admission to the extent they are overbroad, unreasonably duplicative, oppressive, or harassing.

15.     Defendants' Responses are made solely for the purpose of this action. Defendants' Responses are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any response or document contained herein if Plaintiff's Second Requests for Admission were asked of, or any statements contained therein were made by a witness present and testifying at court, all of which objections and grounds are reserved and may be interposed at the time of trial. By producing or agreeing to produce any document, Defendants do not necessarily concede that such document is relevant to this action or admissible in evidence.

16.     Inadvertent production or disclosure of any information which is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise immune from discovery, shall not constitute a waiver of any such privilege or of any ground for objection to

3

discovery with respect to such information or document, or the information contained therein, or of their right to object to the use of any such document during any subsequent proceeding herein.

17. Defendants reserve the right to supplement and/or amend the within Responses up to and including the time of trial.

18. Defendants reserves the right to cite, at a later date, information not referred to herein in support of its contentions. Defendants reserve this right: (1) in light of the fact that this matter is in the preliminary stages of discovery; and (2) because analysis and consideration of the information, documents and issues in this matter, performed after the date of these Responses, may identify additional information which support Defendants' contentions in this matter.

19. Each of the General Objections is incorporated by reference in each of the Responses set forth below. Defendants state that the specific inclusion of a General Objection in a Response shall not be deemed a waiver of any other General Objections with respect to said Demand.

## SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR ADMISSION

### A. Control, Duty, and Responsibility

**RFA 1**: Admit that You were counsel of record for Plaintiff in the Underlying Action at the time it was dismissed for failure to prosecute.[1]

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90).[2] By

---

[1] The Underlying Action is defined in Plaintiff's Second Requests for Admission as "the action bearing Index No. 805410/2014."

[2] Where a Request for Admission "overreaches, the answering party may seek a protective order quashing or limiting […] the offending requests." *U.S. Bank Nat'l Ass'n v. Triaxx Asset Mgmt. LLC*, No. 18-CV-4044 (BCM), 2020 WL 9549505, at *3 (S.D.N.Y. Nov. 30, 2020). *See* 8B *Federal Practice and Procedure* § 2262, at 367 ("An objection and a motion for a protective order are now the only proper means by which a request may be challenged."). In responding to a Request for Admission, a party may "move for a protective order on the ground that the request will cause undue

May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's First Revised Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his First Revised Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative.

**RFA 2:** Admit that You were responsible for prosecuting the Underlying Action during Your representation.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, seeking a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**RFA 3:** Admit that You had authority to act on Plaintiff's behalf in litigation decisions in the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is

---

burden or expense" and/or "object to the [Request for Admission]." *Carver v. Bank of New York Mellon*, No. 15CV10180JPOJLC, 2018 WL 4579831, at *1 (S.D.N.Y. Sept. 25, 2018).

subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it does not define a period of time or litigation decisions," seeking a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**RFA 4:** Admit that You had authority to act on Plaintiff's behalf in litigation decisions in the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it does not define a period of time or "litigation decisions," seeking a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**RFA 5:** Admit that no court order removed responsibility for prosecuting the Underlying Action from You prior to dismissal.

6

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it does not define a period of time, "responsibility for prosecuting the Underlying Action," or the "dismissal, seeking a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

### B. Dismissal and its Cause

**RFA 6:** Admit that the Underlying Action was dismissed for failure to prosecute.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative.

**RFA 7:** Admit that dismissal for failure to prosecute is not a merits determination.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is

7

subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and it does not define "merits determination."

**RFA 8:** Admit that the dismissal occurred while You were counsel

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and it does not define "the dismissal."

**RFA 9:** Admit that no written instruction from Plaintiff directed You to allow the case to be dismissed.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to

impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative.

**RFA 10:** Admit that You did not obtain Plaintiff's informed written consent to any strategy that would foreseeably result in dismissal.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, seeking a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

### C. Firm-Wide Knowledge / Supervision

**RFA 11:** Admit that more than one attorney at ZNC was involved in the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to

impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it fails to define "involved," seeking a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997). Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70).

**RFA 12:** Admit that attorneys other than Virgil were copied on communications concerning the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object, as

10

"requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997). Defendants further object to the Request as vague, ambiguous, and overbroad. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70).

