

Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

June 2, 2026            File No. 47558.92

**<u>VIA ECF</u>**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

      Re:    *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil*
             <u>United States District Court, Southern District of New York, Civil Case No. 1:24-cv-09830</u>

Dear Judge Liman:

Our firm represents defendants Zeldes Needle Cooper LLP and Jeremy Virgil ("Defendants") in the above-referenced matter. Defendants submit this letter in response to plaintiff Ari Baruch Teman's ("Plaintiff") letter, dated May 28, 2026 and filed to the docket on May 29, 2026. (ECF Doc. No. 96).

Initially, Plaintiff characterizes his letter as a "reply in further support of his request for relief regarding Defendants' objections and non-responses to Plaintiff's Requests for Admission." (ECF Doc. No. 96 at p. 1). However, Plaintiff has no letter motion for such relief pending.

Instead, it would appear Plaintiff's May 28, 2026 letter (ECF Doc. No. 96) pertains to the following: On May 20, 2026, Defendants filed a letter motion for a protective order. (ECF Doc. No. 90). On May 21, 2026, Plaintiff filed a letter in opposition, arguing that despite this Court's holdings in its April 21, 2026 Discovery Order (ECF Doc. No. 70): (1) all requests for documents and information regarding the Silver Hill Hospital litigation and Defendants' alleged conflicted interest(s) with Silver Hill Hospital are discoverable; and (2) requests for communications between Defendants and their liability insurer are proper (ECF Doc. No. 94). Furthermore, while Plaintiff did not dispute that his April 27, 2026 discovery requests were served after the March 31, 2026 deadline prescribed by the CMPSO, he instead offered: (1) his discovery deadlines were stayed; and (2) his untimely requests should be permitted because he recently learned Jeanne S. Rowe left Defendants' law firm (despite that only 7 of plaintiff's second 129 discovery requests concern this individual). Plaintiff also requested that the Court: (1) "[modify] any [Request for Admission] limit to 25 rather than 15, with leave for Plaintiff to identify priorities before the Court rules"; (2) "Order Defendants to produce documents by date certain"; (3) "permit further briefing as to newly-discovered topics" and to "review any responsive filings; and (4) grant Plaintiff leave to file supplemental briefing until May 27, 2026 at 5:00 PM. (*Id.*).

In response to Plaintiff's May 21, 2026 letter, this Court granted Plaintiff's request to file supplemental briefing by May 27, 2026 as to the claimed "newly-discovery topics" (ECF Doc. No. 93, pp. 1 and 7). Plaintiff's May 28, 2026 letter followed. (ECF Doc. No. 96). For the following reasons, neither Plaintiff's May 21, 2026 letter nor Plaintiff's May 28, 2026 letter provide any basis upon which Defendants' letter motion for a protective order should be denied. Plaintiff's requested relief should be denied contained within his May 21, 2026 and May 28, 2026 letters should also be denied. Additionally,

June 2, 2026
Page 2

Plaintiff's requests for discovery on the claimed "newly-discovered topics" should be denied, as Plaintiff fails to provide supplemental briefing regarding same in his May 28, 2026 letter.

As a preliminary matter, since Plaintiff's May 28, 2026 letter (ECF Doc. No. 96) was filed beyond the May 27, 2026 deadline set by this Court, it should be wholly disregarded. However, to the extent the Court considers the submission, Plaintiff's "opposition" fails and his requests should be denied.

First, Plaintiff's May 28, 2026 letter goes beyond the scope of Defendants' original letter motion (ECF Doc. No. 70) and the Court's Order (ECF Doc. No. 93) which granted Plaintiff's request to submit supplemental briefing on "newly-discovered topics" by May 27, 2026. Specifically, Plaintiff requests that: (1) the Court extend all discovery deadlines, including deposition deadlines, to allow Plaintiff to receive and review Defendants' document production and RFA responses before any depositions proceed; (2) Defendants be compelled to produce specified discovery responses and documents by date certain; and (3) Defendants be compelled to produce fully completed HIPAA authorizations for the release for every requested individual/entity sought by Defendants before Plaintiff be required to execute same. (ECF Doc. No. 96 at pp. 4-5). Plaintiff's May 28, 2026 letter provides no basis upon which to deny Defendants' letter motion for a protective order, or to grant Plaintiff's newly asserted requests.

Second, while Plaintiff argues that "Defendants have not produced a single substantive discovery document" and "provided no HIPAA authorization forms" (ECF Doc. No. 96), this claim is mistaken.[1] By May 26, 2026 email, Defendants: (1) timely served objections and responses to Plaintiff's first revised discovery requests; (2) advised that they were, under separate cover, producing documents upon receipt of instruction from Plaintiff as to his preferred format for the production; and, (2) provided blank HIPAA and Tax authorization forms as a courtesy for Plaintiff's anticipated third attempt to provide sufficient discovery responses. **(Exhibit 1).** On May 27, 2026 at 1:02 A.M. (IDT), Plaintiff confirmed his requested production format. **(Exhibit 2)**. On May 28, 2026, Defendants advised Plaintiff that although they had no obligation or ability to identify all individuals/entities for whom record authorizations were sought (as such information is within Plaintiff's sole possession), they nonetheless set forth 61 individuals/entities as a courtesy. **(Exhibit 3)**. On May 29, 2026, Defendants produced 64,713 pages of responsive documents in the following two formats for Plaintiff's convenience: (1) an eDiscovery load file bearing all industry standard metadata; and (2) a download link containing all records imaged in PDF format with identification how the records were stored in the ordinary course of business, including identification of all electronic folders. Defendants also produced all documents that could not be imaged in native format and a privilege/non-responsive log. As such, Plaintiff's claims relative to Defendants' discovery obligations fail to provide sufficient grounds warranting denial of Defendants' letter motion for a protective order, or granting of Plaintiff's newly asserted discovery requests.

