

Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

June 4, 2026                                                                      File No. 47558.92

**<u>VIA ECF</u>**
Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 1620, Courtroom 15C
New York, New York 10007

>   Re:   *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil*
>   <u>United States District Court, Southern District of New York, Civil Case No. 1:24-cv-09830</u>

Dear Judge Liman:

Our firm represents Defendants in the above-referenced matter. Defendants submit this letter in opposition to plaintiff Ari Baruch Teman's ("Plaintiff") "Pre-Conference Letter re: (1) Request to Lift Stay and Deny Protective Order; (2) Order to Complete Production; (3) Production Contradicts Prior Representations Regarding Silver Hill and Firm Personnel; (4) Serious Questions Regarding Client File; (5) Anticipated Custodian Discovery and Amendment" dated and filed June 2, 2026. (ECF Doc. No. 99).

<u>Plaintiff's Request to Deny Defendants' Fully Briefed and Pending Motion for a Protective Order, to Lift the Court-Ordered Stay of Defendants' Discovery Obligations, and to Compel Discovery</u>

As a preliminary matter, Defendants' May 21, 2026 letter motion for a Protective Oder (ECF Doc. No. 90) is fully briefed, and Plaintiff previously submitted two responses in opposition, dated May 21, 2026 (ECF Doc. No. 92) and May 29 2026 (ECF Doc. No. 95). Plaintiff's instant and third round of briefing in opposition should be disregarded.

Nevertheless, even if Plaintiff's newly asserted arguments are considered, they are meritless. First, Plaintiff argues that Defendants' pending letter motion for a Protective Order (ECF Doc. No. 90) "rests on the position that Silver Hill Hospital is unrelated to the Braverman/PATH Underlying Action, and that Plaintiff's discovery requests directed to Silver Hill-related materials are therefore disproportionate and beyond the scope of this case." (ECF Doc. No. 99 at p. 1). This  mischaracterizes the basis for Defendants' May 21, 2026 letter motion. By their motion, Defendants seek a protective Order based upon: (1) Plaintiff's cumulative, burdensome, and improper 143 requests for admission; (2) all discovery requests that violate the directives contained within this Court's April 21, 2026 discovery Order (ECF Doc. No. 70); (3) Plaintiff's interrogatories to the extent they go beyond limitations prescribed by S.D.N.Y. L.R. 33.3(a); and (4) Plaintiff's untimely discovery requests issued in violation of this Court's March 11, 2026 Case Management Plan and Scheduling Order (ECF Doc. No. 46). (ECF Doc. No. 90). As such, Plaintiff's motion should be denied.

Second, as this Court held in its April 21, 2026 discovery Order: "Plaintiff's legal malpractice claim remains limited to [Defendant's representation of Plaintiff in] the Underlying Action" and "Defendants are therefore not required to produce documents or information related to actions beyond the Underlying Action," defined as "Teman v. Braverman, Index No. 805410/2014 (Sup. Ct. N.Y. Cnty.

June 4, 2026
Page 2

2014).” (ECF Doc. No. 70). This limitation applies to documents and information pertaining the Silver Hill *litigation*, not Plaintiff's medical condition and purported injuries related to the Underlying Action.

Third, despite Plaintiff's claim of "concrete prejudice" with regard to this limitation, he has offered no basis upon which to conclude same. Plaintiff's discovery requests are overbroad, improper, and disproportionate to the needs of this case, and Plaintiff fails to articulate how documents regarding the Silver Hill *litigation* are necessary to prosecute his legal malpractice claims concerning Defendants' representation of Plaintiff the Underlying Action. Accordingly, Plaintiff's letter motion should be denied.

Arguments Regarding Defendants' Alleged Contradictory Representations as to ZNC Attorneys

Plaintiff argues that Defendants' document production "contradicts Defendants' representations regarding who actually performed the work on Plaintiff's matter." (ECF Doc. 99). Plaintiff admits that "Defendants presented the case as *principally* handled by the attorneys named in the complaint." (*Id.,* emphasis supplied). Despite Plaintiff's current claim, as argued by Defendants and determined by this Court, Plaintiff's pleadings failed to set forth any facts upon which to proceed against any defendants other than ZNC and Jeremy Virgil. (ECF Doc. Nos. 32 and 54).

