# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ARI BARUCH TEMAN

       Plaintiff,

   -against-

ZELDES NEEDLE COOPER LLP and
JEREMY VIRGIL,

       Defendant,

-------------------------------------------------------------------- X

Civil Action No. 1:24-CV-09830

**DEFENDANTS'
OBJECTIONS AND
RESPONSES TO
PLAINTIFF'S
REVISED FIRST
INTERROGATORIES**

Defendants ZELDES, NEEDLE & COOPER, P.C. (i/s/h/a Zeldes Needle Cooper LLP)

("ZNC") and JEREMY VIRGIL ("Virgil," with ZNC, collectively "Defendants"), through their

attorneys, Lewis Brisbois Bisgaard & Smith LLP, submit their Objections and Responses to

Plaintiff ARI BARUCH TEMAN's ("Plaintiff") Revised First Interrogatories, served by email on

April 23, 2026 ("Revised First Interrogatories"), as follows:

**PLAINTIFF'S FIRST REVISED INTERROGATORIES**

**GENERAL OBJECTIONS**

1.     Defendants object to the Instructions set for in Plaintiffs' First Revised

Interrogatories insofar as they seek to impose requirements to provide discovery inconsistent with,

and/or to the extent not required by, the Federal Rules of Civil Procedure or this Court's Local

Civil Rules.

2.     Defendants object to Plaintiffs' Revised First Interrogatories to the extent that they

are overly broad, unduly burdensome, vague, ambiguous, disproportional to the needs of this case,

and/or exceed the permissible scope of discovery pursuant to Local Rule 26.3.

3.     Defendants object to Plaintiff's Revised First Interrogatories to the extent that they

1

exceed the limited scope of Local Rule 33.3(a).

4.      Defendants object to Plaintiff's Revised First Interrogatories to the extent they fail to define a reasonable and relevant time period. Defendants' Responses will be limited to the relevant time period alleged in Plaintiff's First Amended Complaint (ECF. Doc. No. 35).

5.      Defendants objects to Plaintiff's Revised First Interrogatories to the extent that they seek information that are neither relevant to the claims or defenses of the parties nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Defendants object to Plaintiff's Revised First Interrogatories to the extent that they seek information that is not available to or accessible to them.

7.      Defendants object to Plaintiff's Revised First Interrogatories to the extent they seek information that is privileged, confidential, proprietary and/or contains personal information concerning individuals and entities that are not parties to this action.  To the extent that Plaintiff's Revised First Interrogatories seek information concerning work prepared in anticipation of litigation or for trial, or which are otherwise protected as set forth above, Defendants will not produce such information.

8.      Defendants object to Plaintiff's Revised First  Interrogatories to the extent that they seek information which will be the subject of expert testimony. Such information are protected by the attorney work-product doctrine, and therefore Plaintiff's Revised First Interrogatories have been answered exclusive of such information.

9.      Defendants object to Plaintiff's Revised First  Interrogatories to the extent that they seek information from any individuals and/or entities that Plaintiff has not named as parties to this action.

10.      Defendants object to Plaintiff's Revised First Interrogatories to the extent they are

vague, ambiguous or otherwise lacks sufficient precision or particularity to permit formulation of a responsive answer.

11.    Defendants object to Plaintiff's Revised First  Interrogatories to the extent they seek information that can be more efficiently obtained through other means, such as depositions.

12.    Defendants object to Plaintiff's Revised First Interrogatories to the extent that they seek information that are within Plaintiff's possession, custody, control, or to which is otherwise equally accessible to Plaintiff, as such requests are unduly cumulative and duplicative.

13.    Defendants object to Plaintiff's Revised First Interrogatories to the extent that they seek information that is reflected in the documents produced by Defendants in their Responses to Plaintiff's First Revised Requests for Production, which speak for themselves.

14.    Defendants' Responses are made solely for the purpose of this action. Defendants' Responses are subject to all objections as to competence, relevance, materiality, propriety and admissibility, and any and all other objections and grounds which would require the exclusion of any response or document contained herein if Plaintiff's Revised First Interrogatories were asked of, or any statements contained therein were made by a witness present and testifying at court, all of which objections and grounds are reserved and may be interposed at the time of trial.  By producing or agreeing to produce any document, Defendants do not necessarily concede that such document is relevant to this action or admissible in evidence.

