# **<u>EXHIBIT 3</u>**

| | |
|---|---|
| **From:** | Yannucci, Cristina |
| **Sent:** | Monday, June 1, 2026 3:42 PM |
| **To:** | Ari B. Teman |
| **Cc:** | Cohen, Sam; Max Gershenoff; Amanda B. Drantch |
| **Subject:** | LBBS File No. 47558-92:Teman v. Zeldes Needle Cooper LLP, No. 1:24-cv-09830 (LJL) — Meet-and-Confer Letter and Notice re: Production |
| **Attachments:** | Teman - Interim Discovery Order (6.1.26).pdf; Teman - Discovery Order (5.21.26).pdf; Subject: Teman v. ZNC, 24-cv-9830 (LJL) — June 2 Meet-and-Confer (Request to Conduct in Writing); 20260531-000000-S_Teman_Meet_And_Confer.pdf |

Good afternoon, Mr. Teman,

We are in receipt of your May 31, 2026 correspondence (below and attached) by which you request that pursuant to the Court's May 21st Order (also attached), we address Defendants' alleged discovery deficiencies prior to the Court Ordered June 2, 2026 meet and confer deadline.

As a preliminary matter, we have replied to all and copied defense counsel in the Teman v. MedPro Action in light of your joint communication. However, as per your subject line and the Orders you reference, we understand this communication to be related solely to the Teman v. Zeldes Needle Cooper LLC matter.

In that regard, the Court's May 21, 2026 Order provides that "[t]he parties shall engage in a meet and confer regarding any [of Plaintiff's] responses Defendants deem deficient no later than June 2, 2026." The Order does not direct that the parties meet and confer regarding Defendants' discovery responses.

Furthermore, as you may be aware, today the Court issued the attached Order, providing: "Defendants' obligation to respond to Plaintiff's discovery requests is suspended pending further order of the Court."

Accordingly, no response is due and owing by Defendants at this time. All rights are reserved to respond accordingly if and when guidance and direction is provided by the Court following the June 8th conference.

Finally, we confirm receipt of "Plaintiff's Amended Initial Disclosures, Responses to Interrogatories Nos. 1 and 3, and Responses to Defendants' Frist Request for Production of Documents," served by email on May 28, 2026. As per your subsequent May 28, 2026 email (attached), we agree to your request to conduct the June 2, 2026 meet and confer regarding your amended discovery responses/disclosures by exchange of written communication. Tomorrow, June 2, 2026, we will send you a correspondence identifying the continued deficiencies in an attempt to resolve same without the need for further Court intervention.

Very truly yours,
Cristina R. Yannucci


**Cristina R. Yannucci**
**Partner | National Co-Chair, Professional Liability Practice**
New York
212.232.1412 or x2121412

---

**From:** Ari B. Teman <ari@teman.com>
**Sent:** Sunday, May 31, 2026 12:55 PM
**To:** Yannucci, Cristina <Cristina.Yannucci@lewisbrisbois.com>; Cohen, Sam <Sam.Cohen@lewisbrisbois.com>; Max

Gershenoff <Max.Gershenoff@rivkin.com>; Amanda B. Drantch <Amanda.Drantch@rivkin.com>
**Subject:** Teman v. Zeldes Needle Cooper LLP, No. 1:24-cv-09830 (LJL) — Meet-and-Confer Letter and Notice re: Production

EXTERNAL

Counsel,

Attached are two letters in the above matter, served in advance of the June 2, 2026 conferral and the June 8, 2026 conference:

1. A meet-and-confer letter to Lewis Brisbois (Ms. Yannucci and Mr. Cohen) pursuant to the Court's May 21, 2026 Order (ECF No. 93) and Local Civil Rule 37.2, addressing the form of production, the client file, completeness, the privilege and non-responsive log, and the "not responsive" redactions.

2. A letter to Rivkin Radler (Mr. Gershenoff and Ms. Drantch) providing notice regarding the "not responsive" redactions and reserving rights.

The substance, requests, and timing are set out in the letters themselves. I remain willing to confer by telephone at your convenience in advance of the June 2 conferral.

Ms. Yannucci and Mr. Cohen: as set out in the meet-and-confer letter, please notify **Mr. Kyle Souza, Ms. Denise Krall, and Ms. Lori DaSilva-Fiano** that they have been placed on notice through you, that they should retain all relevant documents and communications, and that they may need to make appropriate notifications to their insurers regarding the anticipated claims against them. Please also advise whether you accept service or representation on their behalf.

Mr. Gershenoff: to the extent your client is ready to put the Zeldes and MedPro matters behind them, I welcome a reasonable and respectful settlement offer. I believe these letters make clear the liabilities the insured Zeldes defendants and their insurer face.


Regards,
Ari Teman
Plaintiff pro se
ari@teman.com

**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,

Visit us for a demo (By Appointment only):

NYC: Herald Square
Miami: Lincoln Road

All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.
Statements herein about other companies and individuals
should be taken as opinion and not fact.