# EXHIBIT 4

| | |
|---|---|
| **From:** | Yannucci, Cristina |
| **Sent:** | Tuesday, June 2, 2026 10:39 PM |
| **To:** | Ari B. Teman |
| **Cc:** | Cohen, Sam |
| **Subject:** | LBBS File No. 47558-92:Teman v. Zeldes Needle Cooper LLP, No. 1:24-cv-09830 (LJL) — Meet-and-Confer: Good Faith Letter |
| **Attachments:** | Teman - Discovery Order (5.21.26).pdf; Teman v. ZNC - Good Faith Letter (June 2 2026).pdf |

Dear Mr. Teman,

Pursuant to the Court's May 21, 2026 Order (attached), and the parties subsequent agreement to conduct the June 2, 2026 meet and confer in writing, please find attached Defendants' good faith letter identifying the continued deficiencies contained within "Plaintiff's Amended Initial Disclosures, Responses to Interrogatories Nos. 1 and 3, and Responses to Defendants' First Request for Production of Documents," served by email on May 28, 2026.

Very truly yours,
Cristina R. Yannucci


**Cristina R. Yannucci**
**Partner | National Co-Chair, Professional Liability Practice**
New York
212.232.1412 or x2121412



Cristina R. Yannucci
7 World Trade Center
250 Greenwich Street, 11th Floor
New York, New York 10007
Cristina.Yannucci@lewisbrisbois.com
Direct: 212.232.1412

June 2, 2026                                                                 File No. 47558.92

**<u>VIA ECF</u>**
ARI TEMAN
*Pro se Plaintiff*
1521 Alton Road, #888
Miami Beach, Florida 33139
Email: ari@teman.com

> Re:    *Ari Baruch Teman v. Zeldes Needle Cooper LLP and Jeremy Virgil*
> <u>United States District Court, Southern District of New York, Civil Case No. 1:24-cv-09830</u>

Dear Mr. Teman:

Our  firm represents defendants Zeldes Needler Cooper, P.C. s/h/i/a Zeldes Needle Cooper LLP and Jeremy Virgil ("Defendants") in the above-referenced matter. By May 21, 2026 Order (ECF Doc. No. 93), this Court directed that you "shall comply" with the following discovery directives by May 28, 2026:

- <u>Defendants' First Interrogatories</u>

   o "Plaintiff shall respond to Interrogatory No. 1, which seeks the identity of witnesses with knowledge or information relevant to the subject matter of the action, with all relevant treating medical providers and individuals with knowledge of Plaintiff's earnings capacity"

   o "Plaintiff […] shall respond to Interrogatory No. 3 with the identity of document custodians and a description of the documents in their custody."

- <u>Rule 26(a)(1) Initial Disclosures</u>

   o "Plaintiff shall serve amended Rule 26(a)(1) disclosures (i) identifying by name (and, if known, the address and telephone number) of the individuals likely to have discoverable information that Plaintiff may use to support his claims (including the attorneys involved in the underlying action, the individuals involved in matters related to *United States v. Teman*, and the medical providers who treated Plaintiff)."

   o "Plaintiff shall serve amended Rule 26(a)(1) disclosures" including "(ii) a computation of each category of damages."

- <u>Defendants' First Requests for Production of Documents</u>

   o "Plaintiff shall respond to Defendants' First Request for Production of Documents ("RFD")  in conformance with Federal Rule of Civil Procedure 34(b)(2), responding separately to each item, indicating whether documents

June 2, 2026
Page 2

- will be produced and, if not, stating with 'specificity the grounds for objecting to the request, including the reasons.'"

  o "Except as to where the documents are subject to a specific objection, all responsive documents shall be served contemporaneously with the response to the RFD."

  o "Plaintiff shall also serve an itemized privilege log with his document production."

- Objections

  o "To the extent that Plaintiff objects that he should not be required to comply with this Order or with his obligations under the Federal Rules of Civil Procedure, the objection is overruled."

The Court, in its May 21, 2026 Order, also directed the parties to "engage in a meet and confer regarding any responses Defendants deem deficient no later than June 2, 2026." (ECF Doc. No. 93). By your May 28, 2026 email, you requested that the June 2, 2026 meet and confer be conducted in writing. Defendants agreed to your request by email on June 1, 2026.

In accordance with the Court's directives and the parties' agreement, Defendants identify the following deficiencies as contained within "Plaintiff's Amended Initial Disclosures, Responses to Interrogatories Nos. 1 and 3, and Responses to Defendants' First Request for Production of Documents," served by email on May 28, 2026:

**General Deficiencies in Plaintiff's Amended Discovery Responses and Disclosures**

- In the section titled "Reservation and Notice of Good-Faith Effort; Supplementation Pending Production of Client File," you state that you "expressly reserv[e] the right to amend and supplement the each of the foregoing [responses and disclosures] once [you] receive [your] client file(s) from Defendants." This reservation violates the directives contained within the Court's May 21, 2026 Order, including your May 28, 2026 discovery deadline, and the FRCP, as your discovery obligations are independent of and do not hinge upon Defendants' discovery obligations.

- You fail to state any specific objections to any discovery request. Accordingly, you have no basis for withholding responsive documents or justification for failing to produce responsive documents in your possession, custody, and/or control by the May 28, 2026 deadline.

**Deficiencies in Plaintiff's Responses to Interrogatories and Rule 26(a)(1)(A)(i) Disclosures**

Amended Response to Interrogatory No. 1 and Amended Rule 26(a)(1)(A)(i) Disclosures:

- You fail to provide separate written responses for your consolidated Response to Interrogatory No. 1 and  Amended Rule 26(a)(1)(A)(i) Disclosures.

- In your March 24, 2027 Rule 26(a)(1)(A)(i) Disclosures, you claimed there were witnesses "involved in matters related to United States v. Teman" but did not identify same in your Amended Responses/Disclosures. Reference is made to the Court's May 21, 2026 Order to provide this information and your failure to do so.

June 2, 2026
Page 3

- **A. Parties and Counsel – Present Federal Action**

  o You identify Defendants' current legal counsel. Defendants' current legal counsel does not possess discoverable information pertinent to your claims of legal malpractice concerning Defendants' representation in the Underlying Action.[1]

  o You identify Jason Prueher as a witness to "[c]ommunications concerning Dr. Sandip Buch and related litigation matters." Reference to "related litigation matters" goes beyond that which is discoverable information pertinent to your legal malpractice claims concerning Defendants' representation of you in the Underlying Action.

  o You identify Defendants' liability insurers (Scott Patrick, Attorney Protective and Tim Kenesy, MedPro). Defendants' liability insurers do not possess discoverable information pertinent to your claims of legal malpractice concerning Defendants' representation of you in the Underlying Action.

