# EXHIBIT 6

| | |
|---|---|
| **From:** | Ari B. Teman <ari@teman.com> |
| **Sent:** | Friday, May 8, 2026 8:36 AM |
| **To:** | Yannucci, Cristina; Cohen, Sam |
| **Subject:** | Plaintiff's Amended and Supplemental Discovery Responses, Rule 26 Disclosures, Damages Computation, and Supplemental Production. |
| **Attachments:** | Teman v ZNC - 2026-05-06 - H - PLAINTIFF'S AMENDED AND SUPPLEMENTAL DISCOVERY RESPONSES, RULE 26 DISCLOSURES, DAMAGES COMPUTATION, AND SUPPLEMENTAL PRODUCTION.pdf |

EXTERNAL

Counsel,

Attached please find Plaintiff's Amended and Supplemental Discovery Responses, Rule 26 Disclosures, Damages Computation, and Supplemental Production.

These supplemental responses are provided pursuant to Rules 26(e), 33, and 34 and in further good-faith efforts to narrow disputes and avoid unnecessary motion practice.

As reflected therein, Plaintiff has supplemented and clarified:

- interrogatory responses;
- Rule 26 disclosures;
- damages computations;
- document production descriptions;
- medical authorization scope; and
- responses to Defendants' Requests for Production.

Plaintiff will continue to supplement responsive materials identified during ongoing review pursuant to Rule 26(e), including materials Plaintiff contends remain within the complete client file relating to the Underlying Action.

Plaintiff also remains willing to confer regarding reasonable ESI formatting and metadata issues proportional to the needs of the case.

Second set of files, including one video file is here:

https://www.dropbox.com/scl/fo/8of5f16uial5vlcru0ccv/ADMStlvR2eXmRODsC-e5Hr0?rlkey=hk2gazjd38g9ep6n6xbne55v2&st=9lgij8p2&dl=0
Please confirm receipt.



Please let me know how I can be helpful.

Ari
p.s. I have scheduled this email to arrive at the specified time in my previous email.

**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com


Featured in:
ABC, NBC, PIX, FOX, Pando, Curbed, Observer, The Real Deal, Cooperator, BISNOW,


Visit us for a demo (By Appointment only):


NYC: Herald Square
Miami: Lincoln Road


All conversations are off-the-record. Social Media, too.
Terms apply to each service. Each service is a different entity.
Terms cannot be changed via email or oral agreement.
Statements herein about other companies and individuals
should be taken as opinion and not fact.

**Ari Teman | Founder | teman™**
We make Real Estate proactive with Artificial Intelligence
212-203-3714 | teman.com | ari@teman.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

ARI BARUCH TEMAN,

Plaintiff,

-v-

ZELDES NEEDLE COOPER LLP and
JEREMY VIRGIL,

Defendants.
-------------------------------------------------------------X

Civil Action No. 1:24-cv-09830 (LJL)

## PLAINTIFF'S AMENDED AND SUPPLEMENTAL DISCOVERY RESPONSES, RULE 26 DISCLOSURES, DAMAGES COMPUTATION, AND SUPPLEMENTAL PRODUCTION

Plaintiff Ari Baruch Teman ("Plaintiff"), proceeding pro se, hereby supplements and amends certain prior discovery responses, Rule 26 disclosures, and document production pursuant to Rules 26(e), 33, and 34 of the Federal Rules of Civil Procedure.

## GENERAL STATEMENT

1. Plaintiff provides these amended and supplemental responses in good faith and in an effort to narrow disputes and avoid unnecessary motion practice.
2. Plaintiff maintains and preserves all objections previously asserted, including objections based upon relevance, proportionality, privilege, burden, overbreadth, privacy, and scope.
3. Plaintiff's responses are limited to the malpractice claims and related issues concerning the Underlying Action identified by the Court.
4. References to consequential business harm, medical treatment, emotional distress, and related damages are included solely insofar as Plaintiff contends they were caused by or flowed from the alleged malpractice and failures in the Underlying Action.
5. Plaintiff's investigation and damages analysis remain ongoing, and Plaintiff reserves the right to further supplement pursuant to Rule 26(e).

**AMENDED INTERROGATORY RESPONSES**

**Interrogatory No. 1:**
Identify the name of any witness who may have knowledge or information relevant to the subject matter of the instant action.

