UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

:

ARI BARUCH TEMAN,                                                      :

:

Plaintiff,                                  :

:                    24-cv-9830 (LJL)

-v-                                                        :

:                         ORDER

ZELDES NEEDLE COOPER LLP et al.,                               :

:

Defendants.                              :

:

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  06/08/2026

LEWIS J. LIMAN, United States District Judge:

The Court held a discovery conference in this matter today, June 8, 2026.

For the reasons stated on the record, Defendants' motion for a protective order at Dkt. No. 90 is GRANTED IN PART and DENIED IN PART.

Plaintiff's requests for admission are quashed without prejudice to them being served again on Defendants no earlier than two weeks before the close of fact discovery.

Defendants' motion with respect to Plaintiff's second set of interrogatories and requests for production is denied without prejudice to a motion to quash or compel directed to specific numbered requests and interrogatories. Defendants are directed to respond to Plaintiff's second set of interrogatories and requests for production with responses and objections by July 8, 2026. Consistent with the Court's Individual Practices in Civil Cases, the parties are directed to attempt to meet and confer regarding any disputes prior to bringing the matter to the Court.

The motion for a protective order is denied with respect to requests for production eleven through fourteen and twenty-five and with respect to interrogatories five through nine except to the extent that interrogatory nine seeks the approximate number of hours recorded by each individual (which interrogatory exceeds the scope permitted by Local Rule 33). Plaintiff may

obtain the approximate number of hours through other methods under the Federal Rules of Civil Procedure. Defendants are directed to respond to those interrogatories and requests for production by July 8, 2026.

For the reasons stated on the record, Defendants' motion to compel is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to requests for production ten and fifty-six through seventy-three, including that Plaintiff shall respond to requests for production seventy-one, seventy-two, and seventy-three with documents from September 15, 2008 to the present and HIPAA releases shall not be date limited by agreement of the parties. The motion is granted with respect to requests for production twenty-six through twenty-nine except to the following extent: Plaintiff shall not be required to produce communications with respect to an expert retained in connection with this action, either in a testimonial or nontestimonial capacity. To the extent documents are sought from an expert retained in this action, that request will be governed by Federal Rule of Civil Procedure 26(b)(4). Plaintiff shall respond to the requests for production by June 29, 2026. Also by June 29, 2026, Plaintiff shall advise Defendants by letter which documents that have been produced or are being produced are responsive to which requests for production. The motion is denied with respect to the Rule 26(a)(1)(A)(iii) disclosures, but Plaintiff is reminded of his obligation to update, supplement, or correct under Federal Rule of Civil Procedure 26(e). Failure to satisfy that duty or the duties under Rule 26(a)(1) may result in sanctions under Federal Rule of Civil Procedure 37(c).

With respect to Plaintiff's client file, Plaintiff shall send a letter to Defendants indicating the client files he seeks by June 15, 2026. Defendants shall respond by June 22, 2026 indicating the cost for production of the documents. The Court reserves judgment on whether Plaintiff must pay for production of the client file pursuant to *Sage Realty Corp. v. Proskauer Rose Goetz*

*& Mendelsohn,* LLP, 689 N.E.2d 879, 883 (N.Y. 1997), after June 22, 2026. Any submissions prior to that date with respect to the client file will be disregarded.

Plaintiff included in his response in opposition to Defendants' motions a request for production of the identity of individuals who worked on the representation. The Court will not address Plaintiff's request as it was not raised in a letter motion. Plaintiff is granted leave to raise issues with respect to the identity of such individuals in his letter to Defendants regarding the client file. Following Defendants' response to Plaintiff's letter, Plaintiff may file a motion with respect to specific items in Defendants' response.

Parties are directed to attempt to meet and confer with respect to an amended case management and scheduling plan. Parties shall file a joint proposed order or competing proposed orders by June 12, 2026.

The Clerk of Court is respectfully directed to close Dkt. Nos. 90, 99, and 104.

SO ORDERED.

Dated: June 8, 2026
      New York, New York

                        LEWIS J. LIMAN
                  United States District Judge