UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

Ari Baruch Teman

                        Plaintiff(s),  :

            -v-

Zeldes Needle Cooper, LLP
and Jeremy Virgil        Defendant(s). :

-----------------------------------------------------------X

    24  -cv- 09830  (LJL)

FIRST AMENDED
CASE MANAGEMENT PLAN AND
SCHEDULING ORDER

LEWIS J. LIMAN, United States District Judge:

    This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3):

1.   All parties [consent _____ / do not consent _____] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed. Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf]

2.   The parties [have _____ / have not _____] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3.   The parties [have _____ / have not _____] engaged in settlement discussions.

4.   Any motion to amend or to join additional parties shall be filed no later than March 27, 2026 _____. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] Note: Pursuant to Paragraph 3(C) of the Court's Individual Practices in Civil Cases, the Court will deny a motion to dismiss as moot, without prior notice to the parties, if a plaintiff amends its pleading without objection from the defendant. The moving party may then (a) file an answer or (b) file a new motion to dismiss. In the event the moving party wishes to rely on its initially filed memorandum of law, the party may so indicate in its motion to dismiss the amended pleading and need not file the memorandum of law again.

    **Pursuant to Paragraph 2(K) of the Court's Individual Practices in Civil Cases, parties may extend the deadlines set forth in Local Civil Rule 6.1 by an agreed-upon schedule,**

which shall govern as long as it is disclosed to the Court in a letter accompanying the initial motion. The parties should discuss any anticipated motion in advance of the Initial Pretrial Conference and should come prepared to discuss a proposed briefing schedule for any anticipated motion.

5.      Initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure shall be completed no later than __March 24, 2026__. *[Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.]*

6.      All fact discovery is to be completed no later than __September 8, 2026__. *[A date not more than one hundred twenty (120) days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

7.      The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in Paragraph 6 above.

   a.      Initial requests for production of documents shall be served by __March 31, 2026__.

   b.      Interrogatories pursuant to Rule 33.3(a) of the Local Rules of the Southern District of New York shall be served by __March 31, 2026__. *[Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.]* No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Federal Rule of Civil Procedure 26(a).

   c.      Unless otherwise ordered by the Court, contention interrogatories should be served consistent with Rule 33.3(c) of the Local Rules of the Southern District of New York.

   d.      Depositions shall be completed by __September 8, 2026__

   e.      Requests to Admit shall be served no later than _____.

8.      All expert discovery, including disclosures, reports, rebuttal reports, production of underlying documents, and depositions shall be completed by __November 5, 2026__. *[Absent exceptional circumstances, a date forty-five (45) days from the completion of fact discovery.]*

9.      All discovery shall be completed no later than __November 5, 2026__

10.     The proposed joint pretrial order shall be submitted on ECF in accordance with the Court's Individual Practices in Civil Cases and Federal Rule of Civil Procedure 26(a)(3)

2

no later than _____.

11.  [*To be filled in by the Court*] A post-discovery status conference shall be held on: ___November 17, 2026___ at _2:00 PM_. By default, this conference is conducted in-person in Courtroom 15C, 500 Pearl Street.

A joint letter updating the Court on the status of the case shall be filed on ECF by one week prior to the status conference. The letter must be no more than three (3) single spaced pages and should include the following information in separate paragraphs:

(1) all existing deadlines, due dates, and/or cut-off dates;

(2) a brief description of any outstanding motions;

(3) a brief description of the status of discovery and of any additional discovery that remains to be completed;

(4) the status of settlement discussions;

(5) the anticipated length of trial and whether the case is to be tried to a jury;

(6) whether the parties anticipate filing motions for summary judgment; and any other issue that the parties would like to address at the pretrial conference or any other information that the parties believe may assist the Court.

12.  Any motion for summary judgment must be filed no later than ___December 13, 2026___. [*Absent exceptional circumstances, a date fourteen (14) days from the completion of all discovery.*]

13.  Privileged Materials and Trial Preparation Materials

a.  The parties have reached the following agreement with respect to assertions of claims of privilege in compliance with Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 _____.

[*In general, parties are encouraged to exchange privilege logs or other means of identifying withheld materials concurrently with, or as promptly as practicable following, each production. In accordance with Local Civil Rule 26.2(c), parties are also encouraged to identify and use efficient methods for the exchange of such information, including as appropriate, the use of document-by-document, categorical, or metadata privilege logs.*]

b.  The parties [have _____ / have not _____] reached an agreement under Fed. R. Evid. 502. [*If the parties have reached such an agreement, they may file an agreed-upon proposed order under Fed. R. Evid. 502(d).*]

c. The parties [do _____ / do not _____] believe that a protective order under Fed. R. Civ. P. 26(c) is warranted. [*If the parties believe that a protective order is warranted, they should consult the Court's Individual Practices in Civil Cases and the Court's website for the preferred form. Any such order may bind the parties to treat as confidential documents so classified but may not authorize the parties to file documents under seal absent an appropriate court finding.*]

14. This case [is ____ / is not ____] to be tried to a jury.

15. The parties have conferred and their present best estimate of the length of trial is _____.

16. [*To be completed by the Court*] The trial date is _____ at _____. The deadlines for trial motions are as follows:

    a. Joint Pretrial Order _____ .

    b. Motions in Limine _____ .

    c. Proposed Voir Dire _____ .

    d. Proposed Jury Instructions _____ .

Absent adjustment, responses are due one week after the motion is filed.

17. Counsel for the parties propose the following alternative dispute resolution mechanism for this case:

    a. _____ Immediate referral to a Magistrate Judge for settlement discussions.

    b. _____ Immediate referral to the Southern District's Mediation Program.

    c. _____ Referral to the assigned Magistrate Judge for a settlement conference [during/after] the close of [fact/expert/all] discovery.

    d. _____ Referral to the District's Mediation Program for a settlement conference [during/after] the close of [fact/expert/all] discovery.

    e. _____ Retention of a private mediator.

The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

18. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below.

_____
_____
_____

Counsel for the Parties:

_____          _____
_____          _____
_____          _____
_____          _____

Dated:    June 12, 2026
          _____
          New York, New York

                                          _____
                                               LEWIS J. LIMAN
                                          United States District Judge

5