UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                                         :
ARI BARUCH TEMAN,                                                        :
                                                                         :
                                                                         :
                            Plaintiff,                                   :
                                                                         :          24-cv-9830 (LJL)
            -v-                                                          :
                                                                         :          ORDER
ZELDES NEEDLE COOPER LLP et al.,                                        :
                                                                         :
                            Defendants.                                  :
                                                                         :
-------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/01/2026

LEWIS J. LIMAN, United States District Judge:

By Order of June 8, 2026 ("June 8 Order"), the Court directed Plaintiff Ari Teman

("Teman" or "Plaintiff") to send a letter to Defendants Zeldes Needle Cooper LLP ("ZNC") and

Jeremy Virgil ("Virgil" and with ZNC, "Defendants") indicating the client files he seeks and

raising any issues with respect to the identity of individuals who worked on his representation.

Dkt. No. 106. The Court directed Defendants to respond by June 22, 2026. *Id.* Plaintiff now

moves for an order (1) compelling Defendants to produce his client file with metadata, (2)

directing Defendants to explain the timing, sources, custodians, and scope of the collection

described in their June 22, 2026 letter, and (3) finding that materials concerning Plaintiff's action

against Silver Hill are relevant to discovery in this matter. Dkt. No. 111. Defendants oppose

Plaintiff's motion. Dkt. No. 112. For the following reasons, Plaintiff's motion is DENIED.

Plaintiff's request to compel production of his client file is denied as moot. In response

to Plaintiff's request for his client file, Defendants agreed to produce the requested documents.

Dkt. No. 112-2 at 2. Defendants noted that they did not provide representation to Plaintiff as to

the matters captioned *Buch v. Teman* and *United States v. Teman*, but nevertheless agreed to

produce any documents within Plaintiff's client file referencing those matters. *Id.* Plaintiff

agrees that Defendants' agreement to produce these documents resolves his request and instead moves the Court to order production by July 7, 2026. Dkt. No. 113. Plaintiff's request for an expedited deadline for this production is denied. Pursuant to the June 8 Order, Defendants' supplemental discovery responses are due July 8, 2026. Dkt. No. 106 at 1. Plaintiff has offered no reason to change that deadline by one day.

Plaintiff's request that Defendants be compelled to provide written explanations regarding the "timing, sources, custodians, and scope of the collection" of documents produced is denied. Plaintiff has not established a sufficient basis for "discovery on discovery." *See Haroun v. ThoughtWorks, Inc.*, 2020 WL 6828490, at *2 (S.D.N.Y. Oct. 7, 2020).

Plaintiff's request that the Court confirm that materials regarding Silver Hill are within the scope of Defendants' representation at issue in this matter is denied. Plaintiff brought this lawsuit claiming, *inter alia*, that Defendants committed legal malpractice with respect to their representation in *Teman v. Braverman*, Index No. 805410/2014 (Sup. Ct. N.Y. Cnty. 2014) (the "Underlying Action") and the Court has repeatedly affirmed that Plaintiff's legal malpractice claim in this matter is limited to that action. *See* Dkt. No. 70 at 2; Dkt. No. 54 at 4 n.2. Plaintiff has since brought a separate action alleging legal malpractice in regard to the Silver Hill matter. *See Teman v. MedPro Group Inc.*, Case No. 26-cv-3517, Dkt. No. 1 (S.D.N.Y. filed Apr. 27, 2026) ("MedPro Group"). The Court stayed discovery in the MedPro Group matter except with respect to Plaintiff's client file. MedPro Group Dkt. No. 34 at 4. To the extent that Plaintiff's request seeks confirmation that Defendants will produce his client file in regard to matters beyond the Underlying Action, Defendants have already agreed to produce Plaintiff's complete client file, including any documents related to *Buch v. Teman* and *United States v. Teman* and the files they maintained as part of the Path/Braverman and Silver Hill litigations. Dkt. No. 112-2.

For the foregoing reasons, Plaintiff's motion to compel is denied.

The Clerk of Court is respectfully directed to close Dkt. No. 111.

SO ORDERED.

Dated: July 1, 2026
       New York, New York

                     LEWIS J. LIMAN
             United States District Judge