USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:__________________
DATE FILED: 10/27/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

ARI TEMAN,

Plaintiff,

-v-

ZELDES NEEDLE COOPER, LLP, et al.,

Defendants.

--------------------------------------------------------------------X

24-cv-9830 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiff Ari Teman ("Teman") moves for reconsideration of this Court's order at Dkt. No. 124 (the "Order") compelling him to sit for a deposition in person in this District no later than November 20, 2026. Dkt. No. 125. The motion is denied.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614

(S.D.N.Y. 2000) (internal quotation marks omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).

Among other things, Teman relies on a declaration by his ENT physician in Miami; argues that the Court committed error in its findings; mentions for the first time that he is scheduled to have a hernia operation on November 9, 2026, in Israel; asserts that travel to the United States by ship would take weeks; and argues that Defendants will not be able to obtain his deposition in person if he is taken into custody upon his return. Dkt. No. 126. The declaration from his Miami-based ENT physician Dr. Ariel Grobman (the "Grobman Declaration") is not new evidence. "Newly available evidence" that merits reconsideration is that which is "'truly newly discovered or could not have been found by due diligence.'" *Lashify, Inc. v. Qingdao Network Tech. Co*., 2026 WL 112022, at *7 (S.D.N.Y. Jan. 15, 2026) (quoting *Ayala v. Saw Mill Lofts*, *LLC*, 2023 WL 5835585, at *3 (S.D.N.Y. Aug. 16, 2023)). "A motion to reconsider is not [an] opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *NEM Re Receivables, LLC v. Fortress Re, Inc.*, 187 F. Supp. 3d 390, 396 (S.D.N.Y. 2016) (internal quotation marks omitted). Teman could have submitted the Grobman Declaration and the other exhibits he attaches to his motion for reconsideration in connection with his original opposition to the motion to compel. Given that Dr. Grobman has not seen Teman for an examination prior to submitting his declaration, the declaration also is entitled to little weight. Teman is not entitled to a "redo." Teman has not identified any clear error in the Order. The Court quoted Teman's submissions accurately. As to the assertion regarding a hernia operation, that is entitled to particularly little weight, being

mentioned for the first time only on the motion for reconsideration after this Court—and others—have rejected Teman's other medical excuses. If, in fact, it takes weeks to travel from Israel to the United States by sea and if Teman prefers that mode of travel, there is no reason he could not already have plans in motion to travel by sea. The Court issued its Order on October 20, 2026; there appears still to be time for Teman to make travel arrangements. Finally, that Teman might face arrest upon his return to this District for his failure to appear to answer the charges of violations of his term of supervised release does not provide an excuse for him not to appear in this District in connection with a litigation he initiated in this District.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 125.

SO ORDERED.

Dated: October 27, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge