**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ARI TEMAN,

Plaintiff,

– against –

ZELDES NEEDLE COOPER, LLP, et al.,

Defendants.

No. 24-cv-9830 (LJL)

**[PROPOSED] ORDER**

Upon Plaintiff's motion for partial summary judgment on liability, the accompanying Local Rule 56.1 Statement, the Declaration of Ari Teman and exhibits, the Memorandum of Law, and the full record, and for good cause shown, it is hereby

ORDERED that Plaintiff's motion is GRANTED to the following extent, and that the following determinations are made in stages, each independent of the others:

1. **Breach.** Defendants Zeldes Needle & Cooper, P.C. and Jeremy Virgil breached the duty of care owed to Plaintiff in the prosecution of *Teman v. Braverman*, Index No. 805410/2014, by permitting that action to be dismissed with prejudice for failure to prosecute, after failing to respond to the CPLR 3216 demand and to oppose the motion to dismiss.

2. **Lost appeal.** Because the dismissal was entered on Defendants' default, no appeal lay from it (CPLR 5511), and Defendants' negligence thereby also deprived Plaintiff of appellate review.

3. **Meritorious underlying claim.** The Braverman action was a meritorious cause of action that Defendants' negligence caused Plaintiff to lose; in the alternative, the record establishes that the action was supported by medical evidence, including a signed physician's opinion, and that Defendants contemporaneously assessed it as worth pursuing.

4. **Recovery sources and minimum damages.** Defendants, while representing Plaintiff, identified $2,500,000 in insurance limits as the sources of recovery for the underlying claims; and, in addition or in the alternative, Plaintiff's damages are no less than $2,500,000, plus

prejudgment interest at nine percent per year from April 12, 2023, without prejudice to proof of greater damages and with all other relief pleaded in the Complaint reserved.

5. **Established facts.** In the alternative, and to the extent any of the foregoing is not granted, the following material facts are established without substantial controversy pursuant to Fed. R. Civ. P. 56(g): (a) Defendants received the CPLR 3216 90-day demand on February 14, 2022 and did not respond to it; (b) Defendants filed no timely opposition to the May 17, 2022 motion to dismiss; (c) the action was dismissed with prejudice on April 12, 2023; (d) the dismissal was not appealable because it was entered on default; and (e) Defendants did not move to withdraw as counsel before the April 12, 2023 dismissal.

6. **Remaining issues.** Any remaining issues of causation and damages are referred to the Court-annexed Mediation Program, with sessions to proceed by videoconference.

SO ORDERED.

Dated: ________________, New York ________________________________ Hon. Lewis J. Liman, U.S.D.J.