UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ARI TEMAN,<br><br>Plaintiff,<br><br>-v-<br><br>ZELDES NEEDLE COOPER LLP, et al.,<br><br>Defendants. | 24-cv-09830 (LJL)<br><br><u>MEMORANDUM AND ORDER</u> |

LEWIS J. LIMAN, United States District Judge:

Before the Court is Plaintiff Ari Teman's ("Plaintiff" or "Teman") motion for recusal and disclosure under 28 U.S.C. § 455(a) and (b)(4) ("Recusal Mot."); motion for leave to serve a document subpoena on Fifth Wall Ventures Management, LLC, and for referral of this request to another judge ("Subpoena Mot."); and an emergency motion, based on new evidence, to stay all proceedings pending decision on recusal and until Plaintiff is medically cleared to travel ("Reconsideration and Stay Mot.").[1] In support of the Reconsideration and Stay Motion, Plaintiff has also provided a declaration from Yisgav Shapira, M.D. Because the Reconsideration and Stay Motion effectively challenges the Court's order requiring that Plaintiff

[1] Plaintiff has had difficulty accessing the Court's electronic filing system and, as a result, emailed these motions to the Court's Pro Se Filing Office, copying the Court and opposing counsel. The motions have not yet been filed on the Court's docket. Given the time-sensitive nature of Plaintiff's motions and the Court's completion of this Order outside of the Clerk of Court's regular business hours, the Court has emailed this Order to the parties directly and will file it on the docket tomorrow. The Court notes that the e-mail address in the Pro Se Filing Office to which Plaintiff sent his motions is no longer receiving submissions. Pro se parties wishing to submit documents electronically must do so through the Court's Secure Document Portal (SDP), available at https://nysd.uscourts.gov/prose. Because of Plaintiff's technical difficulties, Defendants are also directed to provide all filings to Plaintiff by email and to file proof of such service on the docket.

appear for an in-person deposition in this District by November 20, 2026, the Court treats it as a motion for reconsideration. For the reasons that follow, Plaintiff's motions are denied.

**BACKGROUND**

Plaintiff, who is self-represented, filed this suit in December 2024 claiming that his former law firm Defendant Zeldes Needle Cooper LLP ("ZNC") and several of its attorneys inadequately represented him in a medical malpractice suit. Dkt. No. 1. He asserted claims for malpractice, breach of fiduciary duty, and fraud, among others. *Id.*

Defendants moved to dismiss on May 1, 2025. Dkt. No. 11. While the motion was pending, the Court took judicial notice that Plaintiff had been declared a fugitive in connection with a criminal case pending in this District and inquired whether the case should be stayed pending Plaintiff's reappearance in this District. Dkt. No. 27. Plaintiff responded that the case should not be stayed. Dkt. No. 28. Defendants took no position. Dkt. No. 29 at 1.

On December 31, 2025, the Court issued an Opinion and Order on Defendants' motion to dismiss. *See Teman v. Zeldes Needle Cooper LLP*, 2025 WL 3778680 (S.D.N.Y. Dec. 31, 2025). The Court agreed with Plaintiff and declined to stay the case under the fugitive disentitlement doctrine. *Id.* at *3 n.4. It denied Defendants' motion as to Plaintiff's legal malpractice claim against ZNC and its attorney Defendant Jeremy Virgil ("Virgil"). *Id.* at *17. It granted the motion in all other respects, but also granted Plaintiff a limited opportunity to replead his breach of fiduciary duty claim, as well as his legal malpractice claim against other Defendants. *Id.* at *17. Plaintiff filed a First Amended Complaint ("FAC"). Dkt. No. 35. Contrary to the Court's limited leave, Plaintiff asserted breach of fiduciary duty claims, not legal malpractice claims, against the Defendants other than ZNC and Virgil. *See Teman v. Zeldes Needle Cooper LLP*, 2026 WL 880298, at *2 (S.D.N.Y. Mar. 31, 2026). And with respect to the breach of fiduciary

duty claim against ZNC and Virgil, he largely regurgitated the allegations from his original complaint. *Id.* at *5. By Opinion and Order of March 31, 2026, the Court dismissed Plaintiff's claim for breach of fiduciary duty against all Defendants. *Id.* at *6.