**RFA 13:** Admit that ZNC maintained internal communications regarding the status of the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997). Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70).

**RFA 14:** Admit that ZNC had supervisory obligations over attorneys handling the

Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, and does not define "supervisory obligations". Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).  Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70).

**RFA 15:** Admit that no written policy permitted allowing a client matter to be dismissed for failure to prosecute.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25

in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, seeking a legal conclusion, does not define "written policy," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). . Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70).

### D. Documents "Speak for Themselves" (force positions)

**RFA 16:** Admit that You contend certain documents accurately reflect events in the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, does not define "certain documents" or "event," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70).

**RFA 17:** Admit that You have not identified any document showing Plaintiff instructed You to abandon prosecution.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is

13

subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague and ambiguous. Defendants further object to the Request as vague, ambiguous, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**RFA 18:** Admit that You have not identified any document showing Plaintiff authorized conduct that led to dismissal.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and it fails to define the "dismissal." Defendants further object to the Request as vague, ambiguous, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**E. Affirmative Defenses – Authorization / Fault**

**RFA 19:** Admit that You contend Plaintiff authorized at least one act or omission You rely

on as a defense.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**RFA 20:** Admit that You cannot identify any such act or omission.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it does define "act or omission," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate

15

presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 21:** Admit that You have no written communication from Plaintiff authorizing dismissal for failure to prosecute.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

#### F. Affirmative Defenses – Mitigation

**RFA 22:** Admit that You contend Plaintiff failed to mitigate damages.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to

identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**RFA 23:** Admit that You have not identified any specific action Plaintiff could have taken to prevent dismissal after You assumed representation.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it fails to define "dismissal," seeking a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

### G. Affirmative Defenses – Causation

**RFA 24:** Admit that absent dismissal for failure to prosecute, the Underlying Action would

have continued.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it fails to define "continued," seeking a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 25:** Admit that dismissal for failure to prosecute eliminates the opportunity to obtain a judgment on the merits.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court

18

determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, seeking a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

### H. Affirmative Defenses – Collectability

**RFA 26:** Admit that You contend any judgment in the Underlying Action would have been uncollectible in whole or in part.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**RFA 27:** Admit that You have not completed a full financial analysis of all defendants in the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF

19

Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it does not define "full financial analysis," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 28:** Admit that You have not identified all assets of the defendants in the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact."

20

*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

## I. Documentary Evidence Defense

**RFA 29:** Admit that You rely on documents in Your possession to support Your defenses.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as overbroad, vague, ambiguous, it does not define "defenses," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 30:** Admit that those documents are maintained by Defendants in connection with their representation of Plaintiff in the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to

identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as overbroad, vague, ambiguous, it does not define "those documents," exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

### J.   Merits of the Underlying Action

**RFA 31:** Admit that the Underlying Action alleged claims for negligence and fraud against medical providers.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as overbroad, vague, ambiguous, "the Underlying Action" cannot "alleg[e] claims," it does not define "medical providers," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

22

**RFA 32:** Admit that the Underlying Action alleged that Defendants therein failed to diagnose a sleep disorder.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as overbroad, vague, ambiguous, "the Underlying Action" cannot "alleg[e] claims," it does not define "Defendants," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**RFA 33:** Admit that the Underlying Action alleged that medical providers withheld diagnostic test results.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as overbroad, vague, ambiguous, "the Underlying Action" cannot "alleg[e] claims," it

23

does not define "medical providers," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

**RFA 34:** Admit that the Underlying Action alleged that Plaintiff was subjected to unnecessary or improper treatment

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as overbroad, vague, ambiguous, "the Underlying Action" cannot "alleg[e] claims," in in an improper form, it does not define "unnecessary or improper treatment," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

## K. Damages Alleged

**RFA 35:** Admit that the Underlying Action sought recovery for medical expenses.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number,

and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and "the Underlying Action" cannot "s[eek] recovery."

**RFA 36:** Admit that the Underlying Action sought recovery for lost earnings and earning capacity.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and "the Underlying Action" cannot "s[eek] recovery."

**RFA 37:** Admit that the Underlying Action sought recovery for emotional distress.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and "the Underlying Action" cannot "s[eek] recovery."

**RFA 38:** Admit that the Underlying Action sought punitive damages.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, and "the Underlying Action" cannot "s[eek] punitive damages."