Third, in response to Defendants' motion for protective order concerning Plaintiff's Requests for Admission ("RFA"), Plaintiff offers that his "May 21 letter (ECF No. 94) expressly agreed to [the proposed numerical] limitation of [25 RFAs] and offered to identify the 25 most critical requests" (ECF Doc. No. 96 at p. 2).[2] However, Plaintiff misrepresents the relief requested in Defendants' pending letter motion for a protective order. Defendants' motion requests that Plaintiff be directed "to revise and

---

[1] Plaintiff served revised first discovery requests on April 23, 2026 and stated that "responses are due within thirty (30) days of service." (ECF Doc. No. 90-1). FRCP 34(b)(2)(A) provides that written responses to requests for production must be made "within 30 days after being served" and that any responsive documents must be produced at the time "specified in the request or another reasonable time." Pursuant to FRCP 6(a)(1), because 30 days from April 23, 2026 is May 23, 2026 (a Saturday) and May 25, 2026 is a recognized federal holiday (Memorial Day), Defendants' response deadline was May 26, 2026.

[2] In his May 28, 2026 letter, Plaintiff reneges on this agreement and proposes that Defendants respond to 50 designated RFAs as "priority requests" within 14 days of any prospective Order. (ECF Doc. No. 96 at p. 4).

June 2, 2026
Page 3

reissue his requests for admission to be limited to fifteen (15) in number, without subparts, and to adhere to the limitations prescribed by this Court's April 21, 2026 Protective Order." (ECF Doc. No. 90 at p. 3). Putting aside Plaintiff's non-responsive proposal, Plaintiff did not identify any priority RFAs that sought to serve as operative prior to filing the May 28, 2026 letter. Prior to Plaintiff's May 28, 2026 designations, Defendants asserted numerous objections on various grounds, including but not limited to the fact that many RFAs violated the directives contained within this Court's April 21, 2026 discovery Order (ECF Doc. No. 70), and contained requests that were vague, ambiguous, irrelevant, and in a compound form that could not be answered in a request or deny format. Despite Plaintiff's contentions, FRCP 36(a)(5) permits a party to object to an entire RFA , FRCP 36(a)(6) permits the "requesting party [to] move to determine the sufficiency of an […] objection," and FRCP 36(a)(6)  provides that if the Court finds the objection unjustified, it "must order the answer be served." Plaintiff's proposals regarding the RFAs should be rejected and Defendants' motion for a protective order should be granted.

Fourth, the newly asserted requests contained within Plaintiff's May 28, 2026 letter violate Your Honor's Civil Practice Rules as follows: (1) pursuant to Rule 1.D, Plaintiff is required but failed to identify: (i) the operative deadlines he seeks to extend; (ii) whether prior extension requests were made and granted and/or denied; and (iii) the date of the next scheduled appearance; (2) pursuant to Rule 3.A, Plaintiff is required but failed to identify: (i) what discovery has been completed within existing deadlines; (ii) what circumstances warranting extending deadlines were unknown at the March 10, 2026 Pre-trial Conference; (iii) what discovery remains outstanding; (iv) how the extensions would contribute to the just, speedy, and inexpensive determination of the mater; and (v) what prejudice would incur should the extension request not be granted; and, (3) pursuant to Rule 1.D, as all extension requests "should be made at least two business days prior to the deadline" for which the extension is sought. Plaintiff did not sufficiently comply with these Rules. Further, as pertains to Plaintiff's request to compel discovery, it violates Rule 4.C., as Plaintiff did not certify a good faith effort to resolve his discovery dispute.

Finally, and significantly, this Court, by its May 6, 2026 Order (ECF Doc. No. 82), already denied Plaintiff's prior application seeking to extend all discovery deadlines. Nothing contained in Plaintiff's renewed requests provides good cause for an extension or evidences any default by Defendants concerning their discovery obligations. Furthermore, this Court, by its June 1, 2026 Order, held that "Defendants' obligation to respond to Plaintiff's discovery requests is suspended pending further order of the Court." (ECF Doc. No. 97).

In light of the aforementioned, Defendants respectfully request that the relief now presented by Plaintiff in his original and supplemental opposition to Defendants' letter motion for a protective order be denied in its entirety and, conversely, Defendants' letter motion for a protective order be granted in its entirety. We thank the Court in advance for its time and attention to this matter.

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

CRY/Enclosures

June 2, 2026
Page 4

Cc:    **<u>Via PACER</u>**
ARI TEMAN
*Pro se Plaintiff*
1521 Alton Road, #888
Miami Beach, Florida 33139
Email: ari@teman.com