Plaintiff argues that Defendants' document production "reveals the involvement of at least nine additional attorneys, paralegals and staff members whose custodial files were never disclosed and searched." (*Id.*). Again, Plaintiff mischaracterizes the record and sets forth no valid grounds for relief. Defendants' production was not limited simply to the named Defendants. Being copied on an email (i.e. "Lori A. DaSilva-Fiano," being "copied on the new-client intake email on May 4, 2015" (*id.*)) does not "contradict" that the case was "principally handled" by Defendant Jeremy Virgil. Furthermore, while Plaintiff claims that (1) Marisa R. Pulla; (2) Gabriele A. Scala; (3) Michael J. Tone; (4) Diane Barrett; (5) Jeanne Rieger; and (6) Jamie L. Kircher were not disclosed by Defendants, these individuals were expressly identified in Defendants' Interrogatory responses. (**Exhibit 1**). Moreover, Plaintiff makes sweeping assertions concerning actions by various individuals such as Nancy Mankulics and "Daphne Williams (dwilliams)," and a "qraysor," but provides no basis to deny Defendants' motion for a protective order or to compel further discovery from Defendants. Indeed, Defendants produced 64,731 pages of responsive documents with preservation of available, industry standard metadata. Plaintiff's request to compel Defendants to provide the "identity and contact information for every attorney, paralegal, and staff member who worked on any aspect of the representation — including the Braverman/PATH matter, the Silver Hill matter, the Buch consolidation, the bankruptcy proceedings, and the appellate work — together with their dates of involvement" is overbroad, burdensome, disproportional the needs of this case, and runs contrary this Court's April 21, 2026 discovery Order (ECF Doc. No. 70).

Arguments Regarding the Sufficiency of Defendants' Document Production

Plaintiff raises various arguments regarding the sufficiency of Defendants' 64,731 page document production. First, despite claiming that no "authoring metadata [was] preserved," this is not the case, as Plaintiff requests relief in the instant motion with reference to the author metadata he observed from his review of Defendants' document production. Moreover, scans of physical records, which are not electronic documents, do not possess metadata. Second, Plaintiff raises allegations that email communications with certain date ranges, HIPAA authorizations, medical records, and other records are missing from Defendants' document production. In adherence with FRCP 34(b)(2)(E), on May 29, 2026, Defendants produced documents as "kept in the usual course of business" and reflect the responsive and non-privileged documents contained within the digital and scanned physical files Defendants maintained as part of their legal representation of Plaintiff in the Underlying Action. (**Exhibit**

June 4, 2026
Page 3

**2**). It is inconceivable how Plaintiff can challenge Defendants' 64,731 page production as incomplete, while he initially produced only 125 documents in PDF format, which included 90 emails, with most emails not concerning Defendants' litigation of the Underlying Action. Since the Court's April 21, 2026 Order held that "Defendants are […] not required to produce documents or information related to actions beyond the Underlying Action" (ECF Doc. No. 70), Plaintiff's claim that unrelated emails reflect an incomplete production by Defendants is specious, at best. Plaintiff's speculation that Defendants failed to produce records from email and text message accounts which he, himself, failed to identify or produce demonstrates the frivolity of Plaintiff's current claims. Thus, Plaintiff fails to demonstrate a basis to compel Defendants to (1) identify "all custodians searched, repositories, and search methodolog[ies]"; (2) reproduce all documents in native format;[1] and (3) explain storage/production matters in writing.

<u>Plaintiff's Request for Guidance Regarding Amending his Complaint to Include Silver Hill Allegations</u>

Although Plaintiff requests "guidance on timing for a motion" seeking "leave to amend the complaint to add claims arising from ZNC's handling of the Silver Hill matter," this request should be denied. (ECF Doc. No. 99). First, on April 1, 2026, Plaintiff already sought leave to file a Second Amended Complaint concerning Defendants' representation of Plaintiff in the Silver Hill litigation, which is fully briefed and remains *sub judice*. (ECF Doc. Nos. 57-59, 76-78). Second, on or about April 27, 2026, Plaintiff filed a second lawsuit which also concerns Defendants' representation of Plaintiff in the Silver Hill litigation. (*Ari Baruch Teman v. Medpro Group Inc., et al*, 1:26-cv-03517, ECF Doc. No. 1).

For the aforementioned reasons, Defendants request that Plaintiff's motion be denied in its entirety.

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

CRY/Enclosures

Cc:    **<u>Via PACER</u>**
ARI TEMAN
*Pro se Plaintiff*
1521 Alton Road, #888
Miami Beach, Florida 33139
Email: ari@teman.com

---

[1] As customary in litigation, Defendants have imaged and Bates numbered all documents produced in discovery, with preservation of industry standard metadata, for purposes preserving of document integrity and identifying when the documents were exchanged. Unlike Defendants, Plaintiff largely produced documents in PDF format without preservation of metadata.