15.    Inadvertent production or disclosure of any information which is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise immune from discovery, shall not constitute a waiver of any such privilege or of any ground for objection to discovery with respect to such information or document, or the information contained therein, or of their  right to object to the use of any such document during any subsequent proceeding herein.

16.     Defendants reserve the right to supplement and/or amend the within Responses up to and including the time of trial.

17.     Defendants reserves the right to cite, at a later date, information not referred to herein in support of its contentions. Defendants reserve this right: (1) in light of the fact that this matter is in the preliminary stages of discovery; and (2) because analysis and consideration of the information, documents and issues in this matter, performed after the date of these Responses, may identify additional information which support Defendants' contentions in this matter.

18.     Each of the General Objections is incorporated by reference in each of the Responses set forth below.  Defendants state that the specific inclusion of a General Objection in a Response shall not be deemed a waiver of any other General Objections with respect to said Demand.

**SPECIFIC OBJECTIONS AND RESPONSES TO
PLAINTIFF'S REVISED FIRST INTERROGATORIES**

**INTERROGATORY 1**: Identify all attorneys, partners, associates, paralegals, or staff who worked on, supervised, or had responsibility for any aspect of the Underlying Action, including but not limited to docketing, calendaring, or case management.

**RESPONSE**: Defendants object to this Interrogatory on the grounds it is (1) is overly broad, unduly burdensome, and not proportional to the needs of the case; (2) seeks information that is not proportional to the needs of the case; (3) seeks confidential business information; (4) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; (5) fails to define a reasonable and relevant time period with specificity; (6) seeks information that is not within Defendants' possession, custody, control, and/or otherwise are not available or accessible to Defendants; and, (7) is vague and ambiguous as posed. Defendants further object to this Interrogatory to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No.

4

70). Defendants further object to this Interrogatory to the extent that it requests identification of attorneys, partners, associates, paralegals, and/or staff who represented the underlying defendants in the Underlying Action, as the requested information as to said individuals is not fully accessible to Defendants.  Subject to and without waiving said objections, as well as the General Objections, in addition to the attorneys and legal staff reflected in the file Defendants maintained for Plaintiff in connection of their legal representation of Plaintiff in the Underlying Action, which will be been produced as kept in the usual course of business under separate cover bearing Bates numbers DEFTS000001 – DEFTS064713, Defendants identify the following:

(1)    Jason Prueher, Esq., Gould Injury Law (formerly employed by ZNC, attorney for Plaintiff in the Underlying Action);

(2)    Glen Alan Kendall, Primo Brand Corporation (formerly associated with Davidoff Law Firm, PLLC, attorney for Plaintiff);

(3)    Defendant Jeremy Virgil, Esq. (ZNC attorney);

(4)    Dianne Barrett (former ZNC paralegal);

(5)    Jamie L. Kircher (former ZNC legal assistant/paralegal);

(6)    Karla M. Jones (former ZNC paralegal);

(7)    Jeanne S. Rieger a/k/a Janne S. Rowe (former ZNC legal assistant);

(8)    Denise Krall, Esq. (former ZNC attorney);

(9)    Michael J. Tone, Jr., Esq. (former ZNC intern);

(10)   Gabriele A. Scala, Esq. (former ZNC attorney);

(11)   Kyle Souza, Esq. (ZNC attorney);

(12)   Marisa R. Pulla, Esq. (ZNC attorney);

(13)   Michael San Souci (former ZNC assistant);

(14)   Carolyn Trotta (former ZNC employee);s

(15)   Casper & deToledo (law firm who referred case to ZNC);

(16)   Jospeh T. Donovan, Esq. Goldberg Weprin Finkel Goldstein, LLP (attorney for underlying defendant Eric Braverman);

(17)   Jacqueline Mandell, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(18)   Ruth Corcoran, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(19)   Christopher Edward Digiacinto, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(20)   Nicole M. Varisco, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(21)    Alyssa M. Schiffhauer, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(22)    David Bloom, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(23)    Sarah Ertle, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(24)    Edward Vincent Schwendemann, Esq., Goldberg Segalla LLP(attorney for underlying defendant Richard Smayda, D.O.);