- **B. Former ZNC Defendants**

  o You identify numerous "Former ZNC Defendants" (Maximino Medina, Richard A. Sarner, Edward R. Scofield, Lori A. DaSilva-Fiano, Saboto "Sam" P. Fiano, Richard D. Zeisler, Maria A. Casper, Robert S. Cooper, and Lisa S. Dumond) as witnesses to "[p]artnership and firm-related matters." Reference to "[p]artnership and firm-related matters" goes beyond that which is discoverable information pertinent to your legal malpractice claims concerning Defendants' representation of you in the Underlying Action.

- **C. Counsel in the Underlying Action**

  o You identify numerous attorneys of "Danaher Lagnese, P.C." (Sally O. Hagerty, RN, JD, Natalie Tobias, Ilyssa Kelson, and Neil Danaher) as "Defense Counsel, Underlying Action," without identification of who they represented. Upon information and belief, these attorneys did not appear in the Underlying Action, and you alleged in *Teman v. MedPro et al* (1:26-cv-03517) that "Danaher Lagnese, P.C. [was] counsel for Silver Hill Hospital" in a legal matter distinct from the Underlying Action (ECF Doc. No. 1 at ¶ 17 for 1:26-cv-03517).

  o You identify an Andrew Horton, Beasy Group as an insurer, without identifying who this individual insured or whether they were involved in the Underlying Action.

  o You identify an Eric S. Rothenberg, Esq. as "Counsel – Underlying Action," without identification of who he represented. Upon information and belief, this attorney did not appear in the Underlying Action. You also indicate that his mailing address will "be supplemented," despite your May 28, 2026 discovery deadline.

  o You identify Ariel Reintz, Esq., Fisher Broyles as "Former Plaintiff's Counsel." Upon information and belief this individual did not appear in the Underlying

---

[1] In "Plaintiff's Amended Initial Disclosures, Responses to Interrogatories Nos. 1 and 3, and Responses to Defendants' First Request for Production of Documents," you identify the Underlying Action as *Teman v. Braverman*, Index No. 805410/2014.

June 2, 2026
Page 4

Action. You also indicate that his mailing address will "be supplemented," despite your May 28, 2026 discovery response deadline.

o You fail to identify the counsel for the parties in the Underlying Action.

- **D. Related Judicial Proceedings**

o You identify "Related Judicial Proceedings" which were not required or requested.

- **E. Defendants and Individuals in the Underlying Action**

o You fail to identify all contact information for the defendants in the Underlying Action who rendered medical treatment to you.

- **F. Treating Medical Providers**

o You identify three treating mental health providers from Centerpoint Mental Health Center (Dr. Samual Sharmat, psychiatrist, Dr. Alisa Kriegel, psychologist, Dr. Jordan Wright, psychotherapist) without identifying contact information. Furthermore, you fail to identify treating mental health providers as reflected in the HIPAA authorizations for other mental health providers. Upon information and belief, you treated with additional mental health providers.

o You identify two ENT doctors (Dr. Zvi Osterweil and Dr. Glen Waldman). You fail to identify other ENT doctors as reflected in the HIPAA authorization for a different ENT. Upon information and belief, you treated with additional ENT providers.

o You identify Dr. Gelman from Silver Hill Hospital as being your treating physician, but failed to disclose any other prior, concurrent, or subsequent general treating physicians.

o You identify an "Erel Shvil" but failed to provide any contact information, medical field, or subject of discovery information, beyond "deposition-related matters and communications."

o Beyond Dr. Gelman, "Erel Shvil," and a Rabbi Levi Shmotkin, you failed to identify any provider for your other prior, concurrent, or subsequent medical/mental health providers who treated the medical and mental injuries/conditions/treatments placed at issue by you in the Underlying Action.

- **G. Damages Valuation Witnesses**

o You identify expert Jay Weintraub but failed to provide any contact information.

- **H. Other Individuals Referenced in Discovery Materials**

o You identify Doris Farahnik, Jon Harari, Natalia Goberman/Rosenstock, and Keith Seto as witnesses, but failed to provide any contact information or subject of discoverable information, beyond indicating they are "referenced in discovery requests and production materials."

- **I. Entities**

o You identify various entities, but do not identify any individual witnesses from said entities.

June 2, 2026
Page 5

- o You identify "Horizon Blue Cross Blue Shield of New Jersey" as your health insurer but failed to provide a HIPAA authorization or records for same.

- o You identify "[l]itigation-support vendors and custodians in the handling or production of electronically stored information" without identification of any individuals, entities, contact information, or relevance.

- o You improperly identify "[l]itigation-support vendors and custodians in the handling or production of electronically stored information" concerning "the present action," which does not relate to the Underlying Action.

Amended Response to Interrogatory No. 3

- **1. Ari Baruch Teman (Plaintiff)**

  - o You identify yourself as a custodian for the following documents but failed to produce same to date: "All communications with ZNC and Jeremy Virgil; communications regarding the Underlying Action; correspondence with treating medical providers; financial records and earnings documentation; communications with Danaher Lagnese, MedPro Group, Attorney Protective, and Lewis Brisbois; and all documents referenced in Plaintiff's pleadings and disclosures." Furthermore, communications with Defendants' insurers and attorneys do not classify as discoverable information pertinent to your claims of legal malpractice concerning Defendants' representation in the Underlying Action.

- **2. Zeldes, Needle & Cooper, P.C. and Jeremy Virgil (Defendants)**

  - o You identify what documents you believe are in Defendants' possession and the file Defendants' maintained as part of their representation of Plaintiff in the Underlying Action without identification of same by reference to Defendants' production.

- **3. Danaher Lagnese, P.C.**

  - o Upon information and belief, Danaher Lagnese, P.C. was not counsel in the Underlying Action, and you alleged in *Teman v. MedPro et al* (1:26-cv-03517) that "Danaher Lagnese, P.C. [was] counsel for Silver Hill Hospital" in a legal matter distinct from the Underlying Action (ECF Doc. No. 1 at ¶ 17 for 1:26-cv-03517).

- **4. MedPro Group / Attorney Protective (Insurer)**

  - o You identify communications and documents maintained by Defendants' liability insurer which do not classify as discoverable information pertinent to your claims of legal malpractice concerning Defendants' representation in the Underlying Action.

  - o You claim there is no insurance policy "currently found" despite Defendants' counsel producing same as part of their FRCP 26(a)(1) initial disclosure.

- **5. Lewis Brisbois Bisgaard & Smith LLP**

  - o You identify communications and documents maintained by Defendants' current counsel in this litigation, as well as communications with Defendants' liability insurers, all of which are governed by attorney-client and work product privilege and do not do not classify as discoverable information pertinent to

June 2, 2026
Page 6

your claims of legal malpractice concerning Defendants' representation in the Underlying Action.