Supplemental Response:

Subject to and without waiving objections, Plaintiff identifies the following individuals presently known to possess relevant information regarding the Underlying Action, damages, causation, medical treatment, and related matters:

• Ari Baruch Teman
• Jeremy Virgil
• Jason Preuher
• Maximino Medina
• Jeanne Rowe
• Personnel of Zeldes Needle Cooper LLP involved in the Underlying Action
• Counsel for defendants in the Underlying Action, including counsel for Dr. Braverman and PATH Medical
• Dr. Eric Braverman
• Representatives of PATH Medical
• Dr. Alisa Kriegel
• Dr. Samuel Sharmat
• Dr. Erel Shvil
• Dr. Glenn Waldman
• Dr. Tzvi Osterweil
• Providers at NYU Medical Center
• Providers at Weill Cornell Medical Center
• Jay Weintraub
• Custodians and providers affiliated with Silver Hill Hospital
• Dr. Irwin Gelman
• CT State Marshall Constable Bill Kemp, solely regarding service-related issues in the Underlying Action
• "Dr. Stephen Barrett (Quackwatch), regarding published commentary and communications concerning the medical treatment underlying the Underlying Action"
• Additional individuals identified in produced documents and medical records

Plaintiff reserves the right to supplement this response as discovery proceeds.

Interrogatory No. 2:
Provide a computation for each category of damages alleged in the Complaint.

Supplemental Response:

Subject to and without waiving objections, Plaintiff states as follows:

Plaintiff seeks damages including, but not limited to:

• loss of the Underlying Action and related claims;
• loss of legal rights and litigation opportunities;

• consequential economic damages;
• lost business and investment opportunities;
• emotional distress damages;
• costs and expenses incurred as a result of the alleged malpractice;
• time-value and compounding damages arising from the approximately decade-long loss of opportunity caused by the alleged malpractice and dismissal of the Underlying Action.

Defendants represented Plaintiff on a contingency basis in the Underlying Action.

Plaintiff contends that the malpractice alleged herein substantially impaired Plaintiff's ability to continue and grow multiple business ventures, including 12 Gurus Health and related event businesses.

Plaintiff previously disclosed and produced an expert letter from Jay Weintraub, CEO of Connectiv Holdings, who opined that Plaintiff's 12 Gurus Health business likely would have achieved an enterprise value between approximately $20 million and $30 million by 2014, and referenced comparable industry exits substantially exceeding those figures.

Plaintiff contends that when accounting for lost growth, lost opportunities, lost investment value, consequential business interruption, and approximately a decade of compounding and time-value effects, Plaintiff's damages likely exceed tens of millions of dollars and may exceed $75 million, subject to expert analysis and continuing discovery.

Plaintiff's damages analysis remains ongoing and will be supplemented pursuant to Rule 26(e), including through expert analysis and discovery.

Interrogatory No. 3:
Identify the name and contact information of the custodian of any relevant documents which are pertinent to this action, including a general description of each document.

Supplemental Response:

Subject to and without waiving objections, Plaintiff identifies the following custodians and categories of responsive materials:

Custodians:
• Ari Baruch Teman
• Zeldes Needle Cooper LLP
• Jeremy Virgil
• Medical providers identified herein
• Jay Weintraub and Connectiv Holdings
• Court systems and public dockets relating to the Underlying Action

Categories of Documents:
• communications between Plaintiff and Defendants;
• emails relating to the Underlying Action;
• court filings and docket materials;
• appellate filings and orders;
• expert letters and opinions;
• medical records relating to treatment by PATH/Braverman and subsequent treatment for sleep-disordered breathing and related conditions;
• business and valuation materials;

• video files
• electronically stored information maintained in Gmail and Dropbox.

Plaintiff's emails originated in Gmail. Plaintiff produced PDF exports directly from Gmail. Plaintiff is willing to confer regarding reasonable alternate export formats or technical specifications proportional to the needs of the case. Defendants have most of these emails already as they were copied, sent, or were the senders of most emails produced.

**AMENDED RESPONSES TO REQUESTS FOR PRODUCTION**

GENERAL OBJECTIONS

Plaintiff objects to each Request to the extent it seeks:

• information outside the scope of the Underlying Action;
• privileged material;
• work product;
• irrelevant personal information;
• unrelated medical or psychiatric history;
• unrelated financial information;
• material disproportionate to the needs of the case;
• information equally available to Defendants;
• documents already in Defendants' possession, custody, or control.

Subject to and without waiving these objections, Plaintiff responds as follows:

1. Plaintiff has produced responsive, non-privileged documents presently in Plaintiff's possession, custody, or control relating to the Underlying Action.