After the Court issued its decision on the motion to dismiss the FAC, the Court briefly stayed discovery for the parties to meet and confer on next steps in light of the Court's decision. Dkt. No. 55. The Court lifted the stay on April 21, 2026. *See Teman v. Zeldes Needle Cooper LLP*, 2026 WL 1075833, at *2 (S.D.N.Y. Apr. 21, 2026). While the stay was in place, Plaintiff moved for an order compelling Defendants to produce a client file for all matters in which Defendants had represented him. Dkt. No. 60. In its April 21, 2026 Order, the Court denied Plaintiff's motion to compel, explaining that the Court's authority to order production would derive from the discovery rules of the Federal Rules of Civil Procedure and Plaintiff could not "circumvent the stay on discovery . . . by requesting th[e] Court's intervention in obtaining his client file." *Zeldes Needle* Cooper, 2026 WL 1075833, at *2. Plaintiff would have to pursue the client file through other routes. The Court recognized that "[a] client presumptively has full access, with narrow exceptions, to the entire attorney's file in a represented matter, upon termination of the attorney-client relationship." *Id.* (alteration in original) (quoting *Burke v. Consolidated Edison Co. of N.Y., Inc.*, 2026 WL 733877, at *1 (S.D.N.Y. Mar. 16, 2026)). The Court subsequently set a schedule for Defendants to produce the client file. Dkt. No. 106 at 2. In separate related litigation pending before the Court, Defendants claim that they have produced Plaintiff's client file but Plaintiff disputes that the production is complete. *See Teman v. MedPro*

*Group Inc.*, No. 25-cv-3517 (the "Related Action"), Dkt. No. 51 ¶ 1 (S.D.N.Y. Aug. 20, 2026); Related Action Dkt. No. 66 at 5.[2]

On October 9, 2026, Defendants moved to compel Plaintiff to appear for an in-person deposition in this District. Dkt. No. 117. Plaintiff opposed the motion and sought a protective order allowing him to be deposed remotely or, alternatively, to require Defendants to depose him in Israel. Dkt. No. 119. He also requested that Defendants' depositions proceed remotely. *Id.* With respect to the location of Plaintiff's deposition, Plaintiff contended that he was unable to travel by airplane to New York because he suffers from Eustachian tube dysfunction and, as a result, risked permanent ear damage if required to fly. *Id.* at 2–3. The Court granted in part and denied in part Defendants' motion and denied in part and granted in part Plaintiff's motion. *Teman v. Zeldes Needle Cooper, LLP*, 2026 WL 3135913, at *1–4 (S.D.N.Y. Oct. 20, 2026). As relevant here, the Court concluded that an in-person deposition of Plaintiff was justified. Plaintiff had brought suit in this District. The Court concluded that Defendants were entitled to Plaintiff's testimony in person (rather than remotely) because Plaintiff's testimony "regarding the nature and extent of his alleged injury will be central to this dispute," and that Plaintiff had failed to rebut the presumption that Defendants should be permitted to depose him in this District. The Court found that the documentation from Plaintiff's medical professionals was "largely conclusory" and failed to explain the basis for and the extent of any risk that flying posed to Plaintiff's health. *Id.* at *3. The Court granted Plaintiff's unopposed motion to depose Defendants remotely. *Id.* at *4.

---

[2] Various motions to dismiss are *sub judicie* in the Related Action. This order should not be construed to reflect any prejudgment with respect to the results on those motions.

On October 26, 2026, Plaintiff filed a first motion for reconsideration claiming that he had new medical evidence supporting his request for a protective order. Dkt. No. 125. The Court denied the motion because none of what Plaintiff identified constituted "new evidence" as required to prevail on a motion for reconsideration. *Teman v. Zeldes Needle Cooper LLP*, 2026 WL 3218181, at *1 (S.D.N.Y. Oct. 27, 2026). Plaintiff subsequently filed a second motion for consideration on November 11, 2026, on the basis of purported further new medical evidence. Dkt. No. 135. The Court denied the motion on November 16, 2026, on numerous grounds. *See Teman v. Zeldes Needle Cooper LLP*, 2026 WL 3520919 (S.D.N.Y. Nov. 16, 2026).

On November 18, 2026, Plaintiff filed the instant motions.