**L.  Case Value / Viability**

**RFA 39:** Admit that claims for medical malpractice and fraud can result in substantial monetary recovery.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, seeks a legal conclusion, seeks a speculative opinion, fails to define "substantial monetary recovery," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 40:** Admit that the Underlying Action, if successful, could have resulted in a monetary award to Plaintiff.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, seeks a legal conclusion, seeks a speculative opinion, fails to define "successful," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 41:** Admit that dismissal for failure to prosecute prevented adjudication of the merits of the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, seeks a legal conclusion, seeks a speculative opinion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

### M. Their Knowledge / Evaluation

**RFA 42:** Admit that You evaluated the merits of the Underlying Action during Your representation.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior

28

to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, fails to define "evaluated the merits." Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 43:** Admit that You believed the Underlying Action had some value at the time You accepted the case on contingency.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, irrelevant to the claims of legal malpractice, it fails to define "some value", and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 44:** Admit that You would not accept a contingency case you believed had no potential value.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, irrelevant to the claims of legal malpractice, it fails to define "potential value" and "contingency case," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

### N. Causation Lock-In

**RFA 45:** Admit that if the Underlying Action had not been dismissed, Plaintiff would have had the opportunity to pursue recovery.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to

30

impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it fails to define the referenced dismissal event, seeks a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 46:** Admit that dismissal for failure to prosecute eliminated Plaintiff's ability to obtain recovery in that action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, it fails to define "that action" and "recovery", seeks a legal conclusion, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object, as "requests

for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

### O. Silver Hill – Pleaded Allegations

**RFA 47:** Admit that the complaint in the Underlying Action included allegations concerning Plaintiff's treatment at Silver Hill Hospital, including but not limited to ¶¶61, 64–68, 72–73, and 77.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, and not probative or pertinent to Plaintiff's claims of legal malpractice. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70).

**RFA 48:** Admit that the Underlying Action alleged that Plaintiff's admission to Silver Hill Hospital resulted from representations made by other medical providers, as set forth at ¶61.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By

May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, "the Underlying Action" cannot "alleg[e]," not probative or pertinent to Plaintiff's claims of legal malpractice, and does not identify what "¶" is being cited to. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70).

**RFA 49:** Admit that the Underlying Action alleged that Silver Hill Hospital relied on diagnoses or information provided by other medical providers, as set forth at ¶66.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, "the Underlying Action" cannot "alleg[e]," not probative or pertinent to Plaintiff's claims of legal malpractice, and does not identify what "¶" is being cited. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026

Order (ECF Doc. No. 70).

**RFA 50:** Admit that the Underlying Action alleged that treatment at Silver Hill Hospital contributed to Plaintiff's damages, as set forth at ¶¶64–65, 72–73, and 77.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, "the Underlying Action" cannot "alleg[e]," not probative or pertinent to Plaintiff's claims of legal malpractice, and does not identify what "¶" is being cited. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70).

### P.  Their Handling

**RFA 51:** Admit that You were responsible for investigating the allegations concerning Silver Hill Hospital set forth at ¶¶61, 64–68, 72–73, and 77 of the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25

34

in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, seeks a legal conclusion, not probative or pertinent to Plaintiff's claims of legal malpractice, and does not identify what "¶" is being cited. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 52:** Admit that You did not obtain all discovery necessary to fully develop the allegations concerning Silver Hill Hospital set forth at ¶¶61, 64–68, 72–73, and 77 prior to dismissal.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, seeks a legal conclusion, not probative or pertinent to

Plaintiff's claims of legal malpractice, and does not identify what "¶" is being cited. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 53:** Admit that dismissal for failure to prosecute prevented development of the allegations concerning Silver Hill Hospital set forth at ¶¶61, 64–68, 72–73, and 77.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, seeks a legal conclusion, not probative or pertinent to Plaintiff's claims of legal malpractice, and does not identify what "¶" is being cited. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation

36

of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

### Q.  Proximate Cause Tie-In

**RFA 54:** Admit that the allegations concerning Silver Hill Hospital set forth at ¶¶61, 64–68, 72–73, and 77 formed part of Plaintiff's theory of damages in the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, seeks a legal conclusion, not probative or pertinent to Plaintiff's claims of legal malpractice, and does not identify "Plaintiff's theory of damages" and what "¶" is being cited. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 55:** Admit that dismissal of the Underlying Action prevented Plaintiff from pursuing recovery for damages associated with treatment at Silver Hill Hospital as alleged at ¶¶64–65, 72–