(25)    Mary Regina Phillips, Esq., Goldberg Segalla LLP(attorney for underlying defendant Richard Smayda, D.O.);

(26)    Jamie Andrew Schrek, Esq. Jamie Andrew Schreck, P.C. (attorney for underlying defendant Darya Braverman);

(27)    Tempest Alston, Esq. Jamie Andrew Schreck, P.C. (attorney for underlying defendant Darya Braverman);

(28)    Diana Theresa Moyhi/Arnone, Esq. Diana Mohyi Attorney at Law, PC (attorney for underlying defendant Total Health Nutrients); and

(29)    Tracy Somber Katz, Esq. Furman Kornfeld & Brenan LLP (attorney for underlying defendant.

**INTERROGATORY 2**: Identify all individuals who supervised Jeremy Virgil in the Underlying Action.

**RESPONSE**: Defendants object to this Interrogatory on the grounds it is (1) is overly broad, unduly burdensome, and not proportional to the needs of the case; (2) seeks information that is not proportional to the needs of the case; (3) seeks confidential business information; (4) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; (5) fails to define a reasonable and relevant time period with specificity; and (6) is vague and ambiguous as posed relative to the term "supervised." Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Subject to and without waiving said objections, as well as the General Objections, while litigating the Underlying Action, Jeremy Virgil was a partner a ZNC and was not supervised in the day to day performance of providing legal services in connection with the Underlying Action.

6

**INTERROGATORY 3**: Identify all individuals who supervised Jason Prueher in the Underlying Action.

**RESPONSE**: Defendants object to this Interrogatory on the grounds it is (1) is overly broad, unduly burdensome, and not proportional to the needs of the case; (2) seeks information that is not proportional to the needs of the case; (3) seeks confidential business information; (4) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; (5) fails to define a reasonable and relevant time period with specificity; and (6) is vague and ambiguous as posed relative to the term "supervised." Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Subject to and without waiving said objections, as well as the General Objections, while litigating the Underlying Action, Jason Preuher was supervised by Jeremy Virgil while performing legal services in connection with the Underlying Action.

**INTERROGATORY 4**: Identify all individuals with knowledge of the default in the Underlying Action.

**RESPONSE**: Defendants object to this Interrogatory on the grounds it is (1) is overly broad, unduly burdensome, and not proportional to the needs of the case; (2) seeks information that is not proportional to the needs of the case; (3) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; (4) fails to define a reasonable and relevant time period with specificity; (5) seeks information that is not within Defendants' possession, custody, control, and/or otherwise are not available or accessible to Defendants; and (6) seeks information that are subject to attorney-client and/or work product privilege prepared in the anticipation of litigation. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants also object to this Interrogatory

7

to the extent that it requests identification of individuals who have information of the default outside of the purview and awareness of Defendants that Defendants have no control over. Subject to and without waiving said objections, as well as the General Objections, in addition to individuals identified in the file Defendants maintained for Plaintiff in connection of their legal representation of Plaintiff in the Underlying Action, which will be been produced as kept in the usual course of business under separate cover bearing Bates numbers DEFTS000001 – DEFTS064713, Defendants identify the following individuals with knowledge of the default in the Underlying Action:

(1)    Defendant Jeremy Virgil (ZNC);

Upon information and belief, the following counsel to the underling Defendants in the Underlying Action, the underlying defendants in the Underlying Action, and the Court and Court personnel in the Underlying Action had knowledge of the default in the Underlying Action:

(1)    Sarah Ertle, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(2)    Christopher Edward Digiacinto, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(3)    Alyssa M. Schiffhauer, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(4)    Jacqueline Mandell, Esq. Kaufman, Borgeest & Ryan (attorney for underlying defendants Eric Braverman, Sandip Buch, M.D., and PATH Medical, P.C.);

(5)    Jamie Andrew Schrek, Esq. Jamie Andrew Schreck, P.C. (attorney for underlying defendant Darya Braverman);

(6)    Tempest Alston, Esq. Jamie Andrew Schreck, P.C. (attorney for underlying defendant Darya Braverman);