- **Electronically Stored Information — Sources and Repositories**

  o You represent that "responsive electronically stored information is or may be maintained in the following repositories, of which **Plaintiff is the custodian**: Gmail; iCloud; iPhone backups; WhatsApp; Signal; SMS/iMessage; Dropbox; Google Drive; local hard drives; external backup drives; PDF productions received from counsel; native-format productions; downloads from PACER and the New York State Courts Electronic Filing system (NYSCEF); medical-record patient portals; and GateGuard-related systems." (emphasis added). However, you failed to produce written discovery responses reflecting that responsive documents were produced from these repositories.

  o You failed to produce metadata for any of the documents produced in discovery, including documents derived from the above-identified repositories.

  o You represent you "ha[ve] searched [the above] sources in connection with this production and will supplemental as additional responsive material is located," but failed to produce any new documents, in violation of the May 28, 2026 discovery deadline.

  o You represent that "responsive materials presently exist only in PDF, TIFF, or image-rendered format as received from prior custodians, counsel, vendors, or production sources," but failed to produce such documents from any prior custodians, counsel, vendors, or production sources.

Amended Rule 26(a)(1)(A)(iii) Disclosures:

- **A. Value of the Lost Recovery in the Underlying Action (Primary Damages)**

  o You claim the "Underlying Action had an approximate original value of $24,000,00," but set forth no basis for and no computation of said damages. You also failed to produce the evidentiary material upon which this damage or computation is based.

  o You state the Underlying Action "involved multiple impacted policies, and named multiple defendants" but provide no information relating to the alleged lost value of the Underlying Action. You further failed to identify what insurance policies were "impacted."

  o You provide hypothetical calculations regarding what a recovery obtained in 2017, ranging from $5,000,000 to $24,000,000 would be worth today, yet failed to provide a basis for these amounts or the timing of the hypothetical 2017 recovery. You also failed to provide any documentation or evidentiary support for your speculative calculations.

- **A-1. Virgil-Identified Braverman Insurance Recovery — Specific Document in Production**

  o You misrepresent the contents of the email designated "001A-0035-0036," by claiming it reflects "that Defendant Jeremy Virgil himself identified the claim against Dr. Braverman as worth $1,500,000 in insurance policy payment."

June 2, 2026
Page 7

- **B. Direct Out-of-Pocket Damages**

  o You claim you incurred additional costs for "vitamins, supplementals, chelation, medications" that will "be supplemented" but you failed to identify or provide such documentation in violation of the May 28, 2026 discovery deadline.

  o You failed to provide records or any authorization for the release of records demonstrating proof of your alleged out-of-pocket medical expenses.

- **C. Lost Earnings and Business Damages**

  o You represent that your "lost earnings and business damages include those associated with the following ventures, activities, and opportunities:" (1) 12gurus:Health and 12gurus:Charity; (2) JCorps; (3) GateGuard; (4) Property Panel; (5) Comedy career; (6) unspecified speaking consulting, financing, and technology opportunities; and (7) unspecified consequential losses. However, you failed to provide any specific amounts, time periods, information, or documentation concerning and evidencing your claimed lost earnings.

  o You failed to provide record authorizations the business ventures you identify.

  o You indicate that computation for consequential losses will be supplemented in the future, in violation of the May 28, 2026 discovery deadline.

- **F. Expert and Supporting Materials Already Produced**

  o You represent that the "valuation analysis and opinions of Jay Weintraub concer[n] the 12gurus conference business and related losses," but failed to identify what documents you produced by reference to Bates number. You also failed to identify materials regarding your other business ventures.

  o You represent that you provided "medical analyses associated with Dr. Erl Shvil, Dr. Alisa Krieel, Dr. Samuel Sharmat, Dr. Glen Waldman, and related treating an consulting providers" but did not serve same in your production.

  o You represent you will "supplement and amend" this Disclosure "with additional expert reports, computations, and analyses." However, your Rule 26(a)(1) Initial Disclosures were originally due March 24, 2026 and the Court directed you to provide sufficient Initial Disclosures by May 28, 2026.

Amended Response to Defendants' First Request for Production of Documents

- Document Production

  o You represent that "Documents are identified by Bates number from Plaintiff's production (Prefix:001A). However, no such production bears this Bates prefix. Instead, you produced documents bearing Bates numbers TMNvZNC_2026-04-29000001 - TMNvZNC_2026-04-29000429.

  o You improperly marked documents as "Confidential" without prior Court Order or agreement.

  o Your document production does not contain metadata.

  o Your document production largely contains incomplete email chains and attachments, many of which do not relate to the Underlying Action.

June 2, 2026
Page 8

- o Upon information and belief, your document production is missing records and communications that you authored and/or received, as reflected in the documents contained within Defendants' production.

- o You failed to produce documents you identified as within your possession in your Amended Response to Interrogatory No. 3.

- o You refused to produce documents despite your independent obligation to search and produce responsive documents independent of Defendants' discovery obligations and beyond what you believe may be contained within the file maintained for the Underlying Action.

- o You produced numerous documents that do not concern the Underlying Action, and are not responsive to Defendants' requests.

- o You indicate that you "will continue producing responsive nonprivileged materials on a rolling basis as additional materials are located and organized" in violation of the May 28, 2026 discovery deadline.

- HIPAA Authorizations and Lack of Medical Records

- o You served 48 HIPAA authorizations for all medical providers previously identified by Defendants, but you did not provide additional responsive authorizations for pertinent medical providers requested, as detailed below.

- o You failed to produce any medical records or communications with your treating providers.

- o In your April 28, 2026 "Objections and Proposed Limitations on Discovery," you proposed and agreed that medical discovery would include: (1) "[r]ecords prior to September 2011 limited to: Conditions allegedly misdiagnosed or treated by Braverman/PATH; and Baseline health relevant to causation;" and (2) "[s]ubsequent diagnosis and treatment correcting the misdiagnosis (including sleep disorder diagnosis and related care)." You failed to identify or produce these records and/or HIPAA authorizations for such medical providers.

- o In your April 30, 2025 letter motion (ECF Doc. No. 70), you represented that you could not travel because you were diagnosed with an ENT condition that was being treated in Israel. You failed to produce any records and/or HIPAA authorizations for such ENT providers.

- o You failed to produce a HIPAA authorization for Horizon Blue Cross Blue Shield of New Jersey, which you identified as your insurance provider.

- o You utilized your own custom HIPAA authorization form, not the New York approved HIPAA form provided to you by Defendants' counsel.