2. Plaintiff has produced emails, court filings, notices, appellate materials, expert materials, and related records responsive to properly tailored requests.

3. Plaintiff has produced expert letters from Dr. Vatsal Thakkar, Dr. Alisa Kriegel, Dr. Erel Shvil, and Jay Weintraub. (Defendants also have this in the Client File for the Underlying Action)

4. Plaintiff will supplement with additional responsive, non-privileged materials identified during continuing review.

5. Plaintiff is not presently aware of any responsive, non-privileged documents being withheld from the current production.

6. To the extent responsive privileged materials are identified during continuing review, Plaintiff will provide a privilege log consistent with Rule 26(b)(5).

7. Plaintiff further states that numerous responsive documents requested herein are believed to be contained within the complete client file relating to the Underlying Action, which remains un-produced despite Plaintiff's repeated requests. Plaintiff is presently seeking recovery and production of the complete client file, including through related litigation captioned Teman v. MedPro, et al. Plaintiff expects to supplement these responses and productions following receipt and review of the complete client file pursuant to Rule 26(e).

REQUEST NOS. 1–5

**Request No. 1: All documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, relating to Plaintiff's retention of Defendants for and in connection with the Underlying Action.**

Response:
 Plaintiff objects to this Request to the extent it seeks documents already in Defendants' possession, custody, or control, including communications to or from Defendants and materials maintained within Defendants' own files.

Subject to and without waiving these objections, Plaintiff has produced responsive, non-privileged communications and documents relating to Plaintiff's retention of Defendants in connection with the Underlying Action and will supplement pursuant to Rule 26(e) as appropriate.

Plaintiff further states that additional responsive materials may exist within the complete client file relating to the Underlying Action, which Plaintiff continues to seek and expects to supplement upon receipt and review thereof.

**Request No. 2: All documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, concerning or relating to the scope of Defendants' representation of Plaintiff in the Underlying Action.**

Response:
 Plaintiff objects to this Request to the extent it seeks privileged material, attorney work product, or documents equally available to Defendants.

Subject to and without waiving these objections, Plaintiff has produced responsive, non-privileged documents concerning the scope of Defendants' representation in the Underlying Action.

Plaintiff further states that additional responsive materials may exist within the complete client file relating to the Underlying Action, which Plaintiff continues to seek and expects to supplement upon receipt and review thereof.

**Request No. 3: Any and all retainer agreement(s) between Plaintiff and Defendants concerning or relating to Defendants' representation of Plaintiff in the Underlying Action.**

Response:
 Subject to and without waiving objections, Plaintiff has produced responsive, non-privileged documents concerning the retention and representation relationship between Plaintiff and Defendants in the Underlying Action.

Plaintiff further states that additional responsive materials may exist within the complete client file relating to the Underlying Action, which Plaintiff continues to seek and expects to supplement upon receipt and review thereof.

**Request No. 4: Any and all documents and communications supporting, concerning, or relating to Plaintiff's claim, as alleged in section "III" paragraph "9" of the Amended Complaint that "[o]n May 4, 2015, Plaintiff retained ZNC, through Defendant Virgil, pursuant to a written engagement letter."**

Response:
 Subject to and without waiving objections, Plaintiff has produced responsive, non-privileged documents concerning Plaintiff's retention of ZNC and Defendant Virgil in connection with the Underlying Action.

Plaintiff further states that additional responsive materials may exist within the complete client file relating to the Underlying Action, which Plaintiff continues to seek and expects to supplement upon receipt and review thereof.

**Request No. 5: All documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and the Defendants concerning or relating to the Underlying Action.**

Response:
 Plaintiff objects to this Request to the extent it seeks documents already in Defendants' possession, custody, or control.

Subject to and without waiving these objections, Plaintiff has produced responsive, non-privileged communications presently known relating to the Underlying Action.

Plaintiff further states that additional responsive materials may exist within the complete client file relating to the Underlying Action, which Plaintiff continues to seek and expects to supplement upon receipt and review thereof.

REQUEST NOS. 6–11

**Request No. 6: Any and all documents and communications supporting, concerning, or relating to Plaintiff's claim, as alleged in section "III" paragraph "8" of the Amended Complaint that "[i]n November 2014, Plaintiff commenced" the Underlying Action prior to Defendants' retention.**

Response:
 Subject to and without waiving objections, Plaintiff has produced responsive, non-privileged court filings and related materials concerning commencement of the Underlying Action.