## DISCUSSION

### I. Motion for Recusal and Motion for Subpoena

Plaintiff moves for the Court to recuse itself under 28 U.S.C. § 455(a) and (b)(4) or "for disclosure of the facts needed to decide th[e] question." Recusal Mot. at 1. Plaintiff's motion rests on a limited-partnership interest the Court holds in two funds managed by Fifth Wall Ventures Management, LLC ("Fifth Wall") as well as stock in-kind in the company ServiceTitan that one of the funds distributed to the Court. *See id.* These interests appear in the Court's public financial disclosure reports.[3]

According to Plaintiff, Fifth Wall is a "venture-capital firm that markets itself as focused on real-estate technology and says it enlists its limited partners to help its portfolio companies succeed." *Id.* Plaintiff asserts that he "own[s] approximately 97% of the holding company of GateGuard, Inc., which [he] founded and lead[s] as CEO, and of [the companies] Property Panel

[3] The financial disclosures for judicial officers of the United States are available on the website of the United States Courts. *See Judiciary Financial Disclosure Reports*, United States Courts (last updated March 2026), available at https://www.uscourts.gov/administration-policies/judiciary-financial-disclosure-reports.

and Sublet Spy." *Id.* These companies "form one integrated real-estate platform." *Id.* at 1–2. Plaintiff contends that Fifth Wall "is [his] direct competition" as "its portfolio spans the[] same services" offered by his companies and that "Fifth Wall has backed numerous companies that compete directly with [him]," including the company ButterflyMX. *Id.* at 2. Plaintiff further asserts that customers have told him that they purchased his products over those sold by ButterflyMX. Recusal Mot. Ex. 5 ¶ 3.

His motion suggests that certain of the Court's actions in this case were motivated by the Court's desire to "consume[] [his] time and money," which, in turn, would purportedly harm his business and benefit his competitors and, by way of Fifth Wall, the Court. Recusal Mot. at 3. In particular, he cites the Court's "public findings questioning [his] credibility," the Court's order that he travel to an in-person deposition in this District, and the Court's refusal to order Defendants to produce Plaintiff's client file in this Action. *Id.* at 2–3. In addition to his recusal motion, Plaintiff requests that the Court discloses various details regarding its interest in Fifth Wall, that the Court allow him to issue a third-party subpoena to Fifth Wall, and that the Court stay all deadlines and proceedings in this case until the motion to recuse is decided. *Id.* at 3; Subpoena Mot.

**A. Legal Standard**

28 U.S.C. § 455(a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under subsection (a), a judge should "recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000). That determination presumes that the observer "*knows and understands all the relevant facts.*" *In re*

*Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988). "[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *Id.*

Subsection (b), meanwhile, mandates that a judge disqualify himself in certain situations where "partiality is presumed." *Bayless*, 201 F.3d at 126. As relevant here, subsection (b)(4) requires recusal where a judge, "individually or as a fiduciary, . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."

"[T]he grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001). "More fundamentally, where the standards governing disqualification are *not* met, 'disqualification is not optional; rather, it is prohibited.'" *Couri v. Pavia*, 2019 WL 3553357, at *2 (S.D.N.Y. Aug. 5, 2019) (quoting *In re Aguinda*, 241 F.3d at 201)). Otherwise, a motion for recusal would simply become a method for "judge-shopping." *See id.* (internal quotation marks omitted).

A decision on a "recusal motion[] [is] committed to the sound discretion of the district court." *LoCascio v. United States*, 473 F.3d 493, 495 (2d Cir. 2007).

**B. Analysis**

Because "Section 455(a) applies when a reasonable person would conclude that a judge was violating Section 455(b)(4)," the Court begins its analysis with the latter provision. *Chase Manhattan Bank v. Affiliated FM Ins. Co.,* 343 F.3d 120, 128 (2d Cir. 2003). Under either provision, recusal is not warranted.

First, Section 455(b)(4) does not mandate recusal. "Section 455(b)(4) establishes two classes of disqualifying interests: 'financial interest in the subject matter in controversy or in a party to the proceeding,' which requires disqualification regardless of the size of the interest, and 'other interests,' where disqualification is required if any such interest 'could be substantially affected by the outcome of the proceeding.'" *McCann v. Commc'ns Design Corp.*, 775 F. Supp. 1535, 1539–40 (D. Conn. 1991) (Cabranes, J.). Plaintiff does not (nor could he) argue that the Court has a financial interest in the "subject matter in controversy" (a legal malpractice claim) or "in a party" (Plaintiff, his former law firm, and one of the firm's lawyers).