73, and 77.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, seeks a legal conclusion, not probative or pertinent to Plaintiff's claims of legal malpractice, and does not identify "recovery for damages assocaited with treatment at Silver Hill Hospital" and what "¶" is being cited. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

### R. Calendaring and Assistant Transition

**RFA 56:** Admit that Defendants did not implement a documented transition of docketing or calendaring responsibilities for the Underlying Action following the departure or retirement of Jeanne S. Rowe.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is

subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, not probative or pertinent to Plaintiff's claims of legal malpractice, is in improper form, does not identify "documented transition of docketing or calendaring responsibilities," and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1) Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 57**: Admit that Jeanne S. Rowe performed docketing, calendaring, or scheduling functions in connection with the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25

in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, not probative or pertinent to Plaintiff's claims of legal malpractice, is in improper form, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 58:** Admit that Defendants relied, at least in part, on Jeanne S. Rowe for docketing or calendaring in the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, not probative or pertinent to Plaintiff's claims of legal malpractice, is in improper form, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1).

Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 59:** Admit that following the departure or retirement of Jeanne S. Rowe, Defendants reassigned docketing or calendaring responsibilities for the Underlying Action.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, not probative or pertinent to Plaintiff's claims of legal malpractice, is in improper form, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v.*

*Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 60:** Admit that Defendants did not provide written instructions or protocols specific to the Underlying Action in connection with the reassignment of docketing or calendaring responsibilities following the departure or retirement of Jeanne S. Rowe

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, not probative or pertinent to Plaintiff's claims of legal malpractice, is in improper form, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 61:** Admit that at least one deadline in the Underlying Action was missed after the departure or retirement of Jeanne S. Rowe.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is

subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, not probative or pertinent to Plaintiff's claims of legal malpractice, is in improper form, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

**RFA 62:** Admit that Defendants were aware of the departure or retirement of Jeanne S. Rowe at the time it occurred.

**RESPONSE**: Defendants object to responding to this Request for Admission as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). By May 21, 2026 letter response, Plaintiff submitted that if the Court grants Defendants' request "to impose a numerical limit" to Plaintiff's Requests for Admission, that he be permitted "the opportunity to identify the most critical requests" and to reissue his Requests for Admission to 25 in number (ECF Doc. No. 94). As such, Defendants object to providing specific Responses prior

to Court determination of whether Plaintiff's Requests for Admission will be limited in number, and if so, what Requests Plaintiff will elect to remain operative. Defendants further object to the Request as vague, ambiguous, overbroad, not probative or pertinent to Plaintiff's claims of legal malpractice, is in improper form, and exceeding the limited scope of Fed. R. Civ. P. 36(A)(1). Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants further object, as "requests for admission [are] not a discovery device," but rather, "purpose of rule is to reduce costs of litigation by eliminating necessity of proving facts that are not in substantial dispute, to narrow scope of disputed issues, and to facilitate presentation of cases to trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38 (S.D.N.Y. 1997).

In providing Objections and Responses to Plaintiff's Second Requests for Admission, Defendants reserve the right to amend, modify or supplement these Objections and Responses as they may deem necessary and appropriate based upon discovery of additional information and/or documents.

Dated: New York, New York
       May 27, 2026.


                              Respectfully submitted,


                    **LEWIS BRISBOIS BISGAARD & SMITH LLP**


            By:      /s/ Cristina Yannucci, Esq.
                    _____
                    Cristina Yannucci, Esq.
                    *Attorneys for Defendants*
                    *ZELDES, NEEDLE & COOPER, P.C.,*
                    *and JEREMY VIRGIL*
                    7 World Trade Center250 Greenwich Street, 11th Floor
                    New York, New York 10007
                    Phone: (212) 232-1412
                    Email: cristina.yannucci@lewisbrisbois.com
                    File No. 47558.92

<u>**Via Email**</u>
To:    ARI TEMAN
       *Pro se Plaintiff*
       1521 Alton Road, #888
       Miami Beach, Florida 33139
       Phone: (212) 203-3714
       Email: ari@teman.com