(7)    Diana Theresa Moyhi/Arnone, Esq. Diana Mohyi Attorney at Law, PC (attorney for underlying defendant Total Health Nutrients);

(8)    Mary Regina Phillips, Esq., Goldberg Segalla LLP(attorney for underlying defendant Richard Smayda, D.O.);

(9)    Kaitlin Drummond, Esq. Furman Kornfeld & Brenan LLP (attorney for underlying defendant;

(10)   Hon. Kathy K. King (Justice of the New York State Supreme Court, County of New York);

8

(11)    Deborah Santelmo, Esq. (principal law clerk to Judge King);
(12)    West Overstreet, Esq. (assistant law clerk to Judge King);
(13)    Charmayne I. Moss (Court clerk to Judge King);
(14)    Hon. Kathy K. King (Justice of the Supreme Court of the State of New York, Appellate Division, First Department);
(15)    Hon. Sallie Manzanet-Daniels (Justice of the Supreme Court of the State of New York, Appellate Division, First Department);
(16)    Hon. Cynthia S. Kern (Justice of the Supreme Court of the State of New York, Appellate Division, First Department);
(17)    Hon. Peter H. Moulton (Justice of the Supreme Court of the State of New York, Appellate Division, First Department);
(18)    Hon. Saliann Scarpulla (Justice of the Supreme Court of the State of New York, Appellate Division, First Department);
(19)    Hon. Llinet M. Rosada (Justice of the Supreme Court of the State of New York, Appellate Division, First Department);
(20)    Susanna Molina Rojas (Clerk of the Court of the State of New York, Appellate Division, First Department);
(21)    Hon. Rowan D. Wilson (Chief Judge of the State of New York, Court of Appeals); and
(22)    Lisa LeCourts (Clerk of the Court of the State of New York, Court of Appeals);

**INTERROGATORY 5**: Identify the docketing systems used for the Underlying Action.

**RESPONSE**: Defendants object to this Interrogatory on the grounds it is (1) seeks information that is not proportional to the needs of the case; (2) seeks confidential business information; (3) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; (4) fails to define a reasonable and relevant time period with specificity; (5) seeks information that is not within Defendants' possession, custody, control, and/or otherwise are not available or accessible to Defendants; and (6) is vague and ambiguous, as it fails to define "docketing systems" and who used same. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants additionally object to this Request to the extent it exceeds the limited scope of Local Rule 33.3(a). Defendants also object to responding this Request as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90).

**INTERROGATORY 6**: Identify the location and custodians of documents relating to the Underlying Action.

**RESPONSE**: Defendants object to this Request on the grounds that it (1) is overly broad, unduly burdensome, and seeks information that is not proportional to the needs of the case; (2) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; (3) seeks information that is not proportional to the needs of the case; (4) fails to define a reasonable and relevant time period with specificity; (5) seeks confidential business information; (6) seeks information that is not within Defendants' possession, custody, control, and/or otherwise are not available or accessible to Defendants; and (6) seeks documents that are subject to attorney-client and/or work product privilege. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants also object to the identification of location and custodian and documents relating to the Underlying Action that are outside of the possession, custody, control, purview, and awareness of Defendants. Subject to and without waiving said objections, as well as the General Objections, Defendants maintained documents relating to the Underlying Action in electronic and physical format as part of the file Defendants' maintained for Plaintiff in connection of their legal representation of Plaintiff in the Underlying Action, which will be produced under separate cover as kept in the usual course of business under separate cover bearing Bates numbers DEFTS000001 – DEFTS064713. In addition, the following individuals and/or entities may possess documents related to the Underlying Action: (1) Plaintiff; (2) the individuals listed in Defendants' Response to Interrogatory No 1., *supra*; (2) the individuals listed in defendants' March 24, 2026 Fed. R. Civ. P. 26(a)(1)(A)(i) initial disclosures; and (3) the parties, attorneys, medical providers, consulted experts, witnesses, individuals, and/or entities who were involved in the Underlying Action, as

reflected in the file Defendants' maintained for Plaintiff in connection of their legal representation of Plaintiff in the Underlying Action.