- o Your custom HIPAA authorization does not authorize the release of: (1) Alcohol/Drug Treatment Information; (2) Mental Health Information; or (3) HIV-Related Information. These items are contained within the New York approved HIPAA form provided to you by Defendants' counsel.

- o All HIPAA authorizations are improperly limited in time from September 15, 2008 to the present without Court Order or prior agreement.

- o All HIPAA authorizations are missing you Social Security Number.

June 2, 2026
Page 9

- o    All HIPAA authorizations are missing the addresses of your medical providers.

- o    All HIPAA authorizations contain your unverified electronic signature, which may be rejected by providers. Defendants request that you physically sign all authorizations with a physical signature and serve same by mail and/or email.

- Authorization for Glen A. Kendall, Esq. Davidoff Law Firm, PLLC to Release Client File

  - o    You failed to execute this authorization.

- Form 4506-T – Request for Transcript of Tax Return

  - o    You utilized the outdated "Rev. March 2024" Form 4506-T with your own custom alterations, rather than the "April 2025" Form 4506-T provided by Defendants' counsel.

  - o    You failed to provide numerous items of required information for the Form 4506-T, including: (1) the name shown on your tax return; (2) your Social Security Number, ITIN, or EIN; (3) any other names contained on any joint returns; (4) the Social Security Number, ITIN, or EIN of any other persons contained within any jointly filed tax returns; and (5) the name, address, and phone number of the entity for whom records are to be released.

  - o    You provided an typed electronic signature, but Part 10.10.1-1 of the Internal Revenue Manual only permits electronic signature of a From 4506-T by inputting a PIN or electronic signature using a stylus device.

- Business Records and Other Records Pertaining to Lost Earnings

  - o    You failed to provide records or authorizations for the businesses you identified in your Amended Rule 26(a)(1)(A)(iii) Disclosures.

  - o    You indicate that "Tax Returns, Earnings Statements, IRS Authorization" will "be supplemented," in violation of the May 28, 2026 discovery deadline.

  - o    You indicate that records and/or authorization from your "bookkeeper/tax preparer: Bettina Lasin" will "be supplemented," in violation of the May 28, 2026 discovery deadline.

  - o    You indicate that "Business/Entity Financial Records and Authorizations" will "be supplemented," in violation of the May 28, 2026 discovery deadline.

- Lack of Privilege Log Despite Prior Identification of Privileged Materials

  - o    You indicate that "[n]o documents are being withheld on privilege grounds at this time" and you did not produce an itemized privilege log. However, in your April 29, 2026 "Responses to Defendants' First RFPs and Interrogatories," you indicate that you had "withheld privilege materials, including: attorney-client communications; work product; legal strategy communications" and that "[a] privilege log will be provided if required." You failed to either produce the previously withheld documents or produce a privilege log.

  - o    Your document production contains redactions without identifying the basis for same or providing a privilege log.

- RFP 1: All documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, relating to Plaintiff's retention of Defendants for and in connection with the Underlying Action.

June 2, 2026
Page 10

- o You failed to provide responsive documents, and instead identify a single email addressed to a non-ZNC attorney regarding Sandip Buch.

- RFP 2: All documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, concerning or relating to the scope of Defendants representation of Plaintiff in the Underlying Action.

  - o You identify only 236 pages of incomplete email chains, many of which do not concern the Underlying Action, and no separate non-email documents.

  - o Upon information and belief, you failed to produce documents you authored and received, and failed to produce the documents you identified in your Amended Response to Interrogatory No. 3.

- RFP 3: Any and all retainer agreement(s) between Plaintiff and Defendants concerning or relating to Defendants' representation of Plaintiff in the Underlying Action.

  - o You failed to provide responsive documents.

- RFP 4: Any and all documents and communications supporting, concerning, or relating to Plaintiff's claim, as alleged in section "III" paragraph "9" of the Amended Complaint that "[o]n May 4, 2015, Plaintiff retained ZNC, through Defendant Virgil, pursuant to a written engagement letter."

  - o You failed to provide responsive documents.

- RFP 5: All documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and the Defendants concerning or relating to the Underlying Action.

  - o You identify only 236 pages of incomplete email chains, many of which do not concern the Underlying Action, and no separate non-email documents.

  - o Upon information and belief, you failed to produce documents you authored and received, and failed to produce documents you identified in your Amended Response to Interrogatory No. 3.

- RFP 6: Any and all documents and communications supporting, concerning, or relating to Plaintiff's claim, as alleged in section "III" paragraph "8" of the Amended Complaint that "[i]n November 2014, Plaintiff commenced" the Underlying Action prior to Defendants' retention.

  - o You failed to produce responsive documents beyond (:1) a 2019 email that does not relate to the November 2014 commencement of the Underlying Action; and (2) the underlying Complaint in the Underlying Action.

- RFP 7: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and all attorneys Plaintiff consulted with and/or retained, other than Defendants, to represent Plaintiff for the claims asserted in the Underlying Action prior to Defendant' retention.

  - o You failed to produce responsive documents, and instead identify four emails that are not responsive to this request.

June 2, 2026
Page 11

- <u>RFP 8</u>: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and all attorneys, other than the Defendants, concerning or relating to the Underlying Action.

    o You inaccurately characterize this request as "*All communications with successor or prior counsel regarding the Underlying Action.*"

    o You failed to provide responsive documents, and instead identify four emails that do are not responsive to this request.

- <u>RFP 9</u>: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and Glen Alan Kendall and/or the attorneys employed by Davidoff Law Firm, PLLC relative to the legal services provided to Plaintiff for the Underlying Action prior to Defendants' retention.

    o You failed to provide responsive documents, beyond stating that none are "currently found" or "is in Client File in Zeldes' possession."

- <u>RFP 10</u>: A duly executed written authorization permitting this office to obtain the file maintained by Glen Alan Kendall and/or Davidoff Law Firm, PLLC relative to the legal services provided to Plaintiff for the Underlying Action prior to Defendants' retention.

    o Your authorization is deficient, as identified above.

- <u>RFP 11</u>: All documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and any persons or entities, other than Defendants, the underlying Defendants in the Underlying Action and their counsel, concerning or relating to the Underlying Action.

    o You failed to produce responsive documents, and instead identify: (1) an email where you link an article to Jeremy Virgl; (2) two emails that do not concern the Underlying Action; and (3) a NY Post article.

- <u>RFP 12</u>: Any and all invoices for legal services, costs, expenses, or any other requests for payment sent to Plaintiff by Defendants, or anyone acting on Defendants' behalf, for or in connection with the Underlying Action.

    o You failed to produce responsive documents, and instead identify three emails that are not responsive to this request.