**Request No. 7: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and all attorneys Plaintiff consulted with and/or retained, other than Defendants, to represent Plaintiff for the claims asserted in the Underlying Action prior to Defendant' retention.**

Response:
 Plaintiff objects to this Request to the extent it seeks privileged communications, attorney work product, or documents outside the scope of the Underlying Action.

Subject to and without waiving these objections, Plaintiff has produced responsive, non-privileged materials presently known relating to prior counsel involved in the Underlying Action.

**Request No. 8: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and all attorneys, other than the Defendants, concerning or relating to the Underlying Action.**

Response:
 Plaintiff objects to this Request to the extent it seeks privileged communications, attorney work product, or materials disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff has produced responsive, non-privileged materials presently known concerning the Underlying Action.

**Request No. 9: Any and all documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and Glen Alan Kendall and/or the attorneys employed by Davidoff Law Firm, PLLC relative to the legal services provided to Plaintiff for the Underlying Action prior to Defendants' retention.**

Response:
 Plaintiff objects to this Request to the extent it seeks privileged communications or attorney work product.

Subject to and without waiving these objections, Plaintiff has produced responsive, non-privileged materials presently known concerning prior representation in the Underlying Action.

**Request No. 10: A duly executed written authorization permitting this office to obtain the file maintained by Glen Alan Kendall and/or Davidoff Law Firm, PLLC relative to the legal services provided to Plaintiff for the Underlying Action prior to Defendants' retention.**

Response:
 Subject to and without waiving objections, Plaintiff is willing to provide a reasonably limited authorization relating solely to the Underlying Action.

**Request No. 11: All documents and communications, including but not limited to, letters, e-mails, facsimiles, memoranda or notes, between Plaintiff and any persons or entities, other than Defendants, the underlying Defendants in the Underlying Action and their counsel, concerning or relating to the Underlying Action.**

Response:
 Plaintiff objects to this Request as overbroad and disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff has produced responsive, non-privileged materials presently known relating to the Underlying Action.

Additional related emails and documents at the 2nd folder of produced documents (link provided to counsel via email).

REQUEST NOS. 12–15

**Request No. 12: Any and all invoices for legal services, costs, expenses, or any other requests for payment sent to Plaintiff by Defendants, or anyone acting on Defendants' behalf, for or in connection with the Underlying Action.**

Response:
 Subject to and without waiving objections, Plaintiff states that Defendants represented Plaintiff on a contingency basis in the Underlying Action. Plaintiff will produce any responsive, non-privileged expense-related documents presently known and available.

**Request No. 13: Any and all documents evidencing any payment, partial payment, and proof of payment to Plaintiff by Defendants, or anyone acting on Defendants' behalf, by Plaintiff for any legal services, costs, expenses, or any other requests for payment sent to Plaintiff by Defendants for or in connection with the Underlying Action.**

> Response:
> Subject to and without waiving objections, Plaintiff states that Defendants represented Plaintiff on a contingency basis in the Underlying Action. Plaintiff is not presently aware of responsive documents evidencing payment for attorneys' fees to Defendants.

**Request No. 14: Any and all invoices for legal services, costs, expenses, or any other requests for payment sent to Plaintiff by any person or entity, other than Defendants, for or in connection with the Underlying Action.**

> Response:
> Plaintiff objects to this Request to the extent it seeks privileged materials or information unrelated to the claims and defenses in this action.
>
> Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents presently known and available relating to legal expenses connected to the Underlying Action.

**Request No. 15: Any and all documents evidencing any payment, partial payment, and proof of payment to any person or entity, other than Defendants, by Plaintiff for any legal services, costs, expenses, or any other requests for payment sent to Plaintiff by any person or entity, other than Defendants, for or in connection with the Underlying Action.**

> Response:
> Plaintiff objects to this Request as overbroad insofar as it seeks information unrelated to the Underlying Action or disproportionate to the needs of the case.
>
> Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents presently known and available.

REQUEST NOS. 16–23

**Request Nos. 16–23: Documents supporting allegations in the Amended Complaint relating to Defendants' alleged failures to monitor the docket, respond to notices, prosecute the Underlying Action, take remedial steps, and the resulting dismissal and appeal.**

> Response:
> Subject to and without waiving objections, Plaintiff has produced responsive, non-privileged materials presently known including emails, docket notices, court filings, appellate materials, communications with counsel, and related documents concerning the handling, dismissal, and appeal of the Underlying Action.
>
> Plaintiff will supplement pursuant to Rule 26(e) as appropriate.
>
> Plaintiff further states that additional responsive materials may exist within the complete client file relating to the Underlying Action, which Plaintiff continues to seek and expects to supplement upon receipt and review thereof.