His argument therefore appears to be based on the statute's phrase "any other interest that could be substantially affected by the outcome of the proceeding." "[C]ourts . . . weigh two factors in deciding whether to recuse under this provision: the remoteness of the interest and [the] extent or degree" of the litigation's impact on it. 13D Wright & Miller's Federal Practice & Procedure § 3547 (3d ed. 2026); *see also In re Moody*, 755 F.3d 891, 897 (11th Cir. 2014); *In re Beard*, 811 F.2d 818, 831 (4th Cir. 1987). Plaintiff has not shown recusal is required under this provision. Assuming *arguendo* that the Court possesses a direct financial interest in Fifth Wall that is not subject to any applicable exception, *see* 28 U.S.C. § 455(d)(4), and assuming further that a company in which Plaintiff has a financial interest competes directly against companies in which Fifth Wall has an investment, Plaintiff does not explain "how the outcome of this lawsuit could affect" the Court's interest in Fifth Wall, *Burnham Lambert*, 861 F.2d at 1317. Plaintiff pursues this case in his personal capacity, not on behalf of his companies, based on legal malpractice he alleged to have experienced in a medical malpractice suit. The success or failure of his claims has no direct bearing on his companies. Even assuming Plaintiff invested any recovery he received in his companies, it is entirely speculative that such an investment (or its

absence) would have any impact (let alone a substantial one) on any competitors held by Fifth Wall and, as a result, on Fifth Wall and the Court's interest in it. Any effect would depend on, among many other factors, the size of Plaintiff's recovery, the amount Plaintiff invested in his companies, the allocation of those investments and Plaintiff's other business decisions, and the business fortunes of Plaintiff's competitors across the sector, not just those held by Fifth Wall. That is too flimsy and attenuated a theory for Section 455(b)(4) and its requirement of recusal to apply. Courts have refused to "adopt a rule requiring recusal in every case in which a judge owns stock of a company in the same industry as one of the parties to the case," as any impact a decision could have on the company held by the judge would be "indirect and speculative." *In re Placid Oil Co.*, 802 F.2d 783, 786–87 (5th Cir. 1986) (cited with approval by *Drexel Burnham*, 861 F.2d at 1313); *see also Gas Utilities Co. of Ala. v. S. Nat. Gas Co.*, 996 F.2d 282, 283 (11th Cir. 1993) (rejecting argument that an "alleged potential industry-wide impact of [a] case" warrants recusal where judge had "proprietary interests" in the industry). The Second Circuit has even declined to conclude "that partners in . . . law firms invariably have an interest that could be *substantially affected* by the outcome of any case in which any other partner is involved." *Pashaian v. Eccelston Props., Ltd.*, 88 F.3d 77, 83 (2d Cir. 1996) (internal quotation marks omitted) (interpreting identical language in Section 455(b)(5)(iii)). Plaintiff's claim is even more speculative. It depends on the notion that a result in this case would have an effect on him, which in turn would have an effect on the company in which he is invested, which in turn would have an effect on a portfolio company of Fifth Wall, which in turn would have an effect on Fifth Wall.

The same can be said for Plaintiff's insinuation that the Court benefited financially from interlocutory orders questioning his credibility, requiring that he attend a deposition in-person in

this District, and refusing to order the Rule 26 production of his client file while discovery was stayed. It is settled law that a litigant's unhappiness with a judicial ruling does not provide a basis for recusal. *See, e.g.*, *Hoffenberg v. Hoffman & Pollok*, 2002 WL 31444994, at *2 (S.D.N.Y. Oct. 31, 2002) ("Adverse judicial rulings do not constitute a valid basis for recusal." (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Courts are required to make difficult judgments. Invariably, one side or the other is disappointed. Plaintiff cannot transform his unhappiness with the Court's rulings into a basis for mandatory recusal. Any connection between those decisions and the Court's financial interest in Fifth Wall is a road rampant with speculation and contrivance.

Second, recusal is not warranted under Section 455(a) for similar reasons. As just explained, Plaintiff brings this legal malpractice suit based on a medical malpractice claim and does so in his personal capacity. The facts that Plaintiff owns businesses involved in real estate technology and the Court has an investment with a firm that in turn has investments in allegedly competing companies would not cause a reasonable observer to question the Court's impartiality in this case. Any "nexus" between this case and the Court's financial interest "is remote, contingent, [and] speculative," and therefore "not the kind of interest which reasonably brings into question a judge's impartiality." *Drexel Burnham*, 861 F.2d at 1313–14.