**INTERROGATORY 7**: Identify all email accounts, messaging platforms, or communication systems used by Jeremy Virgil (or others) in connection with the Underlying Action, and identify the custodians of documents from each.

**RESPONSE**: Defendants object to this Interrogatory on the grounds it (1) is overly broad, unduly burdensome, and seeks information that is not proportional to the needs of the case; (2) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; (3) fails to define a reasonable and relevant time period with specificity; (4) seeks information that is not within Defendants' possession, custody, control, and/or otherwise are not available or accessible to Defendants; (5) seeks documents that are subject to attorney-client and/or work product privilege; and (6) is vague and ambiguous, as it fails to define or specify the scope for "others" or communication systems used "in connection with the Underlying Action." Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants additionally object to this Request to the extent it exceeds the limited scope of Local Rule 33.3(a), as Defendants are not obligated to identify utilized "email accounts, messaging platforms, or communications." Defendants also object to responding this Request in party as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). Defendants additionally object to identification of location and custodian and documents relating to the Underlying Action that are outside of the possession, custody, control, awareness, and purview of Defendants.

11

**INTERROGATORY 8**: Identify the locations and custodians of communications relating to the Underlying Action that were maintained outside Defendants' primary document or email systems.

**RESPONSE**: Defendants object to this Interrogatory on the grounds it (1) is overly broad, unduly burdensome, and seeks information that is not proportional to the needs of the case; (2) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; (3) fails to define a reasonable and relevant time period with specificity; (4) seeks information that is not within Defendants' possession, custody, control, and/or otherwise are not available or accessible to Defendants; (5) seeks documents that are subject to attorney-client and/or work product privilege; and (6) is vague and ambiguous, as it fails to define or specify the scope for "communications relating to the Underlying Action" or "Defendants' primary document or email systems." Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants also object to responding this Request in party as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90). Defendants additionally object to identification of location and custodian and documents relating to the Underlying Action that are outside of the possession, custody, control, awareness, and purview of Defendants.

**INTERROGATORY 9**: Identify all individuals who recorded time in connection with the Underlying Action and state the approximate number of hours recorded by each.

**RESPONSE**: Defendants object to this Interrogatory on the grounds it is (1) is overly broad, unduly burdensome, and seeks information that is not proportional to the needs of the case; (2) seeks confidential business information; (3) seeks information that is not reasonably calculated to lead to the discovery of admissible evidence; (4) fails to define a reasonable and relevant time

period with specificity; and (5) seeks information that is not within Defendants' possession, custody, control, and/or otherwise are not available or accessible to Defendants. Defendants further object to this Request to the extent that it violates this Court's April 21, 2026 Order (ECF Doc. No. 70). Defendants additionally object to this Request to the extent it exceeds the limited scope of Local Rule 33.3(a), as defendants are not obligate to identify "individuals who recorded time" or to "state the approximate number of hours recorded by each," only to identify witnesses and/or the location and custodian of records. Subject to and without waiving said objections, as well as the General Objections, Defendants provided Plaintiff with legal representation in the Underlying Action on a contingency basis, and all time spend as part of said representation was not recorded. Defendants also object to responding this Request in party as it is subject to Defendants' pending letter motion seeking a Protective Order (ECF Doc. No. 90).

In providing Responses to Plaintiff's Revised First Interrogatories, Defendants reserve the right to amend, modify or supplement these Responses as they may deem necessary and appropriate based upon discovery of additional information and/or documents.

Dated: New York, New York
    May 26, 2026.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By: /s/ Cristina Yannucci, Esq.
_____
Cristina Yannucci, Esq.
*Attorneys for Defendants*
*ZELDES, NEEDLE & COOPER, P.C.,*
*and JEREMY VIRGIL*
7 World Trade Center250 Greenwich Street, 11th Floor
New York, New York 10007
Phone: (212) 232-1412
Email: cristina.yannucci@lewisbrisbois.com
File No. 47558.92

**Via Email**
To:    ARI TEMAN
    *Pro se Plaintiff*
    1521 Alton Road, #888
    Miami Beach, Florida 33139
    Phone: (212) 203-3714
    Email: ari@teman.com

14