- <u>RFP 13</u>: Any and all documents evidencing any payment, partial payment, and proof of payment to Plaintiff by Defendants, or anyone acting on Defendants' behalf, by Plaintiff for any legal services, costs, expenses, or any other requests for payment sent to Plaintiff by Defendants for or in connection with the Underlying Action.

    o You failed to produce responsive documents, and only identify emails concerning another litigation distinct from the Underlying Action.

June 2, 2026
Page 12

- <u>RFP 14</u>: Any and all invoices for legal services, costs, expenses, or any other requests for payment sent to Plaintiff by any person or entity, other than Defendants, for or in connection with the Underlying Action.

  o You failed to produce responsive documents, and only identify emails concerning a litigation distinct from the Underlying Action.

- <u>RFP 15</u>: Any and all documents evidencing any payment, partial payment, and proof of payment to any person or entity, other than Defendants, by Plaintiff for any legal services, costs, expenses, or any other requests for payment sent to Plaintiff by any person or entity, other than Defendants, for or in connection with the Underlying Action.

  o You failed to produce responsive documents, and only identify one email concerning litigation distinct from the Underlying Action.

- <u>RFP 16</u>: Any and all documents and communications, including but not limited to letters, e-mails, facsimiles, memoranda or notes relating to any of the allegations set forth in the Amended Complaint.

  o Your response is deficient, as you merely reference your entire production.

- <u>RFP 24</u>: Any and all documents relating to Plaintiff's "core injuries," as alleged in section "III" paragraph "19" of the Amended Complaint.

  o Your response is deficient, as you only identify: (1) the underlying Complaint in the Underlying Action; (2) links to articles about an underlying defendant in the Underlying Action; and (3) emails concerning litigation distinct from the Underlying Action.

- <u>RFP 25</u>: Any and all documents supporting Plaintiff's claim, as alleged in section "III" paragraph "21" of the Amended Complaint that "Defendants' receipt, circulation, and internal discussion of Plaintiff's communications" provided "actual notice of material risks" to the claims in the Underlying Action.

  o Your response improperly relies upon emails concerning litigation distinct from the Underlying Action.

- <u>RFP 26</u>: Any and all documents supporting, concerning, or relating to Plaintiff's claims, as alleged in section "III" paragraph "22" of the Amended Complaint that "Plaintiff has analyzed the damages arising from Defendants' conduct and has prepared a written expert analysis quantifying Plaintiff's losses resulting from the dismissal of the Underlying Action."

  o Your responsive is deficient, as you: (1) represent you produced "the valuation analysis and opinions of Jay Weintraub concerning the 12gurus conference businesses and related losses" without identifying said documents; (2) you represent you "produced medical expert letters, physician opinions, and related medical analyses concerning causation, malpractice, injuries, treatment, impairment, prognosis, and damages, including materials associated with Dr. Erel Shvil, Dr. Alisa Kriegel, Dr. Samuel Sharmat, Dr. Glenn Waldman, and related treating and consulting providers" but failed to identify or produce such

June 2, 2026
Page 13

records; and (3) identify a redacted email with counsel for Defendants in this lawsuit, without any privilege log.

- o You indicate that you will continue produce additional responsive materials in violation of the May 28, 2026 discovery deadline.

- RFP 27: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and any persons or entities that Plaintiff communicated with, consulted with, or retained for purposes of procuring an expert opinion as to the allegations asserted in the Underlying Action.

  - o You failed to provide or identify any responsive documents and instead produced an email with Defendants' counsel in the instant lawsuit.

  - o Although you claim you will produce a "[s]tandalone expert liability report" to "be supplemented per the scheduling order," this does not alleviate your obligation to produce responsive documents concerning any experts you communicated with, consulted, or retained in the Underlying Action. Your failure to produce documents violates the May 28, 2026 discovery deadline.

- RFP 28: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and any persons or entities that Plaintiff communicated with, consulted with, or retained for purposes of procuring an expert opinion as to the damages asserted in the Underlying Action.

  - o You failed to produce or identify any responsive documents, and producedan email with Defendants' counsel in the instant lawsuit.

  - o You claim you produced: (1) "expert valuation materials relating to damages, including valuation analyses concerning Plaintiff's conference businesses, lost business opportunities, and lost earning capacity"; and, (2) "medical expert letters, physician opinions, and related medical analyses concerning causation, malpractice, treatment, injuries, impairment, and prognosis" but failed to produce or identify same.

  - o Although you claim you will produce "[a]dditional expert damages reports, causation analysis, medical opinions, and supporting materials" to "be supplemented per the scheduling order," this does not alleviate your obligation to produce documents concerning any experts you communicated with, consulted, or retained in the Underlying Action. Your failure to timely produce documents violates the May 28, 2026 discovery deadline.

- RFP 29: Any and all documents supporting, concerning, or relating to Plaintiff's claims, as alleged in section "III" paragraph "23" of the Amended Complaint that "Defendants were aware that the case involved substantial damages and that failure to prosecute would result in the loss of a valuable claim."

  - o You misstate the request as "*All documents showing Defendants were aware the Underlying Action involved substantial damages.*"

June 2, 2026
Page 14

- o Your response is deficient, as you only identify: (1) emails and documents concerning a litigation distinct from the Underlying Action; (2) the underlying Complaint filed in the Underlying Action with redacted certificate of merit annexed thereto; and (e) an email from Jeremy Virgil concerning the bankruptcy stay.

- RFP 33: Any and all documents supporting, concerning, or relating to Plaintiff's claims, as alleged in section "IV" paragraph "20" of the Amended Complaint that "[a]s a direct and proximate result, Plaintiff lost a meritorious claim and suffered substantial pecuniary damages."

  - o Your response is deficient, as you failed to produce or identify any responsive documents, and only identify: (1) the complaint in the Underlying Action; and (2) articles regarding an defendant in the Underlying Action.

- RFP 38: Any and all documents supporting, concerning, or relating to Plaintiff's claims, as alleged in section "IV" paragraph "27" of the Amended Complaint, that "Defendants' breach was a substantial factor in causing Plaintiff's damages."

  - o Your response is deficient, as you failed to produce or identify any responsive documents, and only identify: (1) all produced emails, which are incomplete, concern unrelated litigations in part, and are largely non-responsive to this request; (2) underlying litigation documents; and (3) articles regarding a defendant in the Underlying Action.

- RFP 39: All documents evidencing, concerning, or relating to the merit of the claims asserted by or on behalf of Plaintiff in the Underlying Action.

  - o Your response is deficient, as you failed to produce or identify any responsive documents beyond identifying: (1) the Complaint in the Underlying Action and redacted certificate of merit attached thereto; and (2) articles and article links regarding a defendant in the Underlying Action.

- RFP 40: All documents evidencing, demonstrating, supporting, concerning, or relating to the allegations and claimed damages asserted by or on behalf of Plaintiff as against the underlying defendants named in the Underlying Action.

  - o You misstate the request as "*All documents relating to recoverability of a judgment in the Underlying Action.*"

  - o Your response is deficient, as you failed to produce or identify any responsive documents beyond identifying: (1) an email from Jeremy Virgil concerning a bankruptcy stay; (2) an email in which you claim a defendant in the Underlying Action is hiding money; (3) an email where you request that Jeremy Virgil discuss settlement; and (4) and email concerning one of the defendants being charged with fraud in an unrelated legal proceeding.

- RFP 41: All documents evidencing, concerning, relating to, or supporting claims that but for the alleged conduct of Defendants, as asserted in the Amended Complaint, Plaintiff was unable to pursue viable and meritorious claims in the Underlying Action.

June 2, 2026
Page 15

- o You misstate this request as "A*ll documents relating to the but-for analysis of what Plaintiff would have recovered.*"

- o Your response is deficient, as you failed to produce or identify any responsive documents beyond identifying: (1) emails concerning litigations distinct from the Underlying Action; (2) the Complaint in the Underlying Action and redacted certificate of merit attached thereto.

- o You claim that an "[e]xpert or analysis" will "be supplemented" in violation of the May 28, 2026 discovery deadline.

- RFP 42: All documents evidencing, concerning, relating to, or supporting claims that but for Defendants' alleged conduct, as asserted in the Amended Complaint, that Plaintiff would have been able to successfully recover the damages asserted in the Underlying Action.

  - o You misstate this request as "*All documents relating to collectability of any judgment in the Underlying Action.*"

  - o Your response is deficient, as you failed to produce or identify any responsive documents beyond identifying" (1) an email from Jeremy Virgil concerning a bankruptcy stay; (2) an email where you request that Jeremy Virgil discuss settlement.

- RFP 43: Any and all documents supporting, concerning, or relating to Plaintiff's claims, as alleged in section "III" paragraph "10" of the Amended Complaint, that ZNC represented to Plaintiff that the underlying medical malpractice action was meritorious and involved substantial damages, estimated at approximately $24 million."

  - o You misstate this request as "*All documents showing Defendants represented the Underlying Action to be worth approximately $24 million.*"

  - o You failed to produce or identify any documents responsive to this request.

- RFP 44: Any and all documents supporting, concerning, or relating to Plaintiff's claims, as alleged in section "III" paragraph "10" of the Amended Complaint, that "Defendants were aware of the magnitude to the value of the case through their involvement in the representation and through Plaintiff's communications."

  - o You failed to produce or identify any documents responsive to this request.

- RFP 45: All documents maintained by Plaintiff concerning the Underlying Action, including but not limited to, pleadings, deposition transcripts, correspondence, motions, court orders and decisions, etc.

  - o Upon information and belief, Defendants' document production suggests that you failed to produce all documents and communications for which you were the author and/or recipient of concerning the Underlying Action.

June 2, 2026
Page 16

- o You indicate in your Amended Response to Interrogatory No. 3. that you possess additional documents concerning the Underlying Action which were not produced.

- RFP 46: All documents that will be used to demonstrate Plaintiff's claimed damages in this lawsuit, as referenced in the Amended Complaint.

  - o You failed to produce any documents demonstrating your claimed damages, beyond identifying: (1) documents relating to the dismissal and judgment in the Underlying Action; and (2) the Complaint in the Underlying Action.

- RFP 47: All documents evidencing, demonstrating, concerning, or relating to Plaintiff's claimed damages, as alleged in section "V" paragraph "29" to "31" of the Amended Complaint.

  - o You misstate this request as "*All documents relating to compensatory damages representing the value of the lost Underlying Action.*"

  - o Your response is deficient, as you failed to produce or identify any responsive documents beyond identifying: (1) documents relating to the dismissal and judgment in the Underlying Action; (2) the Complaint in the Underlying Action; (3) emails regarding litigations not placed at issue; and (4) an email where you request that Jeremy Virgil discuss settlement.

- RFP 48: All documents evidencing, demonstrating, concerning, or relating to the "[c]ompensatory damages equal to the value for the lost Underlying Action" Plaintiff seeks in this action, as alleged in section "V" paragraph "29" of the Amended Complaint.

  - o You misstate this request as "*All documents supporting Plaintiff's damages computation.*"

  - o Your response is deficient, as you failed to produce or identify any responsive documents beyond identifying: (1) the Complaint in the Underlying Action; and (2) all emails and filings produced without designation of which are responsive to this request.

  - o You represent that "a damages report and standalone economic analysis" is "to be supplemented," which violates the May 28, 2026 discovery deadline.

- RFP 49: All documents evidencing, demonstrating, concerning, or relating to the "disgorgement of fees" that Plaintiff seeks in this action as alleged in section "V" paragraph "29" of the Amended Complaint.

  - o You failed to produce responsive documents, and instead identify documents for "payment context."

- RFP 50: All documents evidencing, demonstrating, concerning, or relating to the "interest" and "costs" that Plaintiff seeks in this action as alleged in section "V" paragraph "29" of the Amended Complaint.

June 2, 2026
Page 17

- o You represent that "[a]ny responsive cost records will be produced" in violation of the May 28, 2026 discovery deadline.

- RFP 51: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and any and all of the underlying defendants named in the Underlying Lawsuit.

  - o Your response is deficient, as you failed to produce or identify any communications with the defendants in the Underlying Action.

- RFP 53: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and the non-party witnesses who were subpoenaed for testimony and documents in the in the Underlying Lawsuit.

  - o You misstate this request as "*All communications with non-party subpoenaed witnesses or their attorneys (Silver Hill, Buch, Reddy)."* A supplemental response is demanded.

- RFP 54: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and any and all of the attorneys who represented the non-party witnesses who were subpoenaed for testimony and documents in the Underlying Lawsuit.

  - o You misstate this request as "*All communications with Silver Hill Hospital or its attorneys."* A supplemental response is demanded.

- RFP 55: Any and all documents and communications evidencing, demonstrating, concerning, or relating to the non-economic damages Plaintiff asserted in the Underlying Action.

  - o You failed to produce responsive documents, and only identify (1) an email concerning a defendant in the Underlying Action being accused of sexual abuse; and, (2) documents and communications concerning a litigation other than the Underlying Action.

- RFP 56: Any and all documents and communications evidencing, demonstrating, concerning, or relating to the economic damages Plaintiff asserted in the Underlying Action.

  - o Your response is deficient, as you failed to produce or identify responsive documents beyond identifying: (1) an email where you assert demands against counsel for Sandip Buch; (2) an email concerning the installation of Gate Guard technology; (3) an email linking an article regarding Gate Guard; (4) documents and communications concerning a litigation other than the Underlying Action; and (5) filings from the Underling Action that do not evidence or demonstrate your claimed economic damages.

- RFP 57: Copies of all medical, mental health, hospital, and pharmacy records in Plaintiff's possession concerning or relating to any diagnosis, treatment, or

June 2, 2026
Page 18

prescription Plaintiff received from the underlying defendants named in the Underlying Action.

- o You misstate the request as "*Executed HIPAA authorization for PATH Medical / Dr. Braverman.*"

- o You failed to produce any of the requested medical records, and reference authorizations provided for only two of the seven defendants in the Underlying Action.

- RFP 58: Duly executed HIPAA-compliant authorizations permitting this office to obtain a full set of medical, mental health, hospital, and pharmacy records, including but not limited to all visit notes, reports, prescriptions, pharmaceutical records, radiological films/reports, as well as billing records, from the underlying defendants named in the Underlying Action.

- o You misstate the request as "*Medical records from PATH Medical*:"

- o You failed to produce any of the requested medical records, and reference authorizations provided for only two of the seven defendants in the Underlying Action.

- RFP 59: Copies of all medical, mental health, hospital, and pharmacy records in Plaintiff's possession concerning or relating to any diagnosis or treatment received by Plaintiff, at any time prior to September 15, 2011, for any medical/mental health injury or condition allegedly treated, diagnosed, or exacerbated by the underlying defendants named in the Underlying Action.

- o You misstate this request as "*Executed HIPAA authorization for Silver Hill Hospital.*"

- o You failed to produce any records responsive to this request, and instead provide a HIPAA authorization only for Silver Hill Hospital.

- RFP 60: Duly executed HIPAA-compliant authorizations permitting this office to obtain a full set of medical, mental health, hospital, and pharmacy records, including but not limited to all visit notes, reports, prescriptions, pharmaceutical records, radiological films/reports, as well as billing records, from any medical, mental health, hospital, or pharmaceutical provider who rendered services to Plaintiff, at any time prior to September 15, 2011, for any medical/mental health injury or condition allegedly treated, diagnosed, or exacerbated by the underlying defendants named in the Underlying Action.

- o You misstate this request as "*Medical records from Silver Hill Hospital*."

- o You failed to provide any authorizations responsive to this request other than for Silver Hill Hospital, which, according to the Complaint in the Underlying Action, rendered medical services to you *after* September 15, 2011

- RFP 61: Copies of all medical, mental health, hospital, and pharmacy records in Plaintiff's possession relating to any diagnosis or treatment received by Plaintiff,

June 2, 2026
Page 19

subsequent to September 15, 2011, for any medical/mental health injury or condition allegedly treated, diagnosed, or exacerbated by the underlying defendants named in the Underlying Action.

- o You misstate this request as "*Executed HIPAA authorization for NYU Sleep Center*."

- o You failed to produce any medical records responsive this request and produced an authorization only for "NYU Sleep Center."

- RFP 62: Duly executed HIPAA-compliant authorizations permitting this office to obtain a full set of medical, mental health, hospital, and pharmacy records, including but not limited to all visit notes, reports, prescriptions, pharmaceutical records, radiological films/reports, as well as billing records, from any medical, mental health, hospital, or pharmaceutical provider who rendered services for Plaintiff, subsequent to September 15, 2011, for any medical/mental health injury or condition allegedly treated, diagnosed, or exacerbated by the underlying defendants named in the Underlying Action.

- o You misstate this request as "*Medical records from NYU Sleep Center*."

- o You failed to provide any HIPAA authorizations responsive this request, beyond providing one authorization for "NYU Sleep Center."

- RFP 63: Duly executed HIPAA-compliant authorizations permitting this office to obtain records from any collateral source whom paid for, whether directly or through reimbursement, any treatment, evaluation, testing, or prescription Plaintiff received for any medical/mental health injury or condition alleged to be causally related to the Underlying Action.

- o You misstate this request as "*Medical records from Weill Cornell Medical Center*."

- o You failed to produce any medical records responsive this request and produced an authorization only for "Weill Cornell Medical Center."

- RFP 64: Documents evidencing, demonstrating, concerning, or relating to proof of payment for the fees and costs paid for the medical, mental health, and pharmacy treatment claimed as damages by Plaintiff in the Underlying Action.

- o You misstate this request as "*Executed HIPAA authorization for Weill Cornell Medical Center*."

- o You failed to produce any documents responsive to this request.

- RFP 65: Any and all documents concerning or relating to any settlements and/or other forms of compensation Plaintiff received for any medical/mental health injury or condition alleged to be causally related to or placed at issue in the Underlying Action.

- o You misstate this request as "*Medical records from Lenox Hill Hospital*."

June 2, 2026
Page 20

- o You failed to produce any documents responsive to this request.

- RFP 66: Insofar as any medical/mental health injury or condition alleged to be causally related to the Underlying Action were subject to prior injury and/or negligent medical treatment, any all documents and medical records in Plaintiff's possession concerning or relating to same

    - o You misstate this request as "*Executed HIPAA authorization for Lenox Hill Hospital*."

    - o You fail to produce any documents responsive to this request.

- RFP 67: Insofar as any medical/mental health injury or condition alleged to be causally related to the Underlying Action were subject to prior injury and/or negligent medical treatment, please provide Duly executed an unrestricted HIPAA Compliant Authorizations" from all providers relating to any treatment Plaintiff; any collateral source whom paid for, whether directly or through reimbursement, any treatment Plaintiff received for any prior medical/mental health injury or condition; and any attorney who provided legal services relating to the pursuit of any pursuit claims, the filing of any claims, or the commencing any litigation as a result of any such prior medical/mental health injury or condition.

    - o You misstate this request as "*Medical records from Centerpoint Mental Health Center*."

    - o You failed to produce any documents responsive to this request.

- RFP 68: Insofar as any medical/mental health injury or condition alleged to be causally related to the Underlying Action were subject subsequent injury and/or negligent medical treatment, any all documents and medical records in Plaintiff's possession concerning or relating to same.

    - o You misstate this request as "*Executed HIPAA authorization for Centerpoint Mental Health Center*."

    - o You failed to produce any documents responsive to this request.

- RFP 69: Insofar as any medical/mental health injury or condition alleged to be causally related to the Underlying Action were subject to subsequent injury and/or negligent medical treatment, please provide Duly executed an unrestricted HIPAA Compliant Authorizations from all providers relating to any treatment Plaintiff; any collateral source whom paid for, whether directly or through reimbursement, any treatment Plaintiff received for any prior medical/mental health injury or condition; and any attorney who provided legal services relating to the pursuit of any pursuit claims, the filing of any claims, or the commencing any litigation as a result of any such prior medical/mental health injury or condition.

    - o You misstate this request as "*Medical records from Dr. Osterweil and Dr. Waldman*."

    - o You failed to produce any documents responsive to this request.

June 2, 2026
Page 21

- RFP 70: Duly executed HIPAA-compliant authorizations permitting this office to obtain records from the following medical/mental health providers: a. PATH Medical, P.C.; b. Total Health Nutrients; c. Eric Braverman, M.D.; d. Richard Smayda, D.O.; e. Sandip Buch, M.D.; f. Darya Braverman; g. Zvi Osterwil, M.D.; h. Sam Sharmat, M.D.; i. Glenn Waldmann, M.D.; j. Paul Knoepflamacher, M.D.; k. Scott Kellogg, Ph.D.; l. Jordan Wright, Ph.D, ABBAP, ABPP; m. NYU School of Medicine, Sleep Disorder Center; n. New York Eye & Ear Infirmary of Mount Sinai; o. Centerpoint Mental Health Center; p. Lenox Hill Hospital; q. Mt. Sinai Beth Israel Hospital; r. Weill Cornell Medical Center; s. Silver Hill Hospital; t. Sylvester Comprehensive Cancer Center; u. Rafael Villeta Lopez, M.A., I.F.S.; v. Nicholas R. Scheidt, Psy.D; w. Alon Seifan, M.D., M.S.; x. The Neuro Well; y. Ramin A. Vejdani, D.O.; z. Kevin Sigler, M.D.; aa. George Wayne, M.D.; bb. Mount Siani Medical Center; cc. Paul Kleidermacher, M.D., FAAOA; dd. South Florida ENT Associates; ee. Steven J. Resnick, D.O.; ff. Edward Mezerhane, M.D., FACP; gg. Dr. Greorgiy Brusovanik, M.D.; hh. Miami Back & Neck Specialists; ii. Jonathan S. Harrison, M.D., FACP; and jj. Maurice Budow, M.D.21

  o You misstate this request as "*Executed HIPAA authorizations for ENT providers, and authorizations for the additional providers enumerated in Defendants' requests*."

  o Your HIPAA Authorizations are deficient, for the reasons detailed above.

- RFP 71: All documents and communications concerning or relating to Plaintiffs claims of lost earnings asserted in the Underlying Action, including, but not limited to tax returns, information returns, earning statements, as well as duly executed authorizations permitting this office to obtain same from the IRS and any tax preparation service, for three years prior to the alleged loss of earnings asserted in the Underlying Action, from September 15, 2008 to the present.

  o You misstate this request as *Tax returns, earnings statements, and IRS authorizations relating to lost Earnings*."

  o You failed to identify or produce any documents responsive to this request.

  o You indicate that further documents, including records from Bettina Laskin, your "bookkeeper and tax preparer," will "be supplemented," which violates the May 28, 2026 discovery deadline.

- RFO 72: Duly executed authorizations permitting this office to obtain records of Plaintiff's employment and business ventures, including but not limited to any proposals, applications, initial medical evaluations, job descriptions, time records, performance evaluations, requests for accommodation, leave requests, and/or termination paperwork, from any person or entity for whom Plaintiff worked for, or from any entity for which Plaintiff was a partner, member, owner, or founder, from September 15, 2008 to the present. This is to include all persons and entities for whom Plaintiff performed work, regardless of Plaintiff's legal status as "partner," "member," "employee," "independent contractor," "founder," or "owner" with such person or entity.

  o You misstate this request as "*Employment and business records relating to earnings capacity*."

June 2, 2026
Page 22

- o Your response is deficient, as you failed to provide any of the requested authorizations, and only identify two emails regarding GateGaurd.

- o You indicate that "[f]ormal business-entity financial records and authorizations" will "be supplemented," which violates the May 28, 2026 discovery deadline.

- RFP 73: Duly executed authorizations for the business records, including but not limited to documents reflecting Plaintiff's ownership interest, compensation, and the company's profit and loss statements, from September 15, 2008, for the following entities: a. Jovari USA LCC; b. Friend or Fraud, Inc.; c. UVCWEAR, LLC; d. GateGuard, Inc.; e. SunflowerCenters; f. 12gurus:Health; g. 12gurus:Charity; h. JCorps International; i. GatherGrid; j. FutureNYC k. NexGen:Health; and l. Wecorps.22

  - o You misstate this request as "*GateGuard, Inc. and other entity authorizations and financial records.*"

  - o Your response is deficient, as you failed to provide any of the requested authorizations.

  - o You indicate that "[e]ntity authorizations and formal financial records" will "be supplemented," which violates the May 28, 2026 discovery deadline.

- RFP 76: All documents evidencing, demonstrating, concerning, or relating to any lien placed on Plaintiff's recovery in the Underlying Action or this lawsuit.

  - o Your response is deficient, as you failed to produce responsive records.

  - o You indicate that you "will produce and supplement [responsive records] if located,"  which violates the May 28, 2026 discovery deadline.

- RFP 77: All documents identified in or otherwise relied upon by Plaintiff for the drafting of any response to Defendants ZNC and Virgil's First Set of Interrogatories.

  - o Your response is deficient, as you reference additional documents in your Amended Responses to Interrogatories that were not produced.

- RFP 78: All documents identified in or otherwise relied upon by Plaintiff for the drafting of any initial disclosures pursuant to Fed.R.Civ.P. 26.

  - o Your response is deficient, as you reference additional documents in your Amended Rule 26(a)(1) Initial Disclosures that were not produced.

- RFP 79: All documents identified in or otherwise relied upon by Plaintiff for the drafting of the Complaint originally filed in this matter (ECF Doc. 1).

  - o You misstate this request as "*The original Complaint in this action.*"

  - o You failed to produce documents responsive to this request.

- RFP 80: All documents identified in or otherwise relied upon by Plaintiff for the drafting of the Amended Complaint filed in this matter.

June 2, 2026
Page 23

- o You misstate this request as "*The Amended Complaint in this action.*"

- o You failed to produce documents responsive to this request.

In light of the aforementioned, your amended discovery responses remain deficient and in violation of the Court's May 21, 2026 Order. Defendants further maintain that any additional responses, documents, or disclosures that may be provided following the May 28, 2026 discovery deadline set by the Court's May 21, 2026 Order are untimely. Kindly advise how you intend to remedy the above deficiencies within twenty-four (24) hours receipt of this correspondence. Defendants reserve all rights and remedies available, and to seek further relief from the Court.

Very truly yours,

/s/ Cristina R. Yannucci, Esq.

Cristina R. Yannucci of
LEWIS BRISBOIS BISGAARD & SMITH LLP

CRY/SAC