REQUEST NOS. 24–38

**Request Nos. 24–38: Documents concerning Plaintiff's injuries, damages, alleged notice to Defendants, damages analyses, expert analyses, conflicts, alleged breaches, and causation.**

Response:
Plaintiff objects to these Requests to the extent they seek privileged materials, attorney work product, unrelated medical or financial information, or materials outside the scope of the Underlying Action.

Subject to and without waiving these objections, Plaintiff has produced responsive, non-privileged materials presently known including expert letters, medical materials, communications, valuation materials, docket materials, and documents relating to Plaintiff's allegations and claimed damages.

Plaintiff further states that additional responsive materials may exist within the complete client file relating to the Underlying Action, which Plaintiff continues to seek and expects to supplement upon receipt and review thereof.

REQUEST NOS. 39–50

**Request Nos. 39–50: Documents concerning the merits of the Underlying Action and Plaintiff's damages claims in this action.**

Response:
Subject to and without waiving objections, Plaintiff has produced responsive, non-privileged materials presently known concerning:

• the merits of the Underlying Action;
• Plaintiff's alleged injuries and damages;
• expert analyses and valuation materials;
• alleged malpractice;
• appellate proceedings;
• consequential damages;
• economic and non-economic damages; and
• damages calculations presently available.

Plaintiff's damages analysis remains ongoing and subject to supplementation pursuant to Rule 26(e).

Plaintiff further states that additional responsive materials may exist within the complete client file relating to the Underlying Action, which Plaintiff continues to seek and expects to supplement upon receipt and review thereof.

REQUEST NOS. 51–54

**Request Nos. 51–54: Communications with underlying defendants, their counsel, subpoenaed witnesses, and counsel for subpoenaed witnesses.**

Response:
Subject to and without waiving objections, Plaintiff has produced responsive, non-privileged communications presently known concerning the Underlying Action.

REQUEST NOS. 55–70

**Request Nos. 55–70: Medical, mental health, pharmacy, HIPAA authorization, prior/subsequent treatment, collateral source, and related requests.**

Response:
Plaintiff objects to these Requests to the extent they seek:

• unrelated medical or psychiatric history;
• unrestricted authorizations;
• records outside the relevant treatment scope;
• records unrelated to sleep-disordered breathing, ENT treatment, emotional distress, or conditions placed at issue;
• records disproportionate to the needs of the case.

Subject to and without waiving these objections, Plaintiff agrees to provide reasonably limited HIPAA authorizations and responsive records relating to:

• PATH Medical;
• Dr. Eric Braverman;
• Dr. Alisa Kriegel;
• Dr. Samuel Sharmat;
• Dr. Erel Shvil;
• Dr. Glenn Waldman;
• Dr. Tzvi Osterweil;
• NYU Medical Center;
• Weill Cornell Medical Center; and
• providers treating Plaintiff for sleep-disordered breathing, ENT conditions, or related conditions within approximately 36 months following treatment by PATH/Braverman.

Plaintiff objects to providing unrestricted authorizations extending beyond the foregoing scope absent further order of the Court.

REQUEST NOS. 71–73

**Request Nos. 71–73: Tax records, employment records, and business records relating to Plaintiff's business ventures and earnings.**

Response:
Plaintiff objects to these Requests as overbroad, invasive of privacy, disproportionate to the needs of the case, and seeking extensive financial and proprietary business information extending far beyond the issues actually in dispute.

Subject to and without waiving these objections, Plaintiff will produce responsive, non-privileged documents sufficient to support Plaintiff's damages theories, business valuation theories, loss of earning capacity allegations, and expert damages analyses relied upon in this action.

REQUEST NOS. 74–76

**Request Nos. 74–76: Litigation funding agreements, settlements, liens, and related materials.**

Response:
 Plaintiff objects to these Requests insofar as they assume the existence of litigation funding, settlements, or liens that may not exist.

Subject to and without waiving these objections, Plaintiff states that he is not presently aware of responsive, non-privileged litigation funding agreements responsive to these Requests.

Plaintiff will supplement pursuant to Rule 26(e) if necessary.

REQUEST NOS. 77–82

**Request Nos. 77–82: Documents relied upon for interrogatories, Rule 26 disclosures, pleadings, witnesses, and trial materials.**

Response:
 Subject to and without waiving objections, Plaintiff has produced and/or will produce responsive, non-privileged materials relied upon in preparing interrogatory responses, Rule 26 disclosures, pleadings, witness identifications, damages analyses, and claims asserted in this action.

Plaintiff reserves the right to supplement pursuant to Rule 26(e).

Plaintiff further states that additional responsive materials may exist within the complete client file relating to the Underlying Action, which Plaintiff continues to seek and expects to supplement upon receipt and review thereof.

Plaintiff expressly reserves all objections, including objections based upon privilege, relevance, proportionality, undue burden, privacy, admissibility, and scope. Plaintiff further reserves the right to supplement or amend these responses pursuant to Rule 26(e).

**SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES**

**RULE 26(a)(1)(A)(i): INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION**

Plaintiff supplements prior disclosures as follows:

The individuals identified in Plaintiff's prior disclosures are disclosed solely insofar as they possess information relating to:

• the Underlying Action;
• Defendants' handling of the Underlying Action;
• Plaintiff's alleged damages arising from the Underlying Action;
• Plaintiff's medical condition and treatment;
• Plaintiff's consequential business and economic damages allegedly flowing from the Underlying Action.

RULE 26(a)(1)(A)(ii): DOCUMENTS AND ESI

Plaintiff may rely upon:

• communications between Plaintiff and Defendants;
• court filings and records from the Underlying Action;
• notices and communications concerning deadlines and dismissal of the Underlying Action;
• expert reports and expert letters;
• medical records relating to treatment by PATH/Braverman and related treatment within approximately 36 months thereafter;
• business valuation materials and event industry analyses;
• documents produced by Defendants and third parties.
- Documents, videos, and files produced in Dropbox folder (link provided to counsel).

RULE 26(a)(1)(A)(iii): DAMAGES

Plaintiff seeks damages including:

• loss of claims and legal rights in the Underlying Action;
• consequential economic damages;
• emotional distress damages;
• lost business and investment opportunities;
• loss of enterprise value;
• time-value and compounding damages;
• costs and expenses incurred as a result of Defendants' alleged malpractice.

Plaintiff disclosed and produced an expert letter from Jay Weintraub, CEO of Connectiv Holdings, opining that Plaintiff's event business likely would have achieved an enterprise value of approximately $20 million to $30 million by 2014 and identifying comparable industry exits substantially exceeding those amounts.

Plaintiff contends that when accounting for lost growth, lost opportunities, lost investment value, and approximately a decade of compounding and time-value effects, Plaintiff's damages likely exceed tens of millions of dollars and may exceed $75 million.

Damages remain ongoing and subject to supplementation pursuant to Rule 26(e).

**LIMITED MEDICAL AUTHORIZATIONS**

Plaintiff agrees to provide appropriately limited HIPAA authorizations for records relating to:

• PATH Medical and Dr. Eric Braverman;
• Dr. Alisa Kriegel;
• Dr. Samuel Sharmat;
• Dr. Erel Shvil;
• Dr. Glenn Waldman;
• Dr. Tzvi Osterweil;
• NYU Medical Center;
• Weill Cornell Medical Center;
• providers treating Plaintiff for sleep-disordered breathing, ENT conditions, or related conditions within approximately 36 months following treatment by PATH/Braverman.

Plaintiff objects to requests seeking:

• unrelated medical history;
• unrelated psychiatric history;
• incarceration-related medical records unrelated to the claims and defenses in this action;
• records outside the relevant treatment period absent further order of the Court.

**SUPPLEMENTAL PRODUCTION**

Plaintiff's supplemental production includes:

• additional responsive emails
• additional court filings and docket materials;
• expert letters and supporting materials;
• medical materials within the agreed scope;
• supplemental damages-related materials.

Plaintiff's emails were exported directly from Gmail into PDF format. Plaintiff is willing to confer regarding reasonable alternate export formats or metadata specifications proportional to the needs of the case.

Many responsive emails were originally sent to or from Defendants and therefore already exist in Defendants' native email systems.

**PRIVILEGE STATEMENT**

Plaintiff is not presently aware of any responsive, non-privileged documents being withheld from the current production.

To the extent responsive privileged materials are identified during continuing review, Plaintiff will provide a privilege log consistent with Rule 26(b)(5).

Dated: Tel Aviv, Israel
May 7, 2026

Respectfully submitted,

/s/ Ari Baruch Teman
Ari Baruch Teman
Plaintiff, Pro Se
ari@teman.com