Nor does any action taken by the Court in the proceeding to date raise the appearance of partiality. The Court's requirement that Plaintiff appear for an in-person deposition was based on a rejection of his medical evidence that Plaintiff contended demonstrated his inability to fly. The decision also was based on the largely conclusory nature of his submission and the fact that many of his assertions were unsubstantiated. The Court concluded that substantiation was necessary in light of the "substantial concerns regarding Plaintiff's credibility." *Teman*, 2026

WL 3520919, at *3. The Court thus sided with Defendants who, having been accused of legal malpractice in this District, asked for Plaintiff's deposition in this District in order to attempt to clear their name. The Court's decision that Plaintiff's credibility was open to question was not exceptional; it was put in milder (and more sympathetic) terms than others, viewing the same or similar evidence, have expressed. *See, e.g.*, *GateGuard, Inc. v. Amazon.com, Inc.*, 2026 WL 3459463, at *3–7 (S.D.N.Y. Nov. 13, 2026) (concluding that Plaintiff's asserted "medical excuse for not flying" was "pretextual"); *Teman v. United States*, 2025 WL 1883920, at *2 (S.D.N.Y. July 8, 2025) ("viewing Teman's claim that flying was medically contra-indicated as contrived"); *United States v. Teman*, 2025 WL 4671324, at *1 (2d Cir. Oct. 6, 2025) (summary order) (agreeing "with the district court that Teman's proffered medical reason for failing to comply with the district court's orders to return to the United States is pretextual"). The Court's insistence that Plaintiff present evidence on, for example, his efforts to obtain a medical appointment, moreover, were founded on the evidence before the Court and of which the Court could take judicial notice. Plaintiff has been convicted of fraud, a crime of dishonesty, and the Court was entitled to rely upon that fact. Additionally, Plaintiff misrepresents the facts regarding the production of his client file. The Court denied his motion to compel production of his client file in this case because discovery was stayed at the time. *See Zeldes Needle* Cooper, 2026 WL 1075833, at *2. Once the stay was lifted, the Court proceeded to facilitate Plaintiff's efforts to obtain his file. *See* Dkt. No. 106. The Court did not refuse to help Plaintiff; it held that his chosen mechanism for seeking relief was improper. In short, Plaintiff has identified no interest held or action taken by the Court that would allow for an objective questioning of its partiality. The motion for recusal is denied.

Finally, the Court denies Plaintiff's request for further "disclosure" from the Court and for leave to subpoena Fifth Wall. No further facts regarding the Court's financial interest in Fifth Wall could resuscitate Plaintiff's legally deficient theory, and he is not entitled to undertake a futile fishing expedition. Because the Court denies Plaintiff's motion, his request for a stay "until th[e] motion is decided" is denied as moot. Recusal Mot. at 3.

## II. Reconsideration and Stay Motion

This is Plaintiff's third attempt to seek reconsideration of the Court's order requiring that he attend an in-person deposition in this District by November 20, 2026. In denying his second motion, the Court made clear that "[a] litigant is entitled to a single motion for reconsideration" and "Plaintiff ha[d] already sought and been denied reconsideration."[4] *Teman*, 2026 WL 3520919, at *2 (internal quotation marks omitted); *see also id.* at *4 ("The Court will not entertain any further motions from Plaintiff to reconsider its original decision.").

Plaintiff now argues that he should not be confronted with the choice of risking his health or losing his lawsuit. Reconsideration and Stay Mot. 17–18, 24. The Court has not confronted Plaintiff with that choice. He chose to bring this lawsuit in this District, and he chose not to request a stay until this point. The Court has carefully considered his evidence and concluded that it does not justify a remote deposition. The Court presumes that Plaintiff will comply with the Court's order. If he does not, there will be time enough for the Court to hear Plaintiff and to consider the consequences of such non-compliance.

[4] Plaintiff contends that the Court's order should be vacated because he did not have the opportunity to "open or answer Defendants' opposition" due to technical difficulties. Reconsideration and Stay Mot. at 2. This Court's Individual Practices do not permit a reply as of right in discovery disputes handled through letter-briefs nor did the Court need a reply to resolve the motion.

As to Plaintiff's request that the Court stay this case in its entirety until he is cleared to fly, Reconsideration and Stay Mot. 1, the request comes too late in the day. As explained, the Court has, on multiple occasions, reaffirmed its order requiring Plaintiff be deposed by November 20, 2026. Plaintiff had ample opportunity to seek a stay. He cannot now propose a stay to sidestep his obligation so close to the deadline.

**CONCLUSION**

For the foregoing reasons, the motions are DENIED.

SO ORDERED.

Dated: